UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IN RE SEPTEMBER 11 PROPERTY DAMAGE : 21 MC 101 (AKH)
AND BUSINESS LOSS LITIGATION :
------------------------------------------------------------------------X
AEGIS INSURANCE SERVICES, INC., et al. : 04 Civ. 7272 (AKH)
                *Plaintiffs*, :
                :
        - against - : **MEMORANDUM AND**
                : **ORDER**
7 WORLD TRADE CENTER COMPANY, L.P., et al., :
                *Defendants*. :
------------------------------------------------------------------------X
ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

        On June 21, 2005 I heard oral argument on several motions pertaining to this case. In one such motion, defendant American Power Technologies, Inc. ("APT") moves to quash service and to dismiss the complaint.

        On September 10, 2004, plaintiffs filed a complaint against APT and other defendants in this action. Plaintiffs attempted to serve APT at its letterhead address. When plaintiffs' process server determined that APT was no longer at that address, and that its name had been changed, it served the summons and complaint on "Johnson Controls World Services, Inc., f/k/a American Power Technologies, Inc." by serving New York's Secretary of State pursuant to New York's Business and Corporation Law. APT filed a motion to quash that service of process and to dismiss the complaint. The plaintiffs oppose this motion and cross-move to amend the amended complaint to substitute Johnson Controls World Services, Inc. for defendant American Power Technologies, Inc.

        Under New York corporation law, when two companies merge, the "surviving . . . corporation shall assume and be liable for all the liabilities, obligations and penalties of . . . the constituent entity" and no "constituent entity . . . shall be released or impaired by such merger."

N.Y. Bus. Corp. Law § 906(b)(3). Furthermore, APT does not deny that Johnson Controls, and its successor have agreed to "be served with process in . . . New York in any action . . . for the enforcement of any liability or obligation of [its] constituent corporation" which was "previously amenable to suit in the State of New York." (McNamara Aff. ¶ 4 & Ex. B). Thus, service on Johnson Controls was sufficient.

Moreover, plaintiffs are entitled to amend their pleading "when justice so requires," Fed. R. Civ. P. 15(a), if the relevant relation-back rules are satisfied. Foman v. Davis, 371 U.S. 178, 182 (1962). Under both New York and Federal law, a plaintiff may correct a pleading error by adding or substituting a defendant even after the statute of limitations period has expired so long as "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant . . . and (3) the new party knew or should have known that, but for a . . . mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." Walker v. Argo, No. 96-CV-5414, 2000 WL 744536, at *3 (E.D.N.Y. May 19, 2000) (quoting Buran v. Coupal, 661 N.E.2d 978, 981, 983-85 (N.Y. 1995)). Johnson Controls clearly meets these criteria in relation to APT. Therefore, the motion to quash service of process is denied, and plaintiffs' cross-motion to amend the amended complaint to substitute Johnson Controls for APT is granted.

SO ORDERED.

Dated: New York, New York
June 28, 2005

ALVIN K. HELLERSTEIN
United States District Judge