UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
IN RE SEPTEMBER 11 LITIGATION                                    :   21 MC 97 (AKH)
                                                                 :
---------------------------------------------------------------- x
                                                                 :
IN RE SEPTEMBER 11 PROPERTY DAMAGE                               :   21 MC 101 (AKH)
AND BUSINESS LOSS LITIGATION                                     :
                                                                 :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

## ORDER REGULATING DISCOVERY

The Port Authority of New York and New Jersey filed suit against The Boeing Company for its responsibility in causing the loss, damage and expense suffered by the Port Authority in the destruction of the towers of the World Trade Center caused by the terrorists on September 11, 2001. The Port Authority alleges that because of Boeing's negligence, the terrorists were able to penetrate the cockpit, and to take over and fly the airplanes without close tracking by flight controllers.

The parties are engaged in pre-trial discovery. I ruled upon a number of discovery issues in the last conference, held July 9, 2007. Apparently, my rulings were not sufficiently heeded or comprehensive. In letters submitted by each side on September 25, 2007 pursuant to my Individual Rule 2E, a number of issues are put to me for resolution. My rulings follow:

1. Documents relating to design issues. The Port Authority asks for documents relating to the redesign of the flight deck door, and related issues, whether created before or after September 11, 2001. Boeing argues that since the four "757" and "767" airplanes that were hijacked by the terrorists were delivered much before September 11, 2001, post-delivery documents are not relevant. Boeing argues also that production would be burdensome and not in the public interest, for it was engaged intensively over many years in efforts, at the

1

instigation of the FAA and other government agencies, to design a cockpit door that could not be penetrated, whether by human pressure or firearms, but which also would not be a barrier to proper entry and exit for safety and convenience purposes.

Boeing's submission concedes that information is relevant if it shows that redesign was feasible to further safety before the airplanes were delivered. The concession should apply, as well, in connection with redesigns or recalls of the airplanes. It follows that the scope of relevance is independent of the date of the document describing the redesign. Accordingly, the Port Authority sets out a relevant demand, and Boeing must produce responsively.

2. Documents relating to Aviation Security, and the definition of that term. The Port Authority, proffering a broad definition of Aviation Security, asks for documents showing Boeing's awareness of that issue. Boeing seeks to limit production to the security issues directly raised by the litigation, that is, to documents relating to cockpit intrusions and hijackings. The dispute seems to focus on the relevance, or not, of searching for documents related to bombings aboard airplanes.

The relevant issue is all threats known to Boeing relating to the capture of airplanes, and passengers and crews of airplanes, incident to hijackings. Definitions and elaborations are unnecessary, for the specific can be misused to rationalize failures or refusals to produce relevant information. Such information is relevant to the Port Authority's claim, and Boeing's denial, that Boeing was aware, or reasonably should have been aware, that aspects of the airplanes it delivered reasonably could have been redesigned to impede or avoid the problem. Accordingly, the Port Authority sets out a relevant demand, and Boeing must produce responsively.

3. Documents Referencing that FAA provisions defined the standard, or only the minimum of a higher standard. The Port Authority, reacting to a motion filed by Boeing and denied as premature, asks for documents supporting Boeing's position. Boeing objects that the burden of production would be excessive. I agree, with one proviso. Boeing must commit that it was not told by the FAA that it could regard its rules and regulations as legally sufficient, and did not rely on any documents so advising. If it does not wish so to commit, it must produce the specific documents on which it relies for that proposition.

4. Time for Responding. The Port Authority complains that Boeing has been slow to produce and slow to designate witnesses who will speak for it pursuant to notices of deposition served under Rule 30(b)(6), Fed. R. Civ. P. The Port Authority's complaint is justified. I responded to this issue at the last conference, held July 9, 2007, and warned the parties that the discovery processes were not to be slowed down, and that "quicker responses on the part of everybody" would be required.

Boeing concedes that it still has not engaged sufficiently in good faith "meet and confer" sessions with The Port Authority with regard to all the issues raised by the discovery requests, and that it still has not designated witnesses pursuant to The Port Authority's Rule 30(b)(6) notices. Its excuse is lame why it did not append its position to the "2E" letter proposed by the Port Authority. Boeing and its counsel are warned that delinquencies and unresponsiveness concerning discovery obligations will not be tolerated. Boeing's complaints about overly-broad discovery requests would meet with more sympathy it if were less delinquent, and more responsive, about its discovery obligations.

5. Boeing will produce and designate in response to The Port Authority's discovery requests, as defined by this order, by October 29, 2007, approximately 20 days from the date of this order. If overly-broad requests by The Port Authority create undue problems in locating documents, Boeing shall propose reasonable alternatives that will enable it to produce

3

promptly and responsively. Depositions by The Port Authority will begin 20 days after Boeing's time to produce, the sequences of witnesses, and the dates of their examination, to be determined by The Port Authority. If Boeing is delinquent in making production pursuant to this order, the Port Authority may request that knowledgeable witnesses be recalled to testify about any such late-produced documents.

        SO ORDERED.

Date:       October 9, 2007
               New York, New York

               ALVIN K. HELLERSTEIN
               United States District Judge