UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                        :

IN RE SEPTEMBER 11 LITIGATION     :  **ORDER AUTHORIZING**
                                                     :  **SEALING OF SETTLEMENT**
                                                     :
                                                   :  21 MC 101 (AKH)
                                                   :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN:

        By joint motion publicly filed February 5, 2010, the Aviation Defendants and 80 of the 82[1] property damage plaintiffs moved for an order of confidentiality regarding their proposed settlement. The negotiations had been carried on for months, under the able, wise and persistent guidance of their agreed mediator, former United States District Judge John Martin. The parties propose to file their joint motion to approve the settlement on February 19, 2010. They represent that their proposed settlement is conditioned on confidentiality of the aggregate settlement amount, the allocation of that amount among the various Aviation defendants' insurers, and the portion of that amount allocated to each of the settling plaintiffs. The parties' joint motion for confidential treatment advised that any opposition should be filed by February 18, 2010. There has been no opposition.

        In the absence of opposition, I grant the motion. I recognize that although there is a presumption in favor of full and complete access to court proceedings, see Individual Rules of the Hon. Alvin K. Hellerstein R. 4; Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to

---

[1] An additional property damage plaintiff, Cedar & Washington Associates, LLC., is not included in the 21 MC 101 docket.

judicial documents is firmly rooted in our nation's history."); United States v. Amodeo, 44 F.3d 141, 146 (2d Cir. 1995) ("[T]here is a presumption favoring access to judicial records." (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 602 (1978))), and that there is a particularly acute public interest in all that goes on in the 9/11 cases, the presumption is rebuttable by countervailing interests.  One such countervailing interest is the policy that favors compromise of hard-fought complex litigation.  As the Court of Appeals for the Second Circuit recognized, district courts have discretion to "'prevent access to settlement negotiations when necessary to encourage the amicable resolution of disputes,'" United States v. Glen Falls Newspapers, Inc., 160 F.3d 853, 856 (2d Cir. 1998) (quoting City of Hartford v. Chase, 942 F.2d 130, 135 (2d Cir. 1991)), for there is a strong public interest in the settlement and resolution of complex and expensive cases, and trial courts "must protect th[at] public interest, as well as the interests of the parties, by encouraging the most fair and efficient resolution[s of those cases.]." Id. at 856-57. Trial courts are instructed to weigh the presumption of public access against countervailing interests such as the efficient resolution of cases.  Id. (citing United States v. Amodeo, 71 F.3d 1044 (2d Cir.1995).

   The 18 cases proposed to be settled are complicated and would require lengthy and expensive trials.  The exposures to the insurers representing the complex of airlines, airports and security companies are extraordinary, notwithstanding the substantiality of their defenses.  The burdens on the district and appellate courts also would be substantial. The parties have incurred major expense and effort in the mediation process supervised by Judge Martin, and all join in recommending the settlement as fair and appropriate in the special circumstances arising from the terrorist-related aircraft crashes of 9/11 and the

2

extensive damage and destruction that they caused   The parties represent that settlement negotiations could not have been resolved without an expectation of confidentiality.

The opinion of United States District Judge Jack B. Weinstein, In re Franklin National Bank Securities Litigation, in which the court maintained the confidentiality of information in the final settlement of litigation stemming from the Bank's insolvency, is instructive.  92 F.R.D. 468 (E.D.N.Y. 1981), aff'd sub nom F.D.I.C. v. Ernst & Ernst, 677 F.2d 230 (2d Cir. 1982).  In that case, Judge Weinstein noted that although the failure of the Bank and the litigation arising from it was of "historical importance," and the public would have an interest in disclosure of the settlement information, "the private and public interests that would be furthered by a resolution of the matter without further litigation . . . was more compelling." Id. at 472.  If settlement had not concluded, the trial would have been long, "necessitating enormous expenditures of both litigant and judicial resources." Id.  The situation here is analogous.

In the absence of opposition, and notwithstanding a certain reluctance on my part, I defer to these considerations favoring confidentiality.  Certainly, there is an interest in respecting the desires of the settling parties, for doing so promises to clear a substantial portion of the remaining docket (assuming that the settlements can be approved as fair and reasonable in and of themselves, and in relation to non-settled cases and to previously-settled cases.  See, e.g., In re Sept. 11 Litig., 567 F. Supp. 2d 611 (S.D.N.Y. 2008) (rejecting settlements of four wrongful death suits because settlement amounts were unreasonably disproportionate to settled values); In re Sept. 11 Litig., 21 MC 101 (AKH), 2008 U.S. Dist. LEXIS 103894 (S.D.N.Y. Aug. 28, 2008) (same)).

I acknowledge that the scope and extent of confidentiality, measured against countervailing interests favoring full public accountability of courts and judges in relation to the cases and controversies before them, require delicate balancing. Such balancing is best done when opposing interests present a clash of viewpoints to a judge asked to effect that balance in a particular case or set of cases. I have not had the benefit of such a clash of interests to inform today's ruling. Accordingly, I reserve the right to review this ruling if, in the future, a motion for reconsideration is presented to me, either by parties to this litigation or other representatives of the public.

At this time, I grant the settling parties' joint motion for an order placing under seal the Confidential Settlement Information as defined in Section 1(g) of the Parties' Settlement Agreement and Mutual Release of Claims dated as of February 4, 2010: (i) the aggregate settlement amount, (ii) the allocation of that amount among the various Aviation Defendants' insurers, and (iii) the portion of the amount that will be paid to each settling plaintiff.

The Clerk of the Court shall maintain the Confidential Settlement Information under seal and mark the motion (Doc. No. 1069) as terminated.

SO ORDERED.

Dated: February 19, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4