UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE SEPTEMBER 11 LITIGATION  :  21 MC 101 (AKH)

------------------------------------------------------------X

**NOTICE OF MOTION
TO INTERVENE AND TO LIFT
SEAL ON MOTION SUBMISSIONS**

    Attached as Exhibit A hereto is a copy of a letter deemed by the Court (by Order, dated May 7, 2010) as a motion by The New York Times Company ("Times") to intervene and to lift the seal on the parties' submissions related to a pending motion to approve a settlement. The Times, by its motion, also seeks an order declaring the scheduled hearing on the approval motion to be public.

Dated: New York, NY
       May 14, 2010

                              Respectfully submitted,

                              David E. McCraw
                              Legal Department
                              The New York Times Company
                              620 Eighth Ave.
                              New York, New York 10018
                              (212) 556-4031
                              mccraw@nytimes.com

                              Attorney for Intervenor The New York
                              Times Company

#48991v1

# EXHIBIT A



David McCraw
Vice President and
Assistant General Counsel

620 Eighth Avenue
New York, NY 10018
tel 212.556.4031
fax 212.556.4634
mccraw@nytimes.com

<u>Via Facsimile</u> (212-805-7942)

May 6, 2010

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re: <u>*In re September 11 Litigation*, 21 MC 101 (AKH)</u>

Dear Judge Hellerstein:

I write on behalf of The New York Times Company ("The Times") to seek the Court's permission to be heard on the public's right of access to the fully-briefed motion to approve the settlement agreement between the Aviation Defendants and certain property damage plaintiffs, including the proposed settlement and all accompanying exhibits and related filings as well as any oral argument on the motion.

As the Court will recall, The Times was previously granted leave to intervene for the limited purpose of challenging the Aviation Defendants' confidentiality designations with respect to documents produced in the course of discovery in the personal injury and wrongful death portion of this litigation. (Order 3/16/09, Dkt. # 761; <u>see also</u> Opinion & Order 7/30/09, Dkt. # 866.)

The Times writes now in order to request the opportunity to be heard on the question of whether the seal should be maintained around the pending motion to approve the settlement, an important issue that Your Honor has addressed and reserved decision upon. (<u>See</u> Order 2/19/10, Dkt. # 1076; Summary Order 4/16/10, Dkt. # 1132.)

#48918v1

- 2 -

As Your Honor well recognizes, see, e.g., Individual Rules of the Hon. Alvin K. Hellerstein R. 4, the public generally and news organizations specifically have a qualified right to have access to judicial documents and proceedings, a right that arises from the First Amendment and as a matter of common law. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604 (1982) (First Amendment right to proceedings); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 572 (1980) (First Amendment right to proceedings); Nixon v. Warner Commc'ns, 435 U.S. 589, 597-98 (1978) (common law right to documents); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) (common law and constitutional right to judicial documents in civil case); United States v. Suarez, 880 F.2d 626, 630 (2d Cir. 1989) (First Amendment right to documents).

Under the common law, the right of access may be defeated only where "countervailing factors" outweigh the presumption of access to a judicial document, with the weight of that presumption determined by the nature of the document under consideration. Lugosch, 435 F.3d at 119-20. The First Amendment right of access can be overcome only if the Court finds that sealing is "necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch, 435 F.3d at 124. The burden of making that showing rests with the party seeking to prevent disclosure, and it is a heavier burden than the one imposed at common law. Lugosch, 435 F.3d at 126.

While The Times understands that the sealing issue has previously been briefed by the parties, we believe they have insufficiently articulated the public's interest in the filings related to the proposed settlement and its challenge.

Accordingly, we respectfully request an opportunity to be heard to further develop the legal arguments presented here, and we ask for the Court's guidance as to whether The Times must file a new motion to intervene and if the Court will entertain a motion to unseal these filings and allow public access to these judicial documents and proceedings.

Respectfully submitted,

David McCraw   (SMc)

cc (via e-mail):

Richard A. Williamson, Esq.
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, New York 10006
rwilliamson@fzwz.com
*Counsel for Opposing Property Damage Plaintiffs*

#48918v1

- 3 -

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
7 Times Square
New York, NY 10036
dbarry@condonlaw.com
*Liaison Counsel for the Aviation Defendants*

Robert A. Clifford, Esq.
Clifford Law Offices, P.C.
120 North LaSalle Street, 31st Floor
Chicago, IL 60602
rac@cliffordlaw.com
*Liaison Counsel for the Settling Plaintiffs*

John F. Stoviak, Esq.
Saul Ewing LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
jstoviak@saul.com
*Counsel for the Cantor Fitzgerald Plaintiffs*

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
420 Lexington Ave., Suite 2400
New York, NY 10170
jspievack@ctswlaw.com
*Counsel for Cedar & Washington*

Donald A. Migliori, Esq.
Motley Rice LLC
321 South Main St.
Providence, RI 02903
dmigliori@motleyrice.com
*Liaison Counsel for Wrongful Death and Personal Injury Plaintiffs*

Katherine L. Pringle, Esq.
Friedman Kaplan Seiler & Adelman LLP
1633 Broadway
New York, NY 10019
kpringle@fklaw.com
*Liaison Counsel for WTC 7 Ground Defendants*

Sarah S. Normand, Esq.
Assistant U.S. Attorney
sarah.normand@usdoj.gov

#48918v1