UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN RE SEPTEMBER 11 LITIGATION : **ORDER AND OPINION**
: **RESOLVING INTERVENOR'S**
------------------------------------------------------------ : **MOTION TO UNSEAL**
WORLD TRADE CENTER PROPERTIES LLC, et : **DOCUMENTS**
al., :
: 21 MC 101 (AKH)
Plaintiffs, : 08 Civ. 3719 (AKH)
: 08 Civ. 3722 (AKH)
-against- :
:
UNITED AIRLINES, INC., et al., :
:
Defendants. :
------------------------------------------------------------ :
WORLD TRADE CENTER PROPERTIES LLC, et :
al., :
:
Plaintiffs, :
:
-against- :
:
AMERICAN AIRLINES, INC., et al., :
:
Defendants. :
:
------------------------------------------------------------ x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/10
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

An intervenor, The New York Times Company (the "Times") moves to unseal, and thereby make public, the motion filed to approve a settlement of all but three of the property damage cases in the 21 MC 101 master calendar. The settling plaintiffs[1] and defendants (the "Aviation

---

[1] The settling plaintiffs are Certain Underwriters at Lloyd's of London Comprising Syndicates No. 33, 1003, 2003, 1208, 1243, 0376; Great Lakes Reinsurance (UK), PLC; Underwriter at Lloyd's, Syndicate No. 1225; Munich-American Risk Partners 7244 GmbH; Greater New York Mutual Insurance Company; Insurance Company of Greater New York; Munich Reinsurance Company UK General Branch; Muenchener Rueckversicherunes-Gesellschaft; Woburn Insurance, Ltd.; Great Lakes Reinsurance U.K. PLC; American Alternative Insurance Corporation; The Princeton Excess & Surplus Lines Insurance Company; Munich Reinsurance America, Inc. formerly known as American Re-Insurance Company; Colisee Re (formerly known as AXA Re and successor to the interests and liabilities of SPS Reassurance); Colisee Re Canadian Branch (formerly known as AXA Re Canadian Branch and formerly known as AXA Corporate Solutions Reassurance Canadian Branch); Colisee Re Madeira

Defendants")[2] are identified in the footnotes. My order approving the settlement is being issued at the same time as this order. For the reasons discussed in this Order and Opinion, the Times' motion is granted in part and denied in part.

## I. Background

After months of hard-fought negotiations and mediation before retired United States District Judge John Martin, the Aviation Defendants and the settling plaintiffs reached a settlement resolving claims in 18 of the 21 cases against the Aviation Defendants in the 21 MC 101 master calendar that that were brought to recover damages to businesses and property resulting from the terrorist attacks on September 11, 2001.[3]

---

Branch (formerly known as Axa Re Madiera Branch); Portman Insurance Limited (formerly known as AXA Global Risks (UK) Ltd. and successor to the interests and liabilities of Axa Reinsurance UK Plc); AXA Corporate Solutions Assurance UK Branch; AXA Insurance Company (formerly AXA CS Insurance Co.); Coliseum Reinsurance Company (formerly AXA CS Reinsurance Co. US); AXA Versicherung AG; AXA Cessions; AXA Corporate Solutions Services UK Ltd. and AXA Corporate Solutions Assurance (for itself and as successor to the interests and liabilities of AXA Corporate Solutions Assurance Canadian Branch); AXA Art Insurance Corporation; Paris Re Asia Pacific Pte. Ltd. (formerly known as AXA Re Asia Pacific Pte. Ltd.); Paris Re (Successor to the Interests and Liabilities of Compagnie Generale De Reassurance De Monte Carlo); Industrial Risk Insurers and its members; Aegis Insurance Services, Inc.; Liberty Insurance Underwriters, Inc.; National Union Insurance Company of Pittsburgh; Nuclear Electric Insurance Limited; Certain Underwriters at Lloyds Comprising Syndicates No. 1225 and 1511; Consolidated Edison Company of New York, Inc.; QBE International Insurance Ltd.; Certain Underwriters at Lloyd's, London, as members of Syndicates Numbered 1212, 1241, 79, 506, and 2791; Assurances Generales De France Iart; Assurances Generales De France; Allianz Global Risks US Insurance Company F/K/A Allianz Insurance Company; Allianz Insurance Company of Canada; Allianz Suisse Versicherungs-Gesellschaft; Allianz Versicherungs-Aktiengesellschaft; Fireman's Fund Insurance Company; Mayore Estates, LLC; 80 Lafayette Associates, LLC; Barcley Dwyer Co., Inc.; Karoon Capital Management, Inc.; N.S. Windows LLC; Tower Computer Services, Inc.; Wall Street Realty Capital, Inc.; World Trade Farmers Market, Inc.; Adem Arici; Omer Ipek; MVN Associates, Inc.; Marsha Van Name; Daniel D'Aquila; and Floyd Van Name.

