UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

| | |
|---|---|
| IN RE SEPTEMBER 11 LITIGATION<br><br>-------------------------------------------------------------<br>WORLD TRADE CENTER PROPERTIES LLC, et al.,<br><br>      Plaintiffs,<br><br>    -against-<br><br>UNITED AIRLINES, INC., et al.<br><br>      Defendants.<br>-------------------------------------------------------------<br>WORLD TRADE CENTER PROPERTIES LLC, et al.,<br><br>      Plaintiffs,<br><br>    -against-<br><br>AMERICAN AIRLINES, INC., et al.,<br><br>      Defendants.<br>-------------------------------------------------------------<br>THIS ORDER RELATES TO ALL CASES LISTED IN FOOTNOTE 1 | **ORDER CLARIFYING ORDER AND OPINION APPROVING SETTLEMENT AND GRANTING INTERVENOR STATUS**<br><br>21 MC 101 (AKH)<br>08 Civ. 3719 (AKH)<br>08 Civ. 3722 (AKH) |

------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    On July 1, 2010, I issued an Opinion and Order approving settlements reached in 18 of the 21 cases asserting property damage claims in the 21 MC 101 master calendar,[1] and

---

[1] The settlement resolved all claims in the following cases: (1) World Trade Farmers Mkt., Inc., et al. v. United Airlines, Inc., et al., 02 Civ. 2987; (2) Certain Underwriters at Lloyd's of London, et al. v. AMR Corp., et al., 03 Civ. 131; (3) MVN Assoc., Inc., et al. v. United Airlines, Inc., et al., 04 Civ. 4577; (4) American Alternative Ins. Corp., et al. v. AMR Corp., et al., 04 Civ. 6848; (5) Barcley Dwyer Co., Inc., et al. v. AMR Corp., et al., 04 Civ. 7136; (6) QBE Int'l Ins. Ltd., et al. v. AMR Corp., et al., 04 Civ. 7199; (7) Mayore Estates, LLC, et al. v. AMR

directing entry of final judgment, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, in each of the settling plaintiff's actions. In re Sept. 11 Litig., --- F. Supp. 2d ---, 2010 WL 2628642 (S.D.N.Y. 2010).

In order to make clear, if it is not already clear, that my order is final and appealable, I find, not only in each of the settled actions, but also in the collective action, 21 MC 101, that there is no just reason for delay in entering final judgment with respect to the settled cases and claims. The terms of the settlement agreement prevent the settling plaintiffs from receiving any payouts until final judgment is entered and the appeal period exhausted. Delay in the ability to execute on a settlement "is exactly the sort of hardship and denial of justice through delay that rule 54(b) was designed to eliminate." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1097 (2d Cir. 1992) (internal quotation marks omitted).

I also grant intervenor status in each of the settled actions to the WTCP Plaintiffs[2] and 7 World Trade Company, L.P. Because they have suits against the Aviation Defendants that implicate the liability cap under the Air Transportation Safety and System Stabilization Act ("ATSSSA"), codified at 49 U.S.C. § 40101 note, they "claim an interest relating to the property or transaction that is the subject of the [settled] action[s], and [are] so situated that disposing of

---

Corp., et al., 04 Civ. 7225; (8) Industrial Risk Insurers v. AMR Corp., et al., 04 Civ. 7231; (9) Industrial Risk Insurers v. AMR Corp., et al., 04 Civ. 7234; (10) Assurances Generales de France Iart, et al. v. AMR Corp., et al., 04 Civ. 7238; (11) Woburn Ins., Ltd. v. AMR Corp., et al., 04 Civ. 7240; (12) Great Lakes Reinsurance U.K. PLC v. AMR Corp., et al., 04 Civ. 7241; (13) Underwriter at Lloyd's, et al. v. AMR Corp., et al., 04 Civ. 7244; (14) American Reinsurance Co. v. AMR Corp., et al., 04 Civ. 7246; (15) AXA RE, et al. v. AMR Corp, et al., 04 Civ. 7248; (16) Munich Reinsur. Co. UK General Branch, et al. v. AMR Corp., et al., 04 Civ. 7294; and (17) AXA Corp. Solutions Assurance UK Branch, et al. v AMR Corp., et al., 04 Civ. 7299. In (18) Aegis Ins. Servs., Inc., et al. v. 7 World Trade Ctr. Co., L.P., et al., 04 Civ. 7272, the settlement resolved only the claims asserted against the Aviation Defendants.

[2] The WTCP Plaintiffs are World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly known as "5 World Trade Center LLC") and 4 World Trade Center LLC. World Trade Center Properties LLC, 2 World Trade Center LLC and 4 World Trade Center LLC are plaintiffs in 08 CIV 3719 (AKH). World Trade Center Properties LLC, 1 World Trade Center LLC, 3 World Trade Center LLC and 7 World Trade Company, L.P. are plaintiffs in 08 CIV 3722 (AKH).

the [settled] action[s] may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a).

    Accordingly, the Clerk shall

        (1) Enter final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in 21 MC 101 with respect to the settled cases and claims;

        (2) Enter final judgment pursuant to Rule 54(b) in each individual docket number for the cases identified in (1)-(17) of footnote 1 above and mark those cases as closed; and

        (3) Enter final judgment pursuant to Rule 54(b) with respect to all claims asserted against the Aviation Defendants in <u>Aegis Ins. Servs., Inc., et al. v. 7 World Trade Ctr. Co., L.P., et al.</u>, 04 Civ. 7272, identified in (18) of footnote 1 above.

The Court intends that the foregoing shall effectuate a final, immediately appealable judgment with respect to all of the settled cases and claims.

    SO ORDERED.

Dated:    July __, 2010
              New York, New York

                                                  ALVIN K. HELLERSTEIN
                                                  United States District Judge