UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
                                          :     21-MC-101 (AKH)
                                          :
                                          :     This Motion relates to:  04-CV-7318
IN RE SEPTEMBER 11 LITIGATION             :
                                          :     Oral Argument Requested.
                                          :
_____


# CANTOR FITZGERALD PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION FOR SANCTIONS AND TO STRIKE AMERICAN AIRLINES, INC. AND AMR CORPORATION'S JULY 26, 2010 MOTION FOR LIMITED RELIEF

SAUL EWING LLP

John F. Stoviak, Esq. (*pro hac vice*)
Charles N. Curlett, Jr., Esq. (SDNY Bar No. C2423)
Jennifer L. Beidel, Esq. (*pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Phone: 215.972.1095
Fax: 215.972.1921
jstoviak@saul.com
ccurlett@saul.com
jbeidel@saul.com

Counsel for Cantor Fitzgerald Plaintiffs:
Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P

## INTRODUCTION

Defendants American Airlines, Inc. and AMR Corporation (collectively "American") have now twice intentionally and blatantly violated this Court's May 22, 2008 Stipulated Order (the "Order"). The Order, which created a mediation framework to which both American and Cantor voluntarily subscribed, expressly states that the confidential mediation report of any party, including Cantor "***shall not be disclosed to any person other than the Magistrate Judge, the Special Master, and the Parties, their counsel, experts, consultants, and representatives.***" This is the second time that American has violated the Order for the purpose of improperly influencing the Court on the issue of Cantor's damages. Because American's violation of the Order is so blatant and without any credible justification, Cantor[1] hereby moves to sanction defendants as follows: (1) award Cantor its attorneys' fees and costs associated with this application; (2) hold American in contempt of court and temporarily, preliminary, and permanently enjoin American from any future violations of the Order; and (3) strike American's motion for limited relief and refuse to consider any of American's submissions regarding that motion when deciding American's pending summary judgment and evidentiary motions.

## PRELIMINARY STATEMENT

With the filing of its Motion for Relief from Restrictions Upon Use of Mediation Documents Set Forth in the Court's Order, counsel for American has renewed with unprecedented vigor its blatant attempt unfairly to prejudice Cantor in the prosecution of its case. American has now, *for the second time*, intentionally and with no legitimate purpose violated

---

[1] Plaintiffs Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P. (collectively, "Cantor").

this Court's prior Order governing the confidentiality of materials disclosed in the mediation process that occurred before the Honorable John Martin in late 2009.

Pursuant to the Order's provision on "Confidentiality and Restrictions Upon Use and Admissibility", the parties agreed, and this Court ordered, that the information and certain documents disclosed throughout this process, including expert reports, would be considered confidential and:

> shall not be admissible or otherwise utilized during discovery or trial, . . . on behalf of any party for any purpose . . . and shall be considered confidential within the terms of the [March 30, 2004 Confidentiality Protective Order, which was extended to 21 MC 101], **and shall not be disclosed to any person other than the Magistrate Judge, the Special Master, and the Parties, their counsel, experts, consultants, and representatives, and only for purposes of furthering the requirements and objectives of this Order**.

(Ex. A to the Stoviak Decl. at § IV, ¶ 15.).

Notwithstanding the clarity of this provision, American has submitted a motion to lift the restriction it imposes, and in so doing, has ***brazenly disclosed the very information that the provision is designed to protect***. Not only does American refer at length to the confidential damages report that Cantor submitted as part of the mediation – going so far as to include reproductions of graphs and wholesale discussion of its analysis – but American attaches a copy of the report in its entirety as an exhibit to its motion. It is for the Court, not American, to decide whether American had made a case to undo the Order *before* American improperly provided the information to the Court.

If American has a legitimate issue concerning the content of the prior report, unquestionably it could have filed its motion without disclosing this confidential information. There is simply no compelling need for American to have done so. American suggests that this detailed analysis is necessary in light of the concomitant motions it elected to file. This Court,

however, has imposed no deadlines for the filing of motions in this case, and American could certainly have filed its motion for relief from the Order without disclosing this confidential information and then awaited this Court's decision.

The only conceivable reason that American could have for proceeding with its trifecta of motions as it did is to improperly prejudice Cantor by disclosing information to this Court that it had previously agreed, and this Court had previously ordered, it not to disclose to the Court. The improvidence of American's contemptuous action is underscored by the overwhelming similarity of the damages reports it compares. Both of Cantor's damages reports are premised on a loss of market share analysis; both analyze the impact of the crash of American Flight 11 on the same four lines of business. American simply manufactures a dispute surrounding the applicable law purportedly to justify its improper disclosure of Cantor's earlier report. Cantor welcomes the opportunity to address the merits of American's summary judgment and evidentiary motions. However, American's improper tactics are an attempt to bias this Court and prevent a reasoned and systematic adjudication of those motions – or even the question of undoing the Order – on the merits and in the proper context.

American's actions substantially undermine the purpose of a confidential mediation process in fostering candid disclosure. Indeed, American has vigorously argued to this Court that the materials exchanged in the mediation process must continue to be kept confidential, and this Court agreed in its Order of February 19, 2010, when it stated that "the parties represent that settlement negotiations could not have been resolved without the expectation of confidentiality." For mediation to be effective, parties must be assured that confidential information remains confidential.

Moreover, this is the *second* time American has improperly introduced confidential information before this Court. In December 2009, American filed a motion to strike Cantor's amended Damages Disclosure Form. Cantor pointed out that American's motion revealed confidential information, American withdrew the motion at this Court's urging. Simply put, American should be sanctioned for twice arrogating to itself the power to ignore this Court's Order and its motion for limited relief should be stricken.[2]

## STATEMENT OF FACTS

### A. The Court's May 22, 2008 Order

In the interest of facilitating settlement discussions, on May 22, 2008, the Court issued a Stipulated Order that established a mediation protocol regarding damages. (Ex. A to Stoviak Decl.). The Order outlined the process by which the parties would exchange information and engage in discussions concerning damages. The Order required Uninsured Loss Plaintiffs to provide preliminary calculations of their damages claims and subsequently make their experts available for a meeting with the Aviation Defendants to discuss those *preliminary* calculations. (*Id*. at ¶¶ 9 & 10). The Aviation Defendants were entitled to submit requests for any additional document productions that were reasonably necessary to understand and evaluate the *preliminary* calculations and expert methodologies and conclusions. (*Id*. at ¶ 11). Pursuant to the Order, once this process was completed, the parties were instructed to schedule a meeting with the Special Master "to discuss potentially narrowing or eliminating disputed issues

---

[2] Cantor does not waive or make any concessions regarding the substance of American's motion for limited relief. Cantor's position in this motion is that American is not permitted to make its motion for limited relief in the manner that it has. American's motion is itself a violation of this Court's Order and should therefore be stricken and American sanctioned. If this Court were to allow American's motion to stand (which it should not), Cantor reserves its right to a full opportunity to be heard regarding the merits (or lack thereof) of American's motion for limited relief. Indeed, American's motion relies on the wrong standard for modification of the Order. Furthermore, American cannot satisfy the appropriate standard.

concerning the alleged legally recoverable amount of the Uninsured Loss Plaintiff's damages."

(*Id*. at ¶ 13).

Pursuant to the Protocol's "Confidentiality and Restrictions Upon Use and Admissibility" provision, the parties agreed that the information and certain documents, including expert reports, disclosed throughout this process would be considered confidential and:

> shall not be admissible or otherwise utilized during discovery or trial, . . . on behalf of any party for any purpose . . . and shall be considered confidential within the terms of the [March 30, 2004 Confidentiality Protective Order, which was extended to 21 MC 101], **and shall not be disclosed to any person other than the Magistrate Judge, the Special Master, and the Parties, their counsel, experts, consultants, and representatives, and only for purposes of furthering the requirements and objectives of this Order**.

(Ex. A to Stoviak Decl. at § IV, ¶ 15)(emphasis added).

### B. Cantor's Participation in the Confidential Damages Mediation Process

Cantor complied with the procedures established in the Order. In August 2008, Cantor provided Defendants with its required preliminary damage calculation. Cantor subsequently provided American with various documents in support of its damages. Indeed, Cantor produced documents in support of its damages and in response to American's multiple requests on seven different dates. On July 27, 2009, Cantor produced its confidential mediation expert report, which evaluates and provides the true measure of Cantor's business interruption damages. Pursuant to the Order, each page of that report was clearly designated as "*Confidential*" and "*For Use Only in the Mediation Process Established by, and Subject to all Restrictions and Limitations Contained in [the Order]*."

### C. American's Prior Violations of this Court's Order

Notwithstanding the clear and unequivocal nature of the Order, American has repeatedly sought to prejudice Cantor by breaching the Order's confidentially provisions. In December 2009, after settlement negotiations between American and Cantor broke down, American moved

to strike Cantor's Damages Disclosure Form. As part of that motion, American took the untenable position that Cantor's September 29, 2009 Damages Disclosure Form, which included nothing more than a statement of the amount of Cantor's damages, "incorporates by reference" Cantor's confidential mediation report. American proceeded to recite in its brief various statements and damage calculation methodologies from Cantor's confidential mediation report. Those statements and methodologies had not been disclosed in any other documents in this case.

This was a clear violation of the Order. In January 2010, the Court contacted counsel for American and Cantor (before the Court addressed the substance of American's motion) and suggested that American withdraw its motion. American withdrew its motion.

Notwithstanding these events, American again sought to introduce Cantor's confidential mediation expert report during the deposition of Cantor's expert in June 2010. During that deposition, American's counsel attempted to question Cantor's expert regarding particular statements in Cantor's confidential expert mediation report. Although Cantor's counsel objected to any questions that would place statements or facts from the report on the record, American's counsel continued to refer to specific statements contained in the confidential mediation report. American's counsel ceased his improper questioning only after Cantor suggested that this improper conduct be presented to the Court for a ruling.

### D. American Has Advocated For and This Court Has Upheld the Confidentiality of The Mediation Process

On February 5, 2010, the Aviation Defendants and certain property damage plaintiffs (together known as the "Settling Parties") jointly submitted a motion to maintain the confidentiality of certain settlement information. In support of this motion, they submitted a memorandum of law signed by Desmond Barry, counsel for American, as Aviation Defendants' Liaison Counsel. (Ex. B to Stoviak Decl.). The information the parties sought to keep

confidential consisted of "the aggregate settlement amount, the allocation of that settlement amount among the various Aviation Defendants' insurers, and the portion of the amount allocated to each settling plaintiff." (*Id*. at 2). In their memorandum, the parties stated, "At every step of a lengthy and complicated process, the Settling Parties have affirmed the central importance of confidentiality to the negotiations . . . ." (*Id*. at 6). The parties discussed their participation in the mediation process and stated that their "fundamental concern for confidentiality was not abated by the transformation of the . . . process into mediation," and that "***all information exchanged during the mediation was considered confidential by the parties and remains confidential***." (*Id*. at 7). The parties to the settlement, led by American's counsel, went on to note that the reason they continued with the mediation process "was the environment of confidentiality that the Court created in its Protocol Order, that the Settling Parties agreed to in mediation, and that Judge Martin recognized, endorsed, and himself agreed to throughout the protocol and mediation process." (*Id*. at 9).

In an order dated February 19, 2010, the Court granted the Settling Parties' motion. (Ex. C to Stoviak Decl.). Among the considerations in favor of granting the motion, the Court noted the fact that "[t]he parties have incurred major expense and effort in the mediation process supervised by Judge Martin," and that "[t]he parties represent that settlement negotiations could not have been resolved without an expectation of confidentiality." (*Id*. at 2-3).

### E. American's Motions for "Limited Relief," Partial Summary Judgment, and Exclusion of Cantor's Expert Report

In blatant disregard of this Court's Order, American now submits Cantor's entire confidential mediation expert report as part of its self-styled motion for "limited relief." In that motion, American seeks to have the Order altered for the sole purpose of allowing American to introduce portions of Cantor's confidential mediation report in support of American's

simultaneous motions for partial summary judgment and to exclude Cantor's expert report. In its brief on the "limited relief" motion, American extracts particular statements and graphs from Cantor's confidential report and presents this Court with a purported comparison between Cantor's mediation report and the report that it produced during discovery. Thus, as part of its motion for limited relief, American not only discloses confidential documents in blatant violation of the Court's Order, it unapologetically requests that this Court engage in a substantive review of the confidential mediation proceedings and discussions.

The impropriety of American's conduct is further highlighted by the fact that American did not need to violate the Order to make its motion for "limited relief." American could have described the basis for its request without attaching the entirety of Cantor's mediation report or quoting from it verbatim. Furthermore, there are no court-ordered deadlines regarding motions for summary judgment or evidentiary motions regarding expert reports. In fact, discovery has not yet closed. Thus, American should have filed its motion for limited relief independent of its other two motions and awaited a ruling. American's simultaneous filing of all three motions in tandem reveals its true intent behind its motion for limited relief: it seeks to bias this Court regarding the outcome of the substantive motions.[3]

---

[3] Indeed, American does not explain what it intends to do if the Court were to hear and grant its motion for limited relief. Would it withdraw its evidentiary motion and motion for summary judgment and re-file those motions based on Cantor's mediation expert report? Given the time since Cantor's expert was deposed and the evident effort in crafting all three motions, this is not simply a lack of foresight on behalf of American, it is indicative of its real intent regarding its motion for limited relief. American seeks to use that motion to prejudice the Court regarding Cantor's claims.

# ARGUMENT

## I.
## CANTOR SHOULD BE AWARDED SANCTIONS FOR AMERICAN'S VIOLATION OF THE ORDER

American improperly and unnecessarily disclosed Cantor's confidential mediation expert report in violation of the Order. The Court should impose sanctions against American pursuant to Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure which states that the Court may issue an order "if a party or its attorney … fails to obey a scheduling or other pretrial order." *See Francis v. The Womens' Obstetrics & Gynecology Group, P.C.*, 144 F.R.D. 646, 648 (W.D.N.Y. 1992) (sanctioning an attorney pursuant to Rule 16(f) for violation of a pretrial order styled as an "Order to Mediation"). Rule 16(f)(2) describes the fees and costs to be imposed for violations of Rule 16(f), as follows: "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P 16(f)(2). Imposition of sanctions under Rule 16(f) do not require a finding of "bad faith" and may be imposed "to punish for improper conduct." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 525 F. Supp. 2d 448, 540 (S.D.N.Y. 2007), *rev'd on other grounds*, 564 F.3d 110 (2d Cir. 2009) (upholding imposition of sanctions but reducing amount).

Mediation proceedings conducted pursuant to a court order are confidential and may not be conveyed to the presiding trial judge. *See E-Z Bowz, LLC. v. Prof'l Prod. Research Co., Inc.*, 00 Civ. 8670, 2003 U.S. Dist. LEXIS 18774, at * 3-4 (S.D.N.Y. Oct. 23, 2003) (issuing order to show cause why defendant should not be sanctioned for referring to settlement offer made during court sponsored settlement conference in brief filed with court); *Spoth v. M/Y Sandi Beaches*, 09-CV-00647S(F), 2010 U.S. Dist. LEXIS 67585, at * 20 (W.D.N.Y. July 7, 2010)

(awarding attorneys fees to plaintiff for defendants' disclosure of confidential mediation communications to court).

Indeed, the court is "not to be informed of what occurred during mediation," including legal or factual positions assumed by the parties. *Kolerski v. United States*, No. 06CV422S, 2007 WL 2325856 (W.D.N.Y. Aug. 13, 2007). This is true even if the disclosing party believes that there is a sound equitable basis for disclosing confidential information to the trial judge. *See Bernard v. Galen Group, Inc.*, 901 F.Supp. 778, 784 (S.D.N.Y. 1995) (imposing monetary fine against attorney for disclosing confidential mediation communications to court). In *Bernard*, plaintiff's counsel wrote a letter to the court disclosing information communicated during mediation. *See id*. at 782. Plaintiff's counsel argued that he needed to disclose the information because defendants "deliberately misrepresented the parties' respective settlement positions to the Court." *Id*. The Court rejected this justification and identified counsel's actions as "irresponsible" and found that he violated the confidentiality provisions of the mediation "willfully and deliberately." *Id.* at 783, 784.

Likewise, in *Spoth*, the defendants filed a letter with the court disclosing information communicated during a confidential mediation conference. *Spoth*, 2010 U.S. Dist. LEXIS 67585, at *9. The plaintiff sought sanctions and attorneys fees against defendants. *Id.* at *8. Defendants acknowledged awareness of the confidential nature of the communications disclosed to the court but argued that sanctions should not be imposed because the disclosure was not made with "malice and in bad faith, and has not resulted in any prejudice to Plaintiff." *Id.* at *14. The Court rejected this argument and awarded attorneys' fees to plaintiff. *Id.* at *15. The Court observed that "although the Second Circuit has not specifically addressed whether an award of attorneys fees as a sanction for the violation of a court order requires a finding of willfulness or

bad faith, … to permit an award of sanctions only upon a finding of willfulness, malice, or bad faith, resulting in harm or prejudice to the opposing party would undermine [the court's alternative dispute resolution plan]." *Id.* at \*16-\*17 (citing *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996)) (stating *in dicta* that "willfulness may not necessarily be a prerequisite to an award of fees and costs," although a finding of willfulness "strongly supports granting them"). Indeed, these principles are logical corollaries of Fed. R. Evid. 408, which provides, *inter alia*, "Evidence of conduct or statements made in compromise negotiations is likewise not admissible." Realistic settlement discussions require confidentially to succeed.

American deliberately and gratuitously violated this Court's Order. The Order stated that documents and communications exchanged during the mediation process, including expert reports, were to be confidential and that no party was permitted to disclose them "to any person other than the Magistrate Judge, the Special Master, and the Parties, their counsel, experts, consultants, and representatives." American deliberately disobeyed this Order and submitted a full copy of Cantor's confidential mediation report directly to this Court. Furthermore, by extracting isolated portions of Cantor's mediation report and concocting a highly prejudicial account of the events during mediation, American unapologetically attempts to use its version of the mediation proceedings as a means of prejudicing the Court regarding the merits of Cantor's claims.[4]

There are currently no deadlines established in this case for making summary judgment or evidentiary motions. If American believed that relief from the Order was necessary for it to

---

[4] All three of American's motions turn on its argument that Cantor cannot recover for any lost profits that can be associated (in any way) with the death of any of Cantor's employees. This argument is contrived and a misrepresentation of the relevant legal authorities. Cantor is fully prepared to address that issue at the appropriate time and in the appropriate context. However, American's improper tactics are an attempt to bias this Court and prevent a reasoned and systematic adjudication of that issue.

pursue its summary judgment or evidentiary motions, it could have requested that relief without disclosing any confidential information and it should have made its request prior to filing the other two motions. *See Flaherty v. Filardi*, No. 03 Civ. 2167, 2009 U.S. Dist. LEXIS 104773, at *16 (S.D.N.Y. Nov. 10, 2009) (admonishing the parties for violating confidentiality order while motion for relief from confidentiality order was pending). American's primary intent is clearly to prejudice this Court regarding the substance of its summary judgment and evidentiary motions by violating the Order and portraying the mediation proceedings in a highly biased light. This conduct is improper and should be sanctioned by the Court.

## II.
## AMERICAN AND ITS COUNSEL SHOULD BE HELD IN CONTEMPT OF COURT AND ENJOINED FROM MAKING ANY FUTURE REFERENCES TO CANTOR'S CONFIDENTIAL MEDIATION EXPERT REPORT

American improperly and unnecessarily disclosed Cantor's confidential mediation expert report in violation of the Order and should be held in contempt of court. Rule 16(f)(1) of the Federal Rules of Civil Procedure permits the Court to impose sanctions for violations of the Order as authorized by Rule 37(b)(2)(A)(ii)-(vii). *See* Fed. R. Civ. P 16(f)(1). Rule 37(b)(2)(A)(vii) permits the Court to treat American's failure to comply with the Order as contempt of court. This Court has explained the purpose of holding a party in contempt of court pursuant to Rule 37(b)(2)(A)(ii) of the Federal Rules of Civil Procedure as follows:

> Civil contempt is appropriate to ensure parties' future compliance with court orders and to compensate a wronged party. The Court's inherent power to hold a party in contempt is a necessary function for purposes of managing and maintaining order in the efficient and expeditious administration of justice. Federal courts have broad discretion to fashion remedies necessary to ensure compliance with their orders.

*Flaherty v. Filardi*, No. 03 Civ. 2167, 2009 U.S. Dist. LEXIS 104773, at *15 (S.D.N.Y. Nov. 10, 2009) (citations omitted).

The purpose of civil contempt sanctions may be to either "coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Id.* at \*13-\*14 (citing *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1352 (2d Cir. 1989)). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Id.* at \*15 (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations and citations omitted)). In *Flaherty*, this Court held a *pro se* plaintiff in contempt of court for willfully disclosing documents that were deemed confidential pursuant to a consent protective order. *See id.* at \*2. The Court held the *pro se* plaintiff in contempt even though she was a *pro se* party and despite the fact that she had sought relief from the protective order. *See id.* at \*16-\*17. The Court awarded defendant its attorney's fees and costs to defendant incurred in connection with the prosecution of the motion to sanction plaintiff. *See id.* at \*18. The Court held that such a sanction was appropriate because "[t]he party damaged by the conduct warranting civil contempt should be made whole for the harm it has suffered. Therefore, 'it is appropriate for the court . . . to award the reasonable costs of prosecuting the contempt, including attorney's fees.'" *Id.* at \*17 (citing *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130-31 (2d Cir. 1979).

Like the *pro se* plaintiff in *Flaherty*, American's counsel should be held in contempt of court. As explained in Section I above, the Order was "clear and unambiguous" that the mediation expert report was to be kept confidential. American's non-compliance with the Order is "clear and convincing" by its deliberate reference to the mediation expert report, despite not

needing to do so for purposes of the other motions it filed simultaneously. American's actions clearly demonstrate that American was not diligent in attempting to ensure the confidentiality of the mediation process. And, its repeated history of ignoring the Order (detailed above at pp 5-6) shows that its non-compliance is clear and convincing and that it has demonstrated a lack of diligence in attempting to ensure confidentially. Accordingly, it is appropriate for the Court to sanction American by holding it in contempt of court and awarding Cantor its attorneys' fees and costs incurred in bringing this motion.

Furthermore, American has demonstrated that it is committed to disobeying this Court's Order by repeatedly disclosing Cantor's confidential report. Thus, in addition to sanctions, this Court should enter an order enjoining American from making any future reference, in the context of any future motions or any other context, to documents protected under the Order. *See Musalli Factory for Gold & Jewelry, Co., v. N.Y. Fin. LLC*, 06 Civ. 82, at *1, *9-*10  (S.D.N.Y. June 14, 2010) (Hellerstein, J.) (holding defendant in civil contempt for *inter alia* noncompliance with court order and stating that civil contempt sanctions are "designed to secure future compliance with court orders," and that the court has "broad discretion to design a remedy that will bring about compliance with the court's orders.") (citing *Perfect Fit Indus. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982)).

### III.
### AMERICAN'S MOTION FOR LIMITED RELIEF SHOULD NOT BE REVIEWED BY THE COURT AND SHOULD BE <u>STRICKEN FROM THE RECORD</u>

The Court should not review American's motion for limited relief, should strike it from the record, and should not consider any of American's submissions in this motion when deciding American's pending summary judgment and evidentiary motions. *See  Kolerski v. United States*, No. 06CV422S, 2007 WL 2325856, at *6 (W.D.N.Y. Aug. 13, 2007) (admonishing plaintiffs for

disclosing to trial court information communicated during mediation and granting defendant's request that the court "disregard plaintiffs' representations about positions taken and what occurred during the mediation … " and ensuring defendant that such representations would have "no bearing on the results reached" in pending motions)  "A court has inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *Sierra v. United States*, 1998 U.S. Dist. LEXIS 14135 (S.D.N.Y. 1998) (citing *Jenkins v. City of New York, 1992 U.S. Dist. LEXIS 8279*, No. 91 Civ. 3639 (RLC), 1992 WL 147647 (S.D.N.Y. June 15, 1992) (striking affidavit opposing summary judgment as improper hearsay)).

American's motion for limited relief is based entirely upon the contents of Cantor's confidential mediation report and includes a complete copy of that report.  The motion is inseparable from American's blatant violation of the Order.  More important, American's intent in making the motion is to prejudice this Court regarding the merits of Cantor's claims by offering a biased portrayal of the mediation proceedings and Cantor's mediation expert report. American's motion should be stricken.

## **CONCLUSION**

American cannot deny that it violated this Court's Order. It deliberately revealed Cantor's mediation expert report to this Court. American has no justification for its conduct. The parties' legal and factual positions during mediation are confidential and may not be disclosed to the Court. American is in contempt of this Court's Order. This Court should (1) award Cantor its attorneys' fees and costs associated with this application; (2) hold American in contempt of court and enjoin American from any future violations of the Order; and (3) strike American's motion for limited relief and not consider any of American's submissions regarding that motion when deciding American's pending summary judgment and evidentiary motions.

Dated: July 29, 2010                                            Respectfully submitted,

**SAUL EWING LLP**

            /s John F. Stoviak            
John F. Stoviak, Esq. (*pro hac vice*)
Charles N. Curlett, Jr., Esq. (SDNY Bar No. C2423)
Jennifer L. Beidel, Esq. (*pro hac vice*)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Phone: 215.972.1095
Fax: 215.972.1921
jstoviak@saul.com
ccurlett@saul.com
jbeidel@saul.com

Counsel for Cantor Fitzgerald Plaintiffs:
Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P