UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

IN RE SEPTEMBER 11 LITIGATION

_____

: 21-MC-101 (AKH)
:
: This Motion relates to: 04-CV-7318
:
: Oral Argument Requested.
:

# DECLARATION OF JOHN F. STOVIAK

I, John F. Stoviak, declare as follows:

1. I am admitted to practice before this court *pro hac vice* in connection with the above captioned matter, and a member of the law firm of Saul Ewing LLP, counsel for the Cantor Fitzgerald Plaintiffs ("collectively "Cantor")[1].

2. I submit this declaration pursuant to Local Rules 6.1(d) and 83.9 in support of Cantor's Motion for Contempt and for Immediate Sanctions.

3. In support of this Motion, I attach true and correct copies of the following exhibits:

| Exh. A | May 22, 2008 Stipulated Order. |
|---|---|
| Exh. B. | February 5, 2010, Memorandum of law signed by Desmond Barry, counsel for American, as Aviation Defendants' Liaison Counsel. |
| Exh. C. | Order Dated February 19, 2010. |

---

[1] The Cantor Fitzgerald Plaintiffs are Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P

**The Court's May 22, 2008 Order**

4. In the interest of facilitating settlement discussions, on May 22, 2008, the Court issued a Stipulated Order that established a mediation protocol regarding damages. (Ex. A). The Order outlined the process by which the parties would exchange information and engage in discussions concerning damages. The Order required Uninsured Loss Plaintiffs to provide preliminary calculations of their damages claims and subsequently make their experts available for a meeting with the Aviation Defendants to discuss those *preliminary* calculations. (*Id*. at ¶¶ 9 & 10). The Aviation Defendants were entitled to submit requests for any additional document productions that were reasonably necessary to understand and evaluate the *preliminary* calculations and expert methodologies and conclusions. (*Id*. at ¶ 11). Pursuant to the Order, once this process was completed, the parties were instructed to schedule a meeting with the Special Master "to discuss potentially narrowing or eliminating disputed issues concerning the alleged legally recoverable amount of the Uninsured Loss Plaintiff's damages." (*Id*. at ¶ 13).

5. Pursuant to the Protocol's "Confidentiality and Restrictions Upon Use and Admissibility" provision, the parties agreed that the information and certain documents disclosed throughout this process, including expert reports, would be considered confidential and:

> shall not be admissible or otherwise utilized during discovery or trial, . . . on behalf of any party for any purpose . . . and shall be considered confidential within the terms of the [March 30, 2004 Confidentiality Protective Order, which was extended to 21 MC 101], **and shall not be disclosed to any person other than the Magistrate Judge, the Special Master, and the Parties, their counsel, experts, consultants, and representatives, and only for purposes of furthering the requirements and objectives of this Order**.

(Ex. A at § IV, ¶ 15)(emphasis added).

**Cantor's Participation in the Confidential Damages Mediation Process**

6. Cantor complied with the procedures established in the Order. In August 2008, Cantor provided Defendants with its required preliminary damage calculation. Cantor subsequently provided American with various documents in support of its damages. Indeed, Cantor produced documents in support of its damages and in response to American's multiple requests on seven different dates. On July 27, 2009, Cantor produced its confidential mediation expert report, which evaluates and provides the true measure of Cantor's business interruption damages. Pursuant to the Order, each page of that report was clearly designated as "***Confidential***" and "***For Use Only in the Mediation Process Established by, and Subject to all Restrictions and Limitations Contained in [the Order]***."

### American's Prior Violations of this Court's Order

7. Notwithstanding the clear and unequivocal nature of the Order, American has sought to prejudice Cantor by breaching the Order's confidentially provisions. In December 2009, after settlement negotiations between American and Cantor broke down, American moved to strike Cantor's Damages Disclosure Form. As part of that motion, American took the untenable position that Cantor's September 29, 2009 Damages Disclosure Form, which included nothing more than a statement of the amount of Cantor's damages, "incorporates by reference" Cantor's confidential mediation report. American proceeded to recite in its brief various statements and damage calculation methodologies from Cantor's confidential mediation report. Those statements and methodologies had not been disclosed in any other documents in this case.

8. This was a clear violation of the Order. In January 2010, the Court contacted counsel for American and Cantor (before the Court addressed the substance of American's motion) and suggested that American withdraw its motion. American withdrew its motion.

9.      Notwithstanding these events, American again sought to introduce Cantor's confidential mediation expert report during the deposition of Cantor's expert in June 2010. During that deposition, American's counsel attempted to question Cantor's expert regarding particular statements in Cantor's confidential expert mediation report. Although Cantor's counsel objected to any questions that would place statements or facts from the report on the record, American's counsel continued to refer to specific statements contained in the confidential mediation report. American's counsel ceased his improper questioning only after Cantor suggested that this improper conduct be presented to the Court for a ruling.

### American Has Advocated For and This Court Has Upheld the Confidentiality of The Mediation Process

10.     On February 5, 2010, the Aviation Defendants and certain property damage plaintiffs (together known as the "Settling Parties") jointly submitted a motion to maintain the confidentiality of certain settlement information. In support of this motion, they submitted a memorandum of law signed by Desmond Barry, counsel for American, as Aviation Defendants' Liaison Counsel. (Ex. B). The information the parties sought to keep confidential consisted of "the aggregate settlement amount, the allocation of that settlement amount among the various Aviation Defendants' insurers, and the portion of the amount allocated to each settling plaintiff." (*Id*. at 2). In their memorandum, the parties stated, "At every step of a lengthy and complicated process, the Settling Parties have affirmed the central importance of confidentiality to the negotiations . . . ." (*Id*. at 6). The parties discussed their participation in the mediation process and stated that their "fundamental concern for confidentiality was not abated by the transformation of the . . . process into mediation," and that "***all information exchanged during the mediation was considered confidential by the parties and remains confidential***." (*Id*. at 7). The parties to the settlement, led by American's counsel, went on to note that the reason they

continued with the mediation process "was the environment of confidentiality that the Court created in its Protocol Order, that the Settling Parties agreed to in mediation, and that Judge Martin recognized, endorsed, and himself agreed to throughout the protocol and mediation process." (*Id*. at 9).

11.     In an order dated February 19, 2010, the Court granted the Settling Parties' motion. (Ex. C). Among the considerations in favor of granting the motion, the Court noted the fact that "[t]he parties have incurred major expense and effort in the mediation process supervised by Judge Martin," and that "[t]he parties represent that settlement negotiations could not have been resolved without an expectation of confidentiality." (*Id*. at 2-3).

### American's Motions for "Limited Relief," Partial Summary Judgment, and Exclusion of Cantor's Expert Report

12.     In blatant disregard of this Court's Order, American now submits Cantor's entire confidential mediation expert report as part of its self-styled motion for "limited relief." In that motion, American seeks to have the Order altered for the sole purpose of allowing American to introduce portions of Cantor's confidential mediation report in support of American's simultaneous motions for partial summary judgment and to exclude Cantor's expert report. In its brief on the "limited relief" motion, American extracts particular statements and graphs from Cantor's confidential report and presents this Court with a purported comparison between Cantor's mediation report and the report that it produced during discovery. Thus, as part of its motion for limited relief, American not only discloses confidential documents in blatant violation of the Court's Order, it unapologetically requests that this Court engage in a substantive review of the confidential mediation proceedings and discussions.

13.     The impropriety of American's conduct is further highlighted by the fact that American did not need to violate the Order to make its motion for "limited relief." American

could have described the basis for its request without attaching the entirety of Cantor's mediation report or quoting from it verbatim. Furthermore, there are no court-ordered deadlines regarding motions for summary judgment or evidentiary motions regarding expert reports. In fact, discovery has not yet closed. Thus, American should have filed its motion for limited relief independent of its other two motions and awaited a ruling. American's simultaneous filing of all three motions in tandem reveals its true intent behind its motion for limited relief: it seeks to bias this Court regarding the outcome of the substantive motions.

14. American cannot deny that it violated this Court's Order. It deliberately revealed Cantor's mediation expert report to this Court. American has no justification for its conduct. The parties' legal and factual positions during mediation are confidential and may not be disclosed to the Court. American is in contempt of this Court's Order. This Court should (1) award Cantor its attorneys' fees associated with this application; (2) hold American in contempt of court and enjoin American from any future violations of the Order; and (3) strike American's motion for limited relief and not consider any of American's submissions regarding that motion when deciding American's pending summary judgment and evidentiary motions.

15. No previous application for similar relief has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 29, 2010

                                                        /s John F. Stoviak
                                                      John F. Stoviak