# EXHIBIT A

Case 1:21-mc-00101-AKH   Document 1212-1   Filed 07/29/10   Page 1 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
IN RE SEPTEMBER 11 PROPERTY DAMAGE :     **STIPULATED ORDER**
AND BUSINESS LOSS LITIGATION :     21 MC 101 (AKH)
:
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08

ALVIN K. HELLERSTEIN, U.S.D.J.

     WHEREAS, the Direct Subrogation Plaintiffs[1], Reinsurance Plaintiffs With Assignments[2], and Uninsured Loss Plaintiffs[3] (collectively "Plaintiffs") allege rights of recovery for alleged property damages and/or business interruption against the Aviation Defendants[4] in this litigation;

     WHEREAS, the Plaintiffs and Aviation Defendants (collectively the "Parties") agree that the most expedient and efficient means of proceeding with damages discovery is to focus on the alleged legally recoverable amount of Plaintiffs' damages;

---

[1]    The term "Direct Subrogation Plaintiffs" refers to Allianz Global Risks US Insurance Company f/k/a Allianz Insurance Company, Allianz Insurance Company of Canada, Fireman's Fund Insurance Company, Greater New York Mutual Insurance Company, Insurance Company of Greater New York, Certain Underwriters at Lloyd's Comprising Syndicates No. 33, 1003, 2003, 1208, 1243, 0376, Munich-American Risk Partners GmbH, Munich Reinsurance Company UK General Branch, Great Lakes Reinsurance (U.K.) PLC, Certain Underwriters at Lloyd's, London as Members of Syndicate Numbered 1212, 1241, 79, 506, and 2791, QBE International Insurance Ltd., Great Lakes Reinsurance U.K. PLC, American Alternative Insurance Corporation, Woburn Insurance, Ltd., American Reinsurance Company, The Princeton Excess & Surplus Lines Insurance Company, Industrial Risk Insurers, Aegis Insurance Services, Inc., Certain Underwriters at Lloyds Comprising Syndicates 1225 and 1511, National Union Insurance Company of Pittsburgh, Nuclear Electric Insurance Limited, AXA Art Insurance Corporation, AXA Corporation Solutions Insurance Company, and AXA Global Risks (UK) LTD.

[2]    The term "Reinsurance Plaintiffs With Assignments" refers to Certain Underwriters at Lloyd's Comprising Syndicates No. 33, 1003, 2003, 1208, 1243, 0376, Munich-American Risk Partners GmbH, Munich Reinsurance Company UK General Branch, Certain Underwriters at Lloyd's, London as Members of Syndicate Numbered 1212, 1241, 79, 506, and 2791, QBE International Insurance Ltd., and American Reinsurance Company.

[3]    The term "Uninsured Loss Plaintiffs" refers to Barcley Dwyer Co., Inc., Karoon Capital Management, Inc., Tower Computer Services, Inc., Wall Street Realty Capital, Inc., N.S. Windows LLC, World Trade Farmers Market, Inc., MVN Associates, Inc., Mayore Estates, L.L.C., 80 Lafayette Associates, LLC., Cantor Fitzgerald & Co.; Cantor Fitzgerald Associates, L.P.; Cantor Fitzgerald Brokerage, L.P.; Cantor Fitzgerald Europe; Cantor Fitzgerald International; Cantor Fitzgerald Partners; Cantor Fitzgerald Securities; Cantor Fitzgerald, L.P.; Cantor Index Limited, Co2e.com; L.L.C.; eSPEED Government Securities, Inc.; eSPEED, Inc.; eSPEED Securities, Inc.; TradeSpark, L.P., and Consolidated Edison Company of New York, Inc.

[4]    The term "Aviation Defendants" refers to American Airlines, Inc., AMR Corporation, United Air Lines, Inc., UAL Corporation, US Airways, Inc., US Airways Group, Inc., Colgan Air, Inc., Globe Aviation Services Corporation, Huntleigh USA Corporation, The Boeing Company, Massachusetts Port Authority, and ICTS International, N.V. US Airways, Inc. and US Airways Group, Inc. join in this Order solely with respect to the PD/BL and WTCP claimants who have signed the stipulation entered in their bankruptcy cases. The Plan Injunction remains in effect for all remaining claims.

WHEREAS, the Parties agree that after expedited and focused discovery concerning such damages claims, there may exist an opportunity to narrow or eliminate disputed issues concerning the alleged legally recoverable amount of Plaintiffs' damages, and potentially avoid the need for further damages discovery and damages trials;

WHEREAS, the Parties' agreement is without any waiver of any right whatsoever, including but not limited to the right to obtain full and complete discovery concerning Plaintiffs' alleged damages and the right to try all issues before a jury and/or juries if damages issues are not resolved pursuant to the processes set forth in this Order;

WHEREAS, the Parties agree that solely for the purposes of overseeing the exchange of expedited and focused discovery concerning the alleged legally recoverable amount of Plaintiffs' damages, this matter should immediately be referred to a Magistrate Judge; and

WHEREAS, the Parties agree that solely for the purpose of facilitating discussion of potentially narrowing or eliminating disputed issues concerning the alleged legally recoverable amount of Plaintiffs' damages, a Special Master should be appointed.

NOW, THEREFORE, the Parties agree and this Court orders:

1. Solely for the purposes of overseeing the exchange of expedited and focused discovery concerning the alleged legally recoverable amount of Plaintiffs' damages, this matter is hereby referred to Magistrate Judge Theodore H. Katz. *Counsel shall appear for conf. before Judge Katz on 5/30/08, 11 am, Ctrm 17 D*

2. There will be a Special Master whose role will be solely to facilitate discussion of potentially narrowing or eliminating disputed issues concerning the alleged legally recoverable amount of Plaintiffs' damages. Within twenty-one (21) days, the Parties will either: (a) agree upon selection of the Special Master, or (b) the Plaintiffs and the Aviation Defendants will provide to each other lists of three (3) nominees. Plaintiffs and the Aviation Defendants will then strike the names of up to two (2) nominees proposed by the other group, and then the Parties will submit to this Court the names of the remaining nominees without informing this Court which Parties nominated each nominee. This Court will then choose from the names of the remaining nominees submitted and appoint the Special Master.

I. **Direct Subrogation Plaintiffs and Reinsurance Plaintiffs With Assignments**

3. The Direct Subrogation Plaintiffs and Reinsurance Plaintiffs With Assignments (collectively "Subrogation Plaintiffs") have provided the Aviation Defendants with a chart, a copy of which is attached hereto as Exhibit "A", identifying the claims which are to be considered during the expedited and focused discovery process and subsequent discussions of potentially narrowing or eliminating disputed issues concerning the alleged legally recoverable amount of Plaintiffs' damages for such claims.

2

4. By May 27, 2008, the Subrogation Plaintiffs will provide to the Aviation Defendants preliminary calculations setting forth separately for each identified claim the amount of their alleged legally recoverable damages claims, inclusive of the following information and documents:

   a. Detailed charts setting forth the preliminary calculations of the amount of their alleged legally recoverable damages claims, including the specific components of the damages claims;

   b. The identity of the Subrogation Plaintiffs' experts who have assisted in the preparation of the charts;

   c. A narrative explanation of the conclusions set forth in the charts; and

   d. Binders containing documents upon which the conclusions in the charts are based.

5. By July 11, 2008, the Subrogation Plaintiffs will make their experts and counsel available for a meeting with Aviation Defendants' counsel and/or the Aviation Defendants' experts (and, at his or her discretion, the Magistrate Judge and/or Special Master) to answer any questions concerning the preliminary calculations, methodology, assumptions, materials reviewed, documents and information relied upon, and work performed to reach their preliminary calculations.

6. The Aviation Defendants may submit to the Subrogation Plaintiffs requests for additional documents and information reasonably necessary to evaluate and understand the Subrogation Plaintiffs' preliminary calculations, experts' methodology, assumptions, materials reviewed, documents and information relied upon, and work performed to reach the Subrogation Plaintiffs' preliminary calculations. These requests will be specific to individual claims and claim components and may include, without limitation, items such as the following:

   a. Inventories of property allegedly destroyed or damaged;

   b. Listing of property allegedly replaced;

   c. Property appraisals;

   d. Fixed Asset Ledgers, in the format in which they were originally developed, if available, or other documents reflecting this information;

   e. Additional documents from adjusters, accountants, consultants, and/or engineers retained to assist in evaluating the claim;

   f. Listing of tangible and intangible assets;

3

    g. A statement identifying all collateral source payments received or potentially to be received in the future by the allegedly damaged subrogor to offset, replace or indemnify for any loss sustained, and if those payments have been or are proposed to be allocated by any party, a statement specifying to which losses payments have been or will be allocated;

    h. Responses to selected requests within the Aviation Defendants' February 27, 2007 Requests for Production of Documents;

    i. Responses to selected interrogatories within the Aviation Defendants' February 27, 2007 sets of Interrogatories; and

    j. A statement concerning which aircraft is alleged to have caused the damage.

7. The Subrogation Plaintiffs will respond as soon as possible but in any event within fourteen days (14) to the Aviation Defendants' requests for additional documents and information. Any objections by the Subrogation Plaintiffs concerning the reasonableness, scope, and content of the Aviation Defendants' requests for additional documents and information or objections by the Aviation Defendants concerning the Subrogation Plaintiffs' responses that the Parties cannot resolve will be brought solely to the Magistrate Judge for resolution.

8. For each claim identified in Exhibit "A", subsequent to the completion of the process set forth in paragraphs three ("3") through seven ("7"), the Parties will schedule a meeting with the Special Master to discuss potentially narrowing or eliminating disputed issues concerning the alleged legally recoverable amount of Subrogation Plaintiffs' damages. Except for reasons concerning insufficiency of documents and/or information as discussed below in this paragraph, a meeting with the Special Master is contemplated for each claim identified in Exhibit "A". All such meetings with the Special Master shall be completed no later than September 23, 2008. Twenty-one (21) days prior to a meeting with the Special Master, the Subrogation Plaintiffs will provide the Aviation Defendants with any revisions to their preliminary calculations for the claim or claims to be discussed at such a meeting. Fourteen (14) days prior to such a meeting, the Aviation Defendants will provide the Subrogation Plaintiffs with their preliminary calculation of the amount, if any, of the Subrogation Plaintiffs' legally recoverable damages, including a narrative statement setting forth areas of agreement and disagreement, for the claim or claims to be discussed at said meeting. However, the Aviation Defendants reserve the right to state that they cannot provide preliminary calculations concerning any claim(s) or component(s) of a claim or claims on the grounds that they have not received documents and/or information reasonably necessary to provide a preliminary calculation. In such case, the Aviation Defendants will specify to a reasonable degree what documents and/or information they lack that they believe are reasonably necessary for them to provide a

4

preliminary calculation. If the Aviation Defendants state that they cannot provide preliminary calculations and specify to a reasonable degree what documents and/or information they lack, the Subrogation Plaintiffs will provide such documents and/or information, if available, within fourteen (14) days. If the Subrogation Plaintiffs provide such documents and/or information, within an additional fourteen (14) days the Aviation Defendants will either provide their preliminary calculations or state that they still cannot provide preliminary calculations on the grounds that they still have not received documents and/or information reasonably necessary to provide a preliminary calculation. Any dispute concerning documents and/or information reasonably necessary for the Aviation Defendants to provide their preliminary calculation shall be presented solely to the Magistrate Judge for resolution.

## II. Uninsured Loss Plaintiffs

9. By June 30, 2008, the Uninsured Loss Plaintiffs will provide to the Aviation Defendants preliminary calculations setting forth separately the amount of their alleged legally recoverable damages claims, inclusive of the following information and documents:

    a. Detailed charts setting forth the preliminary calculations of the amount of their alleged legally recoverable damages claims, including the specific components of the damages claims;

    b. The identity of the Uninsured Loss Plaintiffs' experts who have assisted in the preparation of the charts;

    c. A narrative explanation of the conclusions set forth in the charts; and

    d. Binders containing documents upon which the conclusions in the charts are based.

10. By August 1, 2008, the Uninsured Loss Plaintiffs will make their experts and counsel available for a meeting with Aviation Defendants' counsel and/or the Aviation Defendants' experts (and, at his or her discretion, the Magistrate Judge and/or Special Master) to answer any questions concerning the preliminary calculations, methodology, assumptions, materials reviewed, documents and information relied upon, and work performed to reach their preliminary calculations.

11. The Aviation Defendants may submit to the Uninsured Loss Plaintiffs requests for additional documents and information reasonably necessary to evaluate and understand the Uninsured Loss Plaintiffs' preliminary calculations, experts' methodology, assumptions, materials reviewed, documents and information relied upon, and work performed to reach the Uninsured Loss Plaintiffs' preliminary calculations. These requests will be specific to individual claims and claim components and may include, without limitation, items such as the following:

5

    a. Inventories of property allegedly destroyed or damaged;

    b. Listing of property allegedly replaced;

    c. Property appraisals;

    d. Fixed Asset Ledgers, in the format in which they were originally developed, if available, or other documents reflecting this information;

    e. Additional documents from adjusters, accountants, consultants, and/or engineers retained to assist in evaluating the claim;

    f. Listing of tangible and intangible assets;

    g. A statement identifying all collateral source payments received or potentially to be received in the future by the Uninsured Loss Plaintiff to offset, replace or indemnify for any losses sustained, and if those payments have been or are proposed to be allocated by any party, a statement specifying to which losses payments have been or will be allocated;

    h. Responses to selected requests within the Aviation Defendants' February 27, 2007 Requests for Production of Documents;

    i. Responses to selected interrogatories within the Aviation Defendants' February 27, 2007 sets of Interrogatories; and

    j. A statement concerning which aircraft is alleged to have caused the damage.

12. The Uninsured Loss Plaintiffs will respond as soon as possible but in any event within fourteen days (14) to the Aviation Defendants' requests for additional documents and information. Any objections by the Uninsured Loss Plaintiffs concerning the reasonableness, scope, and content of the Aviation Defendants' requests for additional documents and information or objections by the Aviation Defendants concerning the Uninsured Loss Plaintiffs' responses that the Parties cannot resolve will be brought solely to the Magistrate Judge for resolution.

13. For each Uninsured Loss Plaintiff, subsequent to the completion of the process set forth in paragraphs nine ("9") through twelve ("12"), the Parties will schedule a meeting with the Special Master to discuss potentially narrowing or eliminating disputed issues concerning the alleged legally recoverable amount of the Uninsured Loss Plaintiff's damages. Except for reasons concerning insufficiency of documents and/or information as discussed below in this paragraph, a meeting with the Special Master is contemplated for each Uninsured Loss Plaintiff. All such meetings with the Special Master shall be

completed no later than September 23, 2008. Twenty-one (21) days prior to a meeting with the Special Master, the Uninsured Loss Plaintiffs will provide the Aviation Defendants with any revisions to their preliminary calculations. Fourteen (14) days prior to such a meeting, the Aviation Defendants will provide the Uninsured Loss Plaintiffs with their preliminary calculation of the amount, if any, of the Uninsured Loss Plaintiffs' legally recoverable damages, including a narrative statement setting forth areas of agreement and disagreement. However, the Aviation Defendants reserve the right to state that they cannot provide preliminary calculations concerning any claim or component(s) of a claim of any Uninsured Loss Plaintiff on the grounds that they have not received documents and/or information reasonably necessary to provide a preliminary calculation. In such case, the Aviation Defendants will specify to a reasonable degree what documents and/or information they lack that they believe are reasonably necessary for them to provide a preliminary calculation. If the Aviation Defendants state that they cannot provide preliminary calculations and specify to a reasonable degree what documents and/or information they lack, the Uninsured Loss Plaintiffs will provide such documents and/or information, if available, within fourteen (14) days. If the Uninsured Loss Plaintiffs provide such documents and/or information, within an additional fourteen (14) days the Aviation Defendants will either provide their preliminary calculations or state that they still cannot provide preliminary calculations on the grounds that they still have not received documents and/or information reasonably necessary to provide a preliminary calculation. Any dispute concerning documents and/or information reasonably necessary for the Aviation Defendants to provide their preliminary calculation shall be presented solely to the Magistrate Judge for resolution.

## III. Reporting to this Court

14. No later than September 30, 2008, the Parties' counsel will report to the Court what progress, if any, was made to narrow or eliminate disputed issues and avoid the need for further discovery and trials concerning the alleged legally recoverable amount of Plaintiffs' damages.

## IV. Confidentiality and Restrictions Upon Use and Admissibility

15. The Parties agree that the following information and documents shall not be admissible or otherwise utilized during discovery or trial, including deposition or trial testimony of any expert or fact witness, on behalf of any party for any purpose, including but not limited to when offered to prove an admission, liability for, invalidity of, or amount of any claim, refresh a witness's recollection, or to impeach any fact or expert witness through a prior inconsistent statement or contradiction, and that such information and documents shall be considered confidential in accordance with the terms of the March 30, 2004 Confidentiality Protective Order issued in 21 MC 97 and the August 12, 2005 Order extending said Confidentiality Protective Order to 21 MC 101, and that such documents and information shall not be disclosed to any person other than the Magistrate Judge, the Special Master, and the Parties, their counsel, experts, consultants, and representatives, and only for purposes of furthering the requirements and objectives of this Order:

7

   a. All documents exchanged pursuant to paragraphs "4(a)", "4(b)", "4(c)", "6(j)", "8", "9(a)", "9(b)", "9(c)", "11(j)", and "13" of this Order;

   b. Statements made by the Parties, their attorneys, their experts, and/or any of their representatives concerning preliminary calculations of the alleged legally recoverable amount of Plaintiffs' damages, including but not limited to all statements made in the course of the meetings provided for by paragraphs "5", "8", "10", and "13" of this Order; and,

   c. All documents and communications exchanged between the Parties, their attorneys, their experts, and/or any of their representatives concerning preliminary calculations of the alleged legally recoverable amount of Plaintiffs' damages.

The Parties agree that the provisions of this paragraph restricting admissibility do not apply to documents produced in compliance with paragraphs "4(d)" and/or "9(d)" of this Order.

### V. No Waivers

16. Nothing contained in this Order modifies the obligations set forth in the Stipulated Order entered by this Court on February 5, 2008.

17. Unless all issues concerning the legally recoverable amount of Plaintiffs' damages, if any, are resolved pursuant to the process set forth in this Order by October 10, 2008, the Parties shall either (a) submit a further proposed Stipulated Order setting forth a schedule providing for sufficient time to allow all Parties to obtain full and complete discovery pertaining to any unresolved damages issues; or (b) report to the Court that they are unable to agree upon such an order.

18. The Parties are waiving no rights whatsoever, and are expressly not waiving the right to obtain full and complete discovery pertaining to damages and expressly not waiving the right to try all issues before a jury and/or juries for those damages issues not resolved pursuant to the processes set forth in this Order.

Dated: New York, New York
       May 22, 2008

                                            SO ORDERED:

                                            _____
                                            ALVIN K. HELLERSTEIN
                                            United States District Judge

# EXHIBIT A

## EXHIBIT A

American Express Company

Aon

Automatic Data Processing

Bank of America

Citigroup

Consolidated Edison

Dow Jones

Goldman Sachs

Lehman Brothers Holding, Inc.

Marsh & McLennan

Metropolitan Transportation Authority

Morgan Stanley Dean Witter

New York City Housing Authority

Port Authority of New York & New Jersey

Regus Business Centers

Silverstein, Klara/Port Authority of New York & New Jersey

Taunus/Deutsche Bank

Verizon

WTCP/Silverstein -- Building 7

WTCP/Silverstein -- Complex

Zar Realty Management