```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/10
```

# C | T | S | W

COHEN TAUBER SPIEVACK & WAGNER P.C.

Jay B. Spievack

direct:  212-381-8735
e-mail:  jspievack@ctswlaw.com

July 29, 2010

So ordered
7-30-10
/s/ AKHellerstein

**VIA EMAIL**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007-1312

> Re: *In re September 11 Property Damage and Business Loss Litigation*,
> 21MC101(AKH)/*Cedar & Washington Associates, LLC v. The Port Authority
> of New York and New Jersey, et al.*, 08 CIV 9146 (AKH)

Dear Judge Hellerstein:

We represent non-settling plaintiff Cedar & Washington Associates, LLC ("C&W") in the above-referenced actions. We write, on behalf of both Cantor Fitzgerald plaintiffs ("Cantor Fitzgerald") and C&W to jointly request that the Court modify its recent July 25, 2010 order (the "July 25th Order") to provide C&W and Cantor Fitzgerald with the same Rule 24 intervenor status as WTCP in the final order on the Joint Motion Approving the Settlement Agreement Among the Aviation Defendants and the Settling Plaintiffs (the "Joint Motion to Approve").[1] As Your Honor may recall, C&W previously requested this relief in its letter to the Court dated July 9, 2010 (excerpted copy attached).

C&W and Cantor Fitzgerald request the same clerical modification that WTCP requested to grant all non-settlers intervenor status in each of the individual settled case dockets for the purpose of WTCP's appeal of the Court's July 25th Order and the Court's July 1, 2010 Order and Opinion Granting Joint Motion Approving the Property Damage Settlement (together, the "Approval Orders"). This clerical modification is necessary to ensure that there is no dispute with the Second Circuit's Clerk's office as to C&W's and Cantor Fitzgerald's right to respond, if necessary, to WTCP's appeal from the Approval Orders based on the impact of WTCP's position taken in its appeal on, among others, their respective ATSSA rights.

It cannot be seriously disputed that this Court recognized Cantor Fitzgerald's and C&W's respective interests in the Joint Motion to Approve, and is empowered to make this modification

---

[1] The Cantor Fitzgerald plaintiffs are Cantor Fitzgerald Securities, Cantor Fitzgerald & Co., Cantor Fitzgerald International, Cantor Fitzgerald Partners, Espeed, Inc. Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Index Limited, eSpeed Government Securities, Inc., eSpeed Securities, Inc., TradeSpark, L.P., CO2e.com, LLC, and Cantor Fitzgerald L.P.

C | T | S | W

Honorable Alvin K. Hellerstein
July 29, 2010
Page 2

to ensure that all parties' respective ATSSA rights are fully protected. As your Honor is undoubtedly aware, the Court originally provide all non-settling parties with an opportunity to decide whether to object to the Joint Motion to Approve, and C&W and Cantor Fitzgerald (two of the remaining three non-settling plaintiffs) decided not to object thereto. C&W decided that the proposed settlement was fair and reasonable, and that its ATSSA's recovery right was best protected if the settlement was approved. Therefore, there is no doubt that, until their respective claims are either settled or fully and finally adjudicated, C&W and Cantor Fitzgerald have a strong interest in protecting their respective ATSSA rights through the entire appellate process started by WTCP's appeal.

Similarly, this Court is empowered to make a modification, pursuant to Rule 24, providing that "[i]n connection with its Approval Orders, the Court granted intervenor status to C&W and Cantor Fitzgerald for the reason set forth in its July 25th Order. Indeed, there is also no doubt that, under the ATSSA, these non-settling parties "claim an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." *See* Fed R.Civ.P.24(a).

If the Court deems it necessary, C&W and Cantor Fitzgerald will submit a formal motion to modify the July 25th Order and intervene.

Respectfully submitted,

*/s/ Jay B. Spievack*

Jay B. Spievack

cc:   All counsel via email

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
dbarry@condonlaw.com
*Aviation Defendants' Liaison Counsel*

Robert A. Clifford, Esq.
Clifford Law Offices, PC
rac@cliffordlaw.com
*Property Damage and Business Loss Plaintiffs' Liaison Counsel*

Donald A. Migliori, Esq. (redacted version)
Motley Rice LLC
dmigliori@motleyrice.com
*Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel*

John F. Stoviak, Esq.
Saul Ewing LLP
jstoviak@saul.com
*Counsel for the Cantor Fitzgerald Plaintiffs*

Sarah S. Normand, Esq.
Assistant U.S. Attorney
sarah.normand@usdoj.gov

Richard A. Williamson, Esq.
M. Bradford Stein, Esq.
Flemming Zulack Williamson Zauderer LLP
rwilliamson@fzwz.com
bstein@fzwz.com
*Counsel for the WTCP Plaintiffs and 7 World*

{00084644.DOC; 1}

C | T | S | W

Honorable Alvin K. Hellerstein
July 29, 2010
Page 3

*Trade Company, L.P.*

Katherine L. Pringle, Esq.
Friedman Kaplan Seiler & Adelman LLP
kpringle@fklaw.com
*WTC 7 Ground Defendants' Liaison Counsel*

Jeffrey J. Ellis, Esq.
Quirk and Bakalor, P.C.
jellis@quirkbakalor.com
*Attorneys for Defendants United Air Lines, Inc. and UAL Corporation*

Chris Walsh, Esq.
Gibbons P.C.
cwalsh@gibbonslaw.com
*Attorneys for Defendants Host Hotels & Resorts, Inc. and HMH WTC LLC (improperly sued as HMH WTC, Inc.)*

Beth D. Jacob, Esq.
Schiff Hardin LLP
bjacob@schiffhardin.com
*Attorneys for Defendant The Port Authority of fNw York and New Jersey*

Peter Winik, Esq.
Peter Rosen, Esq.
Latham & Watkins LLP
peter.winik@lw.com
peter.rosen@lw.com
*Attorneys for Defendants Westfield WTC LLC and Westfield Corporation, Inc.*

Charles F. Rysavy, Esq.
K&L Gates LLP
Charles.rysavy@klgates.com
*Attorneys for Defendant Consolidated Edison Company of New York, Inc.*

{00084644.DOC; 1}

# C | T | S | W

**COHEN TAUBER SPIEVACK & WAGNER P.C.**

Jay B. Spievack

direct: 212-381-8735
e-mail: jspievack@ctswlaw.com

June 9, 2010
(REVISED)

**VIA EMAIL**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, NY 10007

      Re: *In re September 11 Property Damage and Business Loss Litigation*, 21-MC-101(AKH)/*Cedar & Washington Associates, LLC v. The Port Authority of New York and New Jersey, et al.*, 08 CIV 9146 (AKH)

Dear Judge Hellerstein:

      We represent non-settling plaintiff Cedar & Washington Associates, LLC ("C&W") in the above-referenced actions. We write to request that (i) C&W be afforded Rule 24 intervenor or the same status as WTCP in the final order on the Joint Motion Approving the Settlement Agreement Among the Aviation Defendants and the Settling Plaintiffs (the "Joint Motion to Approve"); and (ii) the Court reconsider its tentative indication that it will order disclosure of the aggregate partial settlement amount and possibly other allocations under the proposed partial settlement agreement. In light of the overall success of the settlement process in 21 MC 101 to date, the actual prejudice that such public disclosure will cause to C&W, the other non-settling plaintiffs (except for the WTCP) and the aviation defendants, and the strong judicial and public policy interest in the amicable resolution of all disputes (which would apply to the 9/11 claims still remaining open), C&W respectfully submits that the Court should order that current circumstances militate strongly against public disclosure before, at least, December 2010.

      First, with respect to its intervenor status, C&W requests that the final order provide it with the same rights as the non-settling WTCP. Indeed, in January 2010, Your Honor ordered that all non-settling plaintiffs-ATSSSA claimants be given the opportunity to review all relevant materials and decide whether to object and oppose the proposed partial settlement. By email dated April 2, 2010 (Tab 1), C&W informed the parties that it did not oppose for the reasons set forth in its email. The Court now has indicated that it will approve the proposed partial settlement and that WTCP can appeal that order. C&W submits that this Court (as well as the Second Circuit) should be aware that C&W and Cantor Fitzgerald elected not to object to that settlement as unfair, unreasonable or inconsistent with the ATSSSA.[1] Moreover, given that C&W disagrees with several arguments that the WTCP makes in opposing the Joint Motion to

---

[1] In its email to the parties, C&W specifically requested that aviation defendants' liaison counsel communicate C&W's position to the Court because I was out of the country, but wanted C&W's position on the record. Liaison counsel, however, chose not to do so.

420 Lexington Avenue | New York, New York 10170 | Phone: 212.586.5800 | Fax: 212.586.5095 | www.ctswlaw.com
{00080848.DOC; 3}

C | T | S | W

Honorable Alvin K. Hellerstein
June 9, 2010
Page 2

Approve, C&W requests intervenor or the same status as WTCP so that it can oppose such arguments before the Circuit if WTCP appeals this Court's final order.

Second, although changing circumstances may warrant public disclosure of the partial settlement amount in the near future, the current circumstances strongly militate against such disclosure. Under the current 21 MC 101 confidential settlement framework, C&W shares the Court's optimism that the 9/11 settlement process will facilitate resolution of almost all -- if not all because of WTCP's unique position -- of the remaining claims in the next several months (*see* Joint Motion to Approve, 5/27/10 Hearing Transcript ("Tr.") at *e.g.*, p. 59, ll. 6-15). The Court's framework for establishing legally recoverable damage claims that are then the subject of confidential settlement negotiations has been successful thus far. Indeed, in its December 16, 2009 letter (Tab 2), C&W asked this Court to establish a damages process akin to the process in place for 21MC 101, and informed the Court that it already produced to the CERCLA defendants its legally recoverable damage calculation, its damages analysis (including all CPLR 4545 offsets), and thousands of documents pertaining to damages, in the hope of facilitating a quick resolution of its claims.[2]

The actual prejudice to C&W, any other non-settling plaintiff or claimant and the aviation defendants resulting from public disclosure at this time, and "the concern that the dynamic of the remaining settlements will be affected" is not a matter of "speculation" (*see* New York Times' Motion to Unseal, 5/26/10 Hearing Tr. at p. 28, ll. 20-22). The contemplated disclosures will greatly overshadow the real decision making and considerations that have guided the parties in the process to date, many of which considerations still cannot be disclosed due to confidentiality and protective orders currently in place. If disclosed, and the partial settlement amount is depicted as an implicit admission of airline liability for the events of 9/11, bad public relations will adversely impact the aviation defendants' willingness to settle the remaining claims out of concern that, as a result of bad press, they must dispel any unwarranted public perception that they were responsible for those events. On the other hand, if the liability discount is over-emphasized in relation to the partial settlement amount, the remaining claimants will be prejudiced by a settlement reached predominantly between subrogated insurers and the aviation defendants' insurers, which likely involved insurance industry-wide considerations (reserves, inter-company or affiliate distributions, and tax and regulatory benefits) that do not concern the remaining non-settling plaintiffs. Either way, public disclosure now will confront the non-settling plaintiffs and the aviation defendants with issues that have not heretofore been a part of decision making process.[3]

---

[2] In response to C&W's letter, the Court held that it would address establishing a damages process akin to 21 MC 101 settlement process at the oral argument on the CERCLA defendants' "12(c)" motions or soon thereafter. As of the date of this letter, the 12(c) motions have been fully briefed and the parties are waiting for Your Honor to schedule oral argument on Defendants' motions for judgment on the pleadings seeking to dismiss C&W's CERCLA and common law claims.

[3] To date, the real decision making and considerations that have guided the confidential settlement and mediation process include (i) the procedural posture of 21 MC 101 and related cases in light of the court's decisions concerning the aviation defendants' foreseeability and the proper measure for calculating damages for WTCP and all of the negligence plaintiffs; (ii) the range of actual legally recoverable damages for all currently known claims, and the impact of any Court decisions on those claims; (iii) the claims, defenses and discovery to date; (iv) the possibility of reasonable settlements at or within the ATSSSA

{00080848.DOC; 3}

      In contrast, given the limited issues remaining for each of the open claims, a brief delay in public disclosure will not prejudice the public or the WTCP in any way. In the CERCLA case, for example, the Court could direct the parties to proceed with a settlement process akin to 21 MC 101 based on C&W's damages submissions if it denies or otherwise decline to grant the CERCLA defendants' motions for judgment on the pleadings on certain limited issues. Similarly, the Court could direct Cantor Fitzgerald and the aviation defendants to proceed with further settlement negotiations and a mediation consistent with any ruling the Court ultimately makes on Cantor Fitzgerald's legally recoverable damages. Lastly, given that this Court long ago ruled that the WTCP cannot recover any additional damages, the Court should reject its arguments that (i) the ATSSSA requires this Court to assume that the WTCP's legally recoverable damages are whatever the WTCP says they are until a final adjudication of that issue by the Second Circuit, and (ii) the ATSSSA therefore effectively bars interim settlements. Indeed, this Court should not, as a basis to delay settlements, sanction the WTCP's failure to pursue the remaining limited CPLR 4545 offset issue and take a timely appeal of its damages rulings against the WTCP.

      Finally, C&W submits that the ATSSSA clearly does not bar a partial settlement of claims, but rather requires this Court to balance the relative parity of competing claims to the totality of funds available under ATSSSA's statutory liability cap. Having done its own analysis, C&W did not object to the proposed partial settlement because it concluded that the remaining non-settling plaintiffs could recover an equal or even greater share of their legally recoverable damages out of the remaining ATSSSA proceeds after the proposed partial settlement. In fact, notwithstanding the CERCLA defendants' erroneous claim that C&W's CERCLA claim attempts to circumvent ATSSSA's liability cap, C&W actually accepted that, like all other claimants, its CERCLA and common law claims are subject to the ATSSSA cap when it plead jurisdiction under both CERCLA and the ATSSSA in its complaint (*see* Compl. ¶ 9).[4]

      For the reasons set forth herein, C&W respectfully requests that the Court grant it intervenor or the same status as WTCP with respect to the Joint Motion to Approve, and deny intervenor New York Times Company's motion for public disclosure.

                                                Respectfully submitted,

                                                Jay B. Spievack

---

liability cap; (v) the risk of unreasonably low distributions to certain plaintiffs if the consolidated cases were fully adjudicated under the ATSSSA liability cap; (vi) the risks and the costs of continued litigations versus the benefits of such litigations; (vi) the remaining issues that the Court would need to resolve in each case; and (vii) the likelihood of success on appeal with respect to any adverse decisions.

[4] As discussed in C&W's Consolidated Opposition to Defendants' Motion for Judgment on the Pleading, and as C&W will further discuss at oral argument, there is no merit to the defendants' contention that the ATSSSA bars all federal CERCLA claims because New York law is "inconsistent with or preempted by Federal [Superfund] laws, and the ATSSSA explicitly provides that Federal [Superfund] law governs in such circumstances. *See* ATSSSA, Section 408(b)(2). Similarly, the grounds that the WTCP and other CERCLA defendants assert to dismiss C&W's CERCLA and common law claims are unfounded, and C&W expects that this Court will find its action should proceed apace.

C | T | S | W

Honorable Alvin K. Hellerstein
June 9, 2010
Page 4

cc: All counsel via email

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
dbarry@condonlaw.com
*Aviation Defendants' Liaison Counsel*

Robert A. Clifford, Esq.
Clifford Law Offices, PC
rac@cliffordlaw.com
*Property Damage and Business Loss Plaintiffs' Liaison Counsel*

Donald A. Migliori, Esq. (redacted version)
Motley Rice LLC
dmigliori@motleyrice.com
*Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel*

Katherine L. Pringle, Esq.
Friedman Kaplan Seiler & Adelman LLP
kpringle@fklaw.com
*WTC 7 Ground Defendants' Liaison Counsel*

Chris Walsh, Esq. (redacted version)
Gibbons P.C.
cwalsh@gibbonslaw.com
*Attorneys for Defendants Host Hotels & Resorts, Inc. and HMH WTC LLC (improperly sued as HMH WTC, Inc.)*

Peter Winik, Esq. (redacted version)
Peter Rosen, Esq. (redacted version)
Latham & Watkins LLP
peter.winik@lw.com
peter.rosen@lw.com
*Attorneys for Defendants Westfield WTC LLC and Westfield Corporation, Inc.*
Jeffrey J. Ellis, Esq.
Quirk and Bakalor, P.C.
jellis@quirkbakalor.com
*Attorneys for Defendants United Air Lines, Inc. and UAL Corporation*

John F. Stoviak, Esq.
Saul Ewing LLP
jstoviak@saul.com
*Counsel for the Cantor Fitzgerald Plaintiffs*

Sarah S. Normand, Esq. (redacted version)
Assistant U.S. Attorney
sarah.normand@usdoj.gov

Richard A. Williamson, Esq.
M. Bradford Stein, Esq.
Flemming Zulack Williamson Zauderer LLP
rwilliamson@fzwz.com
bstein@fzwz.com
*Counsel for the WTCP Plaintiffs and 7 World Trade Company, L.P.*

David E. McCraw, Esq. (redacted version)
Jacob Goldstein, Esq. (redacted version)
The New York Times Company
mccrad@nytimes.com
Jacob.goldstein@nytimes.com

Beth D. Jacob, Esq. (redacted version)
Schiff Hardin LLP
bjacob@schiffhardin.com
*Attorneys for Defendant The Port Authority of fNw York and New Jersey*

Charles F. Rysavy, Esq. (redacted version)
K&L Gates LLP
Charles.rysavy@klgates.com
*Attorneys for Defendant Consolidated Edison Company of New York, Inc.*

{00080848.DOC; 3}

# TAB 1

## Jay Splevack

| | |
|---|---|
| **From:** | Jay Splevack |
| **Sent:** | Friday, April 02, 2010 8:41 AM |
| **To:** | McNamar, Eric; Steven J. Badger |
| **Cc:** | Robert A. Clifford; tst@cliffordlaw.com; Richard Williamson; Stein, Bradford; kpringle@fklaw.com; jstovlak@saul.com; Sarah Normand; Jeannette Vargas; Heather McShain; Migliori, Don; Barry Jr., Desmond T.; ccurlett@saul.com; Sari Kolatch |
| **Subject:** | Re: 9/11 Litigation 21 MC 101 Motion to Approve The Proposed Settlement |

Dear Counsel:

We write to inform you that Cedar & Washington Associates ("CW") will not object to the proposed settlement between certain plaintiffs and the aviation defendants. CW also writes to inform you that it does not oppose the Court approving the proposed settlement.

In connection with its decision, CW notes that it reviewed, among other things: (i) the proposed settlement; (ii) assuming the settlement is approved, the remaining proceeds available to settle or adjudicate the three remaining claims (CW, Cantor and Silverstein) pursuant to the ATSSSA and the liability cap thereunder; (iii) the procedural posture of the three remaining claims, including CW's assessment of the likelihood that Judge Hellerstein's decisions on damages will be upheld on appeal; (iv) the implications of a Second Circuit reversing any existing damage decisions on the remaining proceeds left to settle or adjudicate the three remaining claims post an approved settlement versus the implication of the such a reversal on all proceeds to settle or adjudicate all claims assuming Judge Hellerstein rejects the proposed settlement; (v) the protections established by the Court and agreed with respect to the preservation of discovery and documents obtained and produced in 21 MC 101 for the three remaining claims; (vi) the broad discovery and inspection provided by the settling parties to the non-settling parties with respect to the proposed settlement; and (vii) applicable case law on approval or the rejection of a proposed settlement.

CW notes that, in reaching its decision not to oppose the proposed settlement, it did not consider the proposed liability discount applied to proposed settlement for several reasons. First, the proposed liability discount does not apply to CERCLA claim or other claims asserted by CW. Second, the liability discount is irrelevant to non-settling parties. Finally, the liability discount is not binding on the non-settling parties.

As I am out of the country, I apologize for the informality of this communication. I trust, however, that PDPEC and the aviation defendants' liason counsel will communicate CW's position to remaining aviation defendants, other applicable parties and the Court.

Thank you in advance for your assistance in this matter.

Jay B. Spievack
Counsel for Cedar & Washington

Sent from my Verizon Wireless BlackBerry

---

**From:** "McNamar, Eric" <emcnamar@condonlaw.com>
**Date:** Thu, 1 Apr 2010 17:31:34 -0400

6/9/2010