```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

IN RE SEPTEMBER 11 LITIGATION

**ORDER RESOLVING 2(E) LETTER**

21 MC 101 (AKH)

------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On July 1, 2010, I issued a decision granting in part and denying in part the New York Times Company's (the "Times") motion to unseal all papers submitted in conjunction with the settling property damage parties' motion to approve their settlement. See In re Sept. 11 Litig., 21 MC 101 (AKH), 2010 WL 2628652 (S.D.N.Y. July 1, 2010); see also In re Sept. 11 Litig., 21 MC 101 (AKH), 2010 WL 2628642 (S.D.N.Y. July 1, 2010) (granting settling property damage parties' motion to approve their settlement). I held that the aggregate amount of the settlement and its allocation among contributing insurers would be disclosed to the public, but that the allocation of settlement proceeds among the settling plaintiffs and the confidential documents exchanged in the course of damages discovery, settlement negotiations and mediation would remain under seal. I directed the parties to submit redacted versions of all motion papers in accordance with my ruling.

       The parties have since been unable to resolve disputes regarding several categories of documents not directly addressed in the July 1, 2010 Order and Opinion.

       The documents in dispute were irrelevant to my analysis of the motion for approval of the settlement and played no role in my exercise of the judicial function. See

Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) ("In order to be designated a judicial document [to which the presumption of public access attaches], the item filed must be relevant to the performance of the judicial function and useful in the judicial process." (internal quotation marks omitted)).  Moreover, the majority, if not all, of the documents in dispute are subject to protective orders issued by the court.  Although the Times sought to unseal all papers submitted in conjunction with the settling parties' motion for approval, it did not challenge the protective orders governing the confidentiality of much of the material.  See Martindell v. Int'l Tel. and Tel. Corp., 594 F.2d 291, 296 (2nd Cir. 1979).

Accordingly, I hold that all documents and information disputed in the 2(E) letter dated August 11, 2010 shall be redacted from the motion papers that will be publicly filed.

SO ORDERED.

Dated: August 17, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2