# EXHIBIT A

**ADDENDUM B**

## ADDENDUM B

<u>List Of Issues Proposed To Be Raised On Appeal And Applicable Appellate Standard Of Review</u>

The WTC Plaintiffs seek appellate review of the Final Judgment of the Court below, filed on July 29, 2010 on the grounds, *inter alia*, that (1) the Court's approval of the settlement of certain other plaintiffs' claims under the Air Transportation Safety and System Stabilization Act, as amended, codified at 49 U.S.C. § 40101 note ("ATSSSA"), and the Court's order that all amounts paid with respect to the settlement be credited against the settling defendants' respective liability ceilings established by ATSSSA, over the objections of The WTC Plaintiffs, would reduce defendants' liability ceilings to the point where the remaining funds would be insufficient to enable the settling defendants to pay an equitable amount to The WTC Plaintiffs for any settlement or final judgment in their ongoing ATSSSA property damages in the court below (*i.e.*, *World Trade Center Properties LLC, et al. v. United Airlines, Inc., et al.*, 08 CIV. 3719 (AKH) and *World Trade Center Properties LLC, et al. v. American Airlines, Inc., et al.*, 08 CIV. 3722 (AKH)); and that (2) the payment by Huntleigh USA Corporation's ("Huntleigh's") insurers has, in violation of ATSSSA, exhausted the limits of Huntleigh's liability insurance coverage with respect to the payment of ATSSSA claims.

The Court below granted intervenor status to The WTC Plaintiffs to appeal the Final Judgment entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because the action below was dismissed with prejudice and "effectuate[d] a final, immediately appealable judgment with respect to all of the settled cases and claims."

Since the objections of The WTC Plaintiffs to the approval of the settlement of the action were rooted in the lower court's failure to perform its obligation under ATSSSA not to permit or approve a settlement of plaintiffs' ATSSSA claims that would inequitably deplete the limited

funds created by ATSSSA at the expense of other ATSSSA plaintiffs that settle or secure judgments thereafter, the appellate standard of review of the legal principles at issue as well as the lower court's application of facts to draw its conclusions of law are subject to *de novo* review by the Second Circuit. *See, e.g., Green Party of Connecticut v. Garfield*, -- F.3d --, 2010 WL 2737153 (2d Cir. July 13, 2010) ) (district court's determinations of law reviewed *de novo* as well as district court's application of facts to draw conclusions of law).

Among the issues proposed to be raised on appeal are, *inter alia*:

1. Did the court below err in approving the settlement of the action below as a fair distribution of limited funds when such distribution would exhaust one limited fund, and where the liquidated amounts of all competing claims and relative culpability of each defendant was not yet known?

2. Did the court below err in determining that the settlement of the action below was fair, reasonable, and entered into in good faith where the treatment of individual claims and insurer relationships were not disclosed?

3. Did the court below err in crediting settlement payments against a defendant's liability limits under ATSSSA where the payments were made for reasons unrelated to a defendant's liability for a specific claim or claims?

357145