**SCHIFFHARDIN**LLP

Beth D. Jacob
212-745-0835
bjacob@schiffhardin.com

900 THIRD AVENUE
NEW YORK, NY 10022
t 212.753.5000
f 212.753.5044
www.schiffhardin.com

*So ordered 8-24-10*
*A.K. Hellerstein*

August 23, 2010

<u>VIA EMAIL</u>

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14D
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/24/10

RECEIVED
AUG 23 2010
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

Re: In re September 11 Property Damage and Business Loss Litigation, 21 MC 101 (AKH);
    Aegis Ins. Servs. v. 7 World Trade Center Company LP, 02 CV 7272 (AKH)

04 (AKH)

Dear Judge Hellerstein:

       We represent the Port Authority of New York and New Jersey in the September 11 Property Damage and Business Loss Litigation with respect to claims involving 7 World Trade Center. I write this letter to request the Court's assistance in the removal from the public docket of a confidential Port Authority document, which was attached to motion papers filed by Con Edison[1] in the above-captioned litigation, to which the Port Authority is not a party.

       The document is a copy of a Port Authority Office for Special Planning Report ("OSP Report") which was produced by the Port Authority in the 02-CV-7188 litigation, Bates numbered PANYNJ0119618-0119639 and marked "Confidential" in accordance with the March 30, 2004, Confidentiality Protective Order governing disclosure in the property damage litigation. This designation was made because the OSP Report contains security information related to the Port Authority's approach to and evaluation of terrorist vulnerabilities. It therefore clearly falls within the purview of Confidential Information as defined in the Protective Order.

       The Port Authority's confidential designation meant that Con Edison was not permitted to publish it on the public docket unilaterally. The Protective Order provides a process for a party to object to a designation as confidential, which Con Edison did not follow. The Protective Order also requires a party that discloses Confidential Information to "make every effort" to obtain its return. Although we notified Con Edison on August 4 and again on August 17 of what we believed to have been

---

[1] The OSP Report was attached as Exhibit 17 to Jemi M. Goulian's *[Lacey's]* February 1, 2010, Declaration in Support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment and in Support of Plaintiffs' Motion to Stay. The ECF document number is 399-18. These motion papers were not served on the Port Authority.



Honorable Alvin K. Hellerstein
August 23, 2010
Page 2

an inadvertent disclosure, Con Edison informed that it opposes removal of the confidential document from the public docket.

    Therefore, we respectfully request that the Court direct the clerk's office to disable the link to this exhibit on the Court's electronic docket and to take any additional steps required to restrict public access to this exhibit.

Respectfully,

Beth D. Jacob

cc:    Franklin Sachs
        Katherine Pringle
        Christopher Moore

NY\ 50863293.1