UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re SEPTEMBER 11 PROPERTY DAMAGE AND,          21 MC 101 (AKH)
BUSINESS LOSS LITIGATION
-----------------------------------------------------------------x

This Document Relates to:

*World Trade Center LLC et al. v.*
*United Airlines, Inc., et al.*
08 Civ. 3719 (AKH)

*World Trade Center LLC et al. v.*
*American Airlines, Inc., et al.*
08 Civ. 3722 (AKH)


-----------------------------------------------------------------x




**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**




ABRAMS, GORELICK, FRIEDMAN & JACOBSON, P.C.
One Battery Park Plaza
Fourth Floor
New York, New York  10004
(212)-422-1200

<u>REPLY MEMORANDUM</u>

Intervening Plaintiff TIG Insurance Company ("TIG"), as subrogee of World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC, 4 World Trade Center LLC, and 7 World Trade Company, LP (collectively, the "WTCP Plaintiffs") respectfully submits this Reply Memorandum in further support of its motion pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Fed R. Civ. P.") for leave to intervene as of right, or, in the alternative, by permission of this Court, in the individual actions referenced above (the "Actions"). This memorandum is submitted in reply to the opposition papers filed by the Aviation Defendants and by the World Trade Center Plaintiffs. As set forth below, TIG is a necessary party, who would be prejudiced its motion to intervene is not granted. TIG, which paid $18.2 million of the WTPC Plaintiffs' property losses, and incurred more than $4.9 million of additional expenses, possesses an interest related to the property and/or transaction that is the subject of the instant action, it is so situated that disposition without it would as a practical matter impair its ability to protect its interests, and intervention would not result in prejudice to other parties and would avoid a windfall to defendants (the "Aviation Defendants").

<u>ARGUMENT</u>

I.    <u>TIG'S MOTION TO INTERVENE AS OF RIGHT SHOULD BE GRANTED</u>

The four factors which a Court will consider in determining a motion to intervene are whether:

> (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical

> matter, impair or impede the applicant's ability to protect its
> interest; and (4) the applicant's interest is not adequately
> represented by the other parties.

Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n Inc., 471 F.3d 377, 389 (2d Cir. 2006). In

opposing TIG's motion to intervene, the Aviation Defendants and the Word Trade Center

Plaintiffs argue that (1) TIG's motion is untimely, such that the existing parties will

suffer undue prejudice and delay should the motion be granted, and (2) TIG is not a

necessary party in the Actions. For the reasons discussed below, these arguments are

either without merit, or, are outweighed by the prejudice TIG will suffer if it is denied

leave to intervene. Thus, this Court should enter an Order granting TIG's motion to

intervene.

Fed. R.Civ.P. 24(a) is intended to provide a Court with the flexibility to

determine, under all the circumstances presented, whether a party should be entitled to

intervene as of right. See U.S. v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 983

(2d Cir. 1984). In the Second Circuit, it is clear that not one element of the rule is

determinative, and that

> [t]he various components of the Rule are not bright lines,
> but ranges-not all "interests" are of equal rank, not all
> impairments are of the same degree, representation by
> existing parties may be more or less adequate, and there is
> no litmus paper test for timeliness.

Id.; see also Tachiona ex rel. Tachiona v. Mugabe, 186 F.Supp.2d 383, 394

(S.D.N.Y.2002).

Whether a motion to intervene is timely "is to be determined from all the

circumstances ... by the court in the exercise of its sound discretion." NAACP v. New

York, 413 U.S. 345, 366, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973). There is no "hard and

2

fast rule defining timeliness." <u>Dow Jones & Co. v. United States Dep't of Justice</u>, 161
F.R.D. 247, 251 (S.D.N.Y.1995). TIG does not dispute that the statute of limitations to
file a new subrogation action has run. However, TIG submits that, under all the
circumstances, its motion is timely and should be granted. In the first instance, it is
beyond serious dispute that TIG's claims relate back to the original, timely complaint in
this action. It also cannot be disputed that there is a "community of interest" between
proposed intervenor's and plaintiffs' claims. <u>See</u> <u>Acorn v. County of Nassau</u>, --- F.R.D. --
--, 2010 WL 2607249 (E.D.N.Y. June 15, 2010) (Spatt, J.) (<u>citing</u> <u>New York v. Gutierrez</u>,
2008 WL 5000493, * 13 (E.D.N.Y. 2008)).

Further, TIG's motion to intervene is timely, under all the circumstances. The
determination of the timeliness of an application is committed to the discretion of the
district court. <u>See</u> <u>Farmland Dairies v. Comm'r of Agriculture & Markets</u>, 847 F.2d 1038,
1043-44 (2d Cir.1988). Under the facts of this case, RiverStone, as the party responsible
for handling the run-off claims of Intervening Plaintiff TIG, only became aware in 2010
of the fact that TIG did not assert its subrogation claims.[1] <u>See</u> Declaration of Charles G.
Ehrlich, dated August 18, 2010 ("Ehrlich Dec."), ¶¶ 1, 7, 10. Thus, TIG acted timely in
asserting its claim under the circumstances.

Finally, the prejudice to TIG will be overwhelming, should it not be allowed to
pursue its subrogation claims, which outweighs any potential prejudice to the existing
parties. <u>See</u> <u>In re Holocaust Victim Assets Litigation</u>, 225 F.3d 191, 198 (2d Cir. 2000)

---

[1] The World Trade Center Plaintiffs Argue that TIG is deemed to have known about the pendency of the
Actions because it was represented by Louis Corsi, Esq. of Landman Corsi Ballantine & Ford P.C. <u>See</u>
World Trade Center Plaintiffs Memorandum of Law, p. 7 and August 31, 2010 Affidavit of Richard A.
Williamson, ¶ 2. This argument is entirely without merit. In the first instance, although Mr. Corsi served as
coverage counsel to TIG in connection with the claims for liability coverage made by the Silverstein
Properties in connection with the Action entitled <u>Consolidated Edison Company of New York, Inc. et al v.
7 World Trade Company, L.P.</u> <u>et al</u>, 07-cv7968 (AKH), he never appeared in the litigation. Nor has Mr.
Corsi ever represented TIG in regards to any subrogation claim in any of the September 11th Litigations.

(Intervenor unable to demonstrate prejudice where it remained "remain free to file a separate action"); see also Abondolo v. GGR Holbrook Medford, Inc., 285 B.R. 101, 110 (E.D.N.Y. 2002) (Intervenor "may be severely prejudiced if it is not permitted to intervene in the [Action], because it will be denied the opportunity to litigate the ownership of property over which it claims a substantial interest"). Although the Aviation Defendants argue that allowing TIG to intervene would open the door to other insurers to assert subrogation claims, this argument is entirely speculative. It is unknown why any other insurers have not asserted subrogation claims to date, but the Aviation Defendants cannot demonstrate that a grant of TIG's motion will cause any other parties to assert subrogation claims. In contrast, in TIG's case, there is a good reason for the filing at this time, (see Ehrlich Dec., ¶¶ 8-10), and failing to allow TIG to intervene would impair its rights because the statute of limitations would prevent if from commencing a separate action. See Range v. National R.R. Passenger Corp., 176 F.R.D. 85, 88 (W.D.N.Y.1997).

II.    TIG HAS AN INTEREST IN THE LITIGATION AND IS SO SITUATED THAT DISPOSITION OF THE ACTION WILL IMPEDE TIG'S ABILITY TO PROTECT THAT INTEREST

Contrary to the argument put forward by counsel for the World Trade Center Plaintiffs, TIG has an interest "relating to the property or transaction which is the subject of the action" and any determination in this litigation will impede TIG's ability to protect its interest. As the Second Circuit pointed out in Mastercard Int'l Inc. v. Visa Int'l Serv. Ass'n Inc., 471 F.3d 377, 389-90 (2d Cir. 2006) (cited with approval by the World Trade Center Plaintiffs on p. 5 of its Memorandum of Law), Fed.R.Civ.P. 19(a) (which determines when a party is "necessary") and Fed.R.Civ.P. 24(a)(2) contain overlapping provisions. In both rules, a party can demonstrate either that it is necessary or that it has a

right to intervene if it can demonstrate that it (1) has an interest relating to the subject of the action, and, (2) is so situated that a determination of the action may, as a practical matter impair or impede the party's ability to protect that interest. Id. In this regard, TIG is a necessary party and is entitled to intervene in the Actions as of right, as it is undeniable that it has an interest related to the subject of the action and that any determination herein will impair TIG's ability to protect that interest.

III.     TIG'S MOTION TO INTERVENE SHOULD BE GRANTED, AS TIG WILL RELY ON THE DISCOVERY ALREADY CONDUCTED BY THE WORLD TRADE CENTER PLAINTIFFS IN THIS LITIGATION, THUS AVOIDING UNDUE DELAY

The Aviation Defendants and the World Trade Center Plaintiffs argue that if TIG's motion to intervene were granted, it would result in substantial delay to the litigation, thus prejudicing those parties. However, TIG agrees that it will rely on the exhaustive discovery conducted to date in this litigation in order to prove its claims, thus, the addition of TIG as a party "will not result in [the existing parties] being subjected to duplicative discovery demands." Turkmen v. Ashcroft, 2010 WL 3398965, at * 5 (E.D.N.Y. June 30, 2010) (Gold, M.J.) (*Report and Recommendation Adopted*, 2010 WL 3398968 (E.D.N.Y. Aug 26, 2010) (Gleeson, J.)). [2]

The speculative argument by the World Trade Center Plaintiffs that TIG made an affirmative decision to "abandon" its subrogation claim and to "piggyback" off of discovery (see World Trade Center Plaintiffs Memorandum of Law, p. 11 and August 31, 2010 Affidavit of Richard A. Williamson, ¶ 3), is contradicted by the facts as set forth in the Ehrlich Declaration.

CONCLUSION

---

[2] Any discovery that the defendants might seek to prove TIG's policy and payment would be less than mimimal.

For the reasons set forth above, TIG's motion to intervene should be granted.

Dated:     New York, New York
           September 7, 2010

                                    ABRAMS, GORELICK,
                                    FRIEDMAN & JACOBSON, P.C.

                                    By: _____
                                            Michael E. Gorelick
                                    Attorneys for Intervenor Plaintiff
                                    TIG INSURANCE COMPANY, as
                                    subrogee of World Trade Center
                                    Properties, LLC, 2 World Trade
                                    Center LLC, and 4 World Trade
                                    Center, LLC.
                                    One Battery Park Plaza,
                                    Fourth Floor
                                    New York, New York  10004
                                    (212) 422-1200
                                    File No.: 7405

Of Counsel:
Alexandra Rigney

6