

**MotleyRice** LLC

ATTORNEYS AT LAW

**Mary F. Schiavo**
*Licensed in DC, FL, MD, MO, SC*

South Carolina Office
Direct Dial 843.216.9138
Direct Fax 843.216.9440
mschiavo@motleyrice.com

September 10, 2010

**VIA EMAIL and FEDERAL EXPRESS**
Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

> Re:  **In re September 11 Litigation, 21 MC 101 (AKH)**
>      **Bavis v. United Airlines, Inc. et al., 02-CV-7154 (AKH)**

Dear Judge Hellerstein:

We write concerning the case of Bavis v. United Airlines, Inc., et al., 02-CV-7154. At the January 6, 2010, status conference Your Honor advised that as concerned the Bavis case, the Court needed to devote its attention to the property issues and settlements and requested the Bavis plaintiffs await the resolution of a number of property case issues. The Court also noted at that conference that a new case management order would be needed in the Bavis case.

The property issues were both myriad and monumental, but it appears from the docket that this Court has in large part resolved the 9/11 property damage issues. We realize of course there are still some remaining property case issues. Before this honorable Court can address issues in the Cantor Fitzgerald case, the Cantor plaintiffs must file their response on September 15, 2010, and American Airlines' reply is due on October 6, 2010.

Therefore at the Court's earliest convenience, the Bavis plaintiffs would request a status conference and a case management order for this case. To facilitate this request we attach a proposed Case Management Order for this honorable Court's consideration and provide the same to all parties in this case.

Respectfully submitted,

Mary Schiavo
MOTLEY RICE LLC

enclosure

cc:   (by e-mail)
      Desmond T. Barry, Jr. Esq., Aviation Defendants' Liaison Counsel

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000
f. 843.216.9450

321 South Main St.
Providence, RI 02903
o. 401.457.7700
f. 401.457.7708

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
o. 860.882.1681
f. 860.882.1682

275 Seventh Ave., 2nd Floor
New York, NY 10001
o. 212.577.0040
f. 212.577.0054

320 Chestnut St.
Morgantown, WV 26505
o. 304.413.0456
f. 304.413.0458

www.motleyrice.com

cc :
    Robert  A. Clifford, Esq., Property Damage Liaison Counsel
    Sarah S. Normand, Esq., Assistant U.S. Attorney
    Richard A. Williamson, Counsel for Plaintiffs World Trade Center Prop.
    John F. Stoviak, Esq., Counsel for Cantor Fitzgerald Plaintiffs
    Katherine L. Pringle, Esq., WTC 7 Ground Defendants' Liaison Counsel
    Jay B. Spievack, Esq., Counsel for Cedar & Washington

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                       :
IN RE SEPTEMBER 11 LITIGATION          :        21 MC 101 (AKH)
                                                       :
MARY BAVIS, Individually and as Personal     :        This Document Relates to:
Representative of the Estate of MARK BAVIS,  :        02-CV-7154
Deceased.                                          :
------------------------------------------------------------x

## CASE MANAGEMENT PLAN AND ORDER

It is hereby ORDERED that the following Case Management Plan regarding future discovery, motion practice, pretrial preparations and trial is established for the Bavis Plaintiffs[1] and Aviation Defendants[2] in the In Re September 11 Litigation.[3]

A.     **Status Conferences**

1.   Counsel for Plaintiffs and the Aviation Defendants shall appear for status conferences with the Court on the following dates and times:

(a)  **November 8, 2010**

(b)  **as scheduled by the court**

B.     **Future Discovery**

1. **Fact Discovery**

---

[1] The Plaintiffs are Mary Bavis, et al. and are in Bavis v. United Airlines, Inc., et al., 02-CV-7154.

[2] The Aviation Defendants in Bavis v. United Airlines, Inc., et al. are: United Air Lines, Inc., UAL Corporation, Globe Aviation Services Corporation, Huntleigh USA Corporation, ICTS International N.V., Burns International Security Services Corporation, Burns International Services Corporation, Pinkerton's, Inc., Securitas AB, The Boeing Company, and the Massachusetts Port Authority.

[3] The terms of this Case Management Plan do not apply to any other plaintiffs.

(a)  **January 31, 2011**:  Fact discovery regarding liability including a joint narrative and the parties' designations from the 9/11 Commission materials consistent with the Court's July 16, 2009, Opinion and Order Resolving Discovery and Evidentiary Motions, stipulations as to the authenticity and foundation of documents, and fact discovery regarding damages shall be completed by this date.  In addition, the following specific liability discovery shall be completed by the indicated dates:

  (i)   **November 16, 2010**:   The Aviation Defendants to serve their designations from the 9/11 Commission materials.

  (ii)  **November 17, 2010**:  Plaintiffs and the Aviation Defendants shall exchange preliminary lists of trial fact witnesses who have not been deposed previously in this litigation.

  (iii) **November 17, 2010**: Plaintiffs shall serve Requests for Production of Additional Documents upon the Aviation Defendants.

  (iv)  **December 20, 2010**:  Plaintiffs and the Aviation Defendants shall exchange revised lists of trial fact witnesses who have not been deposed previously in this litigation.

  (v)   **December 17, 2010**: Plaintiffs shall serve their designations and responses and objections to the Aviation Defendants' designations from the 9/11 Commission materials.

  (vi)  **January 4, 2011**: The Aviation Defendants shall serve their responses and objections to Plaintiffs' designations from the 9/11 Commission materials.

  (vii) **December 17, 2010**: The Aviation Defendants shall serve their voluntary productions, responses and objections to Plaintiffs' Requests for Production of Additional Documents.  Previous fact discovery completion dates, if any, will not bar the production of documents encompassed by these Requests.

(b) The parties shall meet and confer promptly concerning any discovery dispute, and if unable to resolve any such dispute, submit a letter to the Court pursuant to Rule 2(E) of the Court's Individual Rules describing the dispute.

(c) **January 17, 2011**:  To the extent that motion practice is necessary pursuant to Rule 37 of the Federal Rules of Civil Procedure to obtain liability discovery,

2

including discovery from third parties or the United States as intervenor, such motions shall be filed no later than this date.

2. **Expert Discovery and *Daubert* Motions**

    (a)    The parties shall meet and confer prior to the November 8, 2010, status conference to exchange their views on experts and the topics that the parties intend them to address. Expert discovery and motion practice regarding liability and damage experts shall be completed in accordance with the following schedule:

        (i)    **January 31, 2011**: Deadline for Plaintiffs to identify topics of testimony for their expert witnesses.

        (ii)    **February 7, 2011**: Deadline for the Aviation Defendants to identify topics of testimony for their expert witnesses.

        (iii)    **March 7, 2011**: Deadline for Plaintiffs to designate their experts and produce expert reports.

        (iv)    **March 22, 2011**: Deadline for the Aviation Defendants to designate their experts and produce expert reports.

        (v)    **April 29, 2011**: Deadline for completion of all expert depositions.

        (vii)    **May 16, 2011**: Deadline for the filing of any *Daubert* or other motions concerning any expert.

C.    **Motion Practice**

1. **Substantive and Dispositive Motions**

    (a)    **April 1, 2011**: Substantive and dispositive motions shall be filed by this date. Opposition papers will be due by April 15, 2011, and reply papers will be due by April 26, 2011. If any substantive or dispositive motions are filed before April 1, 2011, opposition papers will be due within 30 days of the date of filing and reply papers will be due 15 days thereafter.

2. **Trial Structure Submissions**

    (a)    **March 23, 2011:** The parties shall confer in advance and file simultaneous

submissions addressing trial structure issues by this date; short simultaneous responses shall be filed no later than March 25, 2011.

**D.**     **Pretrial Preparations and Trial Dates**

    **1. Pretrial Preparations**

      (a) **May 19, 2011**: The final pretrial conference shall be scheduled for this date. The following specific pretrial preparations shall be completed by the indicated dates:

       (i) **April 15, 2011**: Deadline for Plaintiffs and Defendants to each submit their lists of the witnesses they propose to call at trial. Failure to designate a witness shall result in preclusion of the witness' testimony at trial, absent extraordinary good cause shown.

       (ii) **May 6, 2011**: All parties to exchange proposed trial exhibit lists and designate testimony from depositions, other litigation and other extra-judicial statements that a party intends to use at trial (other than for purposes of cross-examination).

       (iii) **May 20, 2011**: All parties to exchange objections to proposed trial exhibit lists and to designated testimony from depositions, other litigation and other extra-judicial statements that a party intends to use at trial, and to exchange proposed counter-designations.

       (iv) **May 27, 2011:** Deadline for all parties to file motions *in limine*, proposed requests to charge, voir dire questions, requests for a special verdict sheet, general verdict sheet and interrogatories to the jury.

       (v) **June 3, 2011**: Deadline for all parties to file opposition papers to motions *in limine*.

       (vi) **June 8, 2011**: Final pretrial conference and hearings on motions *in limine* and objections to any exhibits or deposition designations.

**2. Trial Date**

      (a) **June 13, 2011**: Jury selection and commencement of trial in Bavis v. United Airlines, Inc., et al. wrongful death case.

**SO ORDERED:**

_____
Judge Alvin K. Hellerstein
United States District Judge
Dated: _____

4

QUIRK AND BAKALOR, P.C.

COUNSELORS AT LAW

845 THIRD AVENUE

NEW YORK, N.Y. 10022-6601

(212) 319-1000

FAX (212) 319-1065

WWW.QUIRKBAKALOR.COM

| | | |
|---|---|---|
| RICHARD H. BAKALOR | LORETTA A. REDMOND | WESTCHESTER OFFICE |
| STEPHEN K. BLUNDA | DOMINIC S. CURCIO | 1299 NORTH AVENUE |
| JEFFREY J. ELLIS | STEVEN A. LEE | NEW ROCHELLE, N.Y. 10804 |
| RICHARD M. FREIMAN † | DEBRA E. SEIDMAN | |
| SCOTT P. TAYLOR | ANOUSHKA S. BAYLEY | |
| H. NICHOLAS GOODMAN | BRIAN P. SEXTON †† | ROBERT E. QUIRK |
| TIMOTHY J. KEANE | LIZA R. FLEISSIG | OF COUNSEL |
| | | |
| DARA L. ROSENBAUM †† | DANIEL B. BRUNK ††† | |
| JOEL M. MAXWELL | JANET J. LEE †† | † ALSO ADMITTED IN FLORIDA |
| ROBERT B. ACKER | CHRISTOPHER S. CHAN | †† ALSO ADMITTED IN NEW JERSEY |
| JEANNE M. BOYLE †† | ROSANN FELLER †† | ††† ALSO ADMITTED IN WASHINGTON D.C. |
| CARTER A. REICH †† | | |

September 17, 2010

<u>VIA EMAIL</u>

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In Re September 11 Litigation – 21 MC 101 (AKH)*
      *Bavis v. United Airlines, Inc. – 02 Civ. 7154 (AKH)*

Dear Judge Hellerstein:

I am co-counsel for defendant United Air Lines in the captioned matter and write in response to the letter to the Court from Mary Schiavo dated September 10, 2010, enclosing the Bavis plaintiffs' proposed Case Management Order.

The Bavis plaintiffs' proposed Case Management Order is premature. Plaintiffs correctly note that in January 2010 you told the parties that you needed to devote the Court's attention to property issues and settlement efforts and that these plaintiffs needed to wait until those issues were resolved. (1-6-10 Tr. at 31-32). However, plaintiffs incorrectly state that the "myriad and monumental" issues relevant to the property damage claims have "in large part" been resolved. To the contrary, the order approving the settlement of subrogated and certain uninsured property plaintiffs' claims is on appeal to the Second Circuit, and the remainder of the property damage claims involving Cantor Fitzgerald and WTCP as well as the CERCLA claim of Cedar and Washington remain unresolved. The parties are occupied in serious efforts to address these claims.

QUIRK AND BAKALOR, P.C.

Honorable Judge Alvin K. Hellerstein
September 17, 2010
Page 2

Diverting the involved defendants' attention from these remaining property damage claims at this time would be counterproductive.  If you nevertheless wish to consider the Bavis plaintiffs' proposal, we suggest that the defendants not be required to draft a competing CMO until we have had the opportunity to meet with the Court and discuss in more detail the various issues relevant to efficiently and fairly resolving this last remaining wrongful death claim.

Respectfully yours,

Jeffrey J. Ellis

JJE/mc

cc:     Michael R. Feagley, Esq.
        Mary Schiavo, Esq.
        Donald Migliori, Esq.
        All Liaison Counsel (via e-mail)

## FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

September 17, 2010

By E-Mail

Richard A. Williamson

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re:     In Re September 11 Litigation, 21 MC 101 (AKH)

World Trade Center Properties LLC, et al.
v. United Airlines, et al., 08 CIV 3719

World Trade Center Properties LLC, et al.
v. American Airlines, et al., 08 CIV 3722

Dear Judge Hellerstein:

The WTCP Plaintiffs join the request of the family of Mark Bavis for a trial date. Our clients respectfully request that the Court schedule a joint June 2011 trial for all 9/11 plaintiffs in the 21 MC 101 docket who, more than nine years after the tragic and devastating events of that day, are still waiting for their cases to be heard and resolved.

WTCP remains totally committed to a full rebuilding of the World Trade Center. In recent years, the engineering, design, legal and political complexities of the project have been fully resolved. Design for the entire project – which includes 13 separate buildings or projects – is complete. Construction is in full swing, with thousands of construction workers at the site daily. New Yorkers have taken note of the significant progress, as the Memorial races toward its planned completion a year from now, and two office towers have become visible from outside the site. There has been an upsurge of tenant interest in the new high tech, green office buildings being built at the site.

WRITER'S DIRECT DIAL
(212) 412 9530
rwilliamson@fzwz.com

And yet, the plan being advanced by the stakeholders in no way will accomplish the *full* rebuilding of the site. Due to a shortage of available funds, the plan developed by the Port Authority and WTCP, with support and participation of the Governors of New York and New Jersey and Mayor Bloomberg, would only accomplish the rebuilding of as little as 4.4 million square feet of office space – or at most 6.6 million square feet, out of the 10 million square feet destroyed on 9/11 (a figure which does not include another roughly five million square feet of office space destroyed outside the World Trade Center site). In a city where the economic downturn has led to a dramatic

Honorable Alvin K. Hellerstein
September 17, 2010
Page 2

drop-off in construction activity, the roughly 5,000 additional construction workers who
would be put to work in a full rebuilding scenario, and the businesses who would supply
the materials are standing ready to see the project to completion. But it is possible that,
due to the shortage of funds, two out of the four office/retail building sites on the World
Trade Center site will remain indefinitely in an unbuilt or half-built condition. In the
meantime, billions of dollars of insurance money desperately needed to fund that effort
remains in the pockets of the insurers of the airlines, security companies, Boeing and
others who ignored government warnings about terrorist threats, failed in their duty to
keep the terrorist hijackers off planes, and manufactured planes that allowed the
terrorists to get past cockpit doors and take control of the flights.

    In the wake of 9/11, Congress elected to protect the aviation companies from
financial ruin by limiting their liability to the amount of their insurance. But surely
Congress never envisioned a decade-long fight by the insurers to walk away with most
of that insurance money still untouched and earning returns in insurance company bank
accounts while victims – and New Yorkers -- wait and wait to be made whole both
economically and through full physical restoration of the World Trade Center site.

    The tenth anniversary of 9/11 – which will attract worldwide attention – is now
looming on the horizon. The public needs to be given some assurance that our judicial
system is capable of resolving even difficult, high profile cases in a reasonable period of
time. Scheduling and conducting the long-delayed trial on the issue of the Aviation
Defendants' liability and obligations is the only way that can be accomplished.

    The WTCP Plaintiffs, along with other property damage plaintiffs, were asked to
wait for their day in court behind many wrongful death plaintiffs who wanted to settle
out of court. WTCP agreed to do so. Then, like the relatives of Mark Bavis, the WTCP
Plaintiffs were forced to wait in line behind insurance companies who themselves did
not suffer any direct damages as a result of 9/11, but who were merely suing for
reimbursement of claims they paid.

    More than a year ago, at a conference held on July 28, 2009, this Court stated
"I'm here to try cases. . . . If they want to have a trial I am going to give it to them."
Shortly thereafter, on August 19, 2009, the Court notified the parties that a liability trial
including property damage plaintiffs would be held in June 2010 and directed the parties
to submit a joint case management order. A proposed plan agreed to by all parties was
submitted to the Court last September establishing a timetable for the completion of all
pre-trial tasks and a June 2010 trial date. Under that agreed plan, trial of these cases
would now have been completed. However, the Court never acted on the agreed plan.
The reason – to allow the Aviation Defendants to focus on efforts to settle with certain
other plaintiffs – no longer exists. Those other plaintiffs settled with the Aviation
Defendants earlier this year and the Court approved their settlement, despite the
objections of WTCP.

Honorable Alvin K. Hellerstein
September 17, 2010
Page 3

The relatives of Mark Bavis have made plain their determination to go to trial to prove that the terrorist attacks and their devastating effects could have been avoided if the Aviation Defendants had done their jobs and thus thwarted the hijackers. They are entitled to a public trial of those liability issues before a jury. The WTCP Plaintiffs are ready to participate in that trial on the schedule proposed by the Bavis family.

A single trial is clearly warranted. There is no reason to try these important liability issues more than once, as the Second Circuit explicitly recognized in *Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG*, 335 *F.3d* 52, 58-59 (2d Cir. 2003) ("[r]equiring a single forum for 'all actions brought for any claim . . . resulting from or related to' the events of September 11 must have as its goal the avoidance of the undesirable effects that litigation of September 11 claims in the various state and federal courts would inevitably produce. These effects might include: inconsistent or varying adjudications of actions based on the same sets of facts. . . .").

The proposed trial plan that the Aviation Defendants agreed to last year contemplated a nine-month period for all parties to make final trial preparations. Accordingly, there is no reason why a trial of all remaining claims cannot be completed before the tenth anniversary of the events of 9/11. Public confidence in our judicial system demands it.

We enclose a version of the proposed case management order submitted by the Bavis family's attorneys, modified to include all remaining plaintiffs in a final trial schedule.

Respectfully,

*Richard A. Williamson*

Richard A. Williamson

Honorable Alvin K. Hellerstein
September 17, 2010
Page 4


cc (by e-mail):

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
dbarry@condonlaw.com
Aviation Defendants' Liaison Counsel

John F. Stoviak, Esq.
Saul Ewing LLP
jstoviak@saul.com
Counsel for the Cantor Fitzgerald
Plaintiffs


Robert A. Clifford, Esq..
Clifford Law Offices, PC
rac@cliffordlaw.com
Property Damage and Business Loss
Plaintiffs' Liaison Counsel

Jeannette A. Vargas, Esq.
Assistant U.S. Attorney
jeannette.vargas@usdoj.gov


Donald A. Migliori, Esq.
Motley Rice LLC
dmigliori@motleyrice.com
Wrongful Death and Personal Injury
Plaintiffs' Liaison Counsel

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
jspievack@ctswlaw.com
Counsel for Cedar & Washington


Katherine L. Pringle, Esq.
Friedman Kaplan Seiler & Adelman
LLP
kpringle@fklzw.com
WTC 7 Ground Defendants' Liaison
Counsel

Mary Schiavo, Esq.
Motley Rice LLC
mschiavo@motleyrice.com
Counsel for Mary Bavis, Individually
and as Personal Representative of the
Estate of Mark Bavis, Deceased

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                          :
IN RE SEPTEMBER 11 LITIGATION      :          21 MC 101 (AKH)
                                          :
--------------------------------------------------------x

## CASE MANAGEMENT PLAN AND ORDER

It is hereby ORDERED that the following Case Management Plan regarding future discovery, motion practice, pretrial preparations and trial is established for all remaining actions in In Re September 11 Litigation.

**A.**   **Status Conferences**

1. Counsel for Plaintiffs and the Aviation Defendants shall appear for status conferences with the Court on the following dates and times:

   **(a)**   **November 8, 2010**

   **(b)**   **as scheduled by the court**

**B.**   **Future Discovery**

1. **Fact Discovery**

(a) **January 31, 2011**:  Fact discovery regarding liability including a joint narrative and the parties' designations from the 9/11 Commission materials consistent with the Court's July 16, 2009, Opinion and Order Resolving Discovery and Evidentiary Motions, stipulations as to the authenticity and foundation of documents, and fact discovery regarding damages shall be completed by this date.  In addition, the following specific liability discovery shall be completed by the indicated dates:

   (i)   **November 16, 2010**:  The Aviation Defendants to serve their designations from the 9/11 Commission materials.

   (ii)   **November 17, 2010**:  Plaintiffs and the Aviation Defendants shall exchange preliminary lists of trial fact witnesses who have not been deposed previously in this litigation.

   (iii)   **November 17, 2010**: Plaintiffs shall serve Requests for Production of Additional Documents upon the Aviation Defendants.

      (iv)  **December 20, 2010**: Plaintiffs and the Aviation Defendants shall exchange revised lists of trial fact witnesses who have not been deposed previously in this litigation.

      (v)  **December 17, 2010**: Plaintiffs shall serve their designations and responses and objections to the Aviation Defendants' designations from the 9/11 Commission materials.

      (vi)  **January 4, 2011**: The Aviation Defendants shall serve their responses and objections to Plaintiffs' designations from the 9/11 Commission materials.

      (vii)  **December 17, 2010**: The Aviation Defendants shall serve their voluntary productions, responses and objections to Plaintiffs' Requests for Production of Additional Documents. Previous fact discovery completion dates, if any, will not bar the production of documents encompassed by these Requests.

(b) The parties shall meet and confer promptly concerning any discovery dispute, and if unable to resolve any such dispute, submit a letter to the Court pursuant to Rule 2(E) of the Court's Individual Rules describing the dispute.

(c) **January 17, 2011**: To the extent that motion practice is necessary pursuant to Rule 37 of the Federal Rules of Civil Procedure to obtain liability discovery, including discovery from third parties or the United States as intervenor, such motions shall be filed no later than this date.

2.    **Expert Discovery and *Daubert* Motions**

    (a)  The parties shall meet and confer prior to the November 8, 2010, status conference to exchange their views on experts and the topics that the parties intend them to address. Expert discovery and motion practice regarding liability and damage experts shall be completed in accordance with the following schedule:

      (i)  **January 31, 2011**: Deadline for Plaintiffs to identify topics of testimony for their expert witnesses.

      (ii)  **February 7, 2011**: Deadline for the Aviation Defendants to identify topics of testimony for their expert witnesses.

2

      (iii) **March 7, 2011**: Deadline for Plaintiffs to designate their experts and produce expert reports.

      (iv) **March 22, 2011**: Deadline for the Aviation Defendants to designate their experts and produce expert reports.

      (v) **April 29, 2011**: Deadline for completion of all expert depositions.

      (vi) **May 16, 2011**: Deadline for the filing of any *Daubert* or other motions concerning any expert.

**C.**    **Motion Practice**

    **1. Substantive and Dispositive Motions**

      (a)   April 1, 2011:  Substantive and dispositive motions shall be filed by this date.  Opposition papers will be due by April 15, 2011, and reply papers will be due by April 26, 2011.  If any substantive or dispositive motions are filed before April 1, 2011, opposition papers will be due within 30 days of the date of filing and reply papers will be due 15 days thereafter.

    **2. Trial Structure Submissions**

      (a)   **March 23, 2011**:  The parties shall confer in advance and file simultaneous submissions addressing trial structure issues by this date; short simultaneous responses shall be filed no later than March 25, 2011.

**D.**    **Pretrial Preparations and Trial Dates**

    **1. Pretrial Preparations**

      (a)   **May 19, 2011**:  The final pretrial conference shall be scheduled for this date.  The following specific pretrial preparations shall be completed by the indicated dates:

        (i)   **April 15, 2011**: Deadline for Plaintiffs and Defendants to each submit their lists of the witnesses they propose to call at trial.  Failure to designate a witness shall result in preclusion of the witness' testimony at trial, absent extraordinary good cause shown.

        (ii)   **May 6, 2011**:  All parties to exchange proposed trial exhibit lists and designate testimony from depositions, other litigation and other extra-judicial statements that a party intends to use at trial (other than for purposes of cross-examination).

      (iii)  **May 20, 2011**:  All parties to exchange objections to proposed trial exhibit lists and to designated testimony from depositions, other litigation and other extra-judicial statements that a party intends to use at trial, and to exchange proposed counter-designations.

      (iv)  **May 27, 2011**:  Deadline for all parties to file motions *in limine,* proposed requests to charge, voir dire questions, requests for a special verdict sheet, general verdict sheet and interrogatories to the jury.

      (v)  **June 3, 2011**:  Deadline for all parties to file opposition papers to motions *in limine.*

      (vi)  **June 8, 2011**:  Final pretrial conference and hearings on motions *in limine* and objections to any exhibits or deposition designations.

**2.  Trial Date**

      (a)  **June 13, 2011**:  Jury selection and commencement of trial.

**SO ORDERED:**

_____
Judge Alvin K. Hellerstein
United States District Judge

Dated: _____

4