UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN RE SEPTEMBER 11 LITIGATION : **ORDER DENYING**
: **UNINSURED LOSS**
------------------------------------------------------------ : **PLAINTIFFS MOTION FOR**
WORLD TRADE CENTER PROPERTIES LLC, : **EARLY DISBURSEMENT OF**
et al., : **SETTLEMENT FUNDS**
:
                     Plaintiffs, : 21 MC 101 (AKH)
: 08 Civ. 3719 (AKH)
     -against- : 08 Civ. 3722 (AKH)
:
UNITED AIRLINES, INC., et al. :
:
                     Defendants. :
------------------------------------------------------------ :
WORLD TRADE CENTER PROPERTIES LLC, :
et al., :
:
                     Plaintiffs, :
:
     -against- :
:
AMERICAN AIRLINES, INC., et al., :
:
                     Defendants. :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On July 1, 2010, I issued an Order and Opinion approving a settlement between 18 of the 21 plaintiffs asserting property damage claims in the 21 MC 101 Master Calendar and the Aviation Defendants whom they sued. <u>Order and Op. Granting Joint Motion Approving Property Damage Settlements</u>, 21 MC 100 (AKH) (S.D.N.Y. July 1, 2010). Certain plaintiffs who objected to my approval of the settlement, identified as the WTCP Plaintiffs, have filed an appeal of my decision with the Second Circuit.

       After the WTCP Plaintiffs filed their appeal, other settling plaintiffs sought Court approval for disbursement of their own settlement funds notwithstanding

1

provisions of the Settlement Agreement which provide that if an appeal is taken, no monies are to be disbursed until the appeal is finalized with no reversal or material variation of this Court's approval order. These plaintiffs, dubbed the Uninsured Loss Plaintiffs, sought early payout because they do not possess insurance to cover their losses stemming from the terrorist-related airplane crashes of September 11, 2001. They argued that they would suffer hardship if forced to wait for the WTCP Plaintiffs' appeal to be finalized. At a proceeding held August 25, 2010, the Aviation Defendants agreed to make these early disbursements but only if the WTCP Plaintiffs agreed to drop the Uninsured Loss Plaintiffs from the appeal. The WTCP Plaintiffs have declined to do so.

I can neither require the WTCP Plaintiffs to drop a party from their appeal nor make the Aviation Defendants pay early disbursements without the WTCP Plaintiffs' cooperation. I therefore deny the Uninsured Loss Plaintiffs' request for early disbursement of funds, subject to the conditions that follow.

The parties to the appeal shall enter into a binding accelerated briefing schedule in the Second Circuit. The schedule shall require appellants to perfect their appeal and file an opening brief by the end of October; appellees to file their brief by the end of November; and appellants to file their reply brief within fifteen days thereafter. The parties shall also request the earliest possible argument date and provide due justification for their request. The briefing schedule shall be filed in the Second Circuit within seven days, and a copy shall be filed with me simultaneously.

SO ORDERED.

Dated: September 21, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge