

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/10

**CLIFFORD LAW OFFICES**

September 22, 2010

Robert A. Clifford

120 North LaSalle Street
31st Floor
Chicago, Illinois 60602

Telephone 312-899-9090
Fax 312-251-1160
E-Mail: RAC@CliffordLaw.com
Website: www.CliffordLaw.com

**By Electronic Mail**
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re:    *In re September 11 Litig.*, 21 MC 101 (AKH).

Dear Judge Hellerstein:

I write in my capacity as Liaison Counsel for the Property Damage Plaintiff's Executive Committee in response to the letters to the Court resulting in the issuance of your September 20, 2010, Order Setting Status Conference. I write specifically on behalf of the Settling Plaintiffs.

The Settling Plaintiffs obviously have no objection to Bavis v. United Airlines, Inc., et al. 02-CV-7154 proceeding to trial as now scheduled. However, we do have several concerns that duty requires we bring to your attention. First, given recent filings in the Second Circuit by the WTCP Plaintiffs, it is unclear whether the WTCP Plaintiffs believe their claims remain before Your Honor or are now before the Second Circuit. Second, we believe that the trial in Bavis should proceed without being joined by the WTCP Plaintiffs or any other non-settled plaintiffs. Third, given the pending appeal of your order approving resolution of the Settling Plaintiffs' claims, in the event of any future liability discovery we believe such discovery can only be conducted with an appropriate order that it is being conducted without prejudice to the rights of the Settling Plaintiffs to complete full discovery in the event their claims are remanded to this Court. Each of these issues is discussed below.

As a threshold issue, it appears that the WTCP Plaintiffs are taking inconsistent positions before Your Honor and the Second Circuit Court of Appeals. In its Motion to Consolidate Appeals, Designate Additional Appellees and Simplify Consolidated Caption filed in the Second Circuit on September 16, 2010, the WTCP Plaintiffs took the position that there are Rule 54(b) final judgments not only in the 18 individual matters brought by the Settling Plaintiffs, but also in the WTCP Plaintiffs two individual cause numbers. The WTCP Plaintiffs argue in their Motion that "each of the 21 above-captioned appeals arise from Rule 54(b) Judgments filed in each of the underlying cases, which Judgments effectuate two Orders of the District Court that were equally applicable to each of those actions."

Of course, this position is incorrect in that it finds no support in the plain language of Your Honor's final orders. Nonetheless, the position is being advanced by the WTCP Plaintiffs in the Second Circuit and is obviously inconsistent with the WTCP Plaintiffs' September 17th letter to

Hon. Alvin K. Hellerstein
September 22, 2010
Page 2

**CLIFFORD LAW OFFICES**

Your Honor suggesting that their claims remain in this Court and should proceed to trial with the Bavis claim. The WTCP Plaintiffs cannot have it both ways--their claims are either before Your Honor or before the Second Circuit. They cannot be before both.

Believing that the WTCP Plaintiffs' claims are rightly before Your Honor, this leads to the primary concern of the Settling Plaintiffs--the significant potential prejudice to their interests resulting from allowing the WTCP Plaintiffs to complete pre-trial activities and proceed to trial with the Bavis claim. As Your Honor is well aware, the sole reason the Settling Plaintiffs are not in possession of their settlement proceeds and entirely finished with this litigation is the WTCP Plaintiffs' appeal to the Second Circuit. It would be manifestly unjust to allow the WTCP Plaintiffs to proceed to trial on their claims, while the Settling Plaintiffs remain stuck in limbo due solely to the conduct of the WTCP Plaintiffs. The potential prejudice to the Settling Plaintiffs resulting from this scenario is significant. Pursuant to their proposed Case Management Plan and Order all remaining liability, damages, and expert discovery would be completed by the WTCP Plaintiffs' without the participation of the Settling Plaintiffs. The Settling Plaintiffs would be excluded from all pre-trial motions and trial strategy. This is unacceptable to the Settling Plaintiffs so long as there is any risk of their settlement being rejected and their being forced to return to the active litigation in this Court (precisely the relief sought by the WTCP Plaintiffs).

Requiring the Settling Plaintiffs to participate in these pre-trial activities at this time is not an acceptable solution. The Settling Plaintiffs reached a reasonable and good faith settlement of their claims at mediation directed by the Court (and in part to avoid the continuing expense of litigation). Requiring their involvement in these activities despite having achieved a settlement and while their settlement is on appeal due solely to the meritless objection of a third-party would be manifestly unjust to these parties. Further, their Settlement Agreement with the Aviation Defendants expressly prohibits their continuing participation in further litigation activities.

Finally, the Settling Plaintiffs agree with the WTCP Plaintiffs that multiple trials of similar liability issues should be avoided. The Settling Plaintiffs have always advocated that there should be a single liability trial. But that is simply not possible due to the current procedural posture of this litigation as created by the WTCP Plaintiffs. In the event the WTCP Plaintiffs are successful before the Second Circuit, the Settling Plaintiffs will be back before Your Honor and in that situation are absolutely entitled to fully prepare for and participate in a trial of their claims. Accordingly, as this litigation is currently postured because of the WTCP Plaintiffs, there is no alternative but for there to be at least two liability trials.

There exist only two solutions to achieve the common objective of a single liability trial.

First, all further liability case development proceedings, pre-trial activities, and trial must be stayed until a final resolution of the WTCP Plaintiffs' pending appeal. The Settling Plaintiffs are prepared to immediately file a Motion to Stay all such proceedings and have the matter heard at the October 20th status conference. The Settling Plaintiffs recognize and sympathize with the unfair delay to resolution of the Bavis claim that would result from such a stay. However, the

Hon. Alvin K. Hellerstein
September 22, 2010
Page 3

**CLIFFORD LAW OFFICES**

Settling Plaintiffs must protect their own interests as well and are certainly entitled to such protection from the Court.

Second, the WTCP Plaintiffs can simply drop their meritless appeal presently before the Second Circuit. As argued repeatedly by the Settling Plaintiffs, their settlement leaves billions of liability insurance proceeds available to the WTCP Plaintiffs to resolve their claims. Indeed, as we have repeatedly pointed out, the WTCP Plaintiffs are absolutely *better off* with the settlement becoming final rather than attempting to obtain the so-called "equitable allocation" relief they seek through their appeal. With the appeal dismissed, the claims of the Settling Plaintiffs become final and they have no continuing interest in the litigation. This would allow both Bavis and the WTCP Plaintiffs to proceed together to a prompt, single liability trial.

If the WTCP Plaintiffs are truly sincere in their lengthy proclamations of wanting to promptly rebuild the World Trade Center site, employ thousands of New Yorkers, and assist the judicial system in resolving this litigation in a reasonable period of time, they would take the only action consistent with achieving all of these objectives--dismissal of their pending appeal.

The current unfortunate situation was created by the WTCP Plaintiffs and can only be remedied by the WTCP Plaintiffs. The Settling Plaintiffs have done everything asked by this Court over the long history of this litigation--they waited for the wrongful death cases to be resolved and then when finally directed by Your Honor to mediation they achieved a reasonable resolution of their claims. They now only want to realize their recovery and be done with this litigation. But if the WTCP Plaintiffs continue their refusal to allow this to take place, then the resulting prejudice should rest with the WTCP Plaintiffs rather than the Settling Plaintiffs. Absent a dismissal by the WTCP Plaintiffs of their appeal, the only equitable result is for Your Honor to stay all further proceedings in this litigation until the appeal is finally resolved. Alternatively, to avoid any prejudice to the Bavis claim and allow that claim to proceed to trial alone, Your Honor can order that liability discovery is being conducted without prejudice to the rights of the Settling Plaintiffs to complete full discovery in the event their claims are remanded to this Court.

The Settling Plaintiffs are prepared to promptly file a Motion to Stay if so directed by the Court. Alternatively, we are prepared to attend the October 20th status conference and raise these issues at that time.

Respectfully submitted,

Robert A. Clifford

cc: All Liaison Counsel

Judge wrote:

"These issues will be addressed, without need of further motion practice, at the pre-trial conference of October 20, 2010, 11:00 a.m.

9-22-10
Alvin K. Hellerstein"