UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
IN RE SEPTEMBER 11 PROPERTY DAMAGE                             :   **ORDER DENYING MOTION**
AND BUSINESS LOSS LITIGATION                                   :   **TO INTERVENE**
                                                               :
                                                               :   21 MC 101 (AKH)
-------------------------------------------------------------- :
                                                               :   08 Civ. 3719
WORLD TRADE CENTER LLC et al.,                                 :
                                                               :   08 Civ. 3722
                    Plaintiffs,                                :
                                                               :
     -against-                                                 :
                                                               :
UNITED AIRLINES, INC., et al,                                  :
                                                               :
                    Defendants.                                :
                                                               :
-------------------------------------------------------------- :
                                                               :
WORLD TRADE CENTER LLC et al.,                                 :
                                                               :
                    Plaintiffs,                                :
                                                               :
     -against-                                                 :
                                                               :
AMERICAN AIRLINES, INC., et al,                                :
                                                               :
                    Defendants.                                :
                                                               :
-------------------------------------------------------------- X
ALVIN K. HELLERSTEIN, U.S.D.J.:

    Intervenor-plaintiff TIG Insurance Company ("TIG") moves to intervene in the above-captioned cases under Federal Rule of Civil Procedure 24, either as of right or discretion. For the reasons that follow, the motion is denied.

    In April 2001, the Port Authority of New York and New Jersey, Inc. ("Port Authority") accepted the bid of Larry Silverstein to purchase 99-year net leases to four of the World Trade Center Towers. In July 2001, Port Authority executed the leases and related

1

agreements with companies formed by Silverstein to act as leaseholders. On September 11, 2001, fuel-laden jumbo jets crashed into Towers One and Two, causing them to collapse, spewing fire and debris over the entire World Trade Center complex. Tower 7 also collapsed that day. Other World Trade Center Properties were damaged beyond repair and demolished.

Silverstein's companies, dubbed the WTCP Plaintiffs in this litigation, had obtained billions of dollars' worth of insurance for the World Trade Center Properties from a number of different providers. Following September 11, these insurers paid approximately $4.4 billion in loss payments to the WTCP Plaintiffs. Thereafter, many of these insurers sought to subrogate the WTCP Plaintiffs' claims against the Aviation Defendants, which the WTCP Plaintiffs opposed. On August 13, 2009, this Court held that the insurers possessed subrogation rights and could proceed with claims against the Aviation Defendants.[1] In re September 11 Litigation, 649 F. Supp. 2d 171, 183 (S.D.N.Y. 2009). However, many insurers, whose subrogation claims are worth approximately $3 billion, elected not to bring subrogation claims.

TIG was one such insurer. Following the disaster, it paid $18.2 million in loss payments to the WTCP Plaintiffs and also accrued $4.9 million in related expenses. However, TIG never filed a complaint alleging a subrogation claim, apparently because its claims-handling company, RiverStone Claims Management, LLC ("Riverstone"), processed the claim but never alerted TIG of the need to file a complaint. Declaration of Desmond T. Barry, Jr. ("Barry Decl."), ¶ 15. TIG now seeks to intervene under Rule 24 in order to interpose such claims, contending that its rights are not adequately protected by the WTCP Plaintiffs because the latter has no incentive to seek recovery of the amounts paid to them by TIG.

---

[1] The Aviation Defendants have been identified in my earlier opinions. In re September 11 Litig., 21 MC 101, 2010 WL 2628642, at 1 n.3 (S.D.N.Y. July 1, 2010).

The litigation TIG seeks to join has now been ongoing for nine years. It has been exceedingly complex and hard-fought, as is reflected by numerous published opinions from this Court regarding issues that have arisen in it. See, e.g., In re September 11 Litig., 21 MC 101, 2010 WL 3432264 (S.D.N.Y. Sept. 1, 2010); In re September 11 Litig., 21 MC 101, 2010 WL 2628642 (S.D.N.Y. July 1, 2010); In re September 11 Litig., 649 F. Supp. 2d 171 (S.D.N.Y. 2009); In re September 11 Litig., 621 F. Supp. 2d 131 (S.D.N.Y. 2009). To date, the parties have conducted 180 depositions, exchanged 1,000,000 pages of documents in a process overseen by the federal government, and participated in a court-ordered damages protocol lasting 18 months. Barry Decl., ¶ 5.

After these extensive pre-trial practices, Aviation Defendants recently have been able to reach a settlement with 18 of the 21 plaintiffs who sued them, which this Court approved on July 1, 2010. In re September 11 Litig., 2010 WL 2628642, at *1. This settlement expressly provides that it is founded on the parties' belief that no more plaintiffs would be able to enter litigation in the 21 MC 101 calendar. Barry Decl., Ex. A. The WTCP Plaintiffs objected to this settlement and have appealed this Court's approval to the Second Circuit, and are presently litigating with the Aviation Defendants in that court. Meanwhile, on September 21, 2010, this Court granted judgment on the pleadings against Cedar & Washington Associates, LLC, one of the three nonsettling plaintiffs, as to all defendants, including the Aviation Defendants. Summary Order Granting Defendants' Motion to Dismiss, Cedar & Washington Assocs., LLC v. Port Authority of New York and New Jersey, et al., 08 Civ. 9146 (21 MC 101), (Doc. # 96) (S.D.N.Y. Sept. 22, 2010). The Aviation Defendants continue to negotiate settlement with the other remaining nonsettling plaintiff, Cantor Fitzgerald.

3

Federal Rule of Civil Procedure 24 provides for intervention in ongoing litigation "[o]n timely motion." Fed. R. Civ. P. 24(a), (b). The district court is to treat the issue of timeliness as a threshold inquiry to the merits of the motion. United States v. Pitney Bowes, Inc., 25 F.3d 66, 74 (2d Cir. 1994). Determining whether a motion to intervene is timely calls for consideration of several factors. "Among the most important factors in a timeliness decision is the length of time the applicant knew or should have known of his interest before making the motion." Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996) (internal quotation omitted). Other factors include whether existing parties would be prejudiced by the delay, whether the movant will be prejudiced if the motion is denied, and any unusual circumstances for or against a finding of timeliness. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 182 (2d Cir. 2001). I hold, applying these considerations, that TIG fails to show timeliness.

TIG's motion comes nine years after the events giving rise to its cause of action and six years after the statute of limitations has run. See N.Y.C.P.L.R. § 214(4) (McKinney 2003) (relevant statute of limitations in New York is three years from the injury); see also Allstate Ins. Co. v. Stein, 1 N.Y.3d 416, 420-21 (N.Y. 2004) (holding that subrogated insurer is subject to the same statute of limitations as the subrogee). That is an exceedingly long delay. Courts in this Circuit customarily deny motions to intervene made after far shorter delays than this one. See In re Holocaust Victim Assets Litig., 225 F.3d 191, 198-99 (2d Cir. 2000) (affirming denial of intervention after delay of eight months); Cantanzano, (same, for eighteen months); Pitney-Bowes, 25 F.3d at 71 (same for fifteen months); Nat'l Fire Ins. Co. of Pitt. v. Sun, 93 Civ. 7170, 1194 WL 463009, at *6 (S.D.N.Y. 1994) (same for four years). TIG's failure, as a sophisticated insurance company, is particularly egregious, for it cannot pretend to

4

be ignorant of the ongoing litigation and the possibility that it had a subrogation interest at stake. See Pitney Bowes, 25 F.3d at 70-71 (affirming denial of intervention as untimely because sophisticated party was presumed aware of the litigation and sat on its rights). The issues at hand involve September 11, not mine-run business losses, and the insurance exposures were great, if not unprecedented. The only logical conclusion to draw is that TIG sat on its rights for a period far too great to permit this Court to consider allowing it to intervene.

Moreover, allowing TIG to intervene would create substantial prejudice to the parties in at least four ways. First, it would upset the Aviation Defendants' reasonable belief that no new plaintiffs could come forward six years after the statute of limitations had run. More important, it would endanger the settlement, for the absence of additional lawsuits was a material condition of the settlement. Second, it would upset ongoing settlement talks with Cantor Fitzgerald and the WTCP Plaintiffs, for the parties have a reasonable expectation that these are the sole remaining plaintiffs. Third, in view of TIG's admission that it wishes to intervene to protect an interest not currently represented by the WTCP Plaintiffs, new issues would have to be litigated, raising the prospect of added years, in addition to the nine years these cases have been pending, before they can be resolved. It is highly unlikely that any settlement talks could occur before TIG's allegedly new and different claims are determined. Fourth, and most important, these parties have spent years in hard-fought litigation, and are entitled to believe their present resolution efforts are ones that will bring finality.

When compared with the potential prejudice that the parties would suffer from granting this motion, TIG's argument that it will suffer prejudice from a denial is unpersuasive. TIG contends that denial of the motion would be unfair because it was not dilatory, for TIG

5

only recently learned from its claims-handling company, Riverstone, that it had a subrogation claim against the WTCP Plaintiffs. This argument is incredible. TIG paid out $18.2 million in loss payments and had to know that a subrogation claim might be available to it, regardless of what its claims-handling company told it. Moreover, if, as appears, TIG cannot join the lawsuits because the relevant statute of limitations has run, that is TIG's own fault, and it cannot use that ground as an excuse for its dilatory conduct. Generally, the running of a statute of limitations is an insufficient basis to grant Rule 24 relief, see United States v. City of New York, 198 F.3d 360, 366 (2d Cir. 1999), particularly when the intervenor sat on its rights, see National Fire Ins. Co, 1994 WL 463009, at *6 ("National Union could have begun to pursue its remedies against [those] responsible for the fraud. Instead it sat on its rights.").

Finally, it is high time that this long-lasting litigation comes to an end. The property-damage plaintiffs agreed to stand by while 94 of the 95 wrongful death and personal injury claims settled. They conducted their discovery and engaged in pre-trial proceedings and motion practice creating readiness for trial, but held these proceedings and their resolutions and determinations in abeyance while engaging themselves in hard-fought negotiations expertly mediated by Retired United States District Judge John Martin. TIG fails to show why its late-filed motion should be allowed to upset the parties' progress.

TIG's motion to intervene is denied. The Clerk shall mark the motion (Doc. No. 1242) terminated.

SO ORDERED.

Dated: September 27, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge