UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
IN RE SEPTEMBER 11 LITIGATION                                :      21 MC 101 (AKH)
                                                             :
------------------------------------------------------------ X
WORLD TRADE CENTER PROPERTIES LLC,                           :      08 CV 3719 (AKH)
et al.,                                                      :
                                                             :
                              Plaintiffs,                    :
                                                             :
                  v.                                         :
                                                             :
UNITED AIRLINES, INC., et al.,                               :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X
WORLD TRADE CENTER PROPERTIES LLC,                           :      08 CV 3722 (AKH)
et al.,                                                      :
                                                             :
                              Plaintiffs,                    :
                                                             :
                  v.                                         :
                                                             :
AMERICAN AIRLINES, INC., et al.,                             :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X

**WTCP PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500

Attorneys for the WTCP Plaintiffs:
World Trade Center Properties LLC
1 World Trade Center LLC
2 World Trade Center LLC
3 World Trade Center LLC
4 World Trade Center LLC

Of Counsel:

    Cathi A. Hession, Esq.
    Thomas A. Egan, Esq.

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT .......................................................................................1

ARGUMENT .....................................................................................................................5

    CERTIFICATION OF THE DAMAGES ORDERS FOR IMMEDIATE
    INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) IS
    WARRANTED AND SHOULD BE GRANTED...............................................5

        A.  The Issues To Be Appealed Involve A Controlling Question Of Law ......................6

        B.  There Is Substantial Ground For Difference Of Opinion On A Controlling
           Question Of Law.................................................................................................8

        C.  Appellate Review Of The Court's Orders Will Materially Advance The
           Ultimate Termination Of The Litigation.............................................................10

CONCLUSION.................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*In re Adelphia Comm'ns Corp. Sec. & Derivative Litig.,*
    03 MDL 1529 (LMM), 2006 WL 708303, (S.D.N.Y. Mar. 20, 2006),
    *rev'd sub nom., W.R. Huff Asset Mgmt. Co.,* 549 F.3d 100 (2d Cir.
    2008), *cert. denied,* --- U.S. ---, 129 S. Ct. 2011 (2009) ................................................ 12

*In re Air Crash off Long Island, N.Y. on July 17, 1996,*
    27 F. Supp. 2d 431 (S.D.N.Y. 1998), *aff'd,* 209 F.3d 200 (2d Cir. 2000) ........................ 8

*In re Cement Antitrust Litig.,*
    673 F.2d 1020, 1026 (9th Cir. 1982) ............................................................................ 8

*Consol. Edison, Inc. v. Northeast Utils.,*
    318 F. Supp. 2d 181 (S.D.N.Y. 2004), *rev'd in part,* 426 F.3d 524 (2d Cir. 2005) ...... 6, 12

*Fargo v. Browning,*
    45 A.D. 507, 61 N.Y.S. 301 (1st Dep't 1899) ................................................................ 9

*Kuzinski v. Schering Corp.,*
    Civil No. 3:07cv233 (JBA), 2009 WL 1035297 (D. Conn. Apr. 17, 2009) ............... 11-12

*Litzler v. CC Investments, LDC,*
    2003 U.S. Dist. LEXIS 11009 (S.D.N.Y. Mar. 5, 2003),
    *vacated and* remanded, 362 F.3d 203 (2d Cir. 2004) ...................................................... 6

*LNC Investments, Inc. v. First Fidelity Bank,*
    No. 92 Civ.7584 (CSH), 2000 WL 461612 (S.D.N.Y. Apr. 18, 2000) ........................ 8, 12

*New York v. United Boatmen of New York, Inc.,*
    08-CV-2503 (CPS)(RLM), 2009 WL 962250 (E.D.N.Y. Apr. 7, 2009) ........................ 6-7

*N.F.L. Ins. Ltd. v. B & B Holdings, Inc.,*
    No. 91 Civ. 8580 (PKL), 1993 WL 255101 (S.D.N.Y. July 1, 1993) ............................... 9

*Plouffe v. Rogers,*
    144 A.D.2d 218, 534 N.Y.S.2d 731 (3d Dep't 1988) ................................................ 9, 10

*Poulos v. Badala,*
    227 A.D.2d 118, 641 N.Y.S.2d 313 (1st Dep't 1996) ................................................ 9, 10

*Rose Lee Mfg., Inc. v. Chem. Bank,*
    186 A.D.2d 548, 588 N.Y.S.2d 408 (2d Dep't 1992) ...................................................... 9

## TABLE OF AUTHORITIES (CONT'D)

**Cases**                                                                                    **Page(s)**

*In re September 11 Litig.,*
    21 MC 101 (AKH), 2009 WL 1181057 (S.D.N.Y. Apr. 30, 2009).....................................1

*In re September 11th Litig.,*
    590 F. Supp. 2d 535 (S.D.N.Y. 2008) ..............................................................................1

*Skylon Corp. v. Guilford Mills,*
    901 F. Supp. 711 (S.D.N.Y. 1995) ...................................................................................9

*Steitz v. Gifford,*
    19 N.E.2d 661, 280 N.Y. 15 (1939).................................................................................10

*W.R. Huff Asset Mgmt. Co.,*
    549 F.3d 100 (2d Cr.2008) .............................................................................................13

*Zakrewska v. The New School,*
    598 F. Supp. 2d 426 (S.D.N.Y. 2009) ..............................................................................6


**Statutes & Rules**

28 U.S.C. § 1292(b) ................................................................................................1, 4, 13


**Other Authority**

S. Rep. No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255...............9

Restatement 2d Torts § 917 (1979) .........................................................................................10

## PRELIMINARY STATEMENT

Plaintiffs World Trade Center Properties LLC ("WTCP LLC"), 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly known as 5 World Trade Center LLC), and 4 World Trade Center LLC (collectively, the "WTCP Plaintiffs") submit this memorandum of law in support of their motion for an Order certifying the following Orders of this Court (the "Damages Orders") for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b): (1) the August 28, 2008 Order Regulating Admissible Evidence on Motion for Summary Judgment (the "August 28, 2008 Order"), (2) the December 10, 2008 Opinion Granting in Part and Denying in Part Motion for Summary Judgment Regarding Damages (the "December 10, 2008 Order," reported at 590 F. Supp. 2d 535 (S.D.N.Y. 2008)), (3) the April 29, 2009 Order Reclassifying and Denying World Trade Center Properties Plaintiffs' Motion for Reconsideration (the "April 29, 2009 Order," reported at 2009 WL 1181057 (S.D.N.Y. Apr. 30, 2009)), (4) the May 26, 2009 Order Denying Motion for Reconsideration or for § 1292(b) Certification (the "May 26, 2009 Order"), and (5) the September 30, 2009 Summary Order Regarding Motion for Collateral Setoff and Summary Judgment (the "September 30, 2009 Order"). (Copies of the Damages Orders are Exhibits 1-5, respectively, to the accompanying Declaration of Thomas A. Egan (the "Egan Decl.").) Individually and collectively, the Damages Orders limit and otherwise affect the damages the WTCP Plaintiffs may recover from the Aviation Defendants.

The Damages Orders were relied on by the Aviation Defendants and certain property damage plaintiffs with which they settled in support their February 25, 2010 joint motion seeking

the Court's approval of their $1.2 billion settlement (the "Motion to Approve Settlement").[1] They argued that the settlement would leave plenty of insurance money for a pro rata recovery by WTCP against each of the Aviation Defendants because WTCP's damages "are now worth little or nothing" or "approach zero" as a result of the Damages Orders. *See* Memorandum in Support of Motion to Approve, at 9-11; Aviation Defendants' Reply Memorandum, at 40-47; Settling Plaintiffs' Reply Memorandum, at 1, 4-6.[2]  (For convenience of reference, relevant excerpts of the Memorandum in Support and the two Reply Memoranda are annexed as Exhibits 6-8, respectively, to the Egan Decl.)

As the Court is well aware, the Court's July 1, 2010 Opinion and Order Granting Joint Motion Approving Property Damage Settlements, as clarified by the Court's July 23, 2010 Order Clarifying Order and Opinion Approving Settlement and Granting Intervenor Status, is now on appeal.  The settling parties want to entirely insulate the Damages Orders on which they relied from Second Circuit review. *See* Appellees' Partial Opposition to Appellants' Motion To Consolidate Appeals And For Other Procedural Relief (Exhibit 9 to the Egan Decl.) (arguing that appeals from the two above-captioned WTCP cases are "jurisdictionally defective"); Appellees' Motion To Dismiss Certain  Appeals For Lack Of Appellate Jurisdiction (Exhibit 10 to the Egan Decl.) (seeking dismissal of the same two appeals on the grounds that the District Court could not have properly directed the entry of rule 54(b) judgments in those cases).

However, the District Court has acknowledged that, to the extent that the settling parties relied on the Damages Orders in seeking approval of their settlement, the appeal calls into

---

[1] The Court granted intervenor status to all competing claimants to oppose (and the WTCP Plaintiffs did oppose) the Motion to Approve Settlement, and the Court issued Rule 54(b) orders in all affected cases, including the WTCP Plaintiffs' cases.

[2] The Damages Orders only apply to WTCP's claims with respect to WTC 1, 2, 4 and 5, but the settling parties argued that the Aviation Defendants "expect to achieve the same result" as in the Damages Orders with respect to WTCP's claims for the destruction of 7 WTC. *E.g.*, Memorandum in Support of Motion to Approve, at 11.

question those Orders.  At an August 25, 2010 conference, the Court specifically inquired of

WTCP counsel whether the Damages Orders would be the focus of WTCP's appeal:

> THE COURT:  Can I stop you for a moment, Mr. Egan?  Is your appeal focused on the error of my decision limiting your right to recover?
>
> MR. EGAN:  That -- I do not believe that is the primary focus.  The primary focus is the distribution of the funds and the extinguishment of our plans [claims] against Hundley [Huntleigh].
>
> THE COURT:  But that begs the question what claims you have.
>
> MR. EGAN:  I would not be surprised to find that the appellees raise that issue in response to what we say, but that's not the primary focus of the grounds on which we are bringing the appeal.
>
> THE COURT:  Remind me, on the issue of limitation of the quantity of damages you're entitled to claim, is there finality?
>
> MR. EGAN:  At the moment I believe not so.
>
> THE COURT:  Why is that?
>
> MR. EGAN:  Because I do not believe that that was encompassed by the 54(b) judgment that the Court entered.  As a result, it is not currently appealable, as it is not final.
>
> THE COURT:  I take it that it's not final because, why, because Cantor Fitzgerald is not yet liquidated?
>
> MR. EGAN:  No, your Honor.  It's not final because our affirmative cases still pend in this Court but for that aspect of it covered by the 54(b) judgment, which is very specific in what it covers.

Transcript of August 25, 2010 conference (Exhibit 11 to Egan Decl.), at 4-5.

That colloquy demonstrates the present lack of clarity as to what is covered by the

pending appeal and that certification of the Damages Orders should be granted at this time.

There is no point in piecemeal appeals involving the Damages Orders.  Because the settling

parties relied on the Damages Orders, the Second Circuit should have before it the complete record on which the Damages Orders were issued.

More than a year and a half ago, the WTC Plaintiffs sought § 1292(b) certification of three of the five Damages Orders. At that time, the Court denied certification on the ground that appeal at that time would yield few benefits and would slow the many remaining wrongful death and property damage actions:

> The decisions that the WTCP Plaintiffs seek to appeal are fact-intensive, and an appeal on an incomplete record would yield few benefits. Moreover, such an appeal would inevitably slow the remaining wrongful death actions and the actions by other property plaintiffs. Instead of speeding the resolution of this litigation, certification would impede it unproductively.

*See* May 26, 2009 Order  (Exhibit 4 to the Egan Decl.), at 2.

The concern about slowing many other plaintiffs' cases no longer pertains. There is only one wrongful death and one other property damage case left and the remaining property damage case (by Cantor Fitzgerald) is the subject of pending motions. Moreover, this request for certification of all of the Damages Orders is made in the entirely different context of the $1.2 billion settlement, the settling parties' reliance on the Damages Orders as a reason why the settlement should be approved, the Court's Order as clarified,  approving the settlement, and WTCP's pending appeal from that Order.

WTCP is entitled to a fair appeal.  The fact that the Damages Orders are implicated in the appeal strongly counsels in favor of the Court's granting certification of the Damages Orders for immediate appeal, pursuant to 28 U.S.C. § 1292(b), so that the correctness of the Damages Orders can be addressed without question on a complete record.  (Certification at this time will permit consolidation with the pending appeal.)  Indeed, the nature and scope of the WTCP Plaintiffs' recoverable damages may be an issue of controlling importance.  Accordingly,

certification will materially advance the ultimate termination of the litigation.  Moreover,

certification will resolve any question – such as that raised by the Court at the August 25, 2010

conference – as to the degree to which the pending appeal calls up the issue of the WTCP

Plaintiffs' recoverable damages for appellate review.  *See* Transcript of August 25, 2010

Conference (Exhibit 11 to Egan Decl.), at 4-5.

## ARGUMENT

### CERTIFICATION OF THE DAMAGES ORDERS FOR IMMEDIATE INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) IS WARRANTED AND SHOULD BE GRANTED

Pursuant to 28 U.S.C. § 1292(b), "a district court may certify an order for interlocutory

appeal when:  (1) the issues to be appealed involve a controlling question of law; (2) as to which

there is substantial ground for difference of opinion; and (3) an immediate appeal from the order

may materially advance the ultimate termination of the litigation." *Litzler v. CC Investments,*

*LDC*, 2003 U.S. Dist. LEXIS 11009, at *3 (S.D.N.Y. Mar. 5, 2003) (Hellerstein, J.) (denying

defendants' motion for reconsideration but granting alternative request for interlocutory appeal

pursuant to 1292(b) where issue to be appealed "fulfills all of these criteria, and interlocutory

appeal is therefore appropriate"), *vacated and remanded*, 362 F.3d 203 (2d Cir. 2004).

Although an interlocutory appeal generally is an unwarranted departure from the final

judgment rule, an exception should be made for a case of "unusual significance" in which a

"ruling is of practical significance going well beyond run-of-the-mill concerns of the parties

before the Court." *Zakrewska v. The New School*, 598 F. Supp. 2d 426, 437 (S.D.N.Y. 2009)

(quotation marks, footnote and citations omitted); *Consol. Edison, Inc. v. Northeast Utils.*, 318 F.

Supp. 2d 181, 196 (S.D.N.Y. 2004) (granting certification where, *inter alia*, "the implications of

the decision in this case are far-reaching, potentially affecting billion-dollar transactions in this case and others"), *rev'd in part*, 426 F.3d 524 (2d Cir. 2005).

It is beyond dispute that this is a case of "unusual significance"[3] and that the "practical significance" of a prompt final determination of the scope of damages which the WTCP Plaintiffs are entitled to seek from a jury goes well beyond the "run of the mill" concerns of the parties.   Due to a shortage of funds, two out of the four office/retail building sites on the World Trade Center site will remain indefinitely in an unbuilt or half-built condition if the WTCP Plaintiffs are not made whole from billions of dollars of insurance now held for more than nine years by the insurers of the Aviation Defendants who allowed the terrorist attacks to happen. *See* September 17, 2001 letter from Richard A. Williamson to Hon. Alvin K. Hellerstein (Exhibit 12 to the Egan Decl.) (describing current rebuilding status and needs).

Moreover, for the same reasons that the WTCP Plaintiffs have urged the Court to set an early trial date (*see id.*), ultimate termination of this litigation should not have to await a second appeal from Damages Orders, which are already implicated in a pending appeal which has an expedited briefing schedule.  Public confidence in our judicial system demands that the Court do what it can to bring finality to these disputes.  Certification of the Damages Orders for immediate interlocutory appeal at this time will serve that public interest.

**A.**      **The Issues To Be Appealed Involve A Controlling Question of Law**

A controlling question of law exists if reversal of the district court's opinion "could significantly affect the conduct of the action." *See New York v. United Boatmen of New York,*

---

[3]  Although the Court did not address whether these cases are of "unusual significance" in its prior ruling denying certification (*see* Exhibit 4 to the Egan Decl.) the Court has acknowledged many times that this litigation, committed to the Court's care by the Air Transportation Safety and System Stabilization Act, as amended, codified at 49 U.S.C. § 40101, note ("ATSSSA"), is of particular public significance and interest.

*Inc.*, No. 08-CV-2503 (CPS)(RLM), 2009 WL 962250, at *4 (E.D.N.Y Apr. 7, 2009) (quotation marks and citation omitted). "'Controlling' does not mean 'dispositive.' . . . 'Rather, all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could *materially affect* the outcome of litigation in this district court.'" *See LNC Investments, Inc. v. First Fidelity Bank*, No. 92 Civ. 7584 (CSH), 2000 WL 461612, at *3 (S.D.N.Y. Apr. 18, 2000) (emphasis in original; *quoting In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *LNC Investments*, 2000 WL 461612, at *4 (order certified for interlocutory appeal was "fatal to a contention that lies at the heart of [movants'] case," although not dispositive of the action); *see also In re Air Crash off Long Island, N.Y. on July 17, 1996*, 27 F. Supp. 2d 431, 434 (S.D.N.Y. 1998) (certifying question whether Death on the High Seas Act applied to the TWA 800 crash as "one of the controlling questions of law affecting the naming of the appropriate plaintiffs and beneficiaries and the availability and measure of damages"), *aff'd*, 209 F.3d 200 (2d Cir. 2000).

Here, controlling questions of law will determine whether the WTCP Plaintiffs can seek to recover more than $6 billion (plus over 81% in prejudgment interest covering a period of now more than nine years) for the diminution in the market value of its leasehold interests, including needed rebuilding costs, and other damages, or are limited to $2.805 billion (plus consequential damages). *See* September 30, 2009 Order (Exhibit 5 to the Egan Decl.). The material effect of such a determination on the conduct of the litigation is demonstrated by the settling parties' reliance on those Damages Orders, in seeking approval of their settlement as a fair, pro rata share of limited insurance funds, as establishing that WTCP's damages are worth very little. *See* Exhibit 7 to the Egan Decl. (Aviation Defendants' Reply Memorandum), at 40-47. Moreover, although the Court has declined several times to determine post-verdict collateral offsets

prematurely (*see, e.g.,* Exhibits 2 and 5 to the Egan Decl.), issues decided in the Damages Orders

formed the predicate for the Aviation Defendants' argument that collateral offsets might as well

be determined without even waiting for a jury to render a damages verdict.

**B.    There Is Substantial Ground For Difference Of Opinion On A Controlling Question Of Law**

Certification should be granted where there is substantial ground for difference of opinion

on a controlling question of law to be appealed, either because different courts have reached

different conclusions on the issue or because there is a paucity of case law. *See, e.g., N.F.L. Ins.*

*Ltd. v. B & B Holdings, Inc.*, No. 91 Civ. 8580 (PKL), 1993 WL 255101, at *2 (S.D.N.Y. July 1,

1993) ("there must be 'substantial doubt' that the district court's order was correct," *quoting* S.

Rep. No. 2434, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5257));

*Skylon Corp. v. Guilford Mills,* 901 F. Supp. 711, 718 (S.D.N.Y. 1995) (granting certification

based on substantial ground for difference of opinion created by a New York Court of Appeals

decision and "the paucity of relevant cases").

Not to repeat previously made arguments, but solely to demonstrate that a substantial

ground for a difference of opinion over a controlling question of law exists, we address briefly

one of the bases of our disagreement with the Damages Orders. The rule in New York that a

tortfeasor is responsible for <u>all damages</u> resulting directly from his wrongdoing, whether or not

the damages could have been foreseen, is well-established. The Court cited no authority for its

ruling that WTCP's damages for rebuilding the World Trade Center buildings (as its leases

require it to do) do not result directly from the Aviation Defendants' tortious conduct  because

they flow "from WTCP's contract clauses, not the Aviation Defendants' negligence." *See*

December 10, 2008 Order (Exhibit 3 to the Egan Decl.), 590 F. Supp. 2d at 543-44 (rebuilding

costs "cannot be made . . . the natural and probable result of [the Aviation Defendants']

negligence, nor the foreseeable consequence of their acts and omissions"); *see also* April 29,

2009 Order (Exhibit 4 to the Egan Decl.), 2009 WL 1181057 at *3 (citing a breach of contract

case, *Rose Lee Mfg., Inc. v. Chem. Bank*, 186 A.D.2d 548, 588 N.Y.S.2d 408 (2d Dep't 1992), in

finding that "[t]he Aviation Defendants are not liable for the specific performance obligation of

tenants and owners, for such liability would be uncontrolled and potentially ruinous").

 Indeed, the Court acknowledged the paucity of authority for its departure from well-

established tort damages rules. *See* September 24, 2008 Transcript of Proceedings in 21 MC 101

(Exhibit 13 to the Egan Decl.), at 39 ("[H]ere, there is a contract clause that puts an obligation on

the part of the holder of the net lease.  And we've looked for cases, and we haven't found any

cases.").  However, although there are not many cases involving tort victims who were forced,

by the tortfeasors' actions, to incur contract costs or to meet contract obligations they otherwise

would not have had to meet, there are some, and they do not support the Court's ruling.  At least

two New York Appellate Division cases, both cited by WTCP in its briefs to the Court, have

upheld tort claims for damages incurred when tortious conduct activated the injured party's own

existing contract obligations – credit card finance charges incurred in paying for emergency

repairs and car lease early termination charges following a car accident.  *See Poulos v. Badala*,

227 A.D.2d 118, 119, 641 N.Y.S.2d 313, 314 (1st Dep't 1996) (credit card charges); *Plouffe v.

Rogers*, 144 A.D.2d 218, 219-20, 534 N.Y.S.2d 731, 733 (3d Dep't 1988) (lease termination

fees).  Another Appellate Division case cited by WTCP upheld a demurrer to a lessor's

complaint for an accounting of a condemnation award to lessees for leasehold damages,

including rebuilding costs, where the lease obligated the lessee to rebuild.  *See Fargo v.

Browning,* 45 A.D. 507, 510, 61 N.Y.S. 301, 303 (1st Dep't 1899).

The Court did not distinguish those cases, except to note that the early termination charge at issue in *Plouffe* was "an extra and minor payment under an automobile lease, not multiple billions of dollars." *See* April 30, 2009 Order (Exhibit. 4 to the Egan Decl.), 2009 WL 1181057 at *3. Nor did the Court address the New York Court of Appeals' ruling in *Steitz v. Gifford*, 19 N.E.2d 661, 644, 280 N.Y. 15, 20 (1939) that tort damages "need to be so near to the cause only that they may be reasonably traced to the event and be independent of other causes"); *see also* Restatement 2d Torts § 917 (1979) (distinguishing liability for "future harms resulting from the intervention of other forces" after the tortious conduct at issue). Here, as with the contract provisions in *Poulos* and *Plouffe*, the lease provisions themselves were activated only because of defendants' tortious conduct. If defendants' tortious conduct had not caused the destruction of the WTC Buildings, the lease provisions requiring rebuilding would not have required any action on WTCP's part.

Accordingly, a substantial ground for a difference of opinion exists on the controlling question of law whether a tort victim can recover damages caused when the tortfeasor's conduct activates a victim's pre-existing contractual obligation.

## C.    Appellate Review Of The Court's Orders Will Materially Advance The Ultimate Termination Of The Litigation

The final prong of the three-prong test for certification – whether immediate appeal may materially advance the ultimate termination of the litigation – also is met. Facts giving rise to concerns expressed by the Court when the Court denied certification of three of the Damages Orders more than a year ago have changed.

First, the record upon which the Second Circuit would resolve the damages issues has been amplified and expanded by the submissions of the parties in connection with the Aviation Defendants' July 2009 motion seeking (for the second time) the application of collateral setoffs

against the WTCP Plaintiffs' potential recoveries and summary judgment with respect to certain items of the WTCP Plaintiffs' claimed damages, and the Court's September 30, 2009 Order deciding that motion. Accordingly, the Court now does not need to be concerned about review upon an incomplete record as to WTCP's recoverable damages.

Second, since recertification was denied in 2009, all but one of the remaining 9/11 wrongful death actions and all but one other property damage action have now been settled or dismissed. Because, at the Court's direction, the property damage settlement is being appealed on an expedited schedule (*see* September 21, 2010 Order Denying Uninsured Loss Plaintiffs Motion For Early Disbursement of Settlement Funds), and the reason for this certification request is so that a consolidated appeal of the Damages Orders can be effected, granting certification will expedite ultimate resolution, not delay it. Without certification, the Second Circuit may have to remand back to this Court for additional findings germane to the pending appeal, thereby delaying final resolution despite the Court's and the parties' desire for a rapid conclusion.

Finally, the Damages Orders have put the parties at loggerheads, with each side convinced that it will eventually prevail on these important damages issues. The resulting impasse hinders rather than fosters any consensual resolution of the WTCP Plaintiffs' claims. Moreover, the WTCP Plaintiffs have joined the family of Mark Bavis, the sole remaining wrongful death plaintiff, in requesting a trial before the 10th anniversary of the tragic and devastating events of 9/11. Prompt certification and appeal of the Damages Orders would ensure that the long-awaited trial not be followed by still more appeals and possible retrials. *See Kuzinski v. Schering Corp.*, Civil No. 3:07cv233 (JBA), 2009 WL 1035297, at *3 (D. Conn. Apr. 17, 2009) ("permitting Defendant to appeal now would ensure that significant expenditure of

resources would not be futile"); *Consol. Edison, Inc.*, 318 F. Supp. 2d at 196 (resolution of issue would materially advance termination of litigation where it would "substantially change the face of the litigation"); *In re Adelphia Comm'ns Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2006 WL 708303, at *4 (S.D.N.Y. Mar. 20, 2006) (resolution on appeal whether plaintiff had standing would result in the "elimination of uncertainty [that] would contribute positively to the possibility of settlement, which is the Court's ultimate goal to the extent possible"), *rev'd sub nom.*, *W.R. Huff Asset Mgmt. Co.*, 549 F.3d 100 (2d Cir.2008), *cert. denied*, --- U.S. ---, 129 S. Ct. 2011 (2009); *LNC Investments, Inc.*, 2000 WL 461612, at *4 (certification granted where, "[i]f the parties are subjected to a full plenary trial and on appeal the Second Circuit concludes I decided that question incorrectly, then there will have to be a third trial").

## CONCLUSION

For all the foregoing reasons and the reasons set forth in the accompanying Egan

Declaration, the WTCP Plaintiffs respectfully request that this Court certify, pursuant to 28

U.S.C. § 1292(b), its August 28, 2008, December 10, 1008, April 29, 2009, May 26, 2009 and

September 30, 2009 Orders for immediate interlocutory appeal.

Dated: New York, New York
       September 28, 2010

                             FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

                             By: _____
                                       Thomas A. Egan, Esq.
                             One Liberty Plaza
                             New York, New York  10006
                             (212) 412-9500

                             Attorneys for the WTCP Plaintiffs:
                             World Trade Center Properties LLC,
                             1 World Trade Center LLC,
                             2 World Trade Center LLC,
                             3 World Trade Center LLC,
                             4 World Trade Center LLC

359682

13