UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                              :   21 MC 101 (AKH)
                                              :
IN RE SEPTEMBER 11 LITIGATION                 :   This Document Relates To:
                                              :
                                              :   08 CIV 3719
                                              :   08 CIV 3722
------------------------------------------------------------x


**THE AVIATION DEFENDANTS' OPPOSITION TO
WORD TRADE CENTER PROPERTIES PLAINTIFFS'
<u>MOTION FOR 28 U.S.C. § 1292(b) CERTIFICATION</u>**


CONDON & FORSYTH LLP
Desmond T. Barry, Jr. (DB 8066)
7 Times Square
New York, New York 10036
Tel: (212) 490-9100
Fax: (212) 370-4453
dbarry@condonlaw.com

*Aviation Defendants' Liaison Counsel*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT...................................................................................................................................1

    I.    WTCP's Motion is Untimely And Should Be Denied For That Reason Alone ..................................................................................................................3

    II.   WTCP Cannot Satisfy Any Of The Elements The Court Must Consider In Determining Whether To Grant 1292(b) Certification............................................4

        A.   The Damages Orders Do Not Involve A Controlling Question Of Law ...........................................................................................................5

        B.   None Of The Damages Orders Remotely Involves A Substantial Ground For Difference Of Opinion .............................................................7

        C.   An Interlocutory Appeal Will Not Materially Advance The Ultimate Termination Of The Litigation ................................................................9

CONCLUSION ............................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Century Pac., Inc. v. Hilton Hotels Corp.*,
 574 F. Supp. 2d 369 (S.D.N.Y. 2008) .................................................................. 4, 5

*Fargo v. Browning*,
 45 A.D. 507 (1st Dep't 1899) .................................................................................. 9

*Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*,
 780 F. Supp. 978 (E.D.N.Y. 1992) .......................................................................... 4

*Fisher v. Qualico Contracting Corp.*,
 98 N.Y.2d 534 (2002) .............................................................................................. 8

*Flor v. Bot Fin. Corp.*,
 79 F.3d 281 (2d Cir. 1996) ................................................................................. 4, 8

*Green v. City of New York*,
 No. 05-CV-0429, 2006 WL 3335051 (E.D.N.Y. Oct. 23, 2006) ............................ 4

*Grill v. United States*,
 303 F.2d 922 (Ct. Cl. 1962) .................................................................................... 8

*Harriscom Svenska AB v. Harris Corp.*,
 947 F.2d 627 (2d Cir. 1991) ................................................................................... 5

*Hartshorn v. Chaddock*,
 135 N.Y. 116 (1892) ............................................................................................... 8

*In re Sept. 11th Litig.*,
 590 F. Supp. 2d 535 (S.D.N.Y. 2008) .................................................................... 9

*In re Sept. 11th Litig.*,
 No. 21 MC 101, 2003 WL 22251325 (S.D.N.Y. Oct. 1, 2003) ........................... 4, 5

*In re Sept. 11th Litig.*,
 No. 21 MC 101, 2010 WL 2628642 (S.D.N.Y. July 1, 2010) .............................. 5, 6

*In re World Trade Ctr. Disaster Site Litig.*,
 469 F. Supp. 2d 134 (S.D.N.Y. 2007) ................................................................. 2, 9

*Koehler v. Bank of Bermuda Ltd.*,
 101 F.3d 863 (2d Cir. 1996) ................................................................................... 2

*Plouffe v. Rogers*,
  144 A.D.2d 218 (3d Dep't 1988) .......................................................................... 9

*Poulos v. Badala*,
  227 A.D.2d 118 (1st Dep't 1996) ......................................................................... 9

*Ryan, Beck & Co., LLC v. Fakih*,
  275 F. Supp. 2d 393 (E.D.N.Y. 2003) .................................................................. 5

*Salim Oleochemicals, Inc. v. M/V Shropshire*,
  177 F. Supp. 2d 159 (S.D.N.Y. 2001) .................................................................. 9

*Sandoro v. Harlem-Genesee Mkt. & Nursery, Inc.*,
  105 A.D.2d 1103 (4th Dep't 1984) ....................................................................... 8

*Schonfeld v. Hillard*,
  218 F.3d 164 (2d Cir. 2000) ................................................................................. 8

*Silverman v. Comm'r of Internal Revenue*,
  538 F.2d 927 (2d Cir. 1976) ................................................................................. 8

*Suitum v. Tahoe Reg'l Planning Agency*,
  520 U.S. 725 (1997) .............................................................................................. 8

*Wausau Bus. Ins. Co. v. Turner Costr. Co.*,
  151 F. Supp. 2d 488 (S.D.N.Y. 2001) ........................................................... 4, 8, 9

*Weir v. Propst*,
  915 F.2d 283 (7th Cir. 1990) ................................................................................ 4

*WTC Captive Ins. Co. v. Liberty Mut. Fire Ins. Co.*,
  537 F. Supp. 2d 619 (S.D.N.Y. 2008) .................................................................. 7

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................. *passim*

Fed. R. Civ. P. 54(b) .................................................................................................. 7, 10

Fed. R. Civ. P. 56 ............................................................................................................ 10

N.Y. C.P.L.R. § 4545(c) ................................................................................................. 10

## PRELIMINARY STATEMENT

The Aviation Defendants[1] respectfully submit this Memorandum of Law and the accompanying Declaration of Desmond T. Barry, Jr. (the "Barry Decl.") in opposition to the motion of the WTCP Plaintiffs[2] to certify, pursuant to 28 U.S.C. § 1292(b), all five of this Court's prior Orders concerning WTCP's damages (the "Damages Orders") for immediate interlocutory appeal.[3] WTCP's motion should be denied in its entirety.

## ARGUMENT

This motion is WTCP's *second* request for 1292(b) certification of the Court's prior Orders limiting its damages. On May 14, 2009, WTCP filed a motion asking this Court (for the second time) to reconsider and reverse its prior decisions limiting WTCP's claim for the destruction of the WTC Complex to the diminution in market value of the destroyed buildings. In its Order dated May 26, 2009, the Court denied WTCP's second motion for reconsideration stating that the "motion simply offers for a third time, an argument that I considered and rejected twice before." Barry Decl., Ex. D, p. 2. WTCP also requested, in the alternative, that the Court

---

[1] The "Aviation Defendants" are American Airlines, Inc.; AMR Corporation; United Air Lines, Inc.; UAL Corporation; US Airways, Inc.; US Airways Group, Inc.; Colgan Air, Inc.; Globe Aviation Services Corp.; Globe Airport Security Services, Inc.; Huntleigh USA Corporation; ICTS International N.V.; The Boeing Company; Massachusetts Port Authority; Burns International Security Services Company, LLC (formerly known as Burns International Security Services Corporation); Burns International Services Company, LLC (formerly known as Burns International Services Corporation); Pinkerton's, LLC (formerly known as Pinkerton's Inc.); and Securitas AB. Continental Airlines, Inc. is a property defendant in the American Airlines Flight 11 litigation only.

[2] The WTCP Plaintiffs are World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC (formerly known as 5 World Trade Center LLC), 4 World Trade Center LLC, and 7 World Trade Center Company, L.P.

[3] The Damages Orders that are the subject of WTCP's motion are: (a) the April 28, 2008 Order Regulating Admissible Evidence on Motion for Summary Judgment; (b) the December 10, 2008 Order Granting in Part and Denying in Part Motion for Summary Judgment Regarding Damages; (c) the April 29, 2009 Order Reclassifying and Denying World Trade Center Properties Plaintiffs' Motion for Reconsideration; (d) the May 26, 2009 Order Denying Motion for Reconsideration or § 1292(b) Certification; and (e) the September 30, 2009 Summary Order Regarding Motion for Collateral Setoff and Summary Judgment. Copies of these Orders are attached as Exhibits A to E, respectively, to the Barry Decl.

grant 1292(b) certification for an immediate interlocutory appeal of all of the Court's prior Orders concerning WTCP's damages. The Court denied that request stating, in pertinent part:

> Section 1292(b) provides that a district court may certify an order for interlocutory appeal when it finds that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Such certification is rare, because interlocutory appeals may "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (citing *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)). The decisions that the WTCP Plaintiffs seek to appeal are fact-intensive, and an appeal on an incomplete record would yield few benefits.

*Id.*, p. 2.

The Court correctly denied WTCP's request for 1292(b) certification the first time around and there is no reason to alter that decision now. The factors favoring certification were not present then and are not present now.

As the Court is well aware, WTCP was the only party to object to the Settlement Agreement among the Aviation Defendants and the settling Property Damage Plaintiffs (collectively, the "Settling Parties"), and WTCP currently is appealing the Court's July 1, 2010 and July 23, 2010 Orders approving the Settlement Agreement (the "Settlement Approval Orders"). On September 28, 2010, WTCP and the Settling Parties stipulated to an expedited briefing schedule wherein WTCP must perfect its appeal and file its appellate brief by October 29, 2010. WTCP filed its current motion for 1292(b) certification just hours after signing the Stipulation setting forth the briefing schedule. The purpose behind WTCP's motion for 1292(b) certification is to inject all of the issues decided in the five Damages Orders into its appeal of the Settlement Approval Orders. Undoubtedly, granting 1292(b) certification would materially

delay the briefing and disposition of the appeals of the Settlement Approval Orders. The settling Property Damage Plaintiffs have raised this objection in their letters to the Court, and the Aviation Defendants agree with the settling Property Damage Plaintiffs' position.

Nothing that has happened in the sixteen months that have passed since the Court denied WTCP's first request for 1292(b) certification warrants revisiting that decision. The Aviation Defendants filed a motion for partial summary judgment, pursuant to Rule 4545(c) of the New York Civil Practice Law and Rules ("CPLR 4545(c)"), seeking to establish that WTCP's potential tort recovery is offset completely by the $4.55 billion in insurance payments that WTCP received for the destruction of the WTC Complex. That motion was granted in part and denied in part, and the Court's September 30, 2009 Order states, among other things, that:

1. The showing of correspondence between insurance recoveries received by WTCP and WTCP's potential tort recovery requires expert testimony as to correspondence of the elements of each and, therefore, cannot be made on the present record.

2. I rule that the insurance proceeds that WTCP received from its insurers are allocable only to Business Interruption and Replacement Cost, unless WTCP pleads and proves specific facts supporting allocation to additional components.

Barry Decl., Ex. E.

In view of the existing rulings, further proceedings in this Court are necessary before the issue of WTCP's damages (or lack thereof) is ripe for appeal. Despite the obvious lack of finality concerning whether correspondence exists, WTCP has included the Court's September 30, 2009 Order in its motion for 1292(b) certification. The motion should be denied.

I.   **WTCP's Motion is Untimely And Should Be Denied For That Reason Alone**

As a threshold matter, sufficient grounds exist to deny WTCP's motion based on untimeliness alone. The Court rejected WTCP's first request for 1292(b) certification of the then

3

existing Damages Orders sixteen months ago and almost a year has passed since the Court issued the most recent interlocutory Damages Order that WTCP wishes to appeal. Courts have denied motions for 1292(b) certification as untimely based on much shorter lapses of time. *See, e.g., Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (denying a motion for interlocutory appeal made less than four months after the relevant order was issued) (citing *Green v. City of New York*, No. 05-CV-0429, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (two-month delay untimely); *Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (two-and-a-half-month delay untimely); *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990) (district court abused its discretion by permitting a three-month delay before party moved for 1292(b) certification)).

## II. WTCP Cannot Satisfy Any Of The Elements The Court Must Consider In Determining Whether To Grant 1292(b) Certification

Under Section 1292(b), an interlocutory appeal is appropriate only when the district court determines that the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). *See also In re Sept. 11th Litig.*, No. 21 MC 101, 2003 WL 22251325, at *2 (S.D.N.Y. Oct. 1, 2003). Certification of an order for interlocutory appeal is an extraordinary remedy that "should be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Flor v. Bot Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996) (internal quotations and citations omitted); *see also Wausau Bus. Ins. Co. v. Turner Costr. Co.*, 151 F. Supp. 2d 488, 492 (S.D.N.Y. 2001) (noting that certification is appropriate only in "exceptional cases").

"The question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Century Pac., Inc.*, 574 F. Supp. 2d at 371 (internal quotations and citations omitted); *see also Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("where the controlling issues are questions of fact ... the federal scheme does not provide for an immediate appeal...."). Finally, even if a party meets all three elements (and WTCP cannot meet *any* of the required elements), a district court still retains unfettered discretion to deny 1292(b) certification of an order for interlocutory appeal. *See In re Sept. 11th Litig.*, No. 21 MC 101, 2003 WL 22251325, at *2; *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003).

### A. The Damages Orders Do Not Involve A Controlling Question Of Law

WTCP's primary argument is that 1292(b) certification is justified because the value of its claims is "an issue of controlling importance" in its appeal of the Settlement Approval Orders. WTCP complains that it will be denied a "fair appeal" if the Second Circuit does not review the Damages Orders simultaneously with the Settlement Approval Orders. However, this argument does not make any sense because the issues that are involved in the two sets of Orders have very little, if anything, to do with one another. Despite WTCP's assertions, this Court did not approve the Settlement Agreement because of the value (or lack thereof) of WTCP's claims. Instead, the Court based its decision on the following factors: (1) the Aviation Defendants' liability insurance does not constitute a limited fund; (2) insurers are free under controlling New York law to settle with whomever they choose and in the order they choose, even if doing so exhausts the policy limits to the exclusion of non-settling claimants; and (3) WTCP's "no settlement with fewer than all claimants until the value of all claims is finally determined" position would make it impossible to efficiently manage complex multi-party litigation. *See In re Sept. 11th Litig.*, No.

5

21 MC 101, 2010 WL 2628642, at *5-9 (S.D.N.Y. July 1, 2010). Thus, the value of WTCP's claims was not relied upon by the Court in approving the Settlement Agreement and could not reasonably be interpreted to "control" WTCP's appeal of the Settlement Approval Orders.

WTCP bases its "issue of controlling importance" argument on the tenuous assertion that the Aviation Defendants argued in support of their motion to approve the Settlement Agreement that there were ample funds remaining to cover WTCP's legally recoverable damages. However, the Aviation Defendants made that argument late in their brief (at pp. 40 and 47) and it was, at most, a fallback argument coupled with the argument that there was enough remaining insurance to pay WTCP more than its *pro rata* share of any limited fund on any reasonable valuation of WTCP's damages under the applicable law. The argument was of only tertiary importance and is by no means "controlling."

WTCP's argument is further flawed because it is based on WTCP's counsel's incorrect assertion that there is a "present lack of clarity as to what is covered by the pending appeal [of the Settlement Approval Orders]." WTCP relies upon a series of questions the Court asked WTCP's counsel at the August 25, 2010 hearing concerning the application of certain settling property damage plaintiffs for an early release of their prospective settlement proceeds. However, the hearing transcript set forth below belies that argument:

> THE COURT: Can I stop you for a moment, Mr. Egan. Is your appeal focused on the error of my decision limiting your right to recover?
>
> MR. EGAN: That – I do not believe that is the primary focus. The primary focus is the distribution of the funds and the extinguishment of our plans [claims] against Hundley [Huntleigh].
>
> THE COURT: But that begs the question what claims you have.

> MR. EGAN: I would not be surprised to find that the appellees raise that issue in the appeal in response to what we say, but that's not the primary focus of the grounds on which we are bringing the appeal.
>
> THE COURT: Remind me, on the issue of limitation of the quantity of damages you're entitled to claim, is there finality?
>
> MR. EGAN: At the moment I believe not so.
>
> THE COURT: Why is that?
>
> MR. EGAN: Because I do not believe that that was encompassed by the 54(b) judgment that the Court entered. As a result, it is not currently appealable, as it is not yet final.
>
> THE COURT: I take it that it's not final because, why, because Cantor Fitzgerald is not yet liquidated?
>
> MR. EGAN: No, your Honor. It's not final because our affirmative cases still pend in this Court but for that aspect of it covered by the 54(b) judgment, which is very specific in what it covers.

Barry Decl., Ex. F, pp. 4-5 (August 20, 2010 hearing transcript).

WTCP's counsel admitted on the record that WTCP's appeal of the Settlement Approval Orders is limited to the "very specific" Rule 54(b) Judgment entered by the Court and that WTCP's "affirmative cases," including its damages claims, are still pending before the Court. WTCP's counsel got it right the first time in response to the Court's questions and the only source of confusion is the contradictory statements WTCP's counsel is now making in support of this motion.

### B.   None Of The Damages Orders Remotely Involves A Substantial Ground For Difference Of Opinion

WTCP also has failed to demonstrate the second element of a Section 1292(b) analysis - that there is substantial ground for difference of opinion on any controlling question of law. WTCP must show "a substantial division among courts or commentators regarding the issue." *WTC Captive Ins. Co. v. Liberty Mut. Fire Ins. Co.*, 537 F. Supp. 2d 619, 629 (S.D.N.Y. 2008)

(Hellerstein, J.). Even a disputed issue of first impression, without more, does not establish this element. *See Flor*, 79 F.3d at 284. However, the Damages Orders, particularly the Order of December 10, 2008, are correct and firmly based on well-established principles of New York law. WTCP can recover neither replacement costs nor the expected profits from its management of the rental operations of the WTC Complex. New York law is clear that:

- A party claiming damages for destroyed real property is limited to recovery of the lesser of the diminution in fair market value or replacement costs. *See Fisher v. Qualico Contracting Corp.*, 98 N.Y.2d 534, 539-40 (2002); *Hartshorn v. Chaddock*, 135 N.Y. 116, 122 (1892).

- A party cannot recover future lost profits in addition to an award of fair market value because fair market value reflects the present value of the anticipated future profits. *See Sandoro v. Harlem-Genesee Mkt. & Nursery, Inc.*, 105 A.D.2d 1103, 1104 (4th Dep't 1984).

- A recent, arm's length transaction, such as the worldwide competitive auction that resulted in WTCP acquiring the net leases on WTC 1, 2, 4, and 5, presumptively establishes the fair market value of the property at issue. *See Schonfeld v. Hillard*, 218 F.3d 164, 178-79 (2d Cir. 2000) (citing, among other cases, *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 741-42 (1997); *Silverman v. Comm'r of Internal Revenue*, 538 F.2d 927, 932 n.7 (2d Cir. 1976); *Grill v. United States*, 303 F.2d 922, 927 (Ct. Cl. 1962).

The terms of WTCP's net leases simply do not, and cannot, exempt WTCP from these well-established canons of property damage law, and they provide no basis for WTCP to claim a more generous measure of recovery than is available to other commercial property owners and homeowners under New York law.

All WTCP has to support this element of the analysis is its own disagreement with the Damages Orders. However, and despite WTCP's repeated motions for reconsideration and requests for 1292(b) certification, "a mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion under the second element" for the

obvious reason that all losing parties disagree with the district court's ruling. *Wasau Bus. Ins. Co.*, 151 F. Supp. 2d at 491. Instead, WTCP must demonstrate a substantial split in other courts' rulings on the relevant issues. *See Salim Oleochemicals, Inc. v. M/V Shropshire*, 177 F. Supp. 2d 159, 162 (S.D.N.Y. 2001). WTCP has failed to do so because no such rulings exist.

The few cases that WTCP relies upon do not establish substantial ground for difference of opinion. WTCP's cases are completely inapposite and have no bearing on any of the Damages Orders for which WTCP seeks interlocutory appellate review:

- *Poulos v. Badala*, 227 A.D.2d 118 (1st Dep't 1996), involved an order that a defendant pay for a plaintiff's effort to mitigate its damages. The well-established rules underlying the Damages Orders are not implicated here.

- *Plouffe v. Rogers*, 144 A.D.2d 218 (3d Dep't 1988), raised questions about proximate cause, which are simply not presented by this Court's application of the "lesser of two" rule.

- *Fargo v. Browning*, 45 A.D. 507 (1st Dep't 1899), involved a dispute between a lessor and a lessee who happened to have a rebuilding clause in their contract. However, the Aviation Defendants are not parties to WTCP's contract and the case is factually distinguishable for this reason alone. Barry Decl., Ex. B, pp. 14-15, *In re Sept. 11th Litig.* 590 F. Supp. 2d 535, 543-544 (S.D.N.Y. 2008).

In sum, there is no merit to WTCP's argument that a substantial ground for difference of opinion exists regarding the Damages Orders WTCP wishes to appeal.

### C.  An Interlocutory Appeal Will Not Materially Advance The Ultimate Termination Of The Litigation

Finally, immediate appeal from the Court's five non-final Damages Orders would not materially advance the litigation. An interlocutory appeal of the Damages Orders will certainly require substantial delay in the scheduling of any trials of WTCP's claims. If WTCP were to succeed on its appeal, extensive damages discovery would be required before any trials could be held. To complicate matters more, disclosures since the Court's damages rulings have further

undercut WTCP's arguments concerning its contractual obligation to rebuild the WTC Complex. Its rights and obligations under the net leases have been substantially modified by agreements with the Port Authority such that WTCP no longer has any obligation to rebuild WTC 1 and its rights and responsibilities as to WTC 2, 4, and 5 have been substantially modified. If anything, granting WTCP's request for 1292(b) certification of the Damages Orders would prolong the litigation of WTCP's claims with *seriatim* appeals, and have the collateral, detrimental effect of greatly expanding and confusing the appeal of the Settlement Approval Orders, which is WTCP's obvious objective.

The logical next step for the speedy and efficient resolution of WTCP's claims for the destruction of the WTC Complex is the application of CPLR 4545(c). The Court's September 30, 2009 Order already has set forth the roadmap for marshalling the evidence and expert testimony the Court requires to decide once and for all that WTCP's insurance proceeds correspond with its potential tort recovery.[4]  Barry Decl., Ex. E. Once the CPLR 4545(c) question has been addressed, the Court can then determine if it is appropriate to direct entry of a Fed. R. Civ. P. 54(b) final judgment dismissing WTCP's claims for the destruction of the WTC Complex, permitting a single, separate appeal to the Second Circuit on all the Damages Orders. This approach comports with the Second Circuit case law that governs 1292(b) certification and the Court's previously announced objectives of issuing a final appealable order resolving all of the issues involved in WTCP's damages claims.

---

[4] CPLR 4545(c) has both substantive aspects giving rise to the right to offset and procedural aspects as to when the offsets are to be calculated. However, the procedural aspects do not control in federal court and must yield to Fed. R. Civ. P. 56 and the other Federal Rules of Civil Procedure.

## **CONCLUSION**

The motion of the WTCP Plaintiffs to certify five of this Court's prior Damages Orders for immediate interlocutory appeal should be denied in all respects.

Dated: New York, New York
October 8, 2010

Respectfully submitted,

CONDON & FORSYTH LLP

By: _____
        Desmond T. Barry, Jr. (DB 8066)

7 Times Square
New York, New York 10036
Tel: (212) 490-9100
Fax: (212) 370-4483
dbarry@condonlaw.com

*Aviation Defendants' Liaison Counsel*

*Of Counsel*:

CONDON & FORSYTH LLP
Michael J. Peterson, Esq.
Evan M. Kwarta, Esq.