UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:   21 MC 101 (AKH)
:
IN RE SEPTEMBER 11 LITIGATION   :   This Document Relates To:
:
:   08 CIV 3719
:   08 CIV 3722
-----------------------------------------------------------------x

### SETTLING PLAINTIFFS' OPPOSITION TO WORLD TRADE CENTER PROPERTIES PLAINTIFFS' MOTION FOR 28 U.S.C. § 1292(b) CERTIFICATION

Robert A. Clifford, Esq.
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
rac@cliffordlaw.com

*Liaison Counsel for Settling Plaintiffs/
Property Damage Plaintiffs Executive
Committee*

{00280436.DOC;}

## PRELIMINARY STATEMENT

The Settling Plaintiffs[1] respectfully submit this Memorandum of Law in opposition to the motion of the WTCP Plaintiffs[2] to certify, pursuant to 28 U.S.C. § 1292(b), all five of this Court's prior Orders concerning WTCP's damages (the "Damages Orders") for immediate interlocutory appeal. The Settling Plaintiffs join in The Aviation Defendants Opposition to World Trade Center Properties Plaintiffs Motion For U.S.C. § 1292(b) Certification. For the reasons stated in the Aviation Defendants' Opposition, the WTCP Plaintiff's Motion should be denied in its entirety.

---

[1] The The "Settling Plaintiffs" are Certain Underwriters at Lloyd's of London Comprising Syndicates No. 33, 1003, 2003, 1208, 1243, 0376; Great Lakes Reinsurance (UK), PLC; Underwriter at Lloyd's, Syndicate No. 1225; Munich- American Risk Partners 7244 GmbH; Greater New York Mutual Insurance Company; Insurance Company of Greater New York; Munich Reinsurance Company UK General Branch; Muenchener Rueckversicherungs-Gesellschaft; Woburn Insurance, Ltd.; Great Lakes Reinsurance U.K. PLC; American Alternative Insurance Corporation; The Princeton Excess & Surplus Lines Insurance Company; Munich Reinsurance America, Inc. formerly known as American Re-Insurance Company; Colisee Re (formerly known as AXA Re and successor to the interests and liabilities of SPS Reassurance); Colisee Re Canadian Branch (formerly known as AXA Re Canadian Branch and formerly known as AXA Corporate Solutions Reassurance Canadian Branch); Colisee Re Madeira Branch (formerly known as Axa Re Madiera Branch); Portman Insurance Limited (formerly known as AXA Global Risks (UK) Ltd and successor to the interests and liabilities of Axa Reinsurance UK Plc); AXA Corporate Solutions Assurance UK Branch; AXA Insurance Company (formerly AXA CS Insurance Co); Coliseum Reinsurance Company (formerly AXA CS Reinsurance Co US); AXA Versicherung AG; AXA Cessions; AXA Corporate Solutions Services UK Ltd and AXA Corporate Solutions Assurance (for itself and as successor to the interests and liabilities of AXA Corporate Solutions Assurance Canadian Branch); AXA Art Insurance Corporation; Paris Re Asia Pacific Pte. Ltd. (formerly known as AXA Re Asia Pacific Pte. Ltd.); Paris Re (Successor to the Interests and Liabilities of Compagnie Generale De Reassurance De Monte Carlo); Industrial Risk Insurers, defined herein to include Industrial Risk Insurers and its members (together, "IRI"); Aegis Insurance Services, Inc.; Liberty Insurance Underwriters, Inc.; National Union Insurance Company of Pittsburgh; Nuclear Electric Insurance Limited; Certain Underwriters at Lloyds Comprising Syndicates No. 1225 and 1511; Consolidated Edison Company of New York, Inc.; QBE International Insurance Ltd.; Certain Underwriters at Lloyd's, London, as members of Syndicates Numbered 1212, 1241, 79, 506, and 2791; Assurances Generales De France Iart; Assurances Generales De France; Allianz Global Risks US Insurance Company F/K/A Allianz Insurance Company; Allianz Insurance Company of Canada; Allianz Suisse Versicherungs-Gesellschaft; Allianz Versicherungs-Aktiengesellschaft; Fireman's Fund Insurance Company; Mayore Estates, LLC; 80 Lafayette Associates, LLC.; Barcley Dwyer Co., Inc.; Karoon Capital Management, Inc.; N.S. Windows LLC; Tower Computer Services, Inc.; Wall Street Realty Capital, Inc.; World Trade Farmers Market, Inc.; Adem Arici; Omer Ipek; MVN Associates, Inc.; Marsha Van Name; Daniel D'Aquila; and Floyd Van Name.

[2] The WTCP Plaintiffs are World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC (formerly known as 5 World Trade Center LLC), and 4 World Trade Center LLC, and 7 World Trade Center Company, L.P.

{00280436.DOC; }  2

The Settling Plaintiffs submit this Memorandum to voice their continuing objection to the WTCP Plaintiffs' ongoing efforts to frustrate and delay finalizing the Settlement Agreement between the Settling Plaintiffs and the Aviation Defendants.

## ARGUMENT

Almost a year has passed since the Settlement Agreement between the Settling Plaintiffs and Aviation Defendants was negotiated and agreed to during mediation sessions before Judge Martin. Over this past year, the WTCP Plaintiffs have taken every imaginable action to delay and derail finalizing the Settlement Agreement and distribution of the settlement proceeds—even the minimal portion allocable to the uninsured loss plaintiffs

Now, as their latest strategy to cause delay, the WTCP Plaintiffs seek to inject their own cases—and the adverse damages rulings therein—into their appeal of this Court's orders approving the Settlement Agreement. As the Aviation Defendants correctly point out, delay is "WTCP's obvious objective."

This cannot be allowed. With the filing of the stipulated expedited briefing schedule and expedited consideration by the Second Circuit, the pending appeal has a realistic opportunity of being concluded early next year. This will allow the Settling Plaintiffs to accomplish their only remaining objective—realize their recoveries and be done with this litigation. Injecting the WTCP Plaintiffs' damages issues into this appeal will obviously materially delay such a prompt disposition.

The Settling Plaintiffs agree with, and adopt, the arguments presented by the Aviation Defendants in opposition to the request for certification. The validity and appropriateness of the WTCP Plaintiffs' damage claims does not affect the propriety of the Settlement Agreement, nor was it a factor in this Court's decision approving the Settlement Agreement. The WTCP

Plaintiffs' argument that final resolution of its damage claims by the Second Circuit is required prior to approval of the Settlement Agreement is a *non sequitur*. Even if WTCP convinces the Second Circuit to overturn 100 years of New York precedent, its objection to the Settlement Agreement remains meritless. Its specious arguments for § 1292(b) certification of the Damages Orders are injected solely for delay and do nothing to advance final resolution of this long standing and contentiously fought litigation.

## CONCLUSION

The motion of the WTCP Plaintiffs to certify five of this Court's prior Damages Orders for immediate interlocutory appeal should be denied in all respects.

Dated: New York, New York
October 12, 2010

Respectfully Submitted,

**CLIFFORD LAW OFFICES, P.C.**

By: _/s/ Robert A. Clifford_
Robert A. Clifford, Esq.
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
rac@cliffordlaw.com

*Liaison Counsel for Settling Plaintiffs/*
*Property Damage Plaintiffs' Executive Committee*