USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/13/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                                :
IN RE SEPTEMBER 11 LITIGATION                                   :
                                                                :
--------------------------------------------------------------- :
CANTOR FITZGERALD & CO. et. al.,                                :   **ORDER DENYING**
                                                                :   **MOTION IN LIMINE**
                            Plaintiffs,                         :   **TO EXCLUDE EXPERT**
                                                                :   **REPORT**
        -against-                                               :
                                                                :   21 MC 101 (AKH)
                                                                :
AMERICAN AIRLINES, INC. and AMR CORP.,                          :   04 Civ. 7318
                                                                :
                            Defendants.                         :
--------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendants American Airlines and AMR Corporation (collectively "American") move under Federal Rule of Evidence 702 to exclude an expert report prepared by Gregory S. Thaler ("Thaler Report") for the Cantor Fitzgerald Plaintiffs ("Cantor Fitzgerald"). The report quantifies the damages Cantor Fitzgerald presently seeks in its ongoing litigation with American.[1] For the reasons that follow, the motion is denied.[2]

---

[1] Cantor Fitzgerald named American Airlines, AMR Corporation, Massachusetts Port Authority, Riggs National Corporation, Riggs Bank N.A., and Silverstein Properties, Inc. as defendants in its complaint. Defendants other than American Airlines and AMR Corporation have been dismissed. Stipulation of Voluntary Dismissal of Cantor Fitzgerald Claim against Mass. Port Auth., In re September 11 Litig., 21 MC 101 (04 Civ. 7318) (Doc. No. 77) (S.D.N.Y. May 18, 2010); Opinion and Order Granting Motion to Drop Parties and Denying Motion to Add Parties, In re September 11 Litig., 21 MC 101 (04 Civ. 7318) (Doc. No. 57) (S.D.N.Y. Oct. 28, 2009).

[2] As I wrote in a letter to counsel on April 8, 2003, and repeated a number of times thereafter, most recently on October 14, 2009, I represented Cantor Fitzgerald in litigation before I was appointed a United States District Judge, and knew and worked with several Cantor Fitzgerald officers in that time period, both those who had died and who had survived. I also enjoyed friendships with Special Master Kenneth Feinberg and other counsel, and disclosed those as well. I expressed the opinion that these relationships did not require my recusal, but gave the parties an opportunity to disagree. None did.

1

On September 11, 2001, four terrorists hijacked American Airlines Flight 11, diverted it, and crashed the fuel-laden 767 jumbo jet airplane into Tower One of the World Trade Center. The force of the crash and the ensuing fires trapped and killed those working on the floors above the point of impact. Among those who died were 658 employees of Cantor Fitzgerald, a financial services firm that occupied the 101st, 103d, 104th, and 105th floors of Tower One. Cantor Fitzgerald's lost employees comprised nearly two-thirds of the 1,000 people employed in its New York Office.

Cantor Fitzgerald filed this lawsuit in September 2004, alleging various negligence claims against American and seeking damages. As part of its case, Cantor Fitzgerald retained Thaler, who has over 18 years of experience conducting economic-damages analyses and who has prepared over 100 large-damages claims resulting from catastrophes, to produce a report demonstrating the extent of its claimed damages. The Thaler Report, filed on May 25, 2010, calculates the extent of Cantor Fitzgerald's claimed damages by comparing the firm's pre- and post-September 11 market shares in its four key lines of business. These calculations are based on Cantor Fitzgerald's financial and accounting records, as well as on comparable data from competitors and generally recognized industry sources. American now moves *in limine* to exclude the report.

American's motion comes in the context of a larger motion for partial summary judgment it has filed against Cantor Fitzgerald. In that motion, which is fully briefed and will be argued on November 2, 2010, American contends Cantor Fitzgerald has brought impermissible claims that must be pared away from the complaint. In this related motion *in limine*, American seeks to exclude the Thaler Report under Federal

2

Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), contending the report is inadmissible because it fails to strip away the impermissible claims and therefore provides an inflated evaluation of Cantor Fitzgerald's damages.

American's argument assumes an answer to the issue raised in its summary judgment motion, whether Cantor Fitzgerald has brought impermissible claims and so seeks damages to which it is not entitled. To consider the motion *in limine* therefore would require me to evaluate the merits of the summary judgment motion. This is not the correct moment to undertake such an evaluation. Once I have considered issues relating to the merits of Cantor Fitzgerald's claims, I will be able to turn to issues relating to the permissible extent of damages it may seek. At that point, it will be appropriate to consider whether and to what extent the Thaler Report may be used. But as things stand, the motion is premature. For this reason, American's motion *in limine* is denied.

The Clerk shall mark the present motion (Doc. No. 1238) terminated.

SO ORDERED.

Dated: October 13, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3