UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X

IN RE SEPTEMBER 11 LITIGATION

and

IN RE SEPTEMBER 11 PROPERTY DAMAGE AND
BUSINESS LOSS LITIGATION

Civil No.

21 MC 101 (AKH)

THIS DOCUMENT RELATES TO:

Peters v. United Air Lines, Inc., et. al.

03 CV 6940 (AKH)

---------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR AN ORDER: (1) APPROVING THE SETTLEMENT; (2) ENTERING FINAL
JUDGMENT PURSUANT TO RULE 54(b) OF THE FEDERAL RULES OF CIVIL
PROCEDURE; (3) RULING THAT THE LIABILITY LIMITATION CONTAINED IN
SECTION 408(a)(1) OF THE AIR TRANSPORTATION SAFETY AND SYSTEM
STABILIZATION ACT APPLIES TO THE SETTLEMENT AMOUNT; AND (4)
DISMISSING THE COMPLAINT WITH PREJUDICE**

Defendants United Air Lines, Inc., United Continental Holdings Inc., (f/k/a UAL Corp.) and Huntleigh USA Corporation, respectfully move for the entry of orders (1) approving the settlement reached between the parties in *Peters v. United Air Lines, Inc., et al.,* 03 CV 6940 (AKH); (2) directing the entry of final judgment in said matter in accordance with the terms of the settlement, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that all amounts paid pursuant to the settlement count towards the limitation of liability established by Section 408 (a)(1) of the Air Transportation Safety and System Stabilization Act applicable to United entities and Huntleigh; and (4) dismissing the complaint in *Peters v. United Air Lines, Inc., et al.,* 03 CV 6940 (AKH) with prejudice as to all defendants.

**Preliminary Statement**

This Motion has two objectives. First, defendants seek the entry of the attached proposed Order to ensure the finality of their settlement and to reflect that the full amount paid pursuant to this settlement is counted towards the limitation imposed by the Air Transportation Safety and System Stabilization Act (the "ATSSSA") on liability arising from the terrorist-related aircraft crashes of September 11, 2001. The settlement agreement provides that defendants shall have no obligation thereunder and that no payment will be made, unless and until a final, non-appealable determination is obtained ruling that the full amount to be paid under the settlement counts against the limitation on liability established by Section 408(a)(1) of the ATSSSA.

Second, this motion serves to provide fair notice to all parties in Civ. No. 21 MC 101 that a settlement has been reached that will consume a portion of the insurance coverage available. The wrongful death, personal injury, property damage and business interruption claims exceed the limits of the defendants' liability insurance, and the ATSSSA restricts defendants' liability to those limits. For that reason, the defendants are hereby providing notice of the existence and terms of their settlement.[1] Copies of the settlement documents are attached to the Declaration of Jeffrey J. Ellis, submitted herewith, as Exhibit "A" with reference to the settlement amount redacted. Unredacted versions of the settlement documents are being filed under seal with the Court.

If the amount of the settlement – as opposed to payments pursuant to a judgment resulting from a jury verdict – did not come under the 408(a)(1) limitation, the

---

[1] This motion has been served on all liaison counsel in Civ. No. 21 MC 101 as well as on counsel for plaintiff, John C. Ransmeier, Administrator of the Estate of Louis Neil Mariani.

aviation defendants would have no choice but to pursue continued, protracted litigation of these claims. No one's interests would be served by such a result: compensation to victims of the September 11 attacks would be delayed, and the Court would be saddled with the burden of complex litigation in the personal injury and wrongful death cases when an agreed-upon resolution is otherwise available. To effectuate the language and purpose of the ATSSSA, as well as to avoid unnecessary and undesirable results, the Court should enter the attached proposed Order. In addition, because there is no just reason for delay, the Court should direct the immediate entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure in accordance with the terms of the settlement agreement.

## Statement of Facts

### Lauren Peters v. United Air Lines, Inc., et al., 03 CV 6940 (AKH)[2]

Plaintiff Lauren Peter's decedent and father, and Ellen Mariani's spouse, Louis Neil Mariani, was a passenger on board United Flight 175. Mr. Mariani was killed when terrorists seized control of the aircraft and intentionally crashed it into 2 World Trade Center.

---

[2] There were initially two separate actions brought with regard to the death of Louis Mariani on September 11, 2001. One was brought by Lauren Peters, (*Peters v. United Air Lines, Inc., et al.*, 03 CV 6940 (AKH)) the daughter of the decedent, and one was brought by Ellen Mariani, (*Mariani v. United Air Lines, Inc., et al.* 01 CV 11628 (AKH)) the spouse of the decedent. As described in the Summary Order of the United States Court of Appeals for the Second Circuit, issued in this matter on September 30, 2009, a copy of which is annexed as Exhibit "B", to the Confidential Stipulation of Settlement, annexed as Exhibit "A" to the Ellis Declaration, by agreement of the parties, the *Mariani* complaint was dismissed with prejudice and the operative complaint herein, is that entitled *Peters v. United Air Lines, Inc., et al.*, 03 CV 6940. Additionally, John C. Ransmeier was appointed as a neutral Administrator by the New Hampshire Probate Court to pursue said action.

## The Settlement Process

Pursuant to a settlement process that this Court helped establish, plaintiff and defendants agreed upon settlement of the above referenced claims. The settlement provides for payment to the plaintiff in full satisfaction of those claims. The settlement applies to all defendants and provides for the dismissal of the complaint as to all defendants. The settlement agreement also provides that defendants will have no obligations thereunder, and that no payment to plaintiff will be made, until (1) a final judgment has been entered in accordance with the settlement terms and the time to appeal has been exhausted and (2) a final ruling has been made that payment pursuant to the settlements counts towards the limitation on liability imposed by Section 408(a)(1) of the ATSSSA.

The settlement was the product of extensive negotiation between experienced counsel pursuant to a Court-established schedule. Over the course of meaningful negotiations, and taking into account such factors as the risks of litigation, the various factual and legal claims and defenses of the parties, and the individual circumstances of the claimants and the decedent, the parties reached the resolution embodied in the settlement agreement.

United and Huntleigh's respective insurers have jointly funded the United Flight 175 settlements to date. However, in light of the negotiations with respect to the Settlement of the Subrogated Insurer Plaintiff and all but three of the uninsured claims arising from the hijacking of American Airlines Flight 11 and United Air Lines Flight 175, on September 11, 2001 (hereinafter "Subrogated Plaintiff/Property Damage

Settlement"), United and Huntleigh's respective insurers have agreed that for now, United's insurers will fully fund the Peters/Mariani settlement.[3]

Throughout the negotiations, the parties recognized the significant interest of the defendants in ensuring that the full amounts paid under any settlement would count towards the limitation on liability established by Section 408(a)(1) of the ATSSSA. Thus, the parties have made it a condition precedent to any payment under the terms of the settlement that a final, non-appealable order issue confirming that the full amount of the settlement count towards the limitation of liability under Section 408(a)(1) of the ATSSSA. Defendants simply would not be willing to enter into a settlement that might expose them to liability in excess of the Section 408(a)(1) limits. United is prepared to make payment to plaintiff of the settlement amount promptly upon the issuance of a final non-appealable ruling. Absent such a ruling, this case will not settle and the claimants will be forced to await the conclusion of the entire litigation before any liability can be established and any determination can be made of the amount of compensation, if any, that claimants will receive.

## Argument

**I.     The Court Should Approve The Settlement and Enter Judgment**

**A.     Section 408 of the ATSSSA.**

In the immediate aftermath of the September 11, 2001 terrorist attacks, Congress enacted the Air Transportation Safety and System Stabilization Act. Recognizing the

---

[3] If for some reason the Subrogated Plaintiff/Property Damage Settlement terminates and Huntleigh has not exhausted its insurance limits such that it would have funds available to jointly fund the Peters/Mariani settlement, United and Huntleigh may seek a further order from this Court to (1) approve a reimbursement to United's insurers for Huntleigh's share of said settlement; and (2) to grant a reallocation under ATSSSA consistent with all the United Flight 175 settlements to date.

urgent need to provide for compensation to the victims of the attacks and to protect the aviation industry against devastating financial consequences, Congress created two alternatives for victims who suffered personal injury or death: they could elect to receive compensation from the government-funded Victims' Compensation Fund ("VCF") without the necessity of proving fault or they could pursue a newly created, exclusive federal cause of action for damages.[4]

While permitting litigation for claims arising from the September 11 attacks, the ATSSSA provides that liability for all claims against specified defendants may not exceed the limits of each defendant's respective liability insurance coverage. Section 408(a)(1) of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, air manufacturer, airport sponsor or person.[5]

107 Pub. L. 71, § 408(a)(1). This sweeping language includes liability pursuant to settlements like the one at issue here.

---

[4] This litigation has included multiple cases alleging property damage and business interruptions resulting from the September 11 attacks. Those cases were consolidated, together with the remaining wrongful death claims under the docket number 21 MC 101.

[5] Although section 408(a)(1) of the ATSSSA does not refer directly to security companies, by amendment to section 402(1), Congress clarified that the security companies are considered agents of the air carriers for purposes of application of the liability cap.

First, this is a claim "arising from the terrorist-related aircraft crashes of September 11, 2001." Mr. Mariani was killed when terrorists seized control of United Flight 175 and intentionally crashed it into 2 World Trade Center.

Second, the liability imposed by virtue of the settlement at issue is part of the "liability for all claims" that Congress has directed shall not exceed the limits of each defendant's liability insurance coverage. "Liability" is a "broad legal term of the most comprehensive significance, including almost every character of hazard or responsibility, absolute, contingent or likely." Black's Law Dictionary 631 (6th ed. 1991). Courts routinely count liability pursuant to settlement against the limits of defendants' liability policy. *See, e.g., E.R. Squibb & Sons, Inc. v. Lloyd's & Co.*, 241 F.3d 154, 160 (2d Cir. 2001) (addressing allocation of pending, future and settled claims among limits of primary and excess policies).

Congress in imposing the liability cap must have been aware that most civil litigation is resolved by settlement, not trial, and could scarcely have contemplated that liability liquidated by settlement would be excluded from the statutory limitation. To hold otherwise would hamstring the defendants entitled to Section 408's protection from settling claims and force them to continue litigation, in contravention of a well-established federal policy favoring the settlement of disputes. <u>See</u>, *e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements."); *In re: Painewebber Limited P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements"). Moreover, Congress plainly intended to protect the aviation industry against the risk of financial outlays not subject to insurance coverage. Finally, plaintiffs

who are parties to settlements like this one will benefit from receiving their settlement payments now, rather than being forced to wait until the conclusion of lengthy, uncertain and complicated litigation.

B.      **Certification Pursuant to Rule 54(b)**.

The settlement of the *Peters* case definitively resolves that case, and the dismissal with prejudice of the complaint in said action is a classic final disposition. If that case had been litigated on an entirely stand-alone basis, there would arguably be no need for any Rule 54(b) certification. But the *Peters* case had been consolidated with the other personal injury and wrongful death claims for pretrial purposes. For that reason, and to assure clarity that a final, appealable determination is being made, certification under Rule 54(b) of the Federal Rules of Civil Procedure is appropriate.

Under Rule 54(b) of the Federal Rules of Civil Procedure,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). Here, there is no just reason for delay, and every reason to advance the finality of the resolution of a case arising from terrorist attacks that took place over five years ago. *See Cromer Fin. Ltd. v. Berger*, Nos. 00-2284 & 00-2498 (DLC), 2002 WL 31388721, at *2 (S.D.N.Y. Oct. 23, 2002) ("There is no reason to delay entering a partial judgment at this juncture; indeed, failing to do so could frustrate the goals of the negotiated settlement.").

This settlement resolves this action against the defendants in the September 11 Litigation and offer the decedent's families an opportunity to achieve closure. If they were forced to await the outcome of a liability trial and the outcome of other claims – involving different parties and different issues – before this resolution becomes final, a protracted limbo would ensue. Under the terms of the settlement agreement, plaintiff will not receive the promised payment unless and until a final judgment is entered and the appeals period is exhausted. *See Laverty v. Savoy Indus., Inc.*, 1992 U.S. Dist. LEXIS 15056 (S.D.N.Y. Oct. 6, 1992)(holding that inability to execute on settlement was exactly the sort of "hardship and denial of justice through delay that Rule 54(b) was designed to eliminate.").

As long as any degree of uncertainty persists about whether a settlement is subject to the limits of Section 408(a)(1) of the ATSSSA, the parties will be deprived of one of the principal benefits of settlement: finality. Accordingly, the Court should direct entry of final judgment as to the claims resolved by this settlement.

## CONCLUSION

For the reasons or arguments set forth above, the Court should enter the attached Order (1) approving the settlement (2) ruling that all amounts paid pursuant to the settlement counts against the liability limits set forth in Section 408 (a)(1) of the ATSSSA; (3) directing entry of final judgment in accordance with the terms of the settlement agreement pursuant to Fed. R. Civ. P. 54(b); and (5) dismissing the Complaint in *Peters v. United Air Lines, Inc., et al.,* 03 CV 6940 (AKH), with prejudice as to all defendants.

Dated: New York, New York
October 25, 2010

Respectfully submitted,

QUIRK & BAKALOR, P.C.

By: _____
Jeffrey J. Ellis (JJE 7796)
A Member of the Firm
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000
Facsimile: (212) 319-1065

&

MAYER, BROWN, LLP
71 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 701-7065
Facsimile:  (312) 706-8623

Attorneys for Defendants
*UNITED AIR LINES, INC.
and UNITED CONTINENTAL
HOLDINGS INC., (f/k/a UAL
CORP.)*

- And -


SUSMAN GODFREY, LLP

By: *H. Lee Godfrey* /s/
    H. Lee Godfrey (HG 1204)
A Member of the Firm
1000 Louisiana Street
Houston, Texas  77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Attorneys for Defendant
*HUNTLEIGH USA CORPORATION*

11