# Exhibit B

07-5442-cv
In re: September 11 Litigation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of September, two thousand and nine.

Present:

ROGER J. MINER,
CHESTER J. STRAUB,
RICHARD C. WESLEY,
*Circuit Judges.*

---

N.S. WINDOWS, LLC, SERKO & SIMON, LLP, A PARTNERSHIP, DEENA BURNETT, APRIL D. GALLOP, LORNE LYLES, MARGARET ANN CASHMAN, ADELAIDE DRISCOLL, CATHERINE POWELL, ESTATE OF PORT AUTHORITY, PORT AUTHORITY OF NEW YORK, POLICE LT. ROBERT D. CIRRI, BY EILEEN CIRRI, AS ADMINISTRATOR, EILEEN CIRRI, INDIVIDUALLY, CINDY RODRIGUEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PORT AUTHORITY OF NEW YORK & NEW JERSEY POLICE OFFICER RICHARD RODRIGUEZ, ELAINE TEAGUE, MICHAEL SWEENEY, FELICITA MARIA SANCHEZ, THOMAS H. ROGER, D. HAMILTON PETERSON, MARGARET M. OGONOWSKI, MARGARET M. NASSANEY, PATRICK JOHN NASSANEY, SR., SUZANNE S. MLADENIK, JACQUELINE E. LYNCH, GARY MICHAEL LOW, DANIELLE LEMACK, SHEILA A. KIERNAN, NANCY KELLY, FRANCINE KAPLAN, MARILYN R. TRUDEAU, ARAM P. JARRET, CATHERINE JALBERT, KAREN HOMER, ELIZABETH GAIL HAYDEN, RITA HASHEM, MICHAEL FLAGG, LORETTA FILIPOV, JOHN J. CREAMER, DIANN L. CORCORAN, CHRISTINE COOMBS, SHARON O. CAHILL BEVERLY BURNETT, KATHERINE BAILEY, GEORGE O. TAYLOR, KIA PAVLOFF PECORELLI, STACEY MONTOYA, MICHAEL W. CASEY, DAVID BRANDHORST, DEBORAH BORZA, DERRILL G. BODLEY, LESLIE R. BLAIR, MARY G. ALAGERO, TERESA MATHAI, BEVERLY ECKERT, ANN WILSON, SHIRLEY N. WILLCHER, JULIA P. SHONTERE, IRENE M. GOLINSKI, CHRISTINE K. FISHER, BUNDESVERSICHERUNGSANSTALT FUR ANGESTELLTE, BERUFSGENOSSENSCHAFT DER CHEMISCHEN INDUSTRIE,

07-5442-cv
In re: September 11 Litigation

GROSSHANDELS-UND LAGEREI-BERUFSGENOSSENSCHAFT, CERTAIN UNDERWRITERS AT LLOYD'S COMPRISING SYNDI, KOUDIS INTERNATIONAL, INC., SEAN PASSASANTI, VICTOR UGOLYN, DIANE M. WALSH, PAUL R. MARTIN, JOHN A. MARTIN, CARIE LEMACK, ANNE E. LEWIN, VICE ROSE ARESTEGUI, CLIFFORD TEMPESTA. CHRISTINA BAKSH, KATHLEEN ASHTON, MICHAEL KEATING, PERRY S. ORETZKY, EDWARD RADBURN, JESUS SANCHEZ, MADELEINE A. ZUCCALA, PATRICIA QUIGLEY, GLADYS SALVO, MONICA GABRIELLE, JOHN TITUS, LAUREN A. PETERS, BARBARA RACHKO, WILLIAM F. HUNT, JR., JEAN M. HUNT, MIKE EDWARDS, DONALD F. KENNEDY, EDUARDO E. BRUNO, AMY NEWTON, GEOFFREY J. JUDGE, CYNTHIA M. DROZ, ROSEMARY DILLARD, RENA G. SPEISMAN, SHEILA MARIE G. ORNEDO, SANDRA V. FELT, JUAN R. MARTINEZ, JOHN DRISCOLL, AMY NACKE, BERNHARDT R. WAINIO, MARY LOU LEE, JEANETTE WALKER, W/D PL PLAINTIFFS LIAISON COUNSEL, INDUSTRIAL RISK INSURERS, ROYAL INDEMNITY COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, COMPRISING SYDICATES NO. 33, 1003, 2003, 1208, 1243, 0376, GREAT LAKES REINSURANCE [UK] PLC, INDIVIDUALLY AND COLLECTIVELY AS SUBROGEES OF SILVERSTEIN PROPERTIES, INC., MAYORE ESTATES, LLC, 80 LAFAYETTE ASSOCIATES, LLC, ALLIANZ INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, ESSEX INSURANCE COMPANY, GREAT LAKES REINSURANCE UK PLC, SUMITOMO MARINE & FIRE INSURANCE CO., CITICORP INSURANCE USA INC., ALL PROVIDING CITIGROUP, INC. PROPERTY INSURANCE FOR 7 WORLD TRADE CENTER, WHICH WAS IN EFFECT SEPTEMBER 11, 2001, AS SUBROGEES OF CITIGROUP, SALOMON SMITH BARNEY HOLDINGS, INC., AEGIS INSURANCE SERVICES, INC., LIBERTY INTERNATIONAL UNDERWRITERS INC., NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, NUCLEAR ELECTRIC INSURANCE LIMITED, UNDERWRITERS AT LLOYD'S, CONSOLIDATED EDISON COMPANY OF NEW YORK INC., KAROON CAPITAL MANAGEMENT, INC., WALL STREET REALTY CAPITAL, INC., BRACLEY DWYER CO. INC., TOWER COMPUTER SERVICES, INC. AND US FIRE INSURANCE CO., RUTH FALKENBERG, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LESLIE WHITTINGTON, DECEASED, RUI ZHENG, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATES OF SHUYIN YANG AND YUGUANG ZHENG, DECEASED, CLAIRE MILLER, INDIVIDUALLY, AND AS SUCCESSOR-IN-INTEREST TO DAVID ANGELL, RICHARD BOOMS, INDIVIDUALLY, NANCY BOOMS, INDIVIDUALLY, AND AS SUCCESSOR-IN-INTEREST TO KELLY BOOMS, ALLEN HACKEL, INDIVIDUALLY, AND AS SUCCESSOR-IN-INTEREST TO PAIGE FARLEY HACKEL, DECEASED, ALBERT CUCCINELLO, INDIVIDUALLY, CHERYL O'BRIEN, INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF THELMA CUCCINELLO, DECEASED, STEPHEN K. HOLLAND, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CORA H. HOLLAND, DECEASED, P.A. KEATING, LINDA LEBLANCE, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF NATALIE JANIS LASDEN, DECEASED, KELLIE B. LEE, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DANIEL J. LEE, DECEASED, AMANDA D. CASTRILLON, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ANTONIA J. MONTOAY, JORGE I. MONTOYA, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF ANOTONYA, DECEASED, MICHAEL WAHLSTROM, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARY ALICE WAHLSTROM, DECEASED, MARY BAVIS, NEDA BOLOURCHI, INDIVIDUALLY, AS SURVIVING DAUGHTER & SUCCESSOR IN INTEREST OF TOURI BOLOURCHI, DECEASED, BEV TITUS, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ALICIA TITUS, DECEASED, JULIE SWEENEY, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BRIAN SWEENEY, DECEASED, RHONDA

LOPEZ, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MACLOVIO LOPEZ, DECEASED, SUSANNE WARD BAKER, DOYLE RAYMOND WARD, INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF TIMOTHY WARD, DECEASED, MARIA KOUTNY, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARIA PAPPALARDO, DECEASED, MARY JONES, MIKAEL CARSTANJEN, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER CARSTANJEN, DECEASED, MARIA LUSIA POCASANGRE, ALFREDO POCASANGRE, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GLORIA DE BARRERA, DECEASED, JERRY GUADAGNO, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD GUADAGNO, ALICE HOGLAN, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GERALD MARK BINGHAM, DECEASED, MARY WHITE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE, ALLISON VADHAN, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF KRISTIN GOULD WHITE, DECEASED, CHARLES O'NEAL SNYDER, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTINE ANN SNYDER, DECEASED, CAROLE O'HARE, ELIZABETH KEMMERER, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVES OF THE ESTATE OF HILDA MARCIN, DECEASED, DAVID JAMES MILLER, CATHERINE STEFANIE, INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF NICOLE CAROL MILLER, DECEASED, LAURA BROUGH, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GEORGINE ROSE CORRIGAN, LOURDES LEBRON, INDIVIDUALLY, AND AS SURVIVING SISTER AND SUCCESSOR IN INTEREST OF WALESKA MARTINEZ, DECEASED, EILEEN BERTORELLI-ZANGRILLO, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHN TALIGNANI, DECEASED, SHARON AMBROSE, KENNETH PAUL AMBROSE, INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF PAUL AMBROSE, DECEASED, BERNARD CURTIS BROWN, SINITA BROWN, INDIVIDUALLY AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF BERNARD CURTIS BROWN II, DECEASED, JACQUES DEBEUNEURE, JALIN DEBEUNEURE, INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF JAMES DEBEUNEURE, DECEASED, EARL DORSEY, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DORA MENCHACA, DECEASED, JUNGMI LEE, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DONG LEE, DECEASED, KIMBERLY JACOBY, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEVEN JACOBY, DECEASED, ANA RALEY, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF IAN GRAY, DECEASED, LASHAWN DICKENS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RODNEY DICKENS, DECEASED, CLIFTON COTTOM, INDIVIDUALLY, AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF ASIA COTTOM, DECEASED, FRANK JENSEN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF SUZANNE CALLEY, DECEASED AND WADE B. GREEN, BY THE ADMINISTRATRIX OF HIS ESTATE, ROXANNE ELIZABETH GREEN, DANIELLE TIFFANY GREEN, BY HER DULY APPOINTED GUARDIAN, ROXANNE ELIZABETH GREEN,

*Plaintiffs,*

ELLEN MARIANI,

*Appellant,*

- v. -

No. 07-5442-cv

MINORU YAMASAKI ASSOCIATES, INC., SILVERSTEIN PROPERTIES INC., TISHMAN REALTY & CONSTRUCTION COMPANY, LESLIE E. ROBERTSON

ASSOCIATES, SKILLING WARD MAGNUSSON BARKSHIRE INC., EMERY ROTH AND PARTNERS LLC, BOEING CO., MAGNUSSON KLEMENCIC ASSOCIATES, EMERY ROTH & SONS, P.C., US AIR GROUP, US AIRWAYS GROUP, INC., A DELAWARE CORPORATION, CITY OF PORTLAND, MAINE, A GOVERNMENTAL ENTITY ORGANIZED UNDER THE LAWS OF THE STATE OF MAINE, METROPOLITAN WASHINGTON AIRPORT AUTHORITY, ARGENBRIGHT SECURITY INC., TEM ENTERPRISES, D/B/A CASINO EXPRESS, ARAB BANK PLC,

*Defendants-Appellees,*

ATLANTIC COAST AIRLINES, INC.,

*Movant-Appellee,*

JOHN RANSMEIER, AMR CORPORATION, A DELAWARE CORPORATION, COLGAN AIR, INC., A VIRGINIA CORPORATION, SECURITAS AB, A FOREIGN CORPORATION ORGANIZED UNDER THE LAWS OF SWEDEN, MASSACHUSETTS PORT AUTHORITY, D/B/A LOGAN INTERNATIONAL AIRPORT, A BODY POLITIC AND CORPORATE CREATED BY THE STATE OF MASSACHUSETTS, US AIRWAYS, INC., A DELAWARE CORPORATION, HUNTLEIGH USA CORPORATION, A MISSOURI CORPORATION, ICTS INTERNATIONAL NV, A FOREIGN CORPORATION ORGANIZED UNDER THE LAWS OF THE NETHERLANDS, AND GLOBE AVIATION SERVICES CORP., A DELAWARE CORPORATION, PINKERTON'S INC., CONTINENTAL AIRLINES, INC. AND DELTA AIR LINES INC.,

*Defendants-Cross-Defendants-Appellees,*

UAL CORPORATION, A DELAWARE CORPORATION,

*Defendant-Counter-Defendant-Appellee,*

UNITED AIRLINES, INC., A DELAWARE CORPORATION, AND AMERICAN WEST AIRLINES, INC.,

*Cross-Defendants-Appellees,*

US AIRWAYS SHUTTLE, INC., SECURICOR PLC, NATIONAL AIRLINES, INC., PORT AUTHORITY TRANS-HUDSON CORPORATION AND NORTHWEST AIRLINES CORPORATION,

*Defendants,*

MIDWAY AIRLINES CORPORATION, AMERICAN TRANS AIR, INC., AIR TRAN AIRWAYS, INC., MIDWEST EXPRESS AIRLINES, INC., DELTA EXPRESS, INC., CAPE AIR, INC., A VIRGINIA CORPORATION, AMERICAN AIRLINES, INC., A DELAWARE CORPORATION, ALSO KNOWN AS AMERICAN EAGLE, BURNS INTERNATIONAL SECURITY SERVICES CORPORATION AND BURNS INTERNATIONAL SERVICES CORP., A DELAWARE CORPORATION,

*Defendants-Cross-Defendants,*

1 WORLD TRADE LLC, 2 WORLD TRADE CENTER LLC, 4 WORLD TRADE CENTER LLC, 5 WORLD TRADE CENTER, LLC, 7 WORLD TRADE COMPANY, AND PORT AUTHORITY OF NEW YORK AND NEW JERSEY,

*Cross-Claimants,*

UNITED STATES OF AMERICA,

*Intervenor,*

AIRTRAIN AIRLINES, EUGENIA S. SINGER AND BOEING COMPANY,

*Movants,*

WORLD TRADE CENTER PROPERTIES LLC,

*Defendant-Cross-Claimant-Appellee.*

---

| | |
|---|---|
| For Appellant Ellen Mariani: | BRUCE LEICHTY, Law Offices of Bruce Leichty, Clovis, CA. |
| For Appellee John Ransmeier: | CHARLES R. CAPACE, Zimble & Brettler, LLP, Boston, MA. |

---

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order denying Appellant's motion to reopen, intervene, or be joined as a party in interest be AFFIRMED.

Appellant Ellen Mariani's ("Mariani") husband, Louis Mariani, was a passenger on one of the planes flown into the World Trade Center on September 11, 2001. In 2001, Mariani filed a wrongful death and survival suit in the Southern District of New York against a number of parties, individually and on behalf of her husband's estate. *Mariani v. United Air Lines*, No. 01-cv-11628(AKH) (S.D.N.Y. filed Dec. 20, 2001). In 2003, Louis Mariani's daughter (Mariani's step-daughter), Lauren Peters ("Peters"), filed

her own wrongful death and survival action in the Southern District of New York, individually and on behalf of Louis Mariani's estate (the "Peters suit" or "Peters action"). *Peters v. UAL Corp.*, No. 03-cv-6940(AKH) (S.D.N.Y. filed Sept. 10, 2003). Both suits were assigned to Judge Hellerstein in the Southern District.

On December 1, 2004, Mariani and Peters entered into an agreement in New Hampshire Probate Court in which Mariani agreed to resign as administrator of Louis Mariani's estate and to allow a neutral administrator to replace her. The new administrator, according to the agreement, was to act to dismiss with prejudice the suit filed by Mariani in the Southern District and to continue the Peters suit. The agreement also provided that both Mariani and Peters agreed to cooperate with the estate's counsel in the remaining New York action. John C. Ransmeier was appointed administrator pursuant to the procedure set forth in the agreement.

On March 22, 2005, the New Hampshire Probate Court held a hearing on an emergency motion by Peters to enforce the Probate Court agreement. Peters alleged that Mariani was not cooperating with the estate attorneys because, according to Peters, Mariani believed that under the agreement Mariani could remain as plaintiff with respect to her own individual claims in the Southern District suit that she had commenced. The Probate Court noted that, at the time of the Probate

Court agreement, the Peters action included a claim personal to Mariani, namely for loss of consortium, which fact "substantiates the proposition that all claims in the first [Mariani's] suit would be dismissed so that the same claims could be pursued in the second [Peters] suit." The Probate Court explicitly held that the estate administrator was authorized to dismiss with prejudice Mariani's Southern District suit in its entirety. The Probate Court also indicated that, under New Hampshire law, Mariani's loss of consortium claim was encompassed by the wrongful death claim asserted in the Peters action. On April 1, 2005, counsel in the Peters action wrote a letter to the district court requesting dismissal of the Mariani suit and substitution of Ransmeier as administrator in the Peters suit. On April 4, 2005, the district court dismissed the Mariani action with prejudice and substituted Ransmeier as administrator. Mariani did not appeal the dismissal.

More than two years later, on September 17, 2007, the New York district court ordered the case brought by Mariani closed, noting in the Order that the Peters suit was brought on behalf of Louis Mariani's estate. On the same day, the district court ordered the Peters action closed pursuant to a settlement agreement among the parties to the consolidated September 11th litigation. Shortly thereafter, counsel representing the September 11th plaintiffs wrote to the

district court asking for clarification: "While none of the legal representatives of the fourteen estates seeks restoration to your trial calendar, I have been made aware of one beneficiary in the matter of Ransmeier vs. United Airlines et al., 03 Civ. 6940 (AKH) [the Peters suit] who may wish to seek relief from this Court's Order. I would like to afford that beneficiary, if so desired and if that beneficiary has standing to do so, the opportunity to seek any relief before the court removes this matter from the trial docket." The district court granted the enlargement counsel requested for this purpose.

On October 29, 2007, the district court denied an application by Bruce Leichty for pro hac vice status as counsel for Mariani, because, "[p]ursuant to [the] order of April 4, 2005, the person for whom the attorney seeks admission lacks legal status as a party." On October 31, 2007, Mariani filed a motion "to intervene in and reopen Case No. 03 Civ 6940 [the Peters suit], or alternatively . . . reopen that case plus 01 Civ 11628 [the original Mariani suit]." In her motion, Mariani alleged she entered into the 2004 Probate Court agreement with Peters because she was advised to do so by her attorneys, but that she was unaware of its details, did not read it, and would not have signed it had she understood her own action would be dismissed. On November 5, 2007, the district court denied the motion to

reopen and intervene, noting that Mariani's counsel's pro hac vice motion had been denied and stating that, "[a]s noted in . . . Orders of April 4, 2005, and October 29, 2007, Ms. Mariani has no legal status in this action. The matters raised in Ms. Mariani's motion must be raised before the probate court. This Court does not sit to review decisions of the probate court." Mariani appealed.

Following briefing by the parties, the New Hampshire Supreme Court, on July 28, 2009, issued an unpublished order vacating a portion of a 2008 Probate Court's order authorizing Ransmeier to settle all claims asserted in the Peters action. The New Hampshire Supreme Court held that an administrator has authority to settle a wrongful death case, but that the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101 note et seq., provides a federal cause of action for damages from the September 11th airplane crashes premised upon the law of the state where the crash occurred - here, New York. The New Hampshire Supreme Court said that it could not rule on the applicability of New Hampshire law to Mariani's loss of consortium claim, which she argues is individual to her and independent of the estate claims, because it is for the Southern District of New York to apply New York choice-of-law rules to determine what state's law applies in determining the scope of the 2004 New Hampshire Probate

Court agreement.[1] The New Hampshire Supreme Court vacated the Probate Court order only to the extent it held that the administrator had the authority to settle the loss of consortium claim along with those claims indisputably under the estate's control.

The December 1, 2004 Probate Court agreement between Mariani and Peters is clear, however. Mariani agreed that the neutral administrator would "take the necessary actions to dismiss with prejudice the lawsuit brought by Ellen Mariani against United Airlines, et al., now pending in the U.S. District Court for the Southern District of New York . . . [No.] 01 Civ. 11628(AKH)." She also agreed that the administrator would pursue the Peters action in its entirety, and that she would "cooperate fully with the Estate's counsel in pursuit of the New York [Peters] action." Paragraph 53 of the Complaint in the Peters action, dated September 9, 2003, clearly indicates Peters's intent to recover damages for loss of consortium on behalf of the beneficiaries of Louis Mariani's estate. With these facts in mind, we cannot conclude that the district court abused its discretion in denying Mariani's motion to reopen

[1] Curiously, while New Hampshire law appears to provide that an administrator can pursue a loss of consortium claim as part of a spouse's wrongful death action, subject to a $150,000 cap on the award, N.H. Rev. Stat. § 556:12(II); *Tanner v. King*, 102 N.H. 401 (1960), New York law does not allow loss of consortium claims as part of a wrongful death action in most cases, *Liff v. Schildkrout*, 49 N.Y.2d 622, 633 (1980).

and for intervention and joinder. If Mariani would challenge the Probate Court agreement, she must do so in the Probate Court.

Accordingly, the district court's order denying Appellant Mariani's motion to reopen, intervene, or be joined as a plaintiff in interest is hereby **AFFIRMED**. Appellee's motion under Federal Rule of Appellate Procedure 38 for a finding of frivolousness is **DENIED**. Any other outstanding motions are **DENIED** as moot.

For the Court:
Catherine O'Hagan Wolfe, Clerk

By: ___________________________