UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :
                                                        :
IN RE SEPTEMBER 11 LITIGATION          :       21 MC 101 (AKH)
                                                        :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                        :
THIS DOCUMENT APPLIES TO CASE:     :
                                                        :
02-CV-7154 (AKH)                                :
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


**MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE LITIGATION
AGREEMENT AND FOR DISMISSAL OF CLAIMS ASSERTED IN
<u>*BAVIS* ACTION AGAINST GLOBE AVIATION SERVICES CORPORATION</u>**

LOCKE LORD BISSELL & LIDDELL LLP
Gary W. Westerberg
Ann C. Taylor
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile: (312) 443-0336
gwesterberg@lockelord.com
ataylor@lockelord.com


JONES HIRSCH CONNORS & BULL, P.C.
James P. Connors
1 Battery Park Plaza
New York, NY 10004
Telephone: (212) 527-1000
Facsimile: (212) 527-1680
jconnors@jhcb.com

*Counsel for Globe Aviation Services Corporation*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………….2

ARGUMENT…………………………………………………………………………………...3

    I.    PLAINTIFF AGREED TO BE BOUND BY THE COURT'S DECISION FINDING NO DUTY OWED BY GLOBE TO UNITED FLIGHT 175 PLAINTIFFS…………………………………………………………………...3

    II.    LETTER AGREEMENT COMPELS DISMISSAL…………………………...5

CONCLUSION………………………………………………………………………………...6

Defendant, Globe Aviation Services Corporation ("Globe") respectfully submits this Memorandum in Support of its Motion to Enforce Litigation Agreement and for dismissal of all claims against it arising out of the hijacking and crash of United Air Lines Flight 175 ("United Flight 175") asserted by Plaintiff in *Bavis v. United Air Lines*, Case No. 02-CV-7154 (AKH), 21 MC 101 (AKH).

## PRELIMINARY STATEMENT

The claims asserted by Plaintiff against Globe in this case arise out of an alleged duty to Mr. Mark Bavis, a passenger aboard United Flight 175. (Bavis Cmplt. ¶39, ¶41, ¶73). Yet Globe did not screen *any* of the United Flight 175 passengers or terrorists. If this sounds familiar, it should, because this Court has already addressed and determined that Globe owed no duty to United Flight 175 passengers, nor is Globe the proximate cause of any damages arising out of the deliberate crash of United Flight 175 into World Trade Center Two by terrorists. When resolving Globe's duty concerning certain claims arising out of United Flight 175, this Court stated:

> **I hold that American and Globe, having played no part in the screening or transporting of passengers with respect to United Airlines flight 175, had no duty to United's passengers or other victims of the United crash.**

*In re Sept. 11 Litig.*, 594 F. Supp. 2d 374, 377 (S.D.N.Y. 2009) (emphasis added) ("Court's Decision").

Despite the Court's clear holding, ***and an express written agreement between the parties that Plaintiff would be bound by the Court's Decision***, Plaintiff has refused to dismiss Globe. Simply put, there is no colorable basis to permit this matter to continue against Globe.

In a letter dated October 18, 2010, Globe raised this issue to the Court in conjunction with the October 20, 2010 status conference. During this status conference, the Court directed

2

Globe to file the instant motion if Plaintiff would not voluntarily agree to dismiss. Since March, Globe has made a series of requests – most of which went unanswered – for Plaintiff to voluntarily dismiss her claims against Globe based on the Court's Decision. (Westerberg Decl., Ex. B-N). In fact, Plaintiff did not respond substantively until September 22, 2010 (Westerberg Decl., Ex. G). And then on October 29, 2010, Plaintiff confirmed that Globe would need to burden the Court with this motion and in so doing described the Court's Decision as "irrelevant." (Westerberg Decl., Ex. M). Accordingly, Globe now requests that this Court enforce Plaintiff's agreement to be bound by the holdings contained in the Court's Decision and dismiss Plaintiff's claims against Globe.[1]

## ARGUMENT

### I. PLAINTIFF AGREED TO BE BOUND BY THE COURT'S DECISION FINDING NO DUTY OWED BY GLOBE TO UNITED FLIGHT 175 PLAINTIFFS

Plaintiff's decedent, Mark Bavis, was a passenger on United Flight 175 on September 11, 2001. Plaintiff's claims were originally part of the 21 MC 97 (AKH) Master Docket and on March 18, 2008 transferred into the 21 MC 101 (AKH) Master Docket. (21 MC 97, ECF Doc. No. 1442). Plaintiff, like the World Trade Center Property Plaintiffs whose claims are also part of 21 MC 101(AKH), brought an action alleging Globe, among others, negligently failed to stop terrorists from boarding and seizing control of United Flight 175. (Bavis Cmplt. ¶39, ¶41, ¶73). There is no operable difference between the allegations of liability pled by World Trade Center Property Plaintiffs and Mrs. Bavis. *cf.* (WTCP Plaintiffs Cmplt. ¶36-37).

On July 22, 2008, Globe joined in a motion with American Airlines entitled "Motion For Summary Judgment Dismissing All Plaintiffs' United Flight 175 Claims Against Defendants

---

[1]    Plaintiff has also sued Globe's corporate affiliates Burns International Security Services Corporation, Pinkerton's LLC f/k/a Pinkerton's Inc., and Securitas AB. These companies are defendants on the sole basis that they allegedly had control over the operations of Globe. As such, and in addition to other defenses these parties may have, they too should be dismissed.

3

American Airlines, Inc., AMR Corporation, And Globe Aviation Services Corporation," which sought dismissal of all 21 MC 101 property damage claims.  Globe sought judgment as a matter of law on the basis that Globe had nothing to do with the screening of the passengers or the terrorists on United Flight 175.[2]  The World Trade Center Property Plaintiffs filed their response brief to this motion on October 10, 2008.

The above referenced summary judgment motion was the subject of, and expressly referenced in, an agreement dated October 15, 2008 by and between, the Property Damage and Wrongful Death Plaintiffs, Globe, American Airlines, Inc. and AMR Corporation. (Westerberg Decl., Ex. A) ("Letter Agreement").  In the Letter Agreement, Plaintiff's counsel expressly agreed on behalf of Plaintiff to be bound by the decision of this Court on that motion:

> **As we discussed and agreed, the Property Damage and Wrongful Death Plaintiffs' Flight 175 claims will be bound by the outcome, including the appeal of any ruling by this Court, of the motion for summary judgment dismissing all Plaintiffs' United Flight 175 claims against Defendants American Airlines, Inc., AMR Corporation and Globe Aviation Services Corporation filed on July 22, 2008 as against the WTC Plaintiffs.**

*Id*. (emphasis added).  As is plain from the terms agreed, it was intended that any decision made by the Court on the issue of Globe's duty with respect to United Flight 175 would be binding on all parties.  This agreement was certainly appropriate because, as noted, the allegations asserted by the World Trade Center Property Plaintiffs against Globe in respect of damages caused by United Flight 175 involve the same issues and arguments regarding any duty owed by Globe to a passenger on United Flight 175 – a flight for which Globe had no involvement.

---

[2] Globe is not seeking summary judgment in this motion; rather, it is seeking the enforcement of Plaintiff's agreement to be bound by the Court's Decision finding Globe had no duty to United Flight 175 passengers – which compels a dismissal of this action.  While Globe should not be burdened with having to bring and brief a summary judgment motion in this matter, Globe hereby reserves all rights to do so and to rely *inter alia* on Plaintiff's agreement and this Court's Decision in support of such request.

Plaintiff cannot claim surprise.  As of the date of the Letter Agreement – October 15, 2008 – the *Bavis* case against Globe was the *only* United Flight 175 wrongful death action against *any* American Flight 11 defendant – all others being dismissed voluntarily or by this Court.  And Motley Rice, Plaintiff's counsel, executed this Letter Agreement as Plaintiffs' Liaison Counsel for the personal injury and wrongful death plaintiffs.  As such, the Plaintiff's claim here was the *only* United Flight 175 wrongful death claim contemplated in this Letter Agreement, which was executed by her counsel, on her behalf.  Unequivocally, Plaintiff is bound by the Court's Decision.

## II.   LETTER AGREEMENT COMPELS DISMISSAL

This Court's Decision, issued on January 16, 2009, to which Plaintiff agreed to be bound, indisputably addressed the issue of Globe's duty to passengers on United Flight 175, and stated:

> **I hold that American and Globe, having played no part in the screening or transporting of passengers with respect to United Airlines flight 175, had no duty to United's passengers or other victims of the United crash.**

*In re Sept. 11 Litig.*, 594 F. Supp. 2d 374, 377 (S.D.N.Y. 2009) (emphasis added).  Notwithstanding this clear holding, and Plaintiff's express agreement to be bound by same, Plaintiff has refused to dismiss Globe from this action.

The issue of Globe's duty to passengers of United Flight 175 was litigated and, with the approval and agreement of the Plaintiff, the outcome is binding upon her.  Indeed, the Plaintiff had an opportunity to make her own arguments, but expressly chose instead to be bound by this Court's Decision.  The Plaintiff cannot even make a credible argument that World Trade Center Property Plaintiffs did not make the "right" argument because she had seen the World Trade Center Plaintiffs' response brief *before* executing the Letter Agreement.  She affirmatively knew what issues were in dispute and purposefully chose to be bound by the Court's Decision.  As such, even if there is some far-fetched, unaddressed theory of liability – a theory not pled in

5

Plaintiff's complaint – Plaintiff has waived any right to assert it free of the binding precedent of this Court's Decision. *See Juicy Couture, Inc. v. L'Oreal USA, Inc.*, 2006 U.S. Dist. LEXIS 20787, at 109 (S.D.N.Y. Apr. 19, 2006) ("Waiver under federal law will be recognized where parties were aware of their rights and made the conscious choice, for whatever reason, to waive them") (internal quotation omitted).

Permitting the Plaintiff's claims against Globe, already decided well over a year ago, to continue in this nearly eight-year-old case is grossly unjust and a waste of court and other resources. *Katz v. Mogus*, 2008 U.S. Dist. LEXIS 40497, at 9 (S.D.N.Y. May 19, 2008) ("resurrecting issues … respecting matters decided previously…is inappropriate and taxes judicial resources unnecessarily"). Furthermore, this Court has recently set a trial date for the *Bavis* case under the assumption that it will involve only those factual issues concerning United Flight 175. An unsupported and tenuous case (at best) against Globe would necessarily drag in all the factual issues concerning American Flight 11 and complicate the completion of discovery and pretrial deadlines; it would likely confuse the jury and prejudice the *Bavis* defendants; and it would frustrate this Court's efforts at managing the case for trial. *Wechlser v. Hunt Health Sys., Ltd.*, 198 F. Supp. 2d 508, 524 (S.D.N.Y. 2002) (rearguing issues already decided, "wastes the Court's time and needlessly muddles what is already an incredibly complex case"). Perhaps such obfuscation is what the Plaintiff is after, but she agreed to be bound by this Court's clear finding that Globe owed no duty to plaintiffs for damages arising out of United Flight 175, which forecloses her from proceeding any further against Globe.

## CONCLUSION

Globe files this Motion to Enforce Litigation Agreement and for dismissal of all claims asserted in the wrongful death case concerning Mr. Mark Bavis, a passenger on United Flight

6

175, on the basis that this Court's January 16, 2009 Decision and Plaintiff's agreement to be bound by same bars Plaintiff from continuing to litigate this case against Globe. For the reasons cited herein, this Court should grant this motion and dismiss Plaintiff's claims against Globe with prejudice and order any further relief this Court deems appropriate.[3]

Dated:  November 9, 2010

Respectfully submitted,

_____
Gary Westerberg
Ann C. Taylor
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile:  (312) 443-0336
gwesterberg@lockelord.com
ataylor@lockelord.com


JONES HIRSCH CONNORS & BULL, P.C.
James P. Connors
1 Battery Park Plaza
New York, NY 10004
Telephone:  (212) 527-1000
Facsimile:  (212) 527-1680
jconnors@jhcb.com

*Counsel for Globe Aviation Services Corporation*

---

[3] Globe reserves the right to seek further relief as appropriate, including but not limited to that afforded under Rule 11 of the Federal Rules of Civil Procedure with notice and opportunity duly given. (Westerberg Decl., Ex. H and N).

7