UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :
IN RE SEPTEMBER 11 LITIGATION                   :   21 MC 101 (AKH)
                                                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :
THIS DOCUMENT APPLIES TO CASE:                  :
02-CV-7154 (AKH)                                :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DECLARATION OF GARY W. WESTERBERG

I, GARY W. WESTERBERG, hereby declare as follows:

1.  I am admitted to practice before this Court, am a partner in the law firm of Locke Lord Bissell & Liddell LLP, and counsel for defendant Globe Aviation Services Corporation ("Globe").

2.  I submit this declaration, pursuant to 28 U.S.C. § 1746, in support of Globe's Motion to Enforce Litigation Agreement and for Dismissal of All Claims Against Globe Aviation Services Corporation set forth in Plaintiff's Second Amended Complaint for Wrongful Death and Survival (02 CV 7154 (AKH)).

3.  In support of this motion, I attach true and accurate copies of the following exhibits detailing the prior communications with plaintiff in respect of this motion:

| Ex. | Description |
|---|---|
| A. | October 15, 2008 - Letter Agreement sent by Robert A. Clifford to Desmond T. Barry in which plaintiff agreed to be bound by this Court's decision on American Airlines and Globe's July 22, 2008 Motion for Summary Judgment to dismiss the United Flight 175 claims of World Trade Center Properties. |

1

| | |
|---|---|
| B. | March 10, 2010 – First request for voluntary dismissal based on this Court's decision holding that Globe owed no duty to the passengers of United Flight 175 and that Globe was not a proximate cause of the crash of United Flight 175, which was sent by Ann Taylor of Locke Lord Bissell & Liddell LLP to Don Migliori, Robert Haefele and Jodi Flowers of Motley Rice LLC, with a copy to me. The communication attached a copy of this Court's decision *In re Sept. 11 Litig.*, 594 F. Supp. 2d 374 (S.D.N.Y. 2009) (not attached hereto for brevity). |
| C. | March 10, 2010 - Response from Don Migliori of Motley Rice LLC advising that "[w]e cannot get you an answer for a week," which was sent to Ann Taylor of Locke Lord Bissell & Liddell LLC and copied to Robert Haefele and Jodi Flowers of Motley Rice LLC and me. |
| D. | March 17, 2010 - Second request for dismissal sent by Ann Taylor of Locke Lord Bissell & Liddell LLP to Don Migliori of Motley Rice LLC, and copied to Robert Haefele and Jodi Flowers of Motley Rice LLC and me, noting it has been a week since first request without response. |
| E. | March 31, 2010 - Third unanswered request for dismissal sent by Ann Taylor of Locke Lord Bissell & Liddell LLP to Don Migliori of Motley Rice LLC, and copied to Robert Haefele and Jodi Flowers of Motley Rice LLC and me. |
| F. | September 14, 2010 - Fourth request for dismissal sent by Ann Taylor of Locke Lord Bissell & Liddell LLP to Don Migliori and Mary Schiavo of Motley Rice LLC, copied to Jodi Flowers of Motley Rice LLC and me. This communication also attached a copy of this Court's decision *In re Sept. 11 Litig.*, 594 F. Supp. 2d 374 (S.D.N.Y. 2009)(not attached hereto for brevity). |
| G. | September 22, 2010 – First substantive response from Mary Schiavo of Motley Rice LLC sent to Ann Taylor of Locke Lord Bissell & Liddell LLP and Don Migliori of Motley Rice LLC, copied to me and to Joe Rice, Jodi Flowers, LeAnn C. Lester and Jim Brauchle of Motley Rice LLC, declaring that because Mr. Bavis was a passenger on United Flight 175 the Court's decision is not applicable – despite the Court having specifically held that Globe owed no duty to passengers on United Flight 175. Based on this conclusion, plaintiff declined to dismiss Globe. |

| | |
|---|---|
| H. | <u>October 4, 2010</u> – Fifth request for dismissal from Ann Taylor of Locke Lord Bissell & Liddell LLP to Mary Schiavo of Motley Rice LLC, copied to me and to Desmond T. Barry, Jr. of Condon & Forsyth LLP and to Don Migliori, Jodi Flowers, Joe Rice, LeAnn Lester James Brauchle of Motley Rice LLC, reminding plaintiff of the express agreement to be bound by the Court's decision and requesting that it be honored. In this communication, plaintiff was given notice pursuant to F.R.C.P. 11 that Globe may seek sanctions. This communication attached a copy of the letter agreement (attached hereto at Exhibit A) and another copy of this Court's decision *In re Sept. 11 Litig.*, 594 F. Supp. 2d 374 (S.D.N.Y. 2009)(not attached hereto for brevity).<br><br>Also forwarded with this communication was the electronic communication from Desmond T. Barry, Jr. of Condon & Forsyth LLP to Timothy S. Tomasik of Clifford Law Office that transmitted the letter agreement at Exhibit 8 above and the acknowledgement of receipt by Mr. Tomasik. |
| I. | <u>October 8, 2010</u> – Follow-up request from Ann Taylor of Locke Lord Bissell & Liddell LLP to Mary Schiavo of Motley Rice LLC to unanswered October 4, 2010 request for dismissal, copied to me and to Don Migliori, Jodi Flowers, Joe Rice, LeAnn C. Lester, and Jim Brauchle of Motley Rice LLC. |
| J. | <u>October 18, 2010</u> – My letter to this Court in conjunction with the October 20, 2010 status conference raising the issue of plaintiff's refusal to dismiss Globe. |
| K. | <u>October 27, 2010</u> – My follow-up request to Don Migliori of Motley Rice LLC seeking plaintiff's position in respect to Globe's request for dismissal in accordance with this Court's request at the October 20, 2010 status conference. |
| L. | <u>October 28, 2010</u> – Response from Don Migliori of Motley Rice LLC to my October 27, 2010 request noting "We will respond this week," copied to Mary Schiavo of Motley Rice LLC. |
| M. | <u>October 29, 2010</u> – Response from Mary Schiavo of Motley Rice LLC to my October 27, 2010 request purporting to have responded multiple times to our request for dismissal and stating that the letter agreement (attached hereto as Exhibit A ) was irrelevant. |

| | |
|---|---|
| N. | <u>October 31, 2010</u> – My response to Mary Schiavo and Don Migliori of Motley Rice LLC, copied to Ann Taylor of Locke Lord Bissell & Liddell LLP, detailing the extent of our prior communications on the dismissal of Globe and again requesting Globe's dismissal. This communication remains unanswered as of the date of this declaration. |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 9, 2010

_____
Gary W. Westerberg.