USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/15/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
IN RE SEPTEMBER 11 LITIGATION
------------------------------------------------------------------
LAUREN E. PETERS, individually and as intestate Heir
and Putative Personal Representative of the Estate of
Louis Neil Mariani, deceased,

        Plaintiff,

 -against-

UNITED AIRLINES, INC., UNITED CONTINENTAL
HOLDINGS, INC., and HUNTLEIGH USA CORP.,

        Defendants.
------------------------------------------------------------------ x

**ORDER APPROVING
SETTLEMENT, DENYING
MOTION TO INTERVENE,
AND DENYING SANCTIONS**

21 MC 101 (AKH)

03 Civ. 6940

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendants United Airlines, Inc., United Continental Holdings, Inc., and Huntleigh USA Corp., (collectively "Defendants") move for approval of a settlement agreement reached with John C. Ransmeier, acting in his capacity as Administrator of the Estate of Louis N. Mariani ("Ransmeier"). Defendants also seek (i) an entry of final judgment under Federal Rule of Civil Procedure 54(b); (ii) a ruling that the settlement amount applies to Defendants' liability cap under § 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101 et seq.; and (iii) a dismissal of the complaint in Peters v. United Airlines, 03 Civ. 6940. Seeking to oppose approval, Ellen Mariani moves to intervene under Federal Rule of Civil Procedure 24(a). Her motion, ostensibly *pro se*, is obviously made by her attorney, Bruce Leichty, Esq., who has twice been denied admission *pro hac vice*. Ransmeier opposes the motion to intervene and simultaneously moves under Federal Rule of Civil Procedure 11 for sanctions against Leichty, and an injunction barring him from further filings. I rule as follows.

1

I have reviewed the terms of the settlement agreement and I find them to be fair and reasonable. Also, the other parties with standing to object to the settlement, the WTCP Plaintiffs and the collective Property Damage Plaintiffs, have consented to it. I therefore approve the settlement. The settlement amount shall apply to Defendants' liability cap under ATSSSA § 408(a)(1). The Clerk shall issue final judgment dismissing the case.

Ellen Mariani's motion to intervene under Federal Rule 24(a) is denied. I have already ruled that Ms. Mariani has no interest to justify intervention because her complaints belong before the New Hampshire Probate Court. <u>Order Denying Motion of Ellen Mariani to Reopen and Intervene and for Joinder as Co-Plaintiff</u>, 03 Civ. 6940 (21 MC 97), Doc. No. 38 (S.D.N.Y. Nov. 5, 2007). The Second Circuit affirmed. <u>N.S. Windows, LLC v. Minoru Yamasaki Assocs., Inc.</u>, 351 F. App'x 461, 467-68 (2d Cir. 2009). Ms. Mariani's new motion suffers the same fatal flaw. There is no basis to reconsider my previous determination.

Ransmeier's motion under Federal Rule 11 is denied. Ransmeier rightly notes that Leichty has submitted papers on Ellen Mariani's behalf after I twice denied him admission *pro hac vice*, and that his papers rehash arguments that have been squarely rejected, both here and in the Second Circuit. But sanctions are strong medicine and are not needed at this time, especially since the lawsuit is now over. If subsequent developments render reconsideration appropriate, Ransmeier may bring this motion again.

In 03 Civ. 6940, the Clerk shall mark the motions (Doc. Nos. 68, 74, 79) terminated and the case closed. In 21 MC 101, the Clerk shall mark the motion (Doc. No. 1316) terminated.

SO ORDERED.

Dated: November 15, 2010
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge