```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
IN RE SEPTEMBER 11 LITIGATION                                :    21 MC 101 (AKH)
                                                             :
------------------------------------------------------------ X
WORLD TRADE CENTER PROPERTIES LLC,                           :    08 CV 3719 (AKH)
et al.,                                                      :
                                                             :
                      Plaintiffs,                            :
                                                             :
              v.                                             :
                                                             :
UNITED AIRLINES, INC., et al.,                               :
                                                             :
                      Defendants.                            :
------------------------------------------------------------ X
WORLD TRADE CENTER PROPERTIES LLC,                           :    08 CV 3722 (AKH)
et al.,                                                      :
                                                             :
                      Plaintiffs,                            :
                                                             :
              v.                                             :
                                                             :
AMERICAN AIRLINES, INC., et al.,                             :
                                                             :
                      Defendants.                            :
------------------------------------------------------------ X
```

**WTCP PLAINTIFFS' AND 7 WTC'S MEMORANDUM OF LAW IN OPPOSITION TO HUNTLEIGH'S AND ICTS'S MOTIONS TO DISMISS, OR, IN THE ALTERNATIVE, FOR A STAY**

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, New York 10006
(212) 412-9500

Attorneys for Plaintiffs:
World Trade Center Properties LLC
1 World Trade Center LLC
2 World Trade Center LLC
3 World Trade Center LLC
4 World Trade Center LLC
7 World Trade Company, L.P.

Of Counsel:
    Cathi A. Hession, Esq.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................................................ 1

     HUNTLEIGH'S AND ICTS'S MOTIONS MUST BE DENIED .................................... 1

CONCLUSION ......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*MCI Telecommunications Corp. v. Credit Builders of America, Inc.*
   2 F.3d 103, 104 (5th Cir.), *cert. den.*, 510 U.S. 978 (1993)..................................................4

**Statutes & Rules**

   ATSSSA §402..........................................................................................................................2

   ATSSSA §408(a)(1)................................................................................................................2

## PRELIMINARY STATEMENT

Plaintiffs World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly known as 5 World Trade Center LLC), 4 World Trade Center LLC (collectively, the "WTCP Plaintiffs") and plaintiff 7 World Trade Company, L.P. ("7 WTC") submit this memorandum of law in opposition to the motion of defendant Huntleigh USA Corporation ("Huntleigh") to "Dismiss Remaining Claims Against It, or in the Alternative, to Stay Action Pending Settlement Appeal," and the companion motion of Huntleigh's parent, defendant ICTS International, N.V. ("ICTS"), insofar as they apply to the above actions by WTCP Plaintiffs and 7 WTC. The motions to dismiss must be denied because neither Huntleigh nor ICTS has shown they spent their insurance on liability for 9/11 claims. Also, the remaining claims against them are not moot because the payment which exhausts that insurance may still be returned to Huntleigh's insurers. The motions for a stay should be denied because Huntleigh and ICTS knew that the settlement would not be finally executed until after any appeal. Staying the remaining actions against them would unfairly put the remaining plaintiffs at risk of the expense of a separate prosecution against Huntleigh. Because of Huntleigh's key role in the 9/11 hijackings, Huntleigh will be involved in the litigation in any event.

## Argument

### HUNTLEIGH'S AND ICTS'S MOTIONS MUST BE DENIED

Huntleigh misrepresents that "this Court determined that Huntleigh's insurers have exhausted the limits of Huntleigh's liability insurance coverage, **and thus have reached the statutory limit required by ATSSSA.**" Huntleigh Memorandum of Law,

at 1 (emphasis added). The Court found only that the payment required of Huntleigh's insurers under the terms of the February 23, 2010 Settlement Agreement with certain property damage plaintiffs (Exhibit 1 to the moving Declaration of Charles R. Eskridge III (the "Moving Decl.")) "has exhausted the limits of Huntleigh's liability insurance coverage." July 1, 2010 Order (Exhibit 5 to Moving Decl.), at 18.

The District Court did not find, nor was any factual showing made by Huntleigh or ICTS from which the Court could have found, nor do the WTCP Plaintiffs or 7 WTC concede, that Huntleigh or ICTS has made <u>liability</u> payments for claims arising from the terrorist-related aircraft crashes of September 11, 2001 "in an amount" equal to "the limits of liability insurance coverage maintained by" Huntleigh and ICTS on 9/11, so as to qualify for protection under the Air Transportation Safety and System Stabilization Act of 2001, Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified as amended at 49 U.S.C. §40101, note) ("ATSSSA").

> Notwithstanding any other provision of law, ***liability for all claims***, whether for compensatory or punitive damages or for contribution or indemnity, ***arising from the terrorist-related aircraft crashes of September 11, 2001***, against an air carrier, aircraft manufacturer, [or] airport sponsor . . . ***shall not be in an amount greater than the limits of liability insurance coverage maintained*** by that air carrier, aircraft manufacturer, airport sponsor, or person.

ATSSSA §408(a)(1) (emphases added); *see* ATSSSA §402 (including "persons engaged in the business of providing air transportation security" in the definition of "air carrier").

Indeed, except with respect to Huntleigh's insurers' allocated payment under the February 23, 2010 Settlement Agreement, neither Huntleigh nor ICTS has demonstrated what insurance payments have been made since ATSSSA was enacted, to whom, or for

2

what purpose, let alone that such payments were for Huntleigh's or ICTS's "liability" for 9/11 claims or even had anything to do with 9/11 claims. It is the amount of "liability" payments for 9/11 claims that is limited; if Huntleigh or ICTS chose to use their general liability insurance for other types of claims or for other purposes such as fees and expenses, such payments do not count toward the total limit of liability payments for 9/11 claims.

Even if Huntleigh or ICTS had made a showing how the amount of liability insurance they had when ATSSSA was enacted has been spent – which WTCP Plaintiffs and 7 WTC expressly deny – the remaining claims against Huntleigh and ICTS also are not moot because the escrowed insurance payment made under the February 23, 2010 Settlement Agreement is not a final payment and the Settlement itself has not yet been fully executed and is subject to termination. The Settlement Agreement expressly provides that (1) there must be a "Final Order" containing certain required findings before settlement funds are released from escrow (¶ 6), (2) a "Final Order" means that, if the order of the District Court which contains the required findings is appealed, as is the case here, the order is not reversed or materially varied by the appellate court (¶ 1(w)), (3) any party can terminate the Settlement Agreement if the appellate court reverses the District Court or materially varies the order appealed from (¶ 18(a)), and (4) in the event of termination, all settlement payments "shall be promptly returned to the Contributing Insurers" (¶ 18(e)). *See also id.,* ¶ 1(o) (tying the "Effective Date" governing the exchange of releases and payments out of escrow to "the date on which the conditions for the release of the escrowed amounts . . . have been met"). Accordingly, the WTCP Plaintiffs' and 7 WTC's claims against Huntleigh and ICTS are not moot and any motion

3

to dismiss is premature while the settlement funds, which remain in escrow, are subject to being returned to Huntleigh's insurers in the event of a termination. *See, e.g., MCI Telecommunications Corp. v. Credit Builders of America, Inc.*, 2 F.3d 103, 104 (5th Cir.) (controversy is not moot where court is "'unable to conclude that all **potential** forms of **relief** are permanently precluded'") (citations omitted; emphasis in original), *cert. den,.* 510 U.S. 978 (1993).

Huntleigh's and ICTS's requests for a stay also should be denied. In addition to the fact that it has not been established that Huntleigh's or ICTS's ATSSSA liability limit has been met, the Settlement Agreement which underlies the motions, and which Huntleigh and ICTS freely entered into, expressly contemplated that other 9/11 litigation would proceed during the period prior to the Effective Date or termination of the Settlement Agreement:

> [U]ntil the Effective Date or until the Settlement Agreement is properly terminated according to its terms, counsel for the Aviation Defendants shall not seek or participate in any discovery against the Settling Plaintiffs and shall take no steps to continue to prosecute any claim or defense against the Settling Plaintiffs in litigation arising out of September 11, 2001, except that the Aviation Defendants shall be entitled to take all necessary and appropriate steps (including formal and informal discovery and motion practice) to defend the claims in the WTCP Actions, the Cantor Action, and the CERCLA Action and to defend against any New Claims that are filed.

Settlement Agreement, ¶ 17(b).

Having entered into a Settlement Agreement which by its terms does not become final until the pending appeal is resolved, Huntleigh should not now be permitted to shield itself from the ATSSSA claims of its other victims while that process unfolds. The Settlement Agreement may be terminated or the appellate court may find that the District Court had no basis for attributing Huntleigh's insurers payment under the Settlement Agreement to Huntleigh's liability

4

for 9/11 claims. In either of those events, judicial resources, as well as the resources of the injured plaintiffs, will have been unnecessarily wasted if Huntleigh is allowed to sit on the sidelines now and has to be prosecuted separately. Moreover, Huntleigh's critical role in operating the security check point for United Flight 175 through which five terrorist hijackers and their weapons passed on 9/11 necessitates the participation of Huntleigh witnesses and the production of other evidence of Huntleigh's operations in the remaining actions, whether Huntleigh is a party or non-party. There is no reason to stay proceedings against Huntleigh as a party when Huntleigh will be a participant in any event.

## CONCLUSION

For all the foregoing reasons, and the reasons set forth by other plaintiffs opposing the motion, which are expressly adopted and incorporated herein, the WTCP Plaintiffs and 7 WTC respectfully request that this Court deny Huntleigh's and ICTS's motions in their entirety.

Dated: New York, New York
       November 24, 2010

> FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
>
> By: *Cathi A Hession*
> Cathi A. Hession, Esq.
> One Liberty Plaza
> New York, New York 10006
> (212) 412-9500
>
> Attorneys for Plaintiffs:
> World Trade Center Properties LLC,
> 1 World Trade Center LLC,
> 2 World Trade Center LLC,
> 3 World Trade Center LLC,
> 4 World Trade Center LLC
> 7 World Trade Company, L.P.

363206

5