USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
IN RE SEPTEMBER 11 LITIGATION                                   :
--------------------------------------------------------------- :
MARY BAVIS                                                      :
                                                                :
                          Plaintiff,                            :
                                                                :
          -against-                                             :
                                                                :
UNITED AIRLINES, INC., et al.                                   :
                                                                :
                          Defendants.                           :
--------------------------------------------------------------- :
WORLD TRADE CENTER PROPERTIES LLC, et                           :
al.,                                                            :
                                                                :
                          Plaintiffs,                           :
                                                                :
          -against-                                             :
                                                                :
UNITED AIRLINES, INC., et al.,                                  :
                                                                :
                          Defendants.                           :
--------------------------------------------------------------- :
WORLD TRADE CENTER PROPERTIES LLC, et                           :
al.,                                                            :
                                                                :
                          Plaintiffs,                           :
                                                                :
          -against-                                             :
                                                                :
AMERICAN AIRLINES, INC., et al.,                                :
                                                                :
                          Defendants.                           :
--------------------------------------------------------------- x

**ORDER DENYING HUNTLEIGH'S MOTIONS TO DISMISS OR STAY ACTIONS**

21 MC 101 (AKH)

02 Civ. 7154

08 Civ. 3719

08 Civ. 3722

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Defendants Huntleigh USA Corp. ("Huntleigh") and its parent company, ICTS International N.V. ("ICTS"), move under Federal Rule of Civil Procedure 12(b)(1) to dismiss the three remaining lawsuits against them, or in the alternative to stay the suits against them pending

1

the WTCP Plaintiffs' appeal of my approval of the property-damage settlements between the Aviation Defendants and the Property Damage Plaintiffs. The motions are denied.

Huntleigh is a private contractor that provided security screening services at Boston's Logan International Airport. On September 11, 2001, terrorists passed through Huntleigh's security checkpoint and boarded United Airlines Flight 175, which they subsequently hijacked and crashed into Tower Two of the World Trade Center. Various Plaintiffs in the wrongful-death and property-damage cases have sued Huntleigh, together with other Aviation Defendants. These Plaintiffs have alleged Huntleigh was negligent in its operation of the security checkpoints at Logan and so allowed the terrorists, and their weapons, to pass through security and board the flight undetected.

The Aviation Defendants, Huntleigh among them, have settled all the personal-death lawsuits against them save one, that of Mary Bavis, and I have set a trial date for that case beginning June 2011. The Aviation Defendants, Huntleigh among them, also have recently entered into a settlement with the Property Damage Plaintiffs, which I approved as fair and reasonable on July 1, 2010. The WTCP Plaintiffs objected to my approval and have filed appeals in the Second Circuit.

Suits against Huntleigh for injuries arising from the events of September 11, 2001, are governed by the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101 et seq. Recognizing that the events of September 11, 2001 could expose the aviation industry to ruinous liability, Congress provided in the ATSSSA that the Aviation Defendants' liability would be capped at the extent of their liability insurance coverage. The relevant portion of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution

2

> or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001 . . . shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, aircraft manufacturer, airport sponsor, or person.

ATSSSA § 408(a)(1), 49 U.S.C. § 40101 note.

Huntleigh alleges that the various settlements it entered into with wrongful-death and property-damage Plaintiffs have exhausted its liability insurance coverage. Huntleigh argues that since, under ATSSSA § 408(a)(1), suits against it are moot, I should therefore dismiss it from the suits brought by Mary Bavis and the WTCP Plaintiffs. See Fox v. Bd. of Trustees of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) ("When a case becomes moot, the federal courts lack subject matter jurisdiction over the action.") (internal quotation omitted).

Mary Bavis's claim against Huntleigh is not moot. Mary Bavis has alleged that Huntleigh acted as an agent for United Airlines ("United") in providing security services at Logan, and that Huntleigh's negligence, if proved, is attributable to United. See Citibank, N.A. v. Nyland Ltd., 878 F.2d 620, 623-24 (2d Cir. 1989) ("[T]he established rule [is] that a principal is liable to third parties for the acts of an agent operating within the scope of his real or apparent authority."). Thus, Huntleigh's alleged negligence remains relevant. See In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999) (per curiam) ("A case becomes moot only when it is impossible for the court to grant any effectual relief whatever to a prevailing party.") (internal quotation omitted) (emphasis in original). Mary Bavis continues to have a justiciable claim against Huntleigh.

Nor are the WTCP Plaintiffs' claims moot. The WTCP Plaintiffs appealed my approval of the Aviation Defendants' settlement with the Property Damage Plaintiffs, and that appeals is pending in the Second Circuit. That settlement expressly provides that it does not go

3

into effect absent a "final order," defined as an order of the Court of Appeals that does not reverse or materially alter the terms of my order approving it. Huntleigh has yet to discharge any liability insurance in furtherance of that settlement.

Further, Huntleigh has not accounted for its settlement payments. Absent a judicial accounting, it is not entitled to a discharge of further liability. See ATSSSA § 408(a)(1) (providing that aviation defendants are exposed to the limit of their liability insurance as to "liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001").

In the alternative, Huntleigh seeks a stay of proceedings pending the Second Circuit's decision regarding my approval of the settlement with the Property Damage Plaintiffs. A stay is not warranted. More than nine years have passed since the events of September 11, 2001. The Bavis trial has been scheduled to begin June 2011, and there are few, if any, issues remaining to be tried in the WTCP Plaintiffs' cases. The stay desired by Huntleigh would prejudice all other interested parties.

The motions are denied. The Clerk shall mark the motions (Doc Nos. 1328 & 1332) terminated.

SO ORDERED.

Dated: December 1, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4