UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                        :

IN RE SEPTEMBER 11 LITIGATION        :    21 MC 101 (AKH)
                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :

THIS DOCUMENT APPLIES TO CASE:    :
02-CV-7154 (AKH)                      :
                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

 

**GLOBE AVIATION SERVICES CORPORATION'S
REPLY IN SUPPORT OF ITS MOTION TO ENFORCE LITIGATION AGREEMENT
AND FOR DISMISSAL OF CLAIMS ASSERTED IN *BAVIS* ACTION**

LOCKE LORD BISSELL & LIDDELL LLP
Gary W. Westerberg
Ann C. Taylor
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile:  (312) 443-0336
gwesterberg@lockelord.com
ataylor@lockelord.com


JONES HIRSH CONNORS & BULL, P.C.
James P. Connors
1 Battery Park Plaza
New York, NY 10004
Telephone:  (212) 527-1000
Facsimile:  (212) 527-1680
jconnors@jhcb.com


*Counsel for Globe Aviation Services Corporation*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................................1

UNDISPUTED STATEMENTS OF FACTS ........................................................................2

ARGUMENT ...........................................................................................................................4

I.      PLAINTIFF'S CLAIMS FALL WITHIN THE COURT'S DECISION ..........................4

II.     PLAINTIFF WAIVED ANY UNDISCLOSED THEORY OF LIABILITY AND
        IS ESTOPPED FROM ASSERTING IT ON THE EVE OF TRIAL .................................5

        A.      Letter Agreement Is Plain And Unambiguous ..........................................5

        B.      Plaintiff Is In Same Position As WTCP And Her Claim Is Waived.....................7

        C.      Plaintiff Is Equitably Estopped From Asserting New Allegations ..........................8

CONCLUSION.........................................................................................................................11

## INTRODUCTION

For nine years, Plaintiffs have represented to Defendants and this Court that their case against the carrier airlines and their preboard screening contractors is premised on alleged failures to detect items at airport checkpoints that were prohibited by federal regulation, which allegedly allowed terrorists to gain control of aircraft to attack the United States on September 11, 2001. Now, for the first time, the *Bavis* Plaintiff alleges that Globe Aviation Services Corporation ("Globe") – the preboard screening contractor for American Airlines, Inc. ("American") at Logan International Airport – could have thwarted the entire terrorist plot by "making note of names, tickets, appearance"[1] of two men of purportedly Arabic descent that were seen videotaping and taking pictures in public areas "better than 50 feet"[2] from a checkpoint operated by Globe on May 11, 2001. The story goes that Globe should have notified the Federal Aviation Administration and provided the above referenced information, and then the U.S. Government would have uncovered the terrorist plot and September 11, 2001 would have been a day like any other. This is, in a word, preposterous.[3]

---

[1]     Plaintiff's Memorandum in Opposition to Defendant's Motion to Enforce Litigation Agreement and for Dismissal of Claims Asserted in Bavis Action Against Globe Aviation Services Corporation, p. 7 ("Bavis Resp.").

[2]     Deposition of Stephen J. Wallace, July 17, 2007, p. 218 ("Wallace Dep.") (attached as Ex. 3 to the Declaration of Mary F. Schiavo ("Schiavo Decl.") in Support of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Enforce Litigation Agreement and For Dismissal of Claims).

[3]     It is preposterous on several levels – not the least of which is that there is no credible evidence to support this theory. For example, there is no evidence to suggest that Globe had a duty to report passengers taking pictures or videotaping around the checkpoint. In fact, James Miller testified that it specifically was *not* prohibited on September 11, 2001. (Deposition of James Miller, Jr., May 23, 2008, p.85-86 ("Miller Dep.") attached as Ex. 6 to Schiavo Decl.). Miller, a screener for the TSA, further testified that it is not prohibited today. (*Id.* at 116-17). This is corroborated by TSA's statement of March 31, 2009: "We don't prohibit public, passengers or press from photographing, videotaping, or filming at screening locations. You can take pictures at our checkpoints as long as you're not interfering with the screening process or slowing things down." The TSA Blog, http://blog.tsa.gov/2009/03/can-i-take-photos-at-checkpoint-and.html ("This blog is sponsored by the Transportation Security Administration to facilitate an ongoing dialogue on innovations in security, technology and the checkpoint screening process") (last visited Dec. 1, 2010).
       Moreover, with respect to the alleged May 11, 2001 incident, the testimony is clear that Mr. Stephen Wallace, an American Airlines employee, notified a Massachusetts State Trooper, who watched the two Arabic appearing passengers clear the checkpoint without incident. (Wallace Dep., p. 112-13 attached as Ex. 3 to Schiavo Decl.).

1

Absent evidence, Plaintiff strings together a series of speculative 'what-ifs' propping herself up along the way with misquoted and inconsequential testimony and claims of liability that are nowhere to be found in her complaint.  This, all in an effort to avoid an express agreement to be bound by this Court's January 16, 2009 Opinion and Order Granting Summary Judgment Dismissing World Trade Center Properties, LLC Tower-Two Claims Against American and Globe ("Decision") finding that Globe owed no duty to passengers on United Flight 175 and was neither a legal nor factual proximate cause of any damages stemming from the hijacking and intentional crash of United Flight 175.

Contrary to Plaintiff's assertions otherwise, this Court's Decision is not "irrelevant and moot" to her claims against Globe.   Globe's motion is a simple one.  Plaintiff promised to be bound by the outcome of a motion asserted against a similarly situated plaintiff on whether Globe owed any duty to persons damaged by the hijacking and crash of United Flight 175 into World Trade Center Two.   She has broken that promise and is now trying to spin a tale as to why she should not be held to the consequence of her written agreement.[4]

### **UNDISPUTED STATEMENTS OF FACTS**

The undisputed facts here are as follows:

1) On January 14, 2004, Plaintiff filed her Second Amended Complaint in which she pled, "[t]he Security Company Defendants owed all passengers, crew and the general public the highest duty of care in preventing passengers from carrying dangerous weapons through its security system and services."  (Plaintiff's Second Amended Complaint for Wrongful Death and Survival ("Bavis Cmplt."), Count 3, ¶70).  It was a breach of this purported duty that Plaintiff alleged "…middle eastern terrorists were permitted to board and hijack United Flight 175, thereby causing the crash of the Flight 175 aircraft and the suffering, injuries and death of Mark Bavis." (*Id*. at ¶73).

---

[4]     Globe is not seeking summary judgment in this motion; rather it is seeking the enforcement of Plaintiff's agreement to be bound by the Court's Decision finding Globe had no duty to United Flight 175 passengers – which compels a dismissal of this action.  Globe hereby reserves all rights to bring a summary judgment motion if necessary and to rely *inter alia* on Plaintiff's agreement and this Court's Decision in support of such a motion.

2)      On July 22, 2008, a Motion For Summary Judgment Dismissing All Plaintiffs'
        United Flight 175 Claims Against Defendants American Airlines, Inc., AMR
        Corporation, And Globe Aviation Services Corporation ("Def.'s Motion for
        Summary Judgment") was filed seeking dismissal of all 21 MC 101 property
        damage claims.

3)      On October 10, 2008, World Trade Center Properties ("WTCP") filed a response
        in Opposition to Def.'s Motion for Summary Judgment.

4)      On October 15, 2008, Plaintiff expressly agreed, in a letter drafted by Plaintiffs'
        liaison counsel, to "be bound by the outcome, including the appeal of any ruling
        by this Court, of the motion for summary judgment dismissing all Plaintiffs'
        United Flight 175 claims against Defendants American Airlines, Inc., AMR
        Corporation and Globe Aviation Services Corporation filed on July 22, 2008 as
        against the WTC Plaintiffs." ("Letter Agreement") (attached as Ex. A to
        Declaration of Gary W. Westerberg ("Westerberg Decl.") in support of Globe's
        Motion to Enforce Litigation Agreement and for Dismissal of All Claims Against
        Globe Aviation Services Corporation).

5)      On October 15, 2008, the only United Flight 175 wrongful death case pending
        against <u>any</u> American Flight 11 defendant was the Plaintiff's action against
        Globe.  In other words, Plaintiff's action against Globe was the only wrongful
        death case subject to the October 15, 2008 Letter Agreement.

6)      On January 16, 2009, the Court issued its Decision "that American and Globe,
        having played no part in the screening or transporting of passengers with respect
        to United Airlines flight 175, had no duty to United's passengers or other victims
        of the United crash." *In re Sept. 11 Litig.*, 594 F. Supp. 2d 374, 377 (S.D.N.Y.
        2009).

7)      From March 10, 2010 to September 22, 2010, Globe received no response to
        multiple requests for dismissal.  (Ex. B-G to Westerberg Decl.).

8)      On September 22, 2010, Plaintiff first advised that she would not dismiss Globe
        from her litigation.  (Ex. G to Westerberg Decl.).

9)      On November 9, 2010, Globe filed the subject Motion to Enforce Litigation
        Agreement and for Dismissal of Claims Asserted in *Bavis* Action Against Globe
        Aviation Services Corporation.

10)     On November 23, 2010, in her Memorandum in Opposition To Defendant's
        Motion to Enforce Litigation Agreement and for Dismissal of Claims, Plaintiff
        asserted a theory of liability against Globe never before advanced and not found
        in her January 14, 2004 Second Amended Complaint.

## ARGUMENT

### I.   PLAINTIFF'S CLAIMS FALL WITHIN THE COURT'S DECISION

On October 15, 2008, the Plaintiff agreed to be bound by "the outcome, including the appeal of any ruling by this Court, of the motion for summary judgment dismissing all Plaintiffs' United Flight 175 claims" against American and Globe.  (Ex. A to Westerberg Decl.).  And Plaintiff admits that she agreed to be bound by, "what was contained in this Honorable Court's order" through this Letter Agreement.  (Bavis Resp., p.3).

This Court held, "… that American and Globe, having played no part in the screening or transporting of passengers with respect to United Airlines flight 175, had no duty to United's passengers or other victims of the United crash."  *In re Sept. 11 Litig.*, 594 F. Supp. 2d at 377. This was because Globe screened passengers for American Airlines' flights at Logan on and before September 11, 2001, *never* United Air Lines' flights.  This Court also concluded that:

> a generalized duty of all airlines and all aviation personnel to report aviation threats to federal authorities does not establish under these circumstances a duty of one airline to those injured by another airline's crash.  As I observed at oral argument, the imposition of such a sweeping duty to general aviation everywhere and to the public everywhere…would, in effect, eliminate every conception of the notion of duty in tort law.

*Id.* at 382 (internal quotation marks omitted).

Here, Plaintiff alleges that on May 11, 2001 two male passengers of Arabic descent videotaped and took pictures of a Globe checkpoint for American and a nearby airline departure monitor and Globe should be liable "to the traveling public" (which includes Mark Bavis) for not advising the Federal Aviation Administration of this incident.  (Bavis Resp., pp. 4-5).  Putting aside the astounding mischaracterizations of this "evidence," the Plaintiff's allegations – even taken as true – are of the same nature that this Court specifically rejected in its Decision to which

the Plaintiff agrees she is bound.   As a result, this Court should enforce the Letter Agreement

and dismiss Plaintiff's action against Globe.


## II.     PLAINTIFF WAIVED ANY UNDISCLOSED THEORY OF LIABILITY AND IS ESTOPPED FROM ASSERTING IT ON THE EVE OF TRIAL

Plaintiff does not dispute that she agreed to be bound by the Court's Decision through the

Letter Agreement.  Instead, Plaintiff argues that because WTCP did not allege her new (and

unsubstantiated) theory of liability against Globe, she is under no obligation to dismiss Globe.

She suggests that there was "no meeting of the minds," but the Letter Agreement, drafted by

plaintiffs' liaison counsel, is clear and unambiguous in its words and intent.  This Court must

construe the Letter Agreement like any other contract and enforce its plain meaning.  Plaintiff is

not permitted to concoct arguments after the Letter Agreement is entered, and after this Court

found in Globe's favor, to absolve her from the express agreement reached.   Even if done

innocently, Plaintiff is equitably estopped from asserting these new allegations at this stage of

the litigation.

### A.     Letter Agreement Is Plain And Unambiguous

The Letter Agreement is an express, written agreement executed between authorized

individuals for the parties.  It is a contract.[5]  A plain and unambiguous contract that must be

interpreted by the clear words used.  *See Vintage, LLC v. Laws Constr. Corp.*, 13 N.Y.3d 847,

849 (2009) ("Where an agreement is unambiguous on its face, it must be enforced in accordance

---

[5]       In New York, "[t]o establish the existence of an enforceable agreement, a [party] must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (App. Div. 1st Dep't 2009) (citing 22 N.Y. Jur. 2d Contracts § 9).  Although Plaintiff claims that there must not have been mutual assent or "meeting of the minds," as discussed below, that argument is specious. Plaintiff has not contended that any of the other requirements for the formation of a contract are lacking. Furthermore, under New York law, a letter agreement can constitute a contract. *See, e.g.*, *Riverside S. Planning Corp. v. CRP/Extell Riverside, L.P.*, 13 N.Y.3d 398 (2009) (resolving a breach of contract claim concerning a letter agreement).

with the plain meaning of its terms"); *see also Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002) ; *W.W.W. Associates, Inc. v. Giancontieri*, 77 N.Y.2d 157, 162 (1990).

The inescapable reading of this Letter Agreement is that Plaintiff agreed that if this Court found that Globe had no duty to WTCP for damages arising out of United Flight 175, then Globe owed her decedent no duty either.  In fact, the Letter Agreement is quite specific that it:

> in no way impacts any claims, actions or causes of action asserted by the Plaintiffs against American Airlines and Globe, or any other person or entity, arising out of or relating in any [sic] to the crash of American Airlines flight 11 into WTC1 (North Tower) and all matters, claims or cause of action by Plaintiff of any nature or form whatsoever, *other than those claims that directly relate to United 175 against American Airlines and Globe that are the specific subject of the motion*.

("Letter Agreement") (emphasis added).

American and Globe filed for summary judgment – not partial summary judgment – and sought dismissal of all property damage claims asserted against them arising out of the intentional crash of United Flight 175 into World Trade Center Two.  (Def.'s Motion for Summary Judgment).  And, Plaintiff's allegations of liability against Globe are the same as those asserted by WTCP.  (*Compare* Bavis Cmplt. ¶39, ¶41, ¶¶69-73 *with* WTCP Plaintiffs' Complaint ¶¶35-37).

In an effort to diffuse this simple analysis, Plaintiff claims "no meeting of the minds" to invalidate a clear and unambiguous written agreement.  As authority, Plaintiff reminds the Court of a few instances in this consolidated litigation where oral settlement agreements, absent fully executed releases, were found non-binding.  The difference here is self-evident.  The Plaintiff and Globe entered into a clear, written agreement that was executed by persons authorized to bind the parties.  A comparison to agreements not finalized by written release is unavailing.  The Letter Agreement was intended, and does, compel Plaintiff to dismiss her action against Globe as a result of the Decision and this Court should hold Plaintiff to the terms of this agreement.

### B.        Plaintiff Is In Same Position As WTCP And Her Claim Is Waived

Plaintiff had nearly 3 months to review and analyze Globe's July 22, 2008 summary

judgment motion *before* entering into the Letter Agreement.  Plaintiff also had nearly two weeks

to review and analyze WTCP's opposition to Globe's summary judgment motion *before* entering

into the Letter Agreement.   Plaintiff *chose* to be bound by the Court's Decision – intentionally

agreeing that Globe need not file a separate summary judgment against her claims because both

Plaintiff and Globe would be bound by the Court's Decision.  The July 22, 2008 summary

judgment motion, therefore, is appropriately treated as if it was filed in Plaintiff's case.

So, a full nineteen months after the Court issued its Decision, Plaintiff raises a new

theory of liability that she claims was not addressed in opposition to the prior summary judgment

motion and Decision, and therefore it is still viable against Globe.  But, it is well-settled that a

defense not raised is deemed abandoned or waived.  *See Bowen v. County of Westchester*, 706 F.

Supp. 2d 475, 492 (S.D.N.Y. 2010) (finding claim waived when party failed to offer legal or

factual response in summary judgment motion); *Singleton v. City of Newburgh*, 1 F. Supp. 2d

306, 312 (S.D.N.Y. 1998) (finding plaintiff abandoned claim and granting defendant summary

judgment when issue was not raised in response to defendant's summary judgment motion); *Nat'l*

*Communications Ass'n, Inc. v. Am. Tel. & Tel. Co.*, 1998 WL 118174, at *28 (S.D.N.Y. Mar. 16,

1998) (holding that plaintiff abandoned claim by failing to address arguments raised on

defendant's motion for summary judgment).

If Plaintiff had any theory of liability against Globe that was not adequately addressed by

WTCP, then she should not have entered into the Letter Agreement with Globe.   But she did,

and with the full knowledge of WTCP's theories to oppose the summary judgment motion filed

by American and Globe.  In doing so, Plaintiff waived any right to pursue Globe concerning any

undisclosed theories of liability.

### C.   Plaintiff Is Equitably Estopped From Asserting New Allegations

Even if it could be said that Plaintiff did not affirmatively waive this wholly speculative claim, "[t]he doctrine of 'equitable estoppel preclude[s] a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted.'" *N.Y. Cent. Mut. Fire Ins. Co. v. Edwards*, 2009 WL 230146, at *1 (2d Cir. Jan. 30, 2009) (quoting *Shondel J. v. Mark D.*, 7 N.Y.3d 320, 326 (2006)); *see also Tom Rice Buick-Pontiac, GMC Truck, Inc. v. Gen. Motors Corp.,* 551 F.3d 149, 157 (2d Cir. 2008) (same); *Frumusa v. Zweigle's, Inc.*, 688 F. Supp. 2d 176, 189-90 (W.D.N.Y. 2010) (citing *N.Y. Cent. Mut. Fire Ins. Co.*, 2009 WL 230146, at *1) .

Globe had every reason to believe a dismissal from Plaintiff was forthcoming – just a matter of busy counsel with a purely administrative filing.  After all, Plaintiff had dismissed American, Globe's principal, earlier.  (Stipulation of Dismissal Without Prejudice of American Airlines and AMR Corporation entered May 26, 2006).  It was not until nineteen months after the Court's Decision was issued and after many unanswered requests did Globe *first* learn that Plaintiff had no intention of honoring the Letter Agreement and dismissing Globe.  This revelation coincided with the Court setting a trial date in Plaintiff's action.   These types of actions and delays reflect the dubious conduct equity abhors.  Yet, "[a] party may be estopped even if its conduct was entirely innocent." *N.Y. Cent. Mut. Fire Ins. Co.*, 2009 WL 230146, at *1; *see also Triple Cities Constr. Co. v. Md. Cas. Co.*, 4 N.Y.2d 443, 448 (1958) ("A party may not, even innocently, mislead an opponent and then claim the benefit of his deception") (internal quotation marks omitted); *Brady v. Metro. Life Ins. Co.*, 14 N.Y.S.2d 581, 586 (Sup. Ct. Monroe County 1939) ("[E]stoppel . . . is a doctrine of equitable origin that imposes a result regardless of intent and sometimes in defiance [sic] of it"), *aff'd sub nom. In re Masterton's Estate*, 20 N.Y.S.2d 988 (App. Div. 4th Dep't 1940).

This Court need not resolve whether Plaintiff devised this new theory of liability against Globe after reading this Court's Decision or after it set a trial date or whether Plaintiff truly believed that her express agreement did not cover any defenses to summary judgment not advanced by WTCP.  On the eve of trial, Plaintiff is not permitted to assert new allegations against Globe for which discovery has not been had and divorce herself from the express agreement she made, upon which Globe reasonably relied.  Plaintiff's claims are barred by the doctrines of equitable estoppel and this Court should dismiss her claims against Globe.

Globe, however, was not the only one that did not anticipate Plaintiff's new allegations. This Court also was under the reasonable understanding that any trial against one of the carrier airlines and its screening contractor would involve their operations on September 11, 2001. Based on this premise, this Court decided that evidence concerning the information in the possession of the U.S. Government and what it did with such information would be too confusing for a jury, and the parties were precluded from further discovery and introduction of such evidence at trial.[6]  Yet, Plaintiff needs the Court and jury to speculate as to what the U.S. Government could or would have done should it have been presented with the evidence Plaintiff, albeit erroneously, presents here.  Plaintiff cannot reasonably expect the Court to both ignore and recognize government conduct in assessing Globe's liability.

Globe would be substantially prejudiced and denied due process if not afforded the ability and opportunity to discover and present evidence concerning what the U.S. Government did with much more credible evidence from May 11 to September 10, 2001 than that which Globe allegedly failed to provide.  For example, in this period, K. J. Williams drafted an FBI memorandum directed to "Counterterrorism" (a/k/a the "Phoenix Memo") concerning al Qaeda

---

[6]      *See In re Sept. 11, Litig.*, 621 F. Supp. 2d 131, 141 (S.D.N.Y. 2009) ("Moreover, efforts to prove these propositions would cause confusion and prejudice, and burden court and jury with long delays and unduly lengthy trial proceedings").

sending recruits to aeronautics schools in the United States and the FBI arrested and questioned Zacarias Moussaoui.  Globe would be entitled to discover further information concerning these activities and introduce it at trial to defend against Plaintiff's allegation that Globe's alleged failure to report the May 11, 2001 incident of photo-taking around a checkpoint directly lead to Mark Bavis' death on September 11, 2001.  Clearly, this information would be crucial to its defense.

Without question, if Plaintiff's speculative and meritless theory is not found to be covered by the Letter Agreement or otherwise waived or equitably estopped, Globe will need substantial additional discovery from, among others, the U.S. Government.  This will undoubtedly delay and complicate the trial.  Globe had no reasonable notice from the Plaintiff's complaint that it intended to pursue this theory of liability, and the time has long passed for amendments.  *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) ("the central purpose of a complaint is to provide the [opposing party] with notice of the claims asserted against it"); *see also Ruotolo v. City of N.Y.*, 514 F.3d 184, 192 (2d Cir. 2008) ("[u]ndue prejudice arises, when an amendment [comes] on the eve of trial and would result in new problems of proof" or when it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial") (internal citations and quotation marks omitted); *Travelers Cas. & Sur. Co. v. Dormitory Auth.-State of N.Y.*, 2010 WL 3419196, at *26 (S.D.N.Y. Aug. 26, 2010) ("[Counter-plaintiff] has not explained its failure to plead the [new] claim, nor has it attempted to demonstrate the existence of diligence supporting 'good cause' for permitting those claims to be asserted now.  Moreover, to permit [] leave to amend and plead [the new] claim at this juncture -- on the eve of trial, following several years of costly fact and expert discovery -- would, as [Counter-defendant] observes, cause it substantial prejudice").

A trial, nine years in the making, is now set to begin in seven months.  At this point, for Plaintiff to be permitted to move forward with these untimely, speculative claims would be a waste of this Court's time and prejudice the other *Bavis* defendants' defenses.

### **CONCLUSION**

For the reasons set forth in its Motion to Enforce Litigation Agreement and Dismissal of Claims Asserted In *Bavis* Action and herein, Defendant Globe Aviation Services Corporation respectfully requests that this Court grant its motion and dismiss all claims asserted by Plaintiff against it in this matter and award any other relief deemed appropriate.[7]

Dated: December 3, 2010                    Respectfully submitted,

 

Gary Westerberg
Ann C. Taylor
LOCKE LORD BISSELL & LIDDELL LLP
111 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 443-0700
Facsimile:  (312) 443-0336
gwesterberg@lockelord.com
ataylor@lockelord.com

JONES HIRSH CONNORS & BULL, P.C.
James P. Connors
1 Battery Park Plaza
New York, NY 10004
Telephone:  (212) 527-1000
Facsimile:  (212) 527-1680
jconnors@jhcb.com

*Counsel for Globe Aviation Services Corporation*

---

[7]     As noted in the opening brief, Globe reserves the right to seek further relief as appropriate, including but not limited to that afforded under Rule 11 of the Federal Rules of Civil Procedure with notice and opportunity duly given.

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF ILLINOIS      )
                               ) ss.:
COUNTY OF COOK      )

       Gary W. Westerberg states that he is not a party to the action, is over 18 years of age and resides in Chicago, Illinois and that on the 3rd day of December 2010, he filed electronically with the Court and effected service of GLOBE AVIATION SERVICES CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE LITIGATION AGREEMENT AND FOR DISMISSAL OF CLAIMS ASSERTED IN *BAVIS* ACTION upon:

1.     Robert A. Clifford and Timothy S. Tomasik – Property Damage and Business Loss Plaintiffs' Liaison Counsel
2.     Donald A. Migliori – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel
3.     Katherine L. Pringle – WTC 7 Ground Defendants' Liaison Counsel
4.     Richard Williamson – Counsel for Plaintiffs World Trade Center Properties LLC et al.
5.     Jeannette A. Vargas – U.S. Attorneys' Office
6.     Desmond T. Barry, Jr. – Aviation Defendants' Liaison Counsel

by having a copy of the papers emailed to the attorneys in accordance with the Court's March 10, 2005 Order.

                            s/Gary W. Westerberg

                            _____

                            Gary W. Westerberg