UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                              :
                                              :
IN RE SEPTEMBER 11 LITIGATION    :     NO.:  21MC101(AKH)
                                              :
                                              :
----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RECONSIDERATION AND FOR ORAL ARGUMENT
## BY HUNTLEIGH USA CORPORATION

Huntleigh USA Corporation respectfully submits this Motion for Reconsideration and For Oral Argument, with respect to this Court's Order Denying Huntleigh's Motions to Dismiss or Stay Actions (hereafter, the "Order"), dated December 1, 2010, and would respectfully show this Court as follows:[1]

### Reasons for Reconsideration

Local Rule 6.3 permits reconsideration and reargument where the Court has overlooked factual matters or controlling decisions pertinent to a decision. Courts undertake reconsideration where decision has preceded the filing of a reply containing pertinent additional facts and law. *See*, *e.g.*, *Williams v. Luhr Bros., Inc.*, 2006 WL 2714908, *1 (S.D. Ill. Sept. 22, 2006). This Court issued its Order on December 1, 2010, the same day on which Huntleigh's reply brief was due, but before such reply had been filed. WTCP's opposition had not been filed until November 24, 2010. As such, Huntleigh's reply was properly before this Court, is directly responsive to the conclusions made in this Court's Order, and was not considered with respect to that Order. *See* Eskridge Decl., Ex. 1 (hereafter cited as "Reply Br., at __").

---

[1] ICTS International, N.V. joins this motion, and requests the same relief with respect to its motion to dismiss or stay, which was also denied in this Court's Order. Defined terms from Huntleigh's original moving papers will have the same meaning here.

1371516v1/005989

The Second Circuit has indicated that reconsideration is warranted where the "moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Fowler v. Scores Holding Company, Inc.*, 2010 WL 3911114, *1 (S.D.N.Y. Sept. 27, 2010) (same). The failure to consider "additional relevant case law" has been deemed sufficient. *See Shrader*, 70 F.3d at 257.

Huntleigh submits that this Court has not considered caselaw and evidence pertinent to Huntleigh's Motion to Dismiss or Stay, and has committed clear error with respect to statements of fact and conclusions of law in its Order, as follows:

- This Court's Order states: "Huntleigh has not accounted for its settlement payments. Absent a judicial accounting, it is not entitled to a discharge of further liability." *See* Eskridge Decl., Ex. 2, at 4 (hereafter cited as "Order, at __"). This is clear error. Such holding directly contradicts the Court's dispositive finding with respect to Huntleigh in the Settlement Approval Order: "I find that payment by Huntleigh's insurers has exhausted the limits of Huntleigh's liability insurance coverage." *See* Eskridge Decl., Ex. 3, at 18 (Settlement Approval Order); *see also* Reply Br., at 8 (citing same). With respect to the PD Settlement—as well as with respect to each prior wrongful death and personal injury settlement—this Court has already ordered that "all amounts paid pursuant to the settlement agreement to be credited against the settling defendants' respective liability ceilings under § 408(a)(1) of the ATSSSA." Eskridge Decl., Ex. 3, at 18 (Settlement Approval Order). Indeed, as Huntleigh's detailed in its reply brief with citation to supporting and uncontradicted evidence, the record before this Court in support of

- the Settlement Approval Order demonstrated that Huntleigh's liability limits were $150 million, and that settlement payments made to 9/11 victims or representatives totaled the same $150 million. Reply Br., at 7-8.

- The central contention in Bavis's response was that Huntleigh must be present as a party to try a vicarious liability theory against United, which contention became a premise upon which this Court's Order depends. *See* Order, at 3. This is clear error. Huntleigh's reply brief identifies controlling law from both state and federal courts in New York establishing beyond question that an agent is not a necessary party to an action for vicarious liability against the principal.[2] *See* Reply Br., at 4-5. In other words, Bavis can obtain and collect a judgment against United based on the alleged negligence of its agent, Huntleigh, whether or not Huntleigh is a party to the lawsuit or present at trial. The benefit of Huntleigh's contrary and uncontradicted citation of law has not been considered by the Court.

- Huntleigh's reply brief also demonstrates that its actions will be fully examined in a trial of the Bavis matter, regardless of party status. Reply Br., at 4-5. As factually detailed in reply, Bavis has already taken dozens of depositions of current and former Huntleigh employee; has collected tens of thousands of pages of documents from Huntleigh; may continue to pursue further discovery from

---

[2] *Citing Royal Indus., Ltd. v. Kraft Foods, Inc.*, 926 F. Supp. 407, 414-15 (S.D.N.Y. 1996) ("[I]f plaintiff establishes an agency relationship and ultimately prevails at trial, it can obtain complete relief whether or not [the agent] is a party defendant."); *Reit v. Post Props., Inc.*, No. 09 Civ. 5455, 2010 WL 743533, at *2 (S.D.N.Y. Feb. 24, 2010) (collecting cases); *Rose v. Simms*, No. 95 CIV. 1466, 1995 WL 702307, at *3-4 (S.D.N.Y. Nov. 29, 1995) (collecting cases); *Shapiro v. Good Samaritan Regional Hosp. Med. Center*, 865 N.Y.S.2d 680 (App. Div. 2008); *Nottingham v. Gen. Am. Commns. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("[I]t is well-established that Rule 19 does not require the joinder of joint tortfeasors. Nor does it require joinder of principal and agent."); *Milligan v. Anderson*, 522 F.2d 1202, 1207-08 (5th Cir. 1975); *Law Offices of David J. Stern, P.A. v. SCOR Reinsurance Corp.*, 354 F. Supp. 2d 1338, 1344-45 (S.D. Fla. 2005); *Roberts v. Smith Barney, Inc.*, No. CIV. A. 97-2727, 1998 WL 1753646, at *1 (E.D. Pa. Feb. 11, 1998) ("[A]n injured party pursuing a theory of vicarious liability may sue either the principal or the agent as he elects."); *Hall v. Nat. Serv. Indus., Inc.*, 172 F.R.D. 157, 159 (E.D. Pa. 1997) ("It is well established that Rule 19 does not require the joinder of principal and agent.").

> Huntleigh before trial; and because Congress has provided nationwide service of process to compel testimony at trial in this matter, may compel witnesses to attend. The law is clear that the mere fact that a party may be called upon to provide evidence at trial is not sufficient to make it a necessary party.[3] This uncontradicted citation of law has not been considered by the Court.

- In responsive briefing, Bavis suggested no other source of monetary recovery from Huntleigh, apart from the exhausted insurance limits. Huntleigh's reply brief demonstrates why this is a textbook definition of mootness, which divests this Court of jurisdiction to proceed further in action against Huntleigh.[4] Reply Br., at 6-7. Having not considered this law in its Order, this Court is in clear error, and beyond its jurisdiction, in forcing Huntleigh to a trial in which no relief is available.

- This Court's Order states: "Huntleigh has yet to discharge any liability insurance in furtherance of that [property damage] settlement." Order, at 4. This is clear error. The Court has failed to take into account that Huntleigh, at present, has parted with the entirety of the limits of its $150 million insurance policy, in good faith pursuit of settlements in mediation ordered by this Court. Reply Br. at 7-8.

---

[3] *Citing Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188-89 (2d Cir. 1999) (collecting cases); *Reit*, 2010 WL 743533, at *3; *Gibbs Wire & Steel Co. v. Johnson*, 255 F.R.D. 326, 330 (D. Conn. 2009); *Stern*, 354 F. Supp. 2d at 1344 ("[Alleged agent's] participation as a party is not necessary for the[] factual issues [as to whether agent disclosed the alleged principal] to be resolved. [The alleged agent] may obtain this information through deposition or document discovery, or by trial testimony.").

[4] *Citing First Indiana Federal Savings Bank v. Federal Deposit Ins. Corp.*, 964 F.2d 503, 507 (5th Cir. 1992) (dismissing claims as moot on prudential grounds when there is "no practical purpose in requiring their adjudication on the merits"); *see also Nasoordeen v. Federal Deposit Ins. Corp.*, No. CV 08-05631, 2010 WL 1135888, at **5-9 (C.D. Cal. Mar. 17, 2010) (collecting cases). These courts have found that there is "no practical purpose" where, as here, the plaintiff, even if victorious, could obtain no relief from the defendant, whilealso recognizing that taking claims to trial demands significant expenditure of time and money from the parties and the court, and that where "this expenditure of time and money will never result in [plaintiff's] obtaining the relief it seeks, a trial on the merits would be a completely hollow act." *First Indiana*, 964 F.2d at 508.; *see also* [other cites from opening brief].

It has no more insurance. This Court is aware that Huntleigh exhausted its limits on the assumption that it was buying peace. If that consideration has failed, good faith requires the return of Huntleigh's limits from the pending escrow.

### Request for Oral Argument

Huntleigh has committed the entirety of its $150 million in available insurance limits towards good faith settlement of claims against it in these actions, in mediations and settlement discussions ordered and directed by this Court. It was in discussions with this Court in open hearings that Huntleigh in good faith committed to pursue such settlement to resolve its part in this litigation to this Court's satisfaction. Having now exhausted all that it can possibly be required to do as a matter of law and legal remedy, Huntleigh suggests that it is entitled to oral argument, so that this Court may fully hear and consider the reasons why its dismissal or a stay is required.

### CONCLUSION

For the foregoing reasons, Huntleigh respectfully requests that the Court reconsider its Order Denying Huntleigh's Motions to Dismiss or Stay Actions, dated December 1, 2010, and grant oral argument with respect thereto.

Dated: December 3, 2010
       Houston Texas.

Respectfully submitted,

COUNSEL FOR DEFENDANT
HUNTLEIGH USA CORPORATION

BY: /s/ Jonathan J. Ross
H. Lee Godfrey (HG1204)
Charles R. Eskridge III
Jonathan J. Ross (JR5100)

**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street Suite 5100
Houston, Texas 77002
Telephone: 713-651-9366
lgodfrey@susmangodfrey.com
ceskridge@susmangodfrey.com
jross@susmangodfrey.com