

**Mary F. Schiavo**
*Licensed in DC, FL, MD, MO, SC*

South Carolina Office
Direct Dial 843.216.9138
Direct Fax 843.216.9440
mschiavo@motleyrice.com

* 1100 Glendon Ave., 14th Floor
Los Angeles, CA 90024-3503
o. 310.500.3540
f. 310.824.2870

1000 Potomac St., Ste. 150
Washington, DC 20007
o. 202.232.5504
f. 202.232.5513

28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
o. 843.216.9000
f. 843.216.9450

321 South Main St.
Providence, RI 02903
o. 401.457.7700
f. 401.457.7708

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
o. 860.882.1681
f. 860.882.1682

275 Seventh Ave., 2nd Floor
New York, NY 10001
o. 212.577.0040
f. 212.577.0054

320 Chestnut St.
Morgantown, WV 26505
o. 304.413.0456
f. 304.413.0458

* Motley Rice LLP operates
the California office.

www.motleyrice.com

December 10, 2010

**By Facsimile and ECF**
Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

   Re: **In re September 11 Litigation, 21 MC 101 (AKH)**
      **Bavis v. United Airlines, Inc. et al., 02 CV 7154 (AKH)**

Dear Judge Hellerstein:

  The Bavis plaintiffs hereby oppose Huntleigh USA Corporation's Motion for Reconsideration (21 MC 101 Dkt. 1352) regarding this Court's December 1, 2010 Order Denying Huntleigh's Motion to Dismiss or Stay Actions. (21 MC 101 Dkt. 1345)("Order").

  The Second Circuit makes clear that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, Huntleigh's motion for reconsideration fails because it seeks to relitigate the one and only issue in its original motion papers to dismiss the Bavis claim—whether it is "moot." Huntleigh Br. at 7-11, Dkt. 1329. Considering and rejecting Huntleigh's argument that the Bavis claim is moot, the Court explained:

> Mary Bavis's claim against Huntleigh is not moot. Mary Bavis has alleged that Huntleigh acted as an agent for United Airlines ("United") in providing security services at Logan, and that Huntleigh's negligence, if proved, is attributable to United.... Thus, Huntleigh's alleged negligence remains relevant [and] Mary Bavis continues to have a justiciable claim against Huntleigh.

Order at 3 (internal citations omitted). To be sure, in its Motion for Reconsideration, Huntleigh strongly disagrees with the Court's decision that the Bavis claim is not moot. Huntleigh Br. at 4, Dkt. 1353 (insisting "this is a textbook definition of mootness" and "the Court is in clear error"). Yet Huntleigh's *disagreement* with the Court's ruling is no reason to grant a Motion

Honorable Alvin K. Hellerstein
December 10, 2010
Page 2

for Reconsideration, which after all is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scare judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

Moreover, to the extent that Huntleigh now makes a new argument that the Confidential Settlement Agreement regarding the *Property Damage* Settlements applies to the Bavis claim—*see* Huntleigh Br. at 5, Dkt. 1353 ("Huntleigh exhausted its limits on the assumption that it was buying peace")—that new argument is false and no reason to grant this motion for reconsideration.

The buying-peace-with-Bavis argument is false because the plain text of that Confidential Settlement Agreement (as filed by Huntleigh in redacted form in support of its original motion to dismiss here) shows that Mary Bavis is not among the "Settling Plaintiffs" to that Agreement. *See* Confidential Settlement Agreement, Schedule A, "Settling Plaintiffs" at ¶ 1, filed at 21 MC 101 Dkt. No. 1330-2 (at p. 59 of 73)(not including Bavis).

Moreover, in addition to the fact it is false, because that buying-peace-with-Bavis argument was not made in Huntleigh's opening papers, it cannot be a ground to grant this motion because the Second Circuit "preclud[es] argument raised for the first time on a motion for reconsideration." *Caribbean Trading and Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991).

Hence, Huntleigh's Motion for Reconsideration should fail.

Respectfully submitted,

Mary Schiavo
MOTLEY RICE LLC

cc:   All Counsel of Record by ECF