USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/16/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
IN RE SEPTEMBER 11 LITIGATION                              :
------------------------------------------------------------------ :
MARY BAVIS,                                                :        **ORDER REGULATING**
                                                           :        **PROCEDURE ON**
                            Plaintiff,                     :        **DEFENDANTS' MOTION**
                                                           :
       -against-                                           :        21 MC 101 (AKH)
                                                           :
UAL CORPORATION et al.,                                    :        02 Civ. 7154
                                                           :
                            Defendants.                    :
------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendants filed a motion on December 8, 2010 to complain about various pre-trial practices of Plaintiff. I file this order to express my preliminary views, to short-circuit regular motion practice and to promote efficiency and economy.

    1.    Defendants complain about the length, excessive detail, and tendentious wording of Plaintiff's proposed statement of facts meant to be read to the jury at the outset of trial. I have read the proposed statement. It appears to be appropriate in size and detail, but frequently tendentious in its wording and in the propositions it covers. However, it will not be difficult to remedy these problems.

    Plaintiff should revise its presentation and rearrange its format into a two-column, double-spaced presentation, with one paragraph or set of ideas per page, typing only in the left-hand column. Defendant then can present counter-statements and objections in the right-hand column. Each side should serve electronic versions on the other to facilitate the statements and counter-statements.

Plaintiff should avoid tendentious statements and propositions of law. Plaintiff knows what is relevant and what is competent evidence, and should confine the presentation to that which is relevant and competent.

2. Rulings on the standard of care will await a hearing on the scope and wording of instructions to the jury. It is premature at this point.

3. Rulings on collateral estoppel will await motions by those potentially affected.

4. The trial will be a full trial, covering all issues. I do not believe that a full trial will take more time than reasonable, or will be a better alternative than a damages-only trial.

5. Plaintiff's list of over 200 witnesses that it may call is outrageous, and is intended to obfuscate rather than enlighten. Within 10 days of this Order, Plaintiff shall present a revised list of not more than 20 potential witnesses, along with a summary of each witness's expected testimony. If a limitation to 20 is considered unreasonable, Plaintiff shall show cause why additional specific witnesses are necessary. Plaintiff shall set forth the expected testimony of any additional witnesses and further explain why no witness within its original group of 20 cannot testify as to the additional information.

6. I have set June 13, 2011, as a trial date, relying on Plaintiff's representation of readiness. If Plaintiff's conduct suggests an effort to mislead or encumber, I will reconsider my rulings setting the trial date and rejecting a damages-only trial.

SO ORDERED.

Dated: December 16, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2