## FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

December 16, 2010

**By Facsimile and ECF**

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

CATHI A. HESSION

Re:   In Re September 11 Litigation, 21 MC 101 (AKH)

      World Trade Center Properties LLC, et al.
      v. United Airlines, et al., 08 CIV 3719

      World Trade Center Properties LLC, et al.
      v. American Airlines, et al., 08 CIV 3722

Dear Judge Hellerstein:

        The WTCP Plaintiffs and plaintiff 7 World Trade Company, L.P. ("7 WTC")
hereby oppose the motion of defendant Huntleigh USA Corporation ("Huntleigh")
for reconsideration of its motion to dismiss or for a stay.  If reconsideration is
granted, the Court should nonetheless adhere to its December 1, 2010 order and
deny the relief sought for the reasons set forth here and in Ms. Schiavo's December
10, 2010 letter on behalf of the *Bavis* plaintiffs.

        The Court correctly found that Huntleigh's motion papers did not account
for its settlement payments, except for the payment at issue in the most recent
settlement.  A finding that Huntleigh's insurance has been exhausted does not mean
that the insurance was spent on 9/11 "liability" so as to support a finding that
Huntleigh has paid an amount equal to its insurance limits for its liability for 9/11
claims.

        The Court also correctly found that "Huntleigh has yet to discharge any liability
insurance in furtherance of" the recent property damage settlement.  July 1, 2010 Order,
at 4.  Huntleigh's settlement payment remains in escrow because the settlement is not
final – a point Huntleigh tries to avoid by saying it has "parted with" or "committed" its
insurance.  Moving Memorandum of Law at 4-5.  The most telling evidence that the
settlement may be terminated and the "committed" insurance returned is the apparent
uproar caused by Huntleigh's statement in its reconsideration motion that "good faith
requires the return of Huntleigh's limits from the pending escrow" if Huntleigh has not,
in fact, "bought peace."  The "concern" generated by that statement resulted in
Huntleigh's counsel's writing to the Court to advise that it was not asking at this time to

WRITER'S DIRECT DIAL
(212) 412-9506
chession@fzwz.com

Honorable Alvin K. Hellerstein
December 16, 2010
Page 2


have its funds returned from escrow. *See* Jonathan Ross, Esq.'s December 7, 2010 letter to the Court ("clarifying" that Huntleigh is not seeking the return of its escrowed funds at this time).

       Huntleigh entered into a settlement agreement which, by its terms, does not become final until all appeals are exhausted and escrowed funds are paid out. Accordingly, Huntleigh must remain in the litigation during the appeal from the Court's approval of the settlement – an appeal in which Huntleigh is participating. Huntleigh cannot have it both ways, picking and choosing which aspects of the litigation it wishes to participate in while the appeal is pending and its funds remain in escrow. The Court should adhere to its decision denying dismissal or a stay.


Respectfully,

Cathi A. Hession

cc (by e-mail):

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
dbarry@condonlaw.com
Aviation Defendants' Liaison Counsel

Robert A. Clifford, Esq..
Clifford Law Offices, PC
rac@cliffordlaw.com
Property Damage and Business Loss
Plaintiffs' Liaison Counsel

Donald A. Migliori, Esq.
Motley Rice LLC
dmigliori@motleyrice.com
Wrongful Death and Personal Injury
Plaintiffs' Liaison Counsel

John F. Stoviak, Esq.
Saul Ewing LLP
jstoviak@saul.com
Counsel for the Cantor Fitzgerald
Plaintiffs

Jeannette A. Vargas, Esq.
Assistant U.S. Attorney
jeannette.vargas@usdoj.gov

Jay B. Spievack, Esq.
Cohen Tauber Spievack & Wagner P.C.
jspievack@ctswlaw.com
Counsel for Cedar & Washington

Honorable Alvin K. Hellerstein
December 16, 2010
Page 3


Katherine L. Pringle, Esq.
Friedman Kaplan Seiler & Adelman
LLP
kpringle@fklzw.com
WTC 7 Ground Defendants' Liaison
Counsel

Mary Schiavo, Esq.
Motley Rice LLC
mschiavo@motleyrice.com
Counsel for Mary Bavis, Individually
and as Personal Representative of the
Estate of Mark Bavis, Deceased