

Denied. I received and reviewed
all submissions before issuing my
ruling.
       SO ORDERED

December 17, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re September 11 Litigation                    21 MC 101 (AKH)

Lauren Peters [John Ransmeier]                   03 Civ. 6940

                        Plaintiff,               MOTION OF ELLEN MARIANI
                                                 FOR ORDER ALTERING OR
                                                 AMENDING ORDER OF
v.                                               11/15/2010 (F.R.C.P. 59)
                                                 OR FOR RECONSIDERATION
UAL Corporation, et al.                              OF ORDER (F.R.C.P. 60)
                                                 ON GROUNDS OF FAILURE BY
                                                 CLERK AND COURT TO FILE
                        Defendants.              DOCUMENTS RELEVANT TO
                                                 SUBSTANCE OF 11/15/10 ORDER

     Ellen Mariani, an interested person named internally in the complaint but not

in the caption of the above-captioned action 03 Civ 6940, and statutory beneficiary

and spouse of the decedent in the Estate of Louis Neil Mariani, for whose benefit

John Ransmeier is currently administrator and Plaintiff in the above-captioned

action ("Mariani"), hereby moves "in propria persona" for reconsideration of this

Court's order of November 15, 2010, or for alteration or amendment of that order ("11/15 Order"), based on the fact that the Clerk and Court failed to file certain documents relevant to the substance of the 11/15 Order or failed to timely file them, and it cannot be determined from the 11/15 Order that the Court took those documents into account, and on the ground that the Court could not have lawfully ruled as it did in the 11/15 Order if the Court had been aware of the late-filed or non-filed documents, and for the purpose of having a complete record if Mrs. Mariani should need to appeal. This motion is brought under F.R.C.P. 59(e) or alternatively, F.R.C.P. 60(a).

This motion is based on the accompanying Memorandum of Points and Authorities ("MPA"), Declaration of Ellen Mariani, Declaration of Bruce Leichty, Declaration of Samantha Lopez, and Request for Judicial Notice, and on the following points, which are spelled out in more detail and supported by citations to the record and/or to evidentiary submissions in the MPA:

1. As a threshold matter, this motion had to be filed despite the chilling effect of certain language within the 11/15 Order implying that if Mrs. Mariani filed any more documents, she would be subject to having sanctions imposed on her (or any attorney assisting her would be subject to having sanctions imposed on him or her). Until becoming aware of Clerk and Court error and omission, Mrs.

Mariani did not plan to file any additional papers in this Court other than a Notice of Appeal. She certainly has no intention to flout the authority of the Court. However, Mrs. Mariani realized that this motion was necessary once she became aware that certain documents relevant to the substance of the 11/15 Order had not been filed at all or were late-filed. She should not be sanctioned and any attorney assisting her should not be exposed to sanctions merely for trying to make sure that the Court has a complete record before it when making its decision, which she believes would have required a different decision.

2. This motion relates to all three of the motions underlying the 11/15 Order: a motion filed by United Airlines for approval of a settlement, a motion filed by Mrs. Mariani for order authorizing intervention, and a motion filed by Plaintiff Ransmeier for sanctions against Mrs. Mariani and Bruce Leichty, who has represented Mrs. Mariani (but not in any formal filings in this case, because he has not been admitted to the bar of this Court). Specifically, the motion arises from the failure of the Court or Clerk to file a document titled "Administrator's Submission," which had to be presented to the Court prior to settlement approval based on the instruction of the 2nd Circuit Court of Appeals, because it contained a summary of the grounds of objection to the settlement advanced by Mrs. Mariani; and from the service and apparent submission of that document to Judge

Hellerstein without it being filed, and from the apparent failure of the Court to consider that document before making its ruling. The motion also derives from the failure of the Clerk or Court to timely file an Objection (plus supporting declaration) submitted by Mrs. Mariani once she had received the motion for settlement approval and had her first chance to review the proposed settlement agreement, and from the anomalies surrounding its eventual filing (docketed only after Judge Hellerstein had issued the 11/15 Order), plus the apparent failure of the Court to consider that document before making its ruling. The motion also derives from the failure of the Clerk or Court to file at all the Opposition to Motion for Sanctions timely submitted by Mrs. Mariani, and apparently overlooked by the Court before issuing its 11/15 Order, which Opposition would have demonstrated to the Court her good faith basis for attempting to intervene, and that she was advancing new grounds--including but not limited to grounds not cognizable until she finally had the chance to review the settlement agreement--not simply "rehashing" old grounds, as mistakenly found by the Court in the 11/15 Order.

3. Mrs. Mariani has presented proof herewith that Plaintiff Ransmeier had a duty to and promised to convey her objections to his settlement agreement to the Court, which conveyance is nowhere in evidence, and that all her documents were

delivered to the Court by overnight courier in time for timely filing, but that the Clerk inexplicably failed to timely file them or did not file them at all.  Mrs. Mariani has also shown why the careful review of the omitted documents would have made and would have had to make a difference in the issuance of the 11/15 Order, since the Court would have been compelled to, at a minimum, decline to approve the settlement agreement as "fair and reasonable" and would have also been compelled to recognize not only that Mrs. Mariani had a property interest in the complaint herein for purposes of her intervention but that Plaintiff Ransmeier was incapable as a matter of law from protecting that interest as he had been charged (and that no part of any Probate Court order prevented this Court from allowing her to intervene, as this Court has fallaciously and repeatedly implied); and that Mrs. Mariani should not have been essentially threatened by sanctions for advancing good faith and meritorious claims.

WHEREFORE, for the reasons set forth in the accompanying Memorandum of Points and Authorities, and based on the evidence presented in the declarations submitted herewith, Mrs. Mariani requests that the Court reconsider its 11/15 Order, order filing of the missing documents, and vacate the 11/15 Order by issuing an order declining to approve the settlement agreement and allowing Mrs. Mariani to intervene, or at least by declining to approve the settlement agreement;

or that the Court accomplish the same result by the alteration or amendment of the 11/15 Order; or that the Court at least amend its order to accurately reflect that neither Mrs. Mariani or any other person should fear sanctions based on the good faith well-founded presentations she has made to this Court.

Dated:  11/23/2010

Parker, Colorado

Respectfully submitted,

Ellen Mariani
In Pro Per
c/o L. Coleman
6445 Old Divide Trail
Parker, Colorado  80134
(720) 490-0464