UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re September 11 Litigation                              21 MC 101 (AKH)

---------------------------------x
JOHN C. RANSMEIER, Administrator
of the Estate of LOUIS NEIL MARIANI, deceased,             03-CV-6940

                Plaintiff,

v.

UAL Corporation, et al.,

                Defendants.
---------------------------------x

*[Handwritten: Denied for the same reasons provided in my original order. SO ORDERED. /s/ Alvin K. Hellerstein, December 17, 2010]*

### Motion of John C. Ransmeier, Administrator of the Estate of Louis Neil Mariani, (1) to Reconsider Sanctions Against Mrs. Mariani and her Counsel under Rule 11; and (2) to Impose Sanctions on Mrs. Mariani's Counsel Based on his Continuing Unauthorized Practice of Law Before this Court and the Inherent Power of this Court to Sanction Conduct that Abuses the Judicial Process

The plaintiff, John C. Ransmeier, Administrator of the Estate of Louis Neil

Mariani, files the present Motion (1) to Reconsider Sanctions Against Mrs. Mariani and

her Counsel under Rule 11; and (2) to Impose Sanctions on Mrs. Mariani's Counsel

Based on his Continuing Unauthorized Practice of Law Before this Court and the

Inherent Power of this Court to Sanction Conduct that Abuses the Judicial Process, and in

support of the motion states as follows:[1]

### Preliminary Comments:  This Court's Order of November 15, 2010

On November 15th, this Court entered an order approving the settlement reached

by the parties, denying the "pro se" Motion to Intervene filed by Mrs. Mariani; and

denying the administrator's request for sanctions (injunctive relief) under Rule 11 against

Mrs. Mariani and Mr. Leichty.  In denying sanctions, however, this Court stated:

---

[1] The factual statements made in this motion are supported by exhibits to the memorandum of law filed herewith or by pleadings in the Court's files.

> Ransmeier's motion under Federal Rule 11 is denied. Ransmeier rightly notes that Leichty has submitted papers on Ellen Mariani's behalf after I twice denied him admission *pro hac vic,* and that his papers rehash arguments that have been squarely rejected, both here and in the Second Circuit. But sanctions are strong medicine and are not needed at this time, especially since the lawsuit is now over. If subsequent developments render reconsideration appropriate, Ransmeier may bring this motion again.

The Court's restraint in the imposition of sanctions, and related warning about future conduct, have been disregarded.[2] Mr. Leichty has now drafted further "pro se" pleadings for Mrs. Mariani's signature and filing in the Southern District of New York, and has again served these pleadings on parties from his offices in Clovis, California. This motion is filed to request that the Court reconsider the need for sanctions in the present situation, and to provide this Court with further grounds for imposing such sanctions, including Mr. Leichty's unauthorized practice of law in connection with litigation brought and pursued in the Southern District of New York.

---

[2] In pleadings drafted for his client's signature, Mr. Leichty argues that his client had no alternative but to file the most recent collection of pleadings - - despite the "chilling" effect of the language set forth above - - because of what he perceives to have been filing anomalies by the clerk's office and the Court. In fact, the pleadings most recently filed contain nothing but innuendo, ominous implications and suggestions of impropriety regarding forces that he believes oppose his client. More fundamentally, the essence of the present sanctions motion is Mr. Leichty's continuing unauthorized practice of law in violation of *pro hac vice* requirements of this Court and the licensing requirements of the State of New York. This argument was forecast in Mr. Ransmeier's November 1, 2010 sanctions motion, (see n. 5 at p. 12 of Memorandum of Law); and was subsequently researched and briefed; but was not filed due to the issuance of this Court's November 15th Order. Mr. Leichty's continued unauthorized practice of law provides the plaintiff with a renewed opportunity to bring these issues before the Court.

2

## Factual Background

1. On October 25, 2010, defendants filed their ATSSSA Motion, seeking an Order approving the settlement reached by the parties in 2007 in this case (hereinafter the "*Peters* litigation") and for other related relief.

2. On or about October 25th, Ellen Mariani, one of the two beneficiaries of the Mariani Estate, filed a "*pro se*" motion to intervene, a supporting memorandum and two supporting Declarations - - all of which had been drafted by Bruce Leichty, Esquire, a California licensed lawyer who has represented Mrs. Mariani since September, 2007.

3. While Mrs. Mariani filed the original motion with the Court, Mr. Leichty served parties to the *Peters* litigation, a variety of non-parties, and the New York Times newspaper c/o David Edward McGraw, through Mr. Leichty's office in Clovis, California.

4. On or about November 5th, Mr. Leichty drafted an additional "*pro se*" pleading entitled "Objection of Ellen Mariani to Motion of Defendants for Order Approving Settlement Agreement and for Final Judgment and for Dismissal of Action and for Related Relief". He secured his client's signature on the Objection and again served the pleadings from California on parties and non-parties to the *Peters* litigation.

5. Between October 25th and November 5th, Mr. Leichty sent accusatorial correspondence relating to this case to third parties and communicated with this Court's clerk seeking assistance in the filing and docketing of Mrs. Mariani's "*pro se*" pleadings. The emails to Mr. Roth were arrogant in tone and critical of this Court.

6. In 2007 and in 2010, Mr. Leichty has applied for, and been denied, *pro hac vice* admission to represent Mrs. Mariani in connection with the *Peters* litigation. He

appealed this Court's second denial to the Second Circuit. That Court chose not to review the denial as interlocutory in nature.

7. On October 20th, before any of the activities described above, Mr. Leichty interrupted proceedings in this Court on three separate occasions, and on the first occasion asked this Court for a third time to allow him to appear in the *Peters* litigation. (Ex. C to attached Memorandum of Law at 5.) At the end of the hearing, and after listening to Mr. Leichty speak for the third time, this Court stated, in part: "Mr. Leichty, you've tried to be a lawyer in this case. I've denied it." (Ex. C at 27-28.)

8. On November 1st, Mr. Ranmeier filed an Opposition to the "Pro Se" Motion to Intervene and a separate motion for Rule 11 sanctions (injunctive relief) against Mrs. Mariani and Mr. Leichty. On November 25th, this Court entered the Order discussed in the Introduction to this motion, declining to impose sanctions but allowing Mr. Ransmeier to seek reconsideration of that decision under appropriate circumsatnces.

9. In drafting and choreographing the unabated filing of mock,"*pro se*" pleadings both before and after this Court's November 25th order, Mr. Leichty has engaged in the unauthorized practice of law - - representing the interests of a client before this Court without colorable authority in the form of *pro hac vice* admission, membership in the bar of this federal district, or membership in the New York State bar. The fact that he has crafted the pleadings in the guise of *"in propria persona"* filings does not insulate him from liability for the unauthorized practice of law and the consequences that flow from this conduct.

10. For reasons set forth in detail in the attached memorandum of law, Mr. Leichty's conduct also warrants sanctions directed at counsel, not his client, under the

4

inherent power of every federal court to regulate judicial proceedings in its courtroom and to impose sanctions when necessary to vindicate judicial authority and punish attorneys who abuse the judicial process.

11. A memorandum of law in support of this motion is provided.

WHEREFORE, Plaintiff John C. Ransmeier respectfully asks that this Honorable Court:

A. Provide Mr. Leichty with an opportunity to respond to the matters set forth in this motion;

B. Find that Mr. Leichty has engaged in the unauthorized practice of law in the willful violation of the *pro hac vice* requirements of this Court;

C. In addition, or in the alternative, to paragraph B above, refer this matter to bar authorities in New York and California for a determination of Mr. Leichty's complianace with UPL statutes and professional conduct rules in each state;

D. Find that Mr. Leichty has engaged in bad faith conduct, including but not limited to the unauthorized practice of law; pursuit of duplicative intervention litigation where no basis for intervention has ever existed; pursuit of duplicative intervention litigation for the improper purpose of delay and disruption; willful disobedience of this Court's orders denying *pro hac vice* admission; willful disobedience of this Court's order of March 1, 2010 establishing the procedure that the parties would follow to facilitate Mrs. Mariani's participation in the settlement review process; and the improper drafting of ghostwritten, "*pro se*" pleadings as a means of circumventing this Court's orders denying *pro hac vice* admission to Mr. Leichty; and

E.  Impose sanctions against Mr. Leichty personally, under the inherent powers of this Court, in the form of an award of costs and attorneys fees incurred as a result of intervention litigation that he commenced on or around October 25th, and that has ensued thereafter; and

F.  Reconsider and impose Rule 11 injunctive relief against Mr. Leichty and his client, Ellen Mariani, that prohibits the filing of any further papers in this Court regarding this case with the sole exception of papers that Mr. Leichty may wish to present in defense of his conduct;

G.  Grant such further relief as justice may require.

Respectfully submitted

John C. Ransmeier, As Administrator
Of the Estate of Neil Louis Mariani

By his Attorney,

/s/ Charles Capace
Charles R. Capace
BBO# 072540

Zimble & Brettler
21 Custom House Street, Suite 210
Boston MA 02110
(617) 723-2222
Facsimile: (617) 723-9811
ccapace@zimbret.com

Date: 12/11/10