USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
IN RE SEPTEMBER 11 LITIGATION
------------------------------------------------------------------
MARY BAVIS,

                Plaintiff,

  -against-

UAL CORPORATION, et al.,

              Defendants.
------------------------------------------------------------------ x

**ORDER DENYING HUNTLEIGH'S MOTION FOR RECONSIDERATION**

02 Civ. 7154 (AKH)

21 MC 101

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Defendant Huntleigh USA Corp. ("Huntleigh") moves for reconsideration of my recent order denying its motion to be dismissed from the pending above-captioned matter. Order Denying Huntleigh's Motion to Dismiss or Stay Actions, Doc. No. 112, 02 Civ. 7154 (21 MC 101) (S.D.N.Y. Dec. 1, 2010). On December 21, 2010, Huntleigh and Plaintiff Mary Bavis appeared for oral argument on the matter. For the reasons provided on the record, I decline to grant the motion.

    Huntleigh has argued that reconsideration is appropriate because it deposited the balance of its available insurance coverage in an escrow account after I approved the property damage settlement this past July. Order and Opinion Granting Joint Motion Approving Property Damage Settlements, Doc. No. 1199, 21 MC 101 (S.D.N.Y. July 1, 2010). As a consequence, Huntleigh contends, it has exhausted its insurance coverage and so has mooted Plainitff's suit. But my approval of the property damage settlement has been appealed and is presently sub judice in the Second Circuit. Huntleigh therefore has not yet parted with the balance of its coverage. Further, Plaintiff may well wish for a judgment that Huntleigh is negligent, and may care only for a nominal damages award. Finally, I have not been provided a sufficient

1

accounting to determine that Huntleigh will have exhausted all of its liability should the Second Circuit affirm, nor have I had sufficient opportunity to consider how the ATSSSA's insurance coverage rule works in the context of a single defendant who claims to have exhausted its coverage. For these reasons, it is inappropriate to dismiss Huntleigh at this time.

Huntleigh's motion for reconsideration is therefore denied. Closer to trial, Huntleigh may move for dismissal again if future developments warrant such a motion. The Clerk shall mark the present motion (Doc. No. 1352) terminated.

SO ORDERED.

Dated:   December 21, 2010
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2