USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
IN RE SEPTEMBER 11 LITIGATION         :
-------------------------------------------------------------- 
MARY BAVIS,                           :
                                      :
                    Plaintiff,        :
                                      :
        -against-                     :
                                      :
UAL CORPORATION, et al.,              :
                                      :
                    Defendants.       :
-------------------------------------------------------------- x

**ORDER DISMISSING GLOBE
AVIATION SERVICES**

02 Civ. 7154 (AKH)

21 MC 101

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Globe Aviation Services ("Globe") moves to be dismissed from the pending above-captioned lawsuit. Globe contends that in a letter agreement it reached with Counsel for the WTCP Plaintiffs, acting on authority of counsel for Plaintiff, Globe and Plaintiff agreed to be bound by the terms of my decision in In re September 11 Litigation, 594 F. Supp. 2d 374 (S.D.N.Y. 2009). In that opinion, I held that neither American Airlines nor its contractor, Globe, held any duty to the WTCP Plaintiffs for injuries arising from the hijacking and crashing of United Airlines Flight 175. Id. at 382.

I have reviewed the letter agreement between Globe and Plaintiff and I find it unambiguously provides that these parties agreed to be bound by the holding of my prior opinion. In any event, I note that Plaintiff's theory of liability against Globe suffers the same defect as the theory raised previously by the WTCP Plaintiffs. It is axiomatic in tort law that for a cause of action to accrue, there must be a duty running directly from the defendant to the plaintiff. See, e.g., 532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Center, Inc., 96 N.Y.2d 280, 289 (N.Y. 2001). Globe's screening activities, and any duties arising from them, do not give rise to a duty to

1

the aviation industry generally, or to all people that travel in airplanes. <u>In re Sept. 11 Litig.</u>, 594 F. Supp. 2d at 374.

On the bases of the parties' agreement and on the holding of my prior opinion, I grant Globe's motion and dismiss it from the case. The Clerk shall mark the present motion (Doc. No. 1324) terminated.

SO ORDERED.

Dated: December 21, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge