UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE SEPTEMBER 11 LITIGATION

No. 21 MC 101 (AKH)

This document relates to :
*Bavis v. United Airlines Inc.et al.*,
02 CV 7154

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED AIRLINES, INC.'S MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION OF JULIE E. ASHLEY**

Plaintiff Bavis respectfully submits this memorandum in opposition to defendant United Airlines motion for a protective order precluding the deposition of Julie Ashley filed in this action Bavis v. United Airlines, Inc., et al.,  case no. 02 CV 7154 (AKH) 21 MC 101 (AKH)

I.   INTRODUCTION

Starting in 2006 Plaintiffs asked for a short deposition of Defendant United Airlines employee Julie Ashley.  Through attorney work product and investigation Plaintiffs counsel discovered Julie Ashley was Mrs. Farid Khorrami and discovered Farid Khorrami was arrested and held for months by the Federal Bureau of Investigation (FBI) after September 11, 2001, as a suspected terrorist.  Plaintiffs learned that Farid Khorrami lived at an apartment complex with Waleed Al Shehri, but that Al-Shehri was later determind not to be the September 11 hijacker Al-Shehri.  Plaintiffs learned that two other people with the same names as hijackers had been at the apartment complex.  Plaintiff know from the 9/11 Commission report that Mohammed Atta operated out of various Florida locations, including Daytona Beach.  Plaintiffs learned through our investigative efforts there was suspected phone contact between a phone associated with United Airlines employee Julie Ashley and a September 11 hijacker.  Therefore, Julie Ashley

was noticed, repeatedly, for a deposition.  Just one hour is all Plaintiffs asked.  From that simple and reasonable request, Defendant United Airlines launched the biggest counter-attack and road-block to discovery to date in the September 11th litigation—even going so far as to claim Plaintiffs accuse Julie Ashley of nefarious activity and allege Plaintiff's counsel failed to produce documents.  Neither is true.  The facts are simply as stated above and clearly warrant a deposition.  What followed was Defendant's attempt to deflect attention from a rather simple request pending now for 5 years –a short deposition of a United Airlines employee.  If there is nothing there, as United Airlines alleges, the issue is over in minutes in a deposition.  Instead, Defendants launched a vociferous and nasty attack and advanced the following arguments, all without bases therefore.

II.  **FACTUAL BACKGROUND AND ARGUMENT**

   A.  **Defendant claims Julie Ashley Is a Low-Level Employee Who Knows Nothing About Security and Therefore Should Not Have to be Deposed.**

On or before September 11, 2001 Julie Ashley was employed by United Airlines.  United Airlines in its motion for a protective order precluding her deposition alleges that Julie Ashley had no aviation security related responsibilities.  Julie Ashley's own self stated expertise put forth at an international aviation seminar in which Julie Ashley was a presenter belies defendant's assertion.  Her apparently self-selected topic was "Baggage Security Removed Items:  Policy, Procedures and Education".  See Affidavit of Mary Schiavo, Exhibit 1.  Clearly items removed from baggage, be it checked or carry-on, are removed because of the danger they pose to security and safety of the airline. Inherent in, and at the heart of, of this litigation are dangerous items carried by passengers.

But that issue is a distraction, a smoke screen by defendants.  Julie Ashley was not noticed for a deposition on baggage security.  Nonetheless defendant United Airlines asks the court to believe that just because someone at United Airlines does not have the title, "security chief", that they do not possess discoverable information.  Scores of individuals have been deposed in this litigation who not have "security" in their job title.  Even private citizens who have no job title of any kind with an airline or security company have had to give a deposition about what they saw.

However, as a high ranking employee of United Airlines, manager of United's Customer Baggage Services at United's international hub in Chicago, Illinois, Ms. Ashley clearly had knowledge of and access to almost every behind the scene operation of United Airlines at the hub.  Her United Airlines employee badge and employment allowed her access to property and information of United Airlines.  She had knowledge of and access to United Airlines security procedures.  In order to obtain a United Airlines badge, one must follow the security procedures as testified to by dozens of airline and security company employees as well as by the FAA.  We will refrain from putting that testimony and those portions of the transcripts in the record on this obvious point.  United Airlines attempts to portray Julie Ashley as a hapless, low level know-nothing are patently unbelievable, especially since she was featured in an international aviation conference after September 11, 2001, on the security issues concerning removed items from passenger baggage.  Surely she was not addressing theft from baggage by United employees.  Therefore we can assume United removed the items for reasons of security and safety.  Since Julie Ashley was identified as a United Airline employee at the conference, it is clear she went with the consent, approval and most likely the funding of United.  Otherwise she would have

3

been misusing her title and presumably summarily dismissed.  Defendants portrayal is patently not credible, but irrelevant.

### B.      Defendant Claims the Entire September 11 Discovery Is a Fishing Expedition

Defendant United Airlines states that "Plaintiffs have taken a number of depositions of United employees fishing wildly for evidence of negligence.  No such evidence has come from those any of depositions." Page 1, ¶ 1 of Defendant's Memorandum in Support Brief.  Defendant's statement is patently and outrageously false.  In the approximately 200 depositions now completed in this case, there are literally hundreds if not thousands of instances of negligence of the airlines, security companies and Massport, including most prominently in 3 out of 4 hijacked planes, United Airlines' was at fault.  Without putting portions of deposition transcripts on the record, even in the most recent depositions including testimony from the FAA, evidence about United Airlines' shoddy security record emerged.   There were myriad failed tests, training violations, missed briefings, fines, violations, and warnings to United by the government.  While the government is still sorting out some Sensitive Security Information (SSI) issues, Plaintiff will not put this information on the public record.   Clearly defendant does not believe its erroneous assertion—there was no citation to back up that outrageously false assertion and no action by Defendant on its assertion.

### C.      Defendant's Repeated Delay Tactics

Defendant United complains that this issue has been dragging on for a number of years.  Defendant is absolutely right-- the defendant was repeatedly asked to produce Ashley and she was served.  Thereafter United Airlines thwarted subsequent legal service.  Every time Plaintiff noticed the deposition of Julie Ashley or asked for any information about Julie Ashley, the defendants refused to produce Julie Ashley, attacked the subpoenas that were issued, advised

4

Plaintiff they were filing motions for a protective order, but as soon as the deposition date passed (because the defendants stated they were not going to produce and file their motion for a protective order), they never filed. Finally now after arguing about this issue for years, and after the Plaintiffs filed yet another notice to take Julie Ashley's deposition <u>within the timeframe allotted by this honorable court</u>, the defendants finally filed a motion for a protective order, but now blame the delay on the Plaintiff. Their allegations are contrary to the facts in this case, which are as follows:

    a. Plaintiffs initially noticed the deposition of Julie Ashley and her husband Amad Farid Khorrami by subpoena for December 1, 2005. See Affidavit of Mary Schiavo, Exhibit 2

    b. On February 8, 2006, Plaintiffs noticed the deposition of Julie Ashley by subpoena for March 1, 2006, and were unable to complete service due to obstruction tactics by United employees at Julie Ashley's workplace. See Affidavit of Mary Schiavo, Exhibit 3. After United Airlines was aware of our attempts to serve the witnesses were unable to be found.

    c. On February 27, 2006, Plaintiffs' Liaison counsel noticed Julie Ashley's deposition by subpoena for March 24, 2006. See Schiavo Affidavit, Exhibit 4

    d. In October of 2008 and again in July of 2009, Plaintiffs reminded Defendants in discussions of outstanding discovery still remaining in the consolidated Property Damage and Wrongful death cases that Plaintiffs had not withdrawn their request to take Julie Ashley's deposition. See Schiavo Affidavit, Exhibit 5

    e. United Airlines threatened to file a motion for a protective order precluding the deposition of Julie Ashley in July 2009 when Plaintiffs would not withdraw their

      request to take her deposition. Plaintiff did not withdraw but Defendant did not file a motion. See Schiavo Affidavit, Exhibit 5

f. On October 19, 2009 Plaintiffs requested documents from the FBI concerning Julie Ashley and her husband, Ahmad Farid Khorrami. See Schiavo Affidavit, Exhibit 6

g. In correspondence dated December 20, 2010, Plaintiffs reminded defendants that they were still seeking the deposition of Julie Ashley. See Schiavo Affidavit Exhibit 7

h. On January 12, 2011, Plaintiffs noticed the deposition of Julie Ashley for January 24, 2011, during the period of time this Honorable Court established for naming deponents. See Schiavo Affidavit, Exhibit 8

i. On January 12, 2011, Plaintiff renewed her request to the Department of Justice for FBI documents. See Schiavo Affidavit Exhibit 9

j. The Defendants refused to produce Julie Ashley and stated they were filing a motion for a protective order.

k. Defendants filed the motion on January 26, 2011.

Thus the reason for any delay has been United Airlines, even going so far as to at one point claim Plaintiffs' request to depose Ashley was a private matter and not a United Airlines problem, a position United Airlines now obviously contradicts.

### D. Government Production of Documents

United Airlines claimed that if Plaintiff persists in taking the deposition of Julie Ashley, there will be great delay in this case occasioned by the need to have the United States government rule on the production of documents concerning Julie Ashley. Once again

Defendant United Airlines advanced an erroneous assertion.  Defendant United Airlines conveniently failed to mention that Julie Ashley Khorrami's husband Ahmad Farid Khorrami, is engaged in a $999,999,000.00 lawsuit against the United States of America and others in the Federal Bureau of Investigation.  See attached docket from the proceeding in that case attached to the Schiavo Affidavit Exhibit 10.  In that lawsuit, Julie Ashley is only identified as Mrs. Khorrami and in that case the United States government and in particular the United States Department of Justice and the Federal Bureau of Investigation (FBI) <u>have produced to plaintiff materials pertaining to Ahmad Farid Khorrami</u> and Julie Ashley Khorrami.  Khorrami requested that those documents and several of his pleadings be sealed.  See Schiavo Affidavit Exhibit 11.  Clearly the documents have already been identified and produced by the United States government at least once before.  Thus the United States government had no difficulty finding and producing the requested documents to Khorrami and his counsel in the $99,999,000.00 case.

      Similarly in this case the United States government has advised they haven't produced the documents thus far, after counsel for Plaintiff requested in 2009,  because counsel for Defendant advised they were going to file a motion for a protective order in 2009.  Now that Defendant United Airlines filed a motion for a protective order, the United States government has taken the position it is going to wait for the court's ruling.  The letter from the United States government is attached hereto as Exhibit 12 to the Schiavo Affidavit .  Therefore, Defendant United Airlines' threats of delay of litigation concerning the production of the requested documents by the United States government for a one hour deposition is without basis in fact.  The government already produced them in Khorrami's case and is awaiting this court's ruling.

### E. The Failure of the FBI to Charge the United Employee's Husband as a Terrorist Does Not Make the United Airlines Employee Immune from Civil Discovery

United Airlines also makes great issue of the fact that Ahmad Farid Khorrami was was arrested by FBI, held in custody for several months by the United States government, and then released without indictment and conviction   The standards of evidence under the Federal Rules of Criminal Procedure are vastly different from those allowing discovery under the Federal Rule of Civil Procedure. The fact that Julie Ashley's husband was not charged or convicted has no bearing on civil discovery.  If he was indicted it would be <u>less</u> likely he or his wife would be called as a witness in a civil case.  The Fifth Amendment would be available and arrest any meaningful testimony. Plaintiff never accused the Khorrami's of any crime; only the government can do that.  Plaintiff only noticed a short deposition.

### F. The Burden of Civil Discovery

Finally, Defendant United Airlines argues Julie Ashley and her husband suffered enough at the hands of the government.  Mark Bavis and his family's suffering however has not yet ended.  Many people including Plaintiff Bavis have been called upon to give a deposition.  Anyone who may have had contact with or ever seen any hijacker prior to or on September 11, 2001 has been called for a deposition -- people who saw hijackers at the airport, on a plane, looking at a screening checkpoint, looking nervous a Starbucks, training at flight school or elsewhere.  All of these people, many of whom were not airline employees and had nothing to do with airline security, have been subjected to a deposition.  But, because Ahmad Farid Khorrami was not charged with a crime, and Julie Ashley does not have "Security" in her job title, United seeks to prevent a deposition of this witness.

If there is truly nothing there, this would have been a 15 minute deposition over and done with 5 years ago.  United Airline claims in its first paragraph of its motion that Plaintiffs found nothing in any deposition.  Yet United Airlines launched a furious fight only over this deponent.  Plaintiff is entitled to resolve these issues with a deposition.

Dated:  February 8, 2011
         Mount Pleasant, South Carolina

                                            Respectfully submitted,

                                            MOTLEY RICE LLC

                               By:    /s/Mary F. Schiavo
                                       Mary F. Schiavo
                                       28 Bridgeside Boulevard
                                       Post Office Box 650001
                                       Mount Pleasant, SC 29464
                                       Telephone:    (843) 216-9000
                                       Facsimile:     (843) 216-9450
                                       *Counsel for Bavis Plaintiff*