UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:   No.: 21 MC 101 (AKH)
:
IN RE SEPTEMBER 11 LITIGATION    :
:   Bavis v. United Air Lines, Inc., et al.
:   02 CV 7154
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### UNITED DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION AND TRIAL TESTIMONY OF JULIE E. ASHLEY

QUIRK AND BAKALOR, P.C.
Jeffrey J. Ellis (JJE 7796)
A Member of the Firm
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000
Facsimile:  (212) 319-1065

&

MAYER BROWN LLP
Michael Rowe Feagley
A Member of the Firm
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7065
Facsimile:   (312) 706-8623

Attorneys for Defendants
UNITED AIR LINES, INC. and
UNITED CONTINENTAL HOLDINGS,
INC. (f/k/a UAL CORPORATION)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
: No. 21 MC 101 (AKH)
:
IN RE SEPTEMBER 11 LITIGATION :
: This document relates to:
: Bavis v. United Airlines Inc. et al.,
: 02 CV 7154
:
-----------------------------------------------------------------x

### UNITED DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER PRECLUDING THE DEPOSITION AND TRIAL TESTIMONY OF JULIE E. ASHLEY

Plaintiff's insistence on taking the deposition of Ms. Ashley and listing her as a trial witness demonstrates a lack of good faith on plaintiff's part, and plaintiff's late-filed opposition to United's motion for a protective order proves it. Allowing this abusive deposition to go forward would generate unwarranted public attention and would unduly prejudice Ms. Ashley and United. Plaintiff's deposition notice and her listing of Ms. Ashley as a trial witness should be quashed.

Plaintiff's opposition paper does not provide any good faith basis for plaintiff's assertion that Ms. Ashley called one of the 9/11 terrorists on her cell phone. All it says is that "Plaintiffs learned through our investigation efforts there was suspected phone contact between a phone associated with United Airlines [sic] employee Julie Ashley and a September 11 hijacker." (Opp. Br. At 1). That clearly is not sufficient to warrant a deposition of Ms. Ashley on such an inflammatory topic. Who is plaintiff's source? Who "suspected" that such a call was made? Those people are potential witnesses and should have been disclosed. What was the basis for the "suspicion"? What are the phone numbers involved? Without providing such information, plaintiff cannot demonstrate her good faith.

1

As we observed in our Supporting Memorandum, the Government also has asked plaintiff to specify her basis for her claims about Ms. Ashley's alleged cell phone call. Plaintiff has not responded to that request, no doubt because it cannot. That silence on plaintiff's part does not improve the chances of the Government agreeing to produce FBI witnesses or requested documents.

Plaintiff tries to divert attention from her utter failure to make a good faith showing by setting up strawmen and enthusiastically knocking them down. Her arguments provide no reason to allow this abusive deposition to go forward. We address each of plaintiff's arguments below.

1. <u>September 2002 Presentation</u>. Plaintiff's brief does not dispute Ms. Ashley's affidavit testimony that her presentation at the 2002 WACRA conference was about customer relations issues related to post-911 baggage searches. Plaintiff's stubborn insistence that she discussed "security issues" is contrary to Ms. Ashley's sworn affidavit, not supported by anything, and irrelevant given the date of the conference. In any case, plaintiff seems to concede at long last that she would not ask Ms. Ashley questions about baggage security (P. Opp. At 3).

2. <u>Ms. Ashley Access</u>. United noted in its supporting brief that plaintiff's offered reasons for deposing Ms. Ashley "have changed and shifted over time in troubling ways". Plaintiff's response to that observation is to come up with yet another brand new justification for taking Ms. Ashley's deposition – that her United employee status and identity badge gave her access to (unspecified) United "security procedures" (P. Opp. at 3). That unsupported and unspecific assertion cannot overcome Ms. Ashley's affidavit that she had no security responsibilities and knows nothing about United's security program.

3. <u>Fishing expedition</u>. Plaintiff's defense to United's charge that her pursuit of Ms. Ashley is a baseless fishing expedition is to mischaracterize United's arguments and then attack

the imaginary argument. She falsely asserts that United's supporting memorandum argues that "the entire September 11 discovery is a fishing expedition" (Opp. Br. At 4). While United believes that discovery has not unearthed any evidence at all of United negligence, careful review of United's supporting memorandum makes it clear that there is no assertion that all 200 depositions taken in these cases were "fishing expeditions". The passage plaintiff quotes from at p. 4 of its opposition brief is a reference to depositions plaintiff has taken of United employees about a pre-9/11 flight and about United's pilot-for-a-day program. (See defendants' supporting Memorandum at p. 12, fn. 4.). Erecting a straw man and flailing about trying to knock it down is pointless and certainly no reason to allow this abusive deposition to be taken.

4. Delay. All plaintiff's opposition brief and its exhibits 2, 3 and 5 to 9 prove is that the parties have been discussing for some time plaintiff's desire to depose Ms. Ashley and to use her as a trial witness, and United's objections to doing so. Plaintiff's discussion ignores the lengthy stay of discovery that was in effect starting in the Fall of 2009, and her own decisions not to pursue Ms. Ashley' deposition. In any case, all the back-and-forth about delay is immaterial, since if the Court rules that plaintiff may take a 60 minute limited deposition of Ms. Ashley – and we hope it will not -- United would of course make her available in Chicago (where she lives and works) at a date and time convenient for the witness and the parties.

5. Related discovery. Plaintiff makes no response to United's statements that United would be prejudiced if plaintiff were allowed to depose Ms. Ashley because it then would need depositions of the two FBI agents who investigated and cleared Ms. Ashley and her husband in 2002 in order to refute damaging inferences, and the Government has said that it probably will not allow those depositions. Avoiding such undue prejudice could be achieved only by barring

3

CHDB03 9285114.1 09-Feb-11 17:48

Ms. Ashley's deposition and trial testimony or by overruling the Government's refusal to allow the FBI depositions.

As for the Government document production United would need, Plaintiff's opposition speculates that the documents the Government has produced in Ms. Ashley's and her husband's pending lawsuit against the Government over her husband's erroneous incarceration in 2002, are the very same records that United has sought from the Government here. Whether that guesswork by plaintiff turns out to be accurate or not, we would not expect it to take long for the Government to rule on United's request for the depositions of two FBI agents and their reports, or on plaintiff's broader request for records, once this court rules on the instant motion.

6.  The FBI's Admissions. Frankly, we do not understand the point plaintiff makes about the FBI's investigation and clearance of Ms. Ashley and her husband.

7.  Short deposition. Plaintiff's assurances that she seeks only a one hour deposition that could be over in 15 minutes if, as United believes, Ms. Ashley has no relevant testimony to give, are not trustworthy. At the deposition of FAA official Steve Jenkins in Washington last week, Ms. Schiavo induced the Government to allow plaintiffs to use some of defendants' remaining allotted time to question the witness on re-cross by promising that she and WTCP counsel would take "only 7 minutes". (Plaintiffs had exhausted their allotted 3.5 hours.) Ms. Schiavo and Mr. Cohen proceeded to question the witness for more than twice that, largely due to Ms. Schiavo's lengthy questioning, and then Ms. Schiavo urged the Government to terminate the deposition without allowing defendants the opportunity to use their remaining time to follow up with questions prompted by plaintiffs' examination. In any case, a bad faith harassing deposition of a witness is not acceptable simply because it is relatively short.

4

8. <u>Burden</u>. The emotional burden on Ms. Ashley even of a deposition strictly limited to one hour in Chicago would in her circumstances be great. In addition, allowing even a 60-minute deposition also would generate harmful publicity. That is not speculation; news stories have already appeared on the subject.

## CONCLUSION

Plaintiff has failed to provide any good faith basis for her claim about a September 11, 2001 cell phone call between Ms. Ashley and one of the 9/11 terrorists. Plaintiff similarly has failed to offer any good faith basis for her other asserted reasons for deposing Ms. Ashley. This baseless and scurrilous fishing expedition should be stopped now, and plaintiff's deposition notice and listing of Ms. Ashley as a trial witness should be quashed.

Dated: February 9th, 2011

Respectfully submitted,

DEFENDANTS UNITED AIR LINES, INC.
AND UNITED CONTINENTAL HOLDINGS
CORP. (F/K/A UAL CORP.)

By: _____
*One of Their Attorneys*

Michael Rowe Feagley
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7065
Facsimile: (312) 706-8623

Jeffrey J. Ellis (JJE 7796)
QUIRK AND BAKALOR, P.C.
845 Third Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 319-1000
Facsimile: (212) 319-1065

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

Anoushka Sharifi Bayley, being duly sworn deposes and says:

I am not a party to the action, am over eighteen (18) years of age and reside in Westchester, New York and I am employed by Quirk and Bakalor, P.C., attorneys for Defendants **UNITED AIR LINES, INC. and UNITED CONTINENTAL HOLDINGS, INC., (f/k/a UAL CORPORATION)**

On February 9, 2011, I served the within United Defendant's Reply Memorandum in Support of their Motion for a Protective Order Precluding the Deposition of Julie Ashley, by electronic mail to the following:

1. Donald A. Migliori, Esq., Joseph F. Rice, Esq. and Mary F. Schiavo, Esq. – Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel and Plaintiff's Counsel;
2. Desmond T. Barry, Esq. – Aviation Defendants Liaison Counsel;
3. Robert A. Clifford, Esq. and Timothy T. Tomasik, Esq. – Property Damage and Business Loss Plaintiffs' Liaison Counsel
4. Beth Jacob, Esq. – WTC 7 Ground Defendants' Liaison Counsel;
5. Richard Williamson, Esq. – WTCP Counsel;
6. Katherine L. Pringle, Esq. – WTC 7 Ground Defendant' Liaison Counsel; and
7. Sarah Normand, Esq., Jeannette Vargas, Esq. and Alicia M. Simmons, Esq. – United States Attorneys' Office

_____
**Anoushka Sharifi Bayley**

Sworn to before me this
9th day of February 2011

**ROBERT ACKER**
**Notary Public State of New York**
**No. 02AC6031989**
**Qualified in New York County**
**Commission Expires 10/12/2013**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No. 21 MC 101 Year

IN RE SEPTEMBER 11 LITIGATION

THIS DOCUMENT RELATES TO:
02 CV 7154

Bavis v. United Air Lines, Inc., et. al.

**QUIRK AND BAKALOR, P.C.**

Attorney(s) for Defendants,
**UNITED AIR LINES & UNITED CONTINENTAL HOLDINGS, INC (f/ka UALCORP.)**

Office and Post Office Address, Telephone

845 Third Avenue
NEW YORK, NEW YORK 10022
(212) 319-1000

To

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**

that an order                                                                                          of which the within is a true copy
will be presented for settlement to the HON.                                              one of the judges of the
within named Court, at
on                                                     at                        M.
Dated,

Yours, etc.

**QUIRK AND BAKALOR, P.C.**