

**Saul Ewing**

John F. Stoviak
Phone: (215) 972-1095
Fax: (215) 972-1921
jstoviak@saul.com
www.saul.com

February 4, 2011

**VIA EMAIL**
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re: In re September 11 Litigation, 21 MC 101 (AKH)
Cantor Fitzgerald & Co, et al., 04 CV 7318 (AKH)

Dear Judge Hellerstein:

We respectfully submit this response to the Court's January 31, 2011 Order Regulating Proceedings (the "Order") on behalf of the Cantor Fitzgerald Plaintiffs.[1] In that Order, the Court stated that the report and deposition testimony of Gregory S. Thaler, Cantor's expert on damages, "were identified as 'confidential' and filed under seal," but that in view of the Court's "Order and Opinion [dated January 19, 2011], it appears inappropriate to keep these materials sealed any longer." The Court cited *The Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004), where the Second Circuit affirmed a presumptive right of access in docket sheets created by the clerk of court.

We object to the proposed removal of the confidentiality of these discovery materials because such action would contradict the Court's policy employed throughout this litigation and would be inconsistent with *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), which governs the discovery material here at issue. Both the Thaler Expert Report ("Report") and deposition testimony are confidential discovery material and we request that the Court maintain their confidentiality.

---

[1] Plaintiffs Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P. (collectively, "Cantor").

---

Handwritten annotation (judge's order): The motion to redact pages 1-2 of the submission will be granted. Material which is confidential should be maintained as confidential to the extent possible. 2/10/11 /s/ AKHellerstein

Honorable Alvin K. Hellerstein
February 4, 2011
Page 2

Both the Report and deposition testimony were provided consistent with the terms of a Confidentiality Protective Order ("CPO") and these discovery materials contain highly detailed and confidential information. By contrast, the Court's January 19, 2011 Order and Opinion Granting Partial Summary Judgment to Limit Plaintiffs' Damages ("January 19, 2011 Order and Opinion") uses summary level information which adequately explains the basis for the Court's ruling.

In its Order, the Court cited *Pellegrino* for the position that "materials presented for review enjoy a presumption of openness to public inspection, rebuttable only 'upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest.'" (Order (quoting *Pellegrino*, 380 F.3d at 96)). In *Pellegrino*, the Second Circuit's holding was that "docket sheets enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect them." 380 F.3d at 96. In reaching this decision, the court considered the history of public access to docket sheets, the development of the term "docket," and various jurisdictions' treatment of docket sheets and concluded that "[b]y inspecting materials like docket sheets, the public can discern the prevalence of certain types of cases, the nature of the parties to particular kinds of actions, information about the settlement rates in different areas of law, and the types of materials that are likely to be sealed." *Id*. at 92-96.

The confidential discovery materials at issue here are distinguishable from the docket sheets in *Pellegrino*. They were produced as part of discovery, not as part of a public proceeding, and they contain highly sensitive information regarding Cantor's financial operations. Making them public serves none of the interests the *Pellegrino* court articulated. The public can review and fully comprehend the Court's January 19, 2011 Order and Opinion without having access to Cantor's confidential data. Indeed, the January 19, 2011 Order and Opinion decides a pure question of law (the recoverability of certain kinds of damages), and refers, as background, to the publicly filed Damages Disclosure Forms of Cantor. The January 19, 2011 Order and Opinion is not based upon the confidential business information contained in the Report of Cantor's damages expert.

Cantor engaged Mr. Thaler as an expert, and Mr. Thaler prepared the Report, after the Court had issued its CPO in this case. *See* Confidentiality Protective Order, March 30, 2004, *In re September 11 Litigation*, 21 MC 97 (creating standards for confidentiality in September 11 Litigation); Order, August 12, 2005, *In re September 11 Litigation*, 21 MC 101 (ordering that terms of the CPO apply to the current docket). The CPO states in Paragraph 2.1 that "financial records and analyses" and "nonpublic commercial, financial, pricing, budgeting, and/or accounting information" may be designated confidential. The Report and deposition testimony contain detailed analyses based on Cantor's finances and commercial practices. Because Cantor is not a public company, this is nonpublic data. To protect its confidential data, Cantor took action to designate the Report as confidential pursuant to the CPO and filed it under seal.

The Court considered standards relating to confidentiality in its July 30, 2009 Order Denying Motion to Set Aside Confidentiality Designations, *In re September 11 Litigation*, 262

F.R.D. 274 (S.D.N.Y. 2009). There, certain plaintiffs had petitioned the Court to set aside all designations of confidentiality that applied to documents the Aviation Defendants had thus far produced. The Court refused to do so. *Id.* at 280. The Court ruled that for a party to remove a confidentiality designation that had been put in place under the CPO, the party had to meet the standard of *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291 (2d Cir. 1979). *Id.* at 277. To satisfy this burden, a party must "show 'improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need.'" *Id.* (quoting *Martindell*, 594 F.2d at 296). This standard applies where a party "has 'reasonably relied' on the protective order." *Id.* (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001)). The Court ruled that the plaintiffs had not met this standard because "[t]he CPO here was not meant to be temporary or limited," it "makes only certain types of documents eligible for designation," and the plaintiffs could not establish that the public interest required disclosure of the documents. *Id.* at 279-80. Although the Court is not a party, that same standard should apply to the question of disclosure of the Report.

Here, Cantor reasonably relied on the CPO when it submitted the Report. The CPO provided a mechanism for Defendant American Airlines ("American") to challenge the confidentiality of the Report, *see* CPO, Paragraph 5.1, but American has not done so. In its July 30, 2009 Order, the Court ruled that the Aviation Defendants' reliance on the CPO was reasonable because the plaintiffs had never objected under its terms. 262 F.R.D. at 277. Here, because American has never objected to the confidentiality of the Report, Cantor's reliance is similarly reasonable. Because the terms of the CPO are the same as they were at the time of the July 30, 2009 Order, the Report should remain confidential under the terms of the Court's prior ruling.

In reaching its decision in the July 30, 2009 Order, the Court also relied on the United States Supreme Court's decision in *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). The Court noted that the *Rhinehart* court "held that protective orders, if supported by good cause and applicable only to pretrial civil discovery and the materials gained through that discovery, are consistent with the First Amendment." 262 F.R.D. at 278. The Court also stated that "[t]he 'sole purpose' of discovery in the American system . . . is to 'assist[] in the preparation and trial, or the settlement, of litigated disputes.' Protective orders like the CPO in this case help the discovery process to perform this task." *Id.* (quoting *Rhinehart*, 467 U.S. at 34) (internal citations omitted). Here, the CPO ensured a thorough discovery process by giving Cantor reason to believe that its confidential data would not be publicly distributed. Stripping the confidentiality of the report will make the remaining parties to this litigation less forthcoming with regard to future discovery.

For the reasons noted, we respectfully request that the Court maintain the confidentiality of the discovery material related to Cantor's damages including the Thaler Report and the Thaler deposition testimony. Doing so is consistent with Supreme Court precedent and this Court's prior orders.

Honorable Alvin K. Hellerstein
February 4, 2011
Page 4

      We also request that the Court hold oral argument on the issue before issuing an order to unseal this material. If the Court were, contrary to the analysis above, to issue such an order unsealing the Report and deposition testimony, we ask that it be stayed for at least ten days in order to allow Cantor to consider any further relief it might seek.

                                                                                  Respectfully submitted,

                                                                                   John F. Stoviak

cc:     Richard A. Williamson, Esq., Counsel for Plaintiffs World Trade Center Properties
        Desmond T. Barry, Esq., Aviation Defendants' Liaison Counsel
        Robert A. Clifford, Esq., Property Damage Plaintiffs' Liaison Counsel
        Donald Migliori, Esq., Wrongful Death and Personal Injury Plaintiffs' Liaison Counsel
        Katherine L. Pringle, Esq., WTC 7 Ground Defendants' Liaison Counsel
        Sara S. Normand, Esq., Assistant U.S. Attorney
        Jeannette A. Vargas, Esq., Assistant U.S. Attorney
        Heather K. McShain, Esq., Assistant U.S. Attorney

Judge wrote:

"The motion to maintain confidentiality will be granted upon the submission of redacted papers. That which is to be maintained as confidential should be limited to the extent possible.

2-10-11
Alvin K. Hellerstein"