```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE SEPTEMBER 11 LITIGATION
-------------------------------------------------------------
MARY BAVIS,

                Plaintiff,

   -against-

UAL CORPORATION et al.,

                Defendants.
------------------------------------------------------------- x

**ITEMS FOR AGENDA FOR MAY 16, 2011 CONFERENCE**

21 MC 101 (AKH)

02 Civ. 7154

ALVIN K. HELLERSTEIN, U.S.D.J.:

       The Court has reviewed the parties' proposed jury charges and supporting memoranda, and proposes to discuss the following issues at the status conference to be held May 16, 2011, at 10:00 a.m. and to write briefing on the issues.

1. Defendants' proposed instructions suggest that the principal issue to be tried is whether or not the security screening performed at Logan International Airport conformed to federal standards as set out in duly promulgated regulations and instructional material. Plaintiff's proposed instructions provide that these standards are minimal standards; this suggests that the principal issue to be tried is whether or not Defendants, upon all the evidence, violated reasonable standards of care when they allowed the terrorists to pass through their screening.

2. Plaintiff's proposed instructions do not include an instruction providing a distinct basis of negligence for Defendant Massport; the instructions generally suggest that Plaintiff will contend that the terrorists brought their weapons

through security screening, implying that liability, if any, is limited to Defendants United and Huntleigh. What is the basis of the contention that Massport should remain in the case?

3. If no act or omission is to be charged against Huntleigh's parent corporation, ICTS, what is the basis of the contention that it should be kept in the case? Is it to be kept in the case merely because it is a parent or an affiliate of Huntleigh?

4. Plaintiffs do not include a proposed instruction dealing with Defendants' conduct within the airplane. Defendants' proposed instructions provide that if their conduct within the airplane conformed to duly promulgated regulations and instructional material. Is the issue of Defendants' conduct within the airplane an issue to be tried?

5. What is the basis for a charge on *res ipsa loquitur*?

6. Is there potential recovery for the decedent's potential pain and suffering, or of any factor belonging solely to the decedent?

7. Do the parties agree that Massachusetts law governs? If so, on what issues?

Some of these issues are subjects of pending motions, none of which are fully briefed yet. Based on the parties' representations at the conference, the Court may invite additional briefing on these points, and appropriate motions.

SO ORDERED.

Dated: May //, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge