UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
IN RE SEPTEMBER 11 LITIGATION
----------------------------------------------------------------
MARY BAVIS,

                          Plaintiff,

    -against-

UAL CORPORATION et al.,

                        Defendants.
---------------------------------------------------------------- x

**SUMMARY ORDER**

21 MC 101 (AKH)

02 Civ. 7154

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On May 16, 2011, I held a status conference in the above-captioned case, to monitor progress towards trial and to discuss issues described in my Order of May 13, 2011. Items for Agenda for May 16, 2011 Status Conference, Bavis v. UAL Corp., 02 Civ. 7154 (Doc. No. 140) (S.D.N.Y. May 13, 2011).

1. The parties dispute the consequences if Defendants show they conformed with Federal Aviation Administration regulations that applied to the screening procedures at Logan International Airport on September 11, 2001, and shall submit briefing on the issue. Plaintiff's brief is due June 17, 2011; Defendants shall respond by July 8, 2011; and Plaintiff shall reply by July 15, 2011.

2. Counsel for Massport shall move for summary judgment dismissing all claims against it and precluding argument, due to the absence of evidence, that weapons and other items used by the terrorists were passed to them after they passed through screening checkpoints controlled by Huntleigh and United on September 11, 2001. Massport shall file its motion and opening brief by May 27, 2011; opposition briefing shall be due June 24, 2011; and Massport shall reply by July 1, 2011. Other Defendants may

1

file briefs opposing Massport's motion, or otherwise expressing their views and the evidentiary bases for them, at the same that Plaintiff files the opposition brief.

3. As to whether any *res ipsa loquitur* jury instructions are to be given, Plaintiff shall submit a brief by June 17; Defendants shall respond by July 8; and Plaintiff shall reply by July 15.

4. The parties agree that Massachusetts law controls all damages issues, and shall submit an agreed-upon schedule for briefing the issue whether the decedent's pain and suffering gives rise to any damages claim.

5. The United States Attorney has made substantial progress towards receiving approval from the Transportation Security Administration, and will provide the Court with an update at the next status conference.

6. The parties shall inform the Court whether ICTS is to remain in the case by May 23, 2011, and may follow up on any representations made by May 27, 2011.

7. The next conference in this case shall be held in Courtroom 14D on June 15, 2011, at 2:30pm.

SO ORDERED.

Dated:   May 18, 2011
         New York, New York

/s/ ALVIN K. HELLERSTEIN
United States District Judge