UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

IN RE SEPTEMBER 11 LITIGATION

21 MC 101 (AKH)
This document relates to:
World Trade Center
Properties LLC, et al. v.
United Airlines, Inc. et al.,
08 Civ. 3719; and
World Trade Center
Properties, LLC et al. v.
American Airlines, Inc., et
al., 08 Civ. 3722

-------------------------------------------------------------------

## REPLY DECLARATION OF JON PAUL ROBBINS

JON PAUL ROBBINS hereby declares as follows:

1. I submit this declaration, pursuant to 28 U.S.C. §1746, in support of the motion of ICTS International, N.V. ("ICTS") for summary judgment dismissing the remaining actions that are pending against it.

2. I am an attorney admitted to practice before this Court, and I am member of McLaughlin & Stern, LLP, attorneys for ICTS in these actions.

3. I attach as Exhibit 1 a copy of WTCP Plaintiff's Cross-Claims relating to United Flight 175. This document is dated September 4, 2004. It was replaced by WTCP Plaintiffs' Complaint in Action 08 Civ. 3719, which is attached as Exhibit 4 to my initial declaration on this motion.

4. I attach as Exhibit 2 a copy of WTCP Plaintiff's Cross-Claims relating to American Flight 11. This document is dated September 2, 2004. It was replaced by WTCP Plaintiffs' Complaint in Action 08 Civ. 3722, which is attached as Exhibit 6 to my initial declaration on

this motion.

5. I attach as Exhibit 3 certain pages from ICTS' Form 20-F for the year ended December 31, 2000. The Form 20-F was marked as an exhibit at the deposition of David Sass, taken on January 31, 2011. Counsel for WTCP Plaintiffs attended that deposition.

6. WTCP Plaintiffs have received copies of all discovery produced by ICTS. The ICTS documents attached as Exhibits 8-11 to the Cohen Affirmation in Opposition were produced in June of 2008. The documents attached as Exhibit 12 to the Cohen Affirmation were produced in March of 2011.

7. WTCP Plaintiffs never have served a request to take a deposition of an ICTS representative.

8. WTCP Plaintiffs state in their Rule 56.1 statement that the complete corporate records of ICTS, ICTS USA, Inc. and Huntleigh for the years in question have not been produced, "despite request therefore." WTCP Plaintiffs never served a request for those documents. Counsel for the Bavis parties requested certain records in discovery. ICTS produced discoverable documents and WTCP Plaintiffs' counsel received copies. ICTS objected to production of documents for ICTS USA and for Huntleigh. The objection as to ICTS USA was interposed because that company is not a party to the actions and a request for production addressed to ICTS was not a proper vehicle to obtain discovery from ICTS USA. The objection as to Huntleigh was interposed because Huntleigh has its own counsel, and a request for production addressed to ICTS was not a proper vehicle to obtain discovery from Huntleigh. Counsel for the Bavis parties did not contend that ICTS' production was deficient.

9. WTCP Plaintiffs' memorandum states that ICTS "has not yet agreed" to their use of

confidential documents in public filings. The documents were produced, and designated confidential, in June of 2008 and March of 2011. By email on the morning of June 9, 2011, the due date for WTCP Plaintiffs' opposition to the motion, counsel for WTCP Plaintiffs asked me to agree to the public filing of unspecified confidential documents. I did not know precisely which documents he was referring to until I received WTCP Plaintiffs' papers late that day.

10. I told counsel on the morning of June 14, 2011 that I had no objection to the public filing of certain documents but that I had reservations about the use of others. I made a suggestion as to how to resolve this issue and he took it under advisement. As of the filing of this affirmation, counsel has not contacted me to discuss this further.

11. I declare under penalties of perjury that the foregoing is true and correct.

Dated: June 16, 2011

_____
Jon Paul Robbins