UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

IN RE SEPTEMBER 11 LITIGATION

-----------------------------------------------------------------

21 MC 101 (AKH)
This document relates to:
World Trade Center
Properties LLC, et al. v.
United Airlines, Inc. et al.,
08 Civ. 3719; and
World Trade Center
Properties, LLC et al. v.
American Airlines, Inc., et
al., 08 Civ. 3722

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ICTS INTERNATIONAL, N.V. FOR SUMMARY JUDGMENT DISMISSING THE REMAINING CLAIMS AGAINST IT**

Defendant ICTS International, N.V. ("ICTS") submits this reply memorandum in support of its motion for summary judgment. WTCP Plaintiffs argue that they need more discovery in order to present facts "essential to justify their opposition." We respectfully submit that this position is without merit, and that the remaining claims against ICTS should be dismissed.

**1. The Motion for Summary Judgment is not Premature**

WTCP Plaintiffs complain that they have not had an opportunity to complete discovery. This is not a serious position. WTCP Plaintiffs asserted their claims against the Aviation Defendants, including ICTS, in September of 2004. See, Exhibits 1 and 2 to the Robbins Reply Declaration. From that time to this, WTCP Plaintiffs never served a notice to take the deposition of an ICTS witness.

WTCP Plaintiffs participated in the depositions of the Huntleigh representatives Tuero

1

and Sporn, which were taken in 2006 and 2007 respectively. They also participated in the deposition of the ICTS witness, David Sass, which was taken in January of 2011, at the request of the Bavis parties. WTCP Plaintiffs received copies of the ICTS documents, which were produced in June of 2008 and March of 2011. WTCP Plaintiffs had more than enough time to pursue additional discovery from ICTS. They did not. Now, after ICTS has moved for summary judgment, WTCP Plaintiffs complain that they have not had a chance to take necessary discovery. That simply is not true, and the Court should reject the argument.

**2. The Discovery To Date Does Not Support WTCP Plaintiffs' Claims Against ICTS**

WTCP Plaintiffs argue that the discovery thus far supports their claims against ICTS, at least to the extent that they are entitled to further discovery to adduce facts that may justify their opposition. They are wrong.

ICTS' initial papers showed that during the relevant time period, Huntleigh's operations were directed by Joseph Tuero, its president, who was not an officer or director of either ICTS or of ICTS USA. WTCP Plaintiffs counter this by claiming (Memorandum at 3) that ICTS hired Richard Sporn as its pick to succeed Mr. Tuero and "installed" him as Mr. Tuero's second in command. ICTS did not hire Mr. Sporn. Huntleigh did. (Sporn Tr. at p. 7, Exhibit 3 to Cohen Affirmation in Opposition to the Motion.) Moreover, Mr. Tuero was in charge of Huntleigh before, on and after September 11, 2011. Mr. Sporn did not become president of Huntleigh until 2005. (Sporn Tr., at p. 7.)

WTCP next contends (Memorandum at 4) that ICTS' public filings show that it treated Huntleigh as a division, not an independent company. This is not correct. WTCP Plaintiffs have conceded in their Rule 56.1 statement that the three companies were separately incorporated

2

under three different jurisdictions, that they had separate boards of directors, and that they maintained three different places of business. WTCP Plaintiffs also conceded in their Rule 56.1 statement that Huntleigh entered into security screening contracts its own name and hired and paid its security screening personnel.

Further, ICTS' Form 20-F for the year ended December 31, 2000, marked as an exhibit at the deposition of David Sass, specifically states that ICTS USA is a subsidiary of ICTS, and that Huntleigh is a subsidiary of ICTS USA. See pages from that Form 20-F, attached as Exhibit 3 to the Robbins Reply Declaration. Huntleigh was not treated as a division of ICTS.

WTCP Plaintiffs contend that in their Rule 56.1 statement the three companies' complete corporate records for the years in question have not been produced, "despite request therefore." WTCP Plaintiffs never made a request for those documents. Counsel for the Bavis parties requested certain records in discovery. ICTS produced discoverable documents and WTCP Plaintiffs' counsel received copies. ICTS objected to production of documents for ICTS USA and for Huntleigh. The objection as to ICTS USA was interposed because that company is not a party to the actions and a request for production addressed to ICTS was not a proper vehicle to obtain discovery from ICTS USA. The objection as to Huntleigh was interposed because Huntleigh has its own counsel, and a request for production addressed to ICTS was not a proper vehicle to obtain discovery from Huntleigh. Counsel for the Bavis parties did not contend that ICTS' production was deficient.

### 3. There Is No Claim that ICTS Used the Alleged Control to Commit a Wrong or Fraud

We showed in our initial papers that a plaintiff seeking to pierce the corporate veil must plead and prove *both* (i) that the defendant corporation exercised complete domination and

control over the related company with respect to the matter in controversy, *and* (ii) that the defendant corporation used such control and domination to commit a wrong or fraud that injured plaintiffs. See our initial memorandum at pp. 5-6.

WTCP Plaintiffs' pleadings allege only that ICTS controlled Huntleigh. They have not alleged that ICTS used the purported control to commit a fraud or wrong that injured them.[1] Their papers opposing the motion do not claim that further discovery would aid them in making such a claim. We presume that this is because WTCP Plaintiffs know that there is absolutely no support for an argument that further discovery could be of any use on this issue. There is no evidence, or even any allegation in the Complaints filed by WTCP Plaintiffs, that the alleged control, assuming it existed, which it did not, was utilized by ICTS to perpetrate a wrong or fraud on them.

Accordingly, even assuming WTCP Plaintiffs were correct in their argument that more discovery might show control, and they are not, it would not matter. Since WTCP Plaintiffs have failed, indeed have not even tried, to raise a question of fact on this issue, the motion for summary judgment should be granted.

---

[1] WTCP Plaintiffs state on p. 5 of their memorandum that discovery may show that ICTS has "potential liability in its own right." The Complaints make no such allegation. They allege only that ICTS exercised control over Huntleigh, its "subsidiary," and that ICTS is liable for the acts of Huntleigh.

4

## Conclusion

For all the foregoing reasons, it is respectfully submitted that the motion of ICTS International, N.V. for summary judgment be granted in all respects.

New York, New York
June 16, 2011

> Respectfully submitted,
>
> McLaughlin & Stern, LLP
> By _____
>    Jon Paul Robbins
> Attorneys for defendant ICTS
> International, N.V.
> 260 Madison Avenue
> New York, New York 10016
> 212-448-1100