USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
IN RE SEPTEMBER 11 LITIGATION
--------------------------------------------------------------------
WORLD TRADE CENTER PROPERTIES LLC, et al.,

              Plaintiffs,

  -against-

UNITED AIRLINES, INC., et al.,

              Defendants.
--------------------------------------------------------------------
WORLD TRADE CENTER PROPERTIES LLC, et al.,

              Plaintiffs,

  -against-

AMERICAN AIRLINES, INC., et al.,

              Defendants.
-------------------------------------------------------------------- x

**ORDER ENLARGING TIME TO FILE OPPOSITION PAPERS**

21 MC 101 (AKH)

08 Civ. 3719

08 Civ. 3722

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The WTCP Plaintiffs have filed their opposition to the motion by ICTS International, N.V., to dismiss the claims and counterclaims against them in the above-captioned cases. They wish to discover if evidence exists of acts and omissions of ICTS itself, and not merely of its subsidiary, Huntleigh USA Corporation.

      The WTCP Plaintiffs argue that ICTS should not be dismissed because triable issues of fact may exist. To support their argument, the WTCP Plaintiffs contend that they have not been able to conclude discovery, which has been stayed since October 15, 2009, when mediation proceedings began before retired United States District Judge John S. Martin.

      Federal Rule of Civil Procedure 56(d)(2) provides that when a party opposing summary judgment sets forth reasons why more discovery is needed, the Court may "allow

1

time . . . to take discovery" before deciding the motion. However, the WTCP Plaintiffs fail to identify what additional discovery they need or why they need it. The argument that more discovery is necessary is suspect, since ICTS's efforts to be dismissed have been discussed on numerous occasions, and since the issues raised are well known. Indeed, in Bavis v. UAL Corp., 02 Civ.7154 (AKH), the plaintiff recently dismissed her claims against ICTS, based on the same factual knowledge that the WTCP Plaintiffs possess.

The WTCP Plaintiffs failed throughout to ask for discovery on the issues relevant to ICTS's dismissal, and, as I have said, their opposition fails to identify the "facts essential to justify [their] opposition." Fed. R. Civ. P. 56(d). Without such identification, their opposition will not be considered. However, I grant to the WTCP Plaintiffs an enlarged period, until June 24, 2011, to file renewed or supplementary opposition papers to the ICTS motion, specifying the "facts essential to justify [their] opposition," id., or the precise discovery that will lead to such facts, and making such arguments as they wish from the considerable array of facts and documents they have collected. ICTS may file its reply by June 30, 2011. Briefing then will be closed. It is important to resolve the issue of ICTS's exposure to claims well before intensive proceedings preparing for a trial of the Bavis case begins November 7, 2011.

SO ORDERED.

Dated:  June 16 2011
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2