UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
IN RE SEPTEMBER 11 LITIGATION                     :
-------------------------------------------------------------- :
MARY BAVIS,                                       :   **SUMMARY ORDER**
                                                  :
                              Plaintiff,          :   02 Civ. 7154 (AKH)
                                                  :
        -against-                                 :   21 MC 101
                                                  :
UAL CORPORATION, et al.,                          :
                                                  :
                              Defendants.         :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On June 23, 2011, the parties appeared for a status conference, at which the following issues were discussed.

1. The parties' protective order shall be submitted to the Court by July 1, 2011.

2. The Court will hold a hearing to consider the parties' designations and counter-designations of sensitive security information ("SSI"), and the parties' respective objections, on September 22, 2011. The Court will hold a second hearing to consider the Government's proposed substitutions for SSI, and the parties' objections, on October 17, 2011. Consistent with the terms of the parties' proposed protective order, the courtroom will be closed for the hearings. The parties are encouraged to advise the Court of their progress on a continuous basis, and to seek rulings as needed.

3. The parties and the Government shall draft a statement regarding SSI and replacement evidence for the Court to read to the jury. The parties shall submit their proposed statement prior to the October 17, 2011, conference, for approval at the conference.

4. The proposed protective order includes a provision for the Government to make *ex parte, in camera* submissions to the Court regarding SSI. In another case, American Civil Liberties Union v. Department of Defense, 04 Civ. 4151 (AKH), I developed a protocol for submitting similarly sensitive information for my review. The protocol is attached to this Order, and should be consulted as a guide in drafting an appropriate protocol for this case.

5. On July 27, 2011, the parties shall appear for argument on the several motions now being briefed. The argument shall begin at 10:30am.

SO ORDERED.

Dated:   June 27, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# MEMORANDUM

### Chambers of Alvin K. Hellerstein
### 500 Pearl Street, Room 1050
### New York, NY 10007
### Tel. No. (212) 805-0152

Date:   February 6, 2008

To:     Parties in ACLU v. DOD, 04 Civ. 4151

From:   Hon. Alvin K. Hellerstein

Re:     Proposed Protocol for Examining CIA documents where Exemption 1 is Claimed

The following is a tentative procedure for the in camera review of the remaining disputed CIA documents that both parties should review before the conference call scheduled for early this evening. There are also a few additional questions I would like feedback on from you, in light of recent testimony by senior government officials before Congress.

1. Plaintiff will identify the documents, by sequence number taken from the  Declaration, that are to be sampled.

2. Defendants will bring all documents (not only those to be sampled) to chambers.

3. Persons to be present: Judge, Law Clerk, Court Reporter, Gov't counsel, CIA representatives.
   a. Only the Judge will conduct document reviews where Exemption 1 (national security) is claimed.
   b. Only non-classified information, as determined by Gov't counsel or CIA, will be related and transcribed onto the record.
   c. Hence, law clerk can be present, and court reporter does not have to be cleared; neither will have access to documents claimed as exempt for purposes of national security.

4. Judge will review sampled documents sequentially.

5. Judge will identify document being reviewed:
   a. By sequence number in Dorn Declaration, date, and number of paragraphs and pages;
   b. By authors and recipients;
   c. By general description, non classifiable, of each sentence in each paragraph.

1

6. Judge will express rulings regarding availability of exemption, and presence of any segregable matters, immediately following each reviewed document, again without disclosing anything classifiable.

7. Depending on rulings, court reserves right to expand the field of samples.

8. Since the record will not contain any classifiable matter, transcript will be filed on the docket and available publicly. The CIA will be permitted to review the transcript before it is placed on the public record.

9. Questions the Judge would like comments on:

    a. If an interrogation practice that was formerly used is no longer in use, do the relevant exemptions still apply? For example, if the subject of a document to be exempted is the practice of waterboarding, and in light of recent testimony by the Director of the CIA indicating that the practice is no longer in effect, should the exemption still be considered?

    b. Should interrogation practices that continue to be practiced be subjects of exemption, and should it be assumed that our enemies are aware of these practices, so that secrecy should be limited only to practices that may not be used?