[2] The Aviation Defendants are American Airlines, Inc.; AMR Corporation; United Air Lines, Inc.; UAL Corporation; US Airways, Inc.; US Airways Group, Inc.; Colgan Air, Inc.; Globe Aviation Services Corporation; Globe Airport Security Services, Inc.; Huntleigh USA Corporation; ICTS International N.V.; The Boeing Company; Massachusetts Port Authority; Burns International Security Services Company, LLC (formerly known as Burns International Security Services Corporation); Burns International Services Company, LLC (formerly known as Burns International Services Corporation); Pinkerton's LLC (formerly known as Pinkerton's Inc.); and Securitas AB.

[3] The settlement resolves all claims in the following cases: (1) World Trade Farmers Mkt., Inc., et al. v. United Airlines, Inc., et al., 02 Civ. 2987; (2) Certain Underwriters at Lloyd's of London, et al. v. AMR Corp., et al., 03 Civ. 131; (3) MVN Assoc., Inc., et al. v. United Airlines, Inc., et al., 04 Civ. 4577; (4) American Alternative Ins. Corp., et al. v. AMR Corp., et al., 04 Civ. 6848; (5) Barcley Dwyer Co., Inc., et al. v. AMR Corp., et al., 04 Civ. 7136; (6) QBE Int'l Ins. Ltd., et al. v. AMR Corp., et al., 04 Civ. 7199; (7) Mayore Estates, LLC, et al. v. AMR Corp., et al., 04 Civ. 7225; (8) Industrial Risk Insurers v. AMR Corp., et al., 04 Civ. 7231; (9) Industrial Risk Insurers v. AMR Corp., et al., 04 Civ. 7234; (10) Assurances Generales de France Iart, et al. v. AMR Corp., et al.,

2

Before submitting their motion for approval of the settlement, the settling parties moved for an order allowing them to file under seal three categories of settlement information: (1) the aggregate settlement amount, (2) the allocation of that amount among the various Aviation Defendants' insurers, and (3) the portion of the amount that will be paid to each settling plaintiff. The motion was unopposed and I granted it on February 19, 2010. In re Sept. 11 Litig., 21 MC 101 (AKH), 2010 WL 637789, at *2 (S.D.N.Y. Feb. 19, 2010). I noted in my order that the balancing required to decide such a motion "is best done when opposing interests present a clash of viewpoints." Id. Since there was no opposition presenting such a clash, I reserved the right to review my decision if a motion for reconsideration were presented to me. Id. ("I reserve the right to review this ruling if, in the future, a motion for reconsideration is presented to me, either by parties to this litigation or other representatives of the public.").

The settling parties filed their motion for approval of the settlement, submitting under seal documents containing the confidential categories of information, and publicly filing redacted versions.

Plaintiffs affiliated with the developer Larry Silverstein, long-term lessee of the World Trade Center (the "WTCP Plaintiffs"),[4] indicated their intent to object to the motion for

---

04 Civ. 7238; (11) Woburn Ins., Ltd. v. AMR Corp., et al., 04 Civ. 7240; (12) Great Lakes Reinsurance U.K. PLC v. AMR Corp., et al., 04 Civ. 7241; (13) Underwriter at Lloyd's, et al. v. AMR Corp., et al., 04 Civ. 7244; (14) American Reinsurance Co. v. AMR Corp., et al., 04 Civ. 7246; (15) AXA RE, et al. v. AMR Corp, et al., 04 Civ. 7248; (16) Munich Reinsur. Co. UK General Branch, et al. v. AMR Corp., et al., 04 Civ. 7294; and (17) AXA Corp. Solutions Assurance UK Branch, et al. v AMR Corp., et al., 04 Civ. 7299. In Aegis Ins. Servs., Inc., et al. v. 7 World Trade Ctr. Co., L.P., et al., 04 Civ. 7272, the settlement resolves only those claims asserted against the Aviation Defendants. The non-settling cases— World Trade Center Properties, LLC v. United Airlines, Inc., 08 Civ. 3719 (AKH); World Trade Center Properties, LLC v. American Airlines, Inc., 08 Civ. 3722 (AKH); and Cantor Fitzgerald & Co. v. American Airlines, Inc., 04 Civ. 7318 (AKH)—involve the claims of the WTCP Plaintiffs and of Cantor Fitzgerald & Co. and its affiliates. An additional case, Cedar & Washington Associates, LLC. v. The Port Authority of New York and New Jersey, 08 Civ. 9146 (AKH), involves claims against a number of defendants, including the Aviation Defendants, under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9601 et seq., and is not included in the 21 MC 101 docket.

[4] The WTCP Plaintiffs are World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly known as "5 World Trade Center LLC") and 4 World Trade Center LLC. World Trade Center Properties LLC, 2 World Trade Center LLC and 4 World Trade Center LLC are plaintiffs

3

approval. Before they submitted their opposition papers, they moved, by way of order to show cause, to vacate the February 19, 2010 Sealing Order and to modify a Confidentiality Protective Order dated March 20, 2004, see 21 MC 97 (Doc. No. 329); 21 MC 101 (Doc. No. 28).

The WTCP Plaintiffs argued that the public would be unable to understand their objections to the motion for approval if their opposition papers were redacted pursuant to these orders. I denied the WTCP Plaintiffs' motion as premature, In re Sept. 11 Litig., 21 MC 101 (AKH) (Doc. No. 1132) (S.D.N.Y. April 16, 2010), and instructed the parties to submit under seal their remaining briefing on the motion for approval, after which I could decide what needed to be disclosed so that the public could understand the issues involved.

After briefing closed on the motion for approval, the Times requested, and I granted, leave to intervene for the purpose of submitting this motion to unseal all documents submitted in connection with the settling parties' motion for approval.

The Times argues that these sealed filings are "judicial documents" to which a presumption of public access attaches under the common law and the First Amendment of the United States Constitution and that the settling parties have failed to overcome this presumption.

On March 26, 2010, I held oral argument on the Times' motion. In light of my prior order sealing certain aspects of the settlement agreement, the oral argument was closed to the public. A transcript will now be publicly filed consistent with this order.

## II. Discussion

### (a) Standards

#### (i) Common Law Presumption of Access

The public has a qualified common law right of access to "judicial documents." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). A judicial document is

---

in 08 CIV 3719 (AKH). World Trade Center Properties LLC, 1 World Trade Center LLC, 3 World Trade Center LLC and 7 World Trade Company, L.P. are plaintiffs in 08 CIV 3722 (AKH).

4

one that is "'relevant to the performance of the judicial function and useful in the judicial process.'" Id. (citing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)).

Once the court determines that the common law presumption of access attaches, it must determine the weight to be given the presumption. The weight of the presumption is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Lugosch, 435 F.3d at 119.

After determining the weight of the presumption, the court must balance it against countervailing interests, including the efficient resolution of complex and expensive cases, see United States v. Glen Falls Newspapers, Inc., 160 F.3d 853, 856-57 (2d Cir. 1998), and "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120 (internal quotation marks omitted).

### (ii) First Amendment Right of Access

The public also enjoys a right of access to judicial documents under the First Amendment. Id. The court looks to "experience and logic" to determine whether the First Amendment protects the public's attempt to access particular documents. Id. The court must consider "whether the documents 'have historically been open to the press and general public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" Id. (quoting Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8 (1986)).

If the First Amendment right of access applies, the court may still order the sealing of documents if it makes "'specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Id. (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

## (b) Application

The Times' motion involves four categories of information currently under seal: the three categories that were the subject of the February 19, 2010 Sealing Order—(1) the aggregate settlement amount, (2) the allocation of that amount among the various Aviation Defendants' insurers, and (3) the portion of the amount that will be paid to each settling plaintiff—and the confidential documents exchanged during the process of damages discovery, negotiation and mediation that led to the settlement.

These categories implicate different considerations.

### i. Information Subject to the February 19, 2010 Sealing Order

The categories of information sealed pursuant to my February 19, 2010 Order are central to the parties' settlement and my decision on their motion for approval. As such the presumptions of access under the common law and First Amendment apply. As Judge Lynch stated in Geltzer v. Andersen Worldwide, S.C., "the amount of the settlement is the critical factor in the Court's ability to assess whether the settlement should be approved." 05 Civ. 3339 (GEL), 2007 U.S. Dist. LEXIS 6794, at *13 (S.D.N.Y. Jan. 30, 2007).

Here, there are additional considerations that come into play. The settlement agreed to by the parties implicates the liability cap under the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA" or the "Act"), 49 U.S.C. § 40101 note, which limits each Aviation Defendant's liability to the insurance they carried at the time of the terrorist attacks of 9/11. The settlement, and the objections of the WTCP Plaintiffs, require me to consider the allocation of the settlement among the contributing insurers and the distribution of the settlement among the settling plaintiffs. This information bears directly on my adjudication of the settling parties' motion for approval, and their request to maintain it under seal thus "goes to the very core of the constitutionally-embedded presumption of openness in judicial proceedings." Geltzer, 2007 U.S. Dist. LEXIS 6794, at *14.

6

The Aviation Defendants argue that because they reasonably relied on the February 19, 2010 Sealing Order, the Times may prevail only if it shows that the Sealing Order was granted improvidently or that there is some extraordinary circumstance or compelling need justifying disclosure. See Martindell v. Int'l Tel. and Tel. Corp., 594 F.2d 291, 296 (2nd Cir. 1979). However, a party may not fully rely on a sealing order that is, on its face, "temporary or limited," or otherwise conditional. SEC v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001). In the February 19, 2010 Sealing Order, I expressly reserved the right to review the decision if a motion for reconsideration were submitted. The Aviation Defendants were aware of my reservation. The Times has submitted the motion I invited in the Sealing Order, and the Aviation Defendants cannot now argue that Martindell's more restrictive standard prevents me from reviewing the decision afresh.

To determine whether the Aviation Defendants can justify sealing in light of the presumption of access that attaches to the information subject to the February 19, 2010 Sealing Order, I must balance against the presumption the interests in favor of sealing.. The Aviation Defendants argue that disclosure of the information will (1) chill future settlement of the remaining lawsuits against them, and (2) cast them in a false light by suggesting that the amount of the settlement and its allocation among their insurers reflect their culpability for the September 11 attacks.

These arguments cannot overcome the presumption favoring public access to judicial documents. Although the public has a strong interest in resolution through settlement of complex and expensive cases, see In re Sept. 11 Litig., 2010 WL 637789, at *1 (citing Glen Falls Newspapers, Inc., 160 F.3d at 856-57), and the parties claim that the settlement might not have occurred without a condition of confidentiality, the court must be skeptical of such a claim, for "if the case goes to trial, even more is likely to be disclosed." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 788 (3d Cir. 1994) (internal quotation marks omitted); see also Bank of America National Trust and Savings Association. v. Hotel Rittenhouse Associates, 800 F.2d 339, 346 (3d Cir. 1986) ("Even if we were to

7

assume that some settlements would not be effectuated if their confidentiality was not assured, the generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access."). Moreover, at oral argument on the Times' motion, the Aviation Defendants made clear that they intend to go forward with their settlement even if the Court grants the motion to unseal.

The settling parties' reliance on the decision of the Second Circuit Court of Appeals in Glen Falls Newspapers, Inc., 160 F.3d 853 (2d Cir. 1998), is misplaced. Although the Court of Appeals held that the interest in furthering settlement outweighed the interest in disclosing certain settlement-related information, the decision dealt only with preliminary settlement materials with respect to which "'the presumption of public access . . . is very low or nonexistent under either constitutional or common law principles.'" Id. at 855 (quoting opinion of the district court). The Court of Appeals noted that "access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts . . . [because] [t]he judge cannot act upon these discussions or documents until they are final." Id. at 857. Although draft settlement materials were to remain under seal, the final settlement would be subject to "a proceeding in open court, and the document sought to be acted upon by the judicial power will be placed on file and must become a public record." Id.

Unlike the draft settlement material at issue in Glens Falls Newspapers, Inc., the settlement information to which the Times seeks access is not preliminary. The settlement agreement is final and the settling parties have moved for approval of the final agreement. Their motion for approval invokes my Article III power and my decision is based on the information presented to me. The interest in furthering settlement does not outweigh the strong common law and constitutional presumptions of public access that attaches to information bearing directly on my adjudication.

The Aviation Defendants' argument that the sheer size of the settlement will cause the public to believe that the Aviation Defendants were at fault for the damage caused by the

8

terrorists of 9/11 is a false argument as well. There is no persuasive reason to believe that the public or the press will mischaracterize the settlement information and construe it as an admission of liability. As my order approving the settlement, issued separately today, makes clear, the settlement is unrelated to culpability and reflects a very substantial discount as well as the desire of all parties to avoid protracted, expensive and complex litigation of the issues. The allocation of the settlement amount among the contributing insurers and settling plaintiffs reflects practical considerations and not any adjudication or concession of liability nor claims of victory. The settling parties give no persuasive reason for presuming that the public will be unable to understand these considerations. The Aviation Defendants' fear of public misperception is speculative and unlikely, and does not outweigh the presumption of public access to the settlement information.

The interests against disclosure of the aggregate settlement amount and its allocation among contributing insurers do not outweigh the common law and Constitutional presumptions of access, and I grant the Times' motion to unseal with respect to these categories of information. The portion of my February 19, 2010 Order that permits the sealing of this information is hereby vacated.

With respect to the allocation of settlement proceeds among the settling plaintiffs, I hold that the privacy interests of the plaintiffs outweigh the presumption of access. Throughout this litigation I have disclosed only aggregate recoveries of plaintiffs settling claims against the Aviation Defendants and kept confidential the amounts of individual recoveries. I find no reason now to permit such disclosure.

### ii. Confidential Documents Exchanged During Damages Discovery, Settlement Negotiations and Mediation

Confidential documents exchanged in the course of discovery, negotiation, and mediation, and submitted in connection with the motion for approval of the property damage settlement, will not be disclosed to the public. These documents are preliminary materials that did not bear on my adjudication of the motion for approval. They are not the type of document to which

9

the public has historically had access nor would public disclosure enhance the function of settlement negotiations. If any presumption of access attaches merely from the fact that these documents were submitted in the course of briefing on the motion for approval, it is small and outweighed by the chilling of settlement negotiations that could result from disclosure.

### III. Conclusion

For the reasons discussed in this Opinion, the Times' motion is granted in part and denied in part. The aggregate amount of the settlement and its allocation among contributing insurers shall be disclosed to the public. The allocation of settlement proceeds among the settling plaintiffs as well as confidential documents exchanged in the course of damages discovery, settlement negotiations and mediation shall remain under seal.

By July 14, 2010, the parties shall submit redacted versions, complying with this Order, of all papers submitted in connection with the motion for approval of the settlement, including the transcript of the May 27, 2010 oral argument on the motion.

The Clerk shall mark the motion (Doc. No. 1164) as terminated.

SO ORDERED.

Dated:   July 1, 2010
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge