**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE SEPTEMBER 11 LITIGATION      :      21 MC 101 (AKH)

         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARY BAVIS,          :

         :

           Plaintiff,          :

         :

         v.          :      02 Civ. 7154 (AKH)

         :

UAL CORPORATION et al.,          :

         :

           Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ████████ PROTECTIVE ORDER GOVERNING ACCESS TO, HANDLING AND USE OF SENSITIVE SECURITY INFORMATION AT TRIAL

WHEREAS Sensitive Security Information ("SSI") is a specific category of

information that requires protection against unauthorized disclosure pursuant to 49

U.S.C. § 114(r), as amended, and 49 C.F.R. Part 1520;

WHEREAS, in 2002, the Court granted the application of the United States of

America, on behalf of the Transportation Security Administration ("TSA"), to intervene

in this case for the purpose of protecting SSI from unauthorized disclosure;

WHEREAS, throughout this litigation, TSA has sought to prevent the

unauthorized disclosure of SSI, through discovery or otherwise;

WHEREAS the Parties may seek to use or elicit SSI during the trial of this

action;

WHEREAS the unauthorized disclosure of SSI at trial or otherwise would be

detrimental to the security of transportation; and

1

WHEREAS, under the unique and extraordinary circumstances of this case, which involves the September 11, 2001 terrorist attacks against the United States, TSA has determined, pursuant to its discretionary authority under 49 C.F.R. § 1520.15(e), to grant Plaintiff, Defendants and the members of the jury limited and conditional access to certain SSI, subject to the terms and conditions set forth in this Order;

IT IS HEREBY ORDERED THAT, in accordance with Section 525(d) of the Department of Homeland Security Appropriations Act, 2007, Public Law No. 109-295, 120 Stat. 1355, as reenacted (the "Act"), 49 U.S.C. § 114(r), 49 C.F.R. § 1520.15(e) and Federal Rule of Civil Procedure 26, this protective order (the "Order") shall govern access to, handling and use of Sensitive Security Information at the trial of *Bavis v. UAL Corporation et al.*, 02 Civ. 7154 (AKH) (the "Bavis Trial" or "Trial").

## A.   **Preliminary Matters.**

### 1.   **Application.**

1.1.   This Order shall govern any document, testimony, information or other material that potentially contains "Sensitive Security Information," as defined herein, regardless of its source, that a Party may seek to introduce or elicit at the Bavis Trial.

### 2.   **Definitions.**

2.1.   Deemed Covered Person. The term "Deemed Covered Person" shall refer to any individual participating in the Bavis Trial whom TSA has notified that he or she has been cleared for access to Sensitive Security Information pursuant to section 5 of the Pretrial SSI Protective Order, as defined herein, or section 5 of this Order.

2

2.2.    Defendants.  For purposes of this Order only, the term

"Defendants" shall mean the defendants in the Bavis Trial, namely, United Air Lines, Inc./UAL Corporation/United Continental Holdings Inc. (collectively, "United"), Huntleigh USA Corporation, and Massachusetts Port Authority, including Defendants' respective insurers with regard to the claims asserted by Plaintiff in this action.

2.3.    Document.  The term "document" shall include, but is not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise).  The term further includes, but is not limited to, the following:

a.  papers, correspondence, memoranda, transcripts, notes, letters, reports, summaries, photographs, maps, charts, graphs, inter-office and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

b.  graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videos, sound recordings of any kind, and motion pictures; and

c.  electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage.

3

2.4.     Parties. The terms "Party" and "Parties" refer to the Plaintiff and Defendants as represented by their respective counsel in the Bavis Trial.

2.5.     Plaintiff. For purposes of this Order only, the term "Plaintiff" refers to plaintiff Mary Bavis and her children.

2.6.     Pretrial SSI Protective Order. The term "Pretrial SSI Protective Order" refers to the Stipulated Protective Order Governing Access to, Handling of, and Disposition of Potential Sensitive Security Information, entered by the Court on March 21, 2007, in In re September 11 Litigation, 21 MC 97 & 101 (AKH), which continues in force.

2.7.     Reading Room. The term "Reading Room" shall mean the restricted and secured area maintained by the Department of Justice at 26 Federal Plaza, Room 2940, New York, New York.

2.8.     Reading Room Counsel. The term "Reading Room Counsel" shall mean that subset of Deemed Covered Persons described in section 5.3 of the Pretrial SSI Protective Order or section 5 of this Order.

2.9.     Reading Room Document. The term "Reading Room Document" shall mean any document that TSA has designated for inclusion in the Reading Room.

2.10.    Restricted Use Document. The term "Restricted Use Document" shall have the same meaning as in section 7 of the Pretrial SSI Protective Order.

2.11.    Sensitive Security Information. The term "Sensitive Security Information" shall have the meaning set forth in 49 U.S.C. § 114(r)(1)(C) and 49 C.F.R. § 1520.1 et seq., and as designated in orders issued by TSA pursuant to 49 U.S.C. § 114(r).

4

2.12. SSI Exhibit. The term "SSI Exhibit" shall refer to a document or other material containing SSI that any Party may seek to introduce at the Trial.

2.13. SSI Trial Material. The term "SSI Trial Material" shall refer to any Restricted Use Document, other than an SSI Exhibit, for which a Party creates a hard copy for any purpose in connection with the Trial or any pretrial proceedings.

2.14. SSI Substitute. The term "SSI Substitute" shall refer to a document or other material authorized by TSA for use at the Trial in lieu of specific SSI that the Court has determined is relevant and for which the Court has determined a Party has substantial need and is unable without undue hardship to obtain the substantial equivalent by other means, but which does not itself contain SSI. SSI Substitutes may include, but are not limited to, redacted documents or testimony, substituted words or phrases, summaries or any other materials that do not contain SSI in their substituted form.

2.15. TSA. The term "TSA" shall refer to the Transportation Security Administration, represented by the Department of Justice ("DOJ").

3. **Continued Operation and Use of Reading Room.** DOJ shall continue to operate the Reading Room, and Reading Room Counsel shall continue to have access to SSI maintained in the Reading Room, throughout the Bavis Trial pursuant to the terms and conditions of the Pretrial SSI Protective Order.

4. **Restricted Use Documents.**

4.1. Except as set forth in this Order, the Pretrial SSI Protective Order shall continue to govern access to, handling of, and disposition of Restricted Use Documents, and the SSI contained therein, outside the Reading Room.

5

4.2.    Any Restricted Use Document created or served by any Party or

filed or otherwise provided to the Court pursuant to this Order shall be labeled or

stamped with the following language:

**SUBJECT TO SENSITIVE SECURITY
INFORMATION PROTECTIVE ORDER
IN RE SEPTEMBER 11 LITIGATION
21 MC 101 (AKH) (S.D.N.Y.)**

**SENSITIVE SECURITY INFORMATION
WARNING: THIS RECORD MAY CONTAIN
SENSITIVE SECURITY INFORMATION THAT IS
CONTROLLED UNDER 49 CFR PART 1520. NO
PART OF THIS RECORD MAY BE DISCLOSED TO
PERSONS WITHOUT A 'NEED TO KNOW,' AS
DEFINED IN 49 CFR PART 1520, EXCEPT WITH
THE WRITTEN PERMISSION OF THE
ADMINISTRATOR OF THE TRANSPORTATION
SECURITY ADMINISTRATION. UNAUTHORIZED
RELEASE MAY RESULT IN CIVIL PENALTY OR
OTHER ACTION.**

5.    **Clearances.**  Each Party shall be permitted to apply for a total of four (4)

additional Deemed Covered Person clearances for those attorneys who are actively

participating in the representation of the Party at the Trial and/or support staff who are

actively involved in preparing for the Trial of this action.  Such additional clearances

shall be subject to the same terms and conditions, including penalties, as Deemed

Covered Persons cleared for access to SSI pursuant to section 5 of the Pretrial SSI

Protective Order.

5.1.    TSA shall condition its clearance for access to Sensitive Security

Information upon the successful completion of the criminal history records check and

terrorist assessment mandated by Section 525(d) of the Act.

5.2.    To the extent that Plaintiff or any Defendant, in connection with

the Bavis Trial, seeks access to SSI (or in the case of Defendants who are covered

6

persons under 49 C.F.R. Part 1520, SSI to which they do not otherwise have access in the course of their duties), such Plaintiff or Defendant shall be required to execute a Non-Disclosure Agreement provided by TSA and agree in writing to be bound by the terms of this Order. Plaintiff and Defendants who execute such agreements shall be authorized to have access to SSI Exhibits, SSI Trial Materials and SSI contained in Restricted Use Documents while in the presence of their attorneys and to SSI introduced or elicited during the Trial, but shall not be permitted to access the Reading Room or to maintain custody or control of any document or other material containing SSI. Plaintiff and Defendants shall each be limited to a maximum of seven (7) individuals who may have access to SSI pursuant to this paragraph.

    5.3. Should a law firm or legal practice cease representing a Party, for whatever reason, all Deemed Covered Persons employed by such law firm or legal practice shall no longer be cleared for access to Sensitive Security Information under this Order. In such circumstance, the law firm or legal practice shall destroy or return to TSA all SSI Exhibits, SSI Trial Material and Restricted Use Documents in its possession, as well as any documents that incorporate SSI authorized for release from the Reading Room, and confirm in writing to TSA that all such documents have been destroyed or returned to TSA. A law firm or legal practice that continues to represent a party in *In re September 11 Litigation*, 21 MC 101 (AKH), may continue to retain Sensitive Security Information until it ceases to represent a party in that matter.

**C.** **Pretrial SSI Proceedings.**

    6. **SSI Designations and Objections.**

7

6.1.    No later than July 15, 2011, Plaintiff shall serve on Defendants and TSA designations of the specific SSI that Plaintiff may seek to use or elicit at the Bavis Trial ("SSI Designations"), including but not limited to SSI contained in documents (identified by page and section, paragraph or similar designation), deposition testimony (identified by page and line) and, to the best of Plaintiff's ability, SSI that Plaintiff may seek to elicit through the testimony of live witnesses at Trial. Plaintiff's SSI Designations shall be treated as Restricted Use Documents pending TSA review.

6.2.    No later than July 29, 2011, Defendants shall serve on Plaintiff and TSA any objections to Plaintiff's SSI Designations and any counter-designations of SSI that Defendants may seek to use or elicit at the Bavis Trial ("Counter-SSI Designations"), including but not limited to SSI contained in documents (identified by page and section, paragraph or similar designation), deposition testimony (identified by page and line) and, to the best of Defendants' ability, SSI that Defendants may seek to elicit through the testimony of live witnesses at Trial. Defendants' objections and Counter-SSI Designations shall be treated as Restricted Use Documents pending TSA review.

6.3.    No later than August 12, 2011, Plaintiff shall serve on Defendants and TSA any objections to Defendants' Counter-SSI Designations. Plaintiff's objections shall be treated as Restricted Use Documents pending TSA review.

6.4.    No later than August 19, 2011, TSA shall serve any objections under Section 525(d) of the Act to the use of specific SSI at Trial. TSA's objections shall be treated as Restricted Use Documents pending TSA review.

6.5.    The Parties and TSA shall meet and confer concerning their respective designations, cross-designations and objections.

8

6.6.     To the extent any disputes remain following the meet-and-confer
period set forth in Paragraph 6.5, the Parties and TSA shall prepare and file under seal no
later than August 26, 2011, a schedule listing the SSI designations in dispute and the
objections thereto, accompanied by copies of the relevant documents or testimony, or
portions thereof. At the same time, the Parties and TSA may also file briefing with
regard to their respective objections. Any responsive briefs shall be due no later than
September 2, 2011. Any schedule, documents or testimony, and related briefing served
and filed pursuant to this paragraph shall be treated as Restricted Use Documents pending
TSA review.

6.7.     The fact that TSA has granted access to certain SSI in *In re
September 11 Litigation*, 21 MC 101 (AKH), for pretrial purposes pursuant to section 7
of the Pretrial SSI Protective Order, either in the Reading Room or as Restricted Use
Documents, does not mean that such SSI is relevant, or that a Party has substantial need
for such SSI or could not without undue hardship obtain the substantial equivalent of
such SSI by other means, for purposes of the Bavis Trial.

7.   **Rulings on Relevance, Substantial Need and Ability to Obtain
     Substantial Equivalent by Other Means.**

7.1.     On September 22, 2011, the Court shall hold a hearing on the
Parties' respective SSI Designations and Counter-SSI Designations and on the objections
of the Parties and TSA, for the purpose of making determinations with regard to (a)
whether the specific SSI designated by each Party is relevant to the matters to be tried in
the Bavis Trial, (b) whether each Party has a substantial need for the specific SSI that the
Party has designated, and (c) whether each Party is unable without undue hardship to
obtain the substantial equivalent of the specific SSI by other means, in accordance with

9

Section 525(d) of the Act. If the Court determines that the specific SSI designated by a Party is not relevant, that the Party does not have a substantial need for the specific SSI, or that the Party is able without undue hardship to obtain the substantial equivalent of the specific SSI by other means, such SSI shall not be used at the Trial.

7.2.   Any pretrial hearings related to the Parties' proposed use of SSI at the Trial shall be conducted in a closed courtroom, with only Deemed Covered Persons, Plaintiff and Defendants (to the extent they have executed Non-Disclosure Agreements and agreed in writing to be bound by the terms of this Order in accordance with paragraph 5.2 of this Order), court personnel (including court reporters, law clerks and other Court employees) and TSA representatives present.

8.   **SSI Substitutes.**

8.1.   On a rolling basis, and no later than September 30, 2011, provided that the Court has issued rulings on any disputed SSI designations as provided in Section 6 of this Order, TSA shall serve on the Parties proposed Substitutes for the specific SSI that the Court has determined to be relevant and for which the Court has determined the Parties have a substantial need and are unable without undue hardship to obtain the substantial equivalent by other means.

8.2.   The Parties shall meet and confer with each other and with TSA with regard to any proposed SSI Substitutes.

8.3.   To the extent any disputes remain following the meet-and-confer period set forth in Paragraph 8.2, within ten (10) days of TSA's service of any SSI Substitutes, the Parties and TSA shall prepare and file under seal a schedule setting forth the individual items claimed to be SSI, the proposed SSI Substitute, and the objections

10

thereto. At the same time, the Parties and TSA may file briefing with regard to their respective positions. Any responsive briefs shall be due four (4) days later. Any schedule and related briefing served and filed pursuant to this paragraph shall be treated as Restricted Use Documents pending TSA review.

8.4.

## 9. **Rulings on SSI Substitutes and Authorization to Use SSI at Trial.**

9.1. On October 17, 2011, the Court shall hold a hearing consistent with paragraph 7.2 above with regard to any objections by the Parties to any SSI Substitutes proposed by TSA, and shall determine whether the proposed SSI Substitutes are sufficient to satisfy the Parties' respective evidentiary needs. If the Court determines that a proposed SSI Substitute is sufficient to meet the Parties' respective evidentiary needs, the Parties shall use the SSI Substitute at the Trial in lieu of the SSI from which the SSI Substitute was derived, and shall not without further application to the Court seek to use or elicit at the Trial the SSI from which the SSI substitute was derived.

9.2. The Parties may not use or elicit SSI at the Trial without first obtaining authorization from the Court. A Party shall be permitted to use or elicit SSI at the Trial only if the Court has determined that (a) the specific SSI is relevant, (b) the Party has a substantial need to use or elicit the specific SSI, (c) the Party is unable without undue hardship to obtain the substantial equivalent of the specific SSI by other means, and (d) there is no SSI Substitute that will satisfy the Party's evidentiary needs. Only if the Court determines that all of these criteria have been met will the Party be authorized to use or elicit the SSI at the Trial.

11

9.3.     Notwithstanding any other provision of this Order, no Party may use specific SSI at the Trial if TSA demonstrates that such use would present a risk of harm to the nation, pursuant to Section 525(d) of the Act.

9.4.     At any time, TSA may make *ex parte*, *in camera* submissions to the Court if the basis for TSA's position implicates SSI that is not appropriate for disclosure to the Parties under Section 525(d) of the Act.[1]

## C.     Handling and Use of Sensitive Security Information at Trial.

### 10.   SSI Exhibits and SSI Trial Materials.

10.1.   All Deemed Covered Persons are responsible for ensuring that SSI Exhibits and SSI Trial Materials in their possession, custody or control, and all SSI contained therein, are protected from unauthorized disclosure.TSA will make itself available as appropriate to assist the Parties in protecting SSI in connection with the trial.

10.2.   All SSI Exhibits and SSI Trial Materials shall be maintained as follows:

10.2.1.   A Deemed Covered Person may make up to eight (8) hardcopies of any SSI Exhibit (an original SSI Exhibit and 7 copies) or SSI Trial Material for use at the Trial.  Each SSI Exhibit or SSI Trial Material shall be printed or copied using a secure printer or copier located at the Deemed Covered Person's place of employment.

10.2.2.   The SSI Exhibit or SSI Trial Material shall be marked as a "Restricted Use Document."

10.2.3.   The original SSI Exhibit or SSI Trial Material shall be marked as an original, and each copy of such document shall be numbered.

---

[1]  The Parties object to this paragraph.

10.2.4. Each Party shall maintain a log of all SSI Exhibits and SSI Trial Materials in its possession. The log shall indicate the number of hard copies made, the date(s) of destruction of any hard copies, and the Deemed Covered Person who is responsible for ensuring that all hard copies are properly maintained and destroyed pursuant to this Order.

10.2.5. Except when such documents are being used at the Trial, the original and all copies of all SSI Exhibits and SSI Trial Materials shall remain at all times in the responsible Deemed Covered Person's custody and control or in a secured container, such as a locked desk or file cabinet that may only be accessed by a Deemed Covered Person.

10.2.6. When SSI Exhibits or SSI Trial Materials are in the courtroom, they shall not be left on counsel table or otherwise in plain sight, or exposed in any manner to members of the public.

10.2.7. At the conclusion of each day of the Trial, all responsible Deemed Covered Persons shall ensure that the original and all copies of their SSI Exhibits and SSI Trial Materials have been collected and secured, to the extent not retained by the Court. The responsible Deemed Covered Persons shall count the documents collected to ensure that all copies have been collected.

10.2.8. Each original SSI Exhibit entered into evidence shall be maintained and secured by the Party who offered the SSI Exhibit at the Trial, to the extent not retained by the Court.

10.3. At the conclusion of the Trial, each Party shall provide its log of SSI Exhibits and SSI Trial Materials to TSA and shall certify that all hard copies of all

13

SSI Exhibits and SSI Trial Materials have been destroyed. Each Party may maintain the original and two (2) copies of each SSI Exhibit or SSI Trial Materials until the conclusion of the case, including any appellate proceedings. Following the conclusion of the case, including any appellate proceedings, each Party shall certify to TSA that it has destroyed or returned to TSA all SSI Exhibits and SSI Trial Materials, and any other SSI in its possession to which the Party gained access under this Order or the Pretrial SSI Protective Order. A Party that continues to represent a party in *In re September 11 Litigation*, 21 MC 101 (AKH), may continue to retain Sensitive Security Information until it ceases to represent a party in that matter.

          10.4.    The obligation of the Parties and Deemed Covered Persons to protect SSI from unauthorized disclosure pursuant to the applicable statutes, regulations and this Order shall continue beyond the conclusion of the case, including any appellate proceedings.

11.   **Use of SSI at Trial.**

          11.1.    Prior to the commencement of the Trial, each Party shall provide the Court and TSA with a list of all witnesses whose testimony may involve SSI.

          11.1.1.    The Court shall instruct any witness whose testimony may involve SSI, prior to their testimony, regarding the restrictions on the disclosure of SSI during the Trial, and the witness's obligation not to disclose SSI in open court. [Proposed instruction to be provided by TSA by September 30, 2011.]

          11.2.    Representatives of TSA shall be present in the courtroom during any portions of the Trial that may implicate SSI.

14

11.2.1. No Party may seek to use or elicit SSI at the Trial unless advance notice is provided to the Court and TSA.

11.2.2. To the extent feasible, prior to each day of the Trial, the Parties shall notify TSA no later than 5 p.m. of their intent to introduce or elicit SSI the following day, the nature of the SSI they intend to introduce or elicit, and in what manner.

11.2.3. TSA may interpose objections or otherwise alert the Court at any point during the Trial as it deems necessary to protect SSI from unauthorized disclosure.

11.3. To accommodate the exigencies of trial, nothing in this Order shall preclude any Party from applying to TSA and the Court to use SSI at trial that has not previously been designated pursuant to Section 6 of this Order; provided, however, that the requirements of Section 9.2 must be satisfied before any Party may use such SSI.

11.4. SSI may not be introduced in open court at the Trial unless procedures, including the silent witness rule,[2] are used to ensure that the SSI is not publicly disclosed. The Parties and TSA shall meet and confer before the Trial regarding the use of such procedures, and any disputes concerning the use of such procedures shall be brought to the Court for resolution at least 10 days before the Trial commences.

11.5. If the Court determines that it is not possible to employ procedures to allow certain SSI to be used or elicited at the Trial without disclosure to members of the public, the courtroom shall be closed before such SSI is used or elicited. Only Deemed Covered Persons, Plaintiff and Defendants (to the extent they have executed Non-Disclosure Agreements and agreed in writing to be bound by the terms of this Order

---

[2] *See generally United States v. Zettl*, 835 F.2d 1059, 1063 (4th Cir. 1987); *United States v. Rosen*, 520 F. Supp. 2d 786, 793-99 (E.D. Va. 2007).

15

in accordance with paragraph 5.2 of this Order), court personnel (including court reporters, law clerks and any other court employees), representatives of TSA, and members of the jury may be present when SSI is openly displayed or discussed during the Trial.

11.6.    At the end of each day of Trial, including each day of jury deliberations, the courtroom deputy or other courtroom personnel designated by the Court shall collect and store in a secured container (such as a locked desk or file cabinet) all original SSI Exhibits (to the extent retained by the Court) and all copies of SSI Exhibits and SSI Trial Materials provided to the Court and/or the members of the jury.

11.6.1.    The Parties shall maintain a log of all copies of SSI Exhibits and SSI Trial Materials provided to the Court and the members of the jury during the Trial.

11.6.2.    At the conclusion of the Trial, all copies of SSI Exhibits and SSI Trial Materials provided to the Court and the members of the jury during the Trial shall be collected by the courtroom deputy or other courtroom personnel designated by the Court and either destroyed or stored in a secured container until the conclusion of the case, including any appellate proceedings, after which such documents shall be destroyed.

11.7.    The Court shall instruct the members of the jury regarding their obligation not to disclose any SSI introduced during the Trial. [Proposed instruction to be provided by TSA by September 30, 2011.]

12.    **Motions and Other Filings Containing SSI.**  Any Party who wishes to use a Restricted Use Document or the Sensitive Security Information contained therein in connection with a motion or other submission to this Court in connection with the Bavis

16

Trial must file the Restricted Use Document and any pleadings, motions or other papers containing Sensitive Security Information under seal. Where possible, only the portions of the filings that contain Sensitive Security Information shall be filed under seal.

13. **Court Transcripts and Orders Containing SSI.**

13.1. All transcripts of any Trial or pretrial proceedings that may contain SSI shall be treated as Restricted Use Documents pending TSA review.

13.2. TSA shall promptly review any Trial or pretrial transcripts that may contain SSI for the purpose of redacting any SSI contained therein prior to public filing.

13.3. The unredacted version of any Trial or pretrial proceedings that may contain SSI shall be filed under seal unless and until TSA determines that such transcripts do not contain SSI. The Parties and TSA shall advise the court reporter if a transcript may contain SSI so that it can be maintained under seal.

13.4. To the extent real-time transcripts are available at the Trial, only Deemed Covered Persons, Plaintiff and Defendants (to the extent they have executed Non-Disclosure Agreements and agreed in writing to be bound by the terms of this Order in accordance with paragraph 5.2 of this Order), court personnel (including court reporters, law clerks and any other court employees), and representatives of TSA may have access to such transcripts.

13.5. Any orders, decisions or rulings by the Court that may contain SSI shall be filed under seal. TSA shall promptly review any orders, decisions or rulings provided by the Court for review to determine if they contain SSI.

14. **Unauthorized Disclosures.**

17

14.1. If Sensitive Security Information is disclosed other than as authorized by this Order, the Party or person responsible for the unauthorized disclosure, and any other Party, person, firm or entity who is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of the Court and TSA.

14.2. The Party or person responsible for the unauthorized disclosure shall make every effort to obtain the return of the Sensitive Security Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Sensitive Security Information was transmitted as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

14.3. Notwithstanding any other provision of this Order, TSA may assess against any Party, person, firm or entity responsible for an unauthorized disclosure of Sensitive Security Information protected by this Order a civil penalty of up to $50,000 for each violation, and may invoke any other remedies provided under 49 C.F.R. § 1520.17, or otherwise available under law. Any Party, person, firm or entity against which TSA has proposed to assess a civil penalty may request a formal hearing before an administrative law judgment consistent with the process provided in 49 C.F.R. § 1503.

14.4. In the event that TSA determines that a Party or other Deemed Covered Person has intentionally, willfully or recklessly disclosed Sensitive Security Information in violation of this Order, TSA may, in the exercise of its sole discretion, revoke such Party's or Deemed Covered Person's clearance for access to Sensitive

18

Security Information. Furthermore, TSA may consider such intentional, willful or reckless disclosure in determining whether granting access to Sensitive Security Information to any member of a firm or entity that employed such Deemed Covered Person, and/or to the Party whom that Deemed Covered Person represents, if applicable, would present a risk of harm to the nation pursuant to Section 525(d) of the Act.

14.5. TSA reserves the right to revoke a Party's or Deemed Covered Person's clearance in the event TSA obtains information that leads TSA to determine that granting such Party or Deemed Covered Person access to Sensitive Security Information presents a risk of harm to the nation.

**D.    Reservation of Rights.**

15. In the event that TSA determines that a document containing Sensitive Security Information, or portion thereof, was inappropriately made available to the Parties in the Reading Room, as a Restricted Use Document, or otherwise, TSA reserves the right to remove the document, or portion thereof, from the Reading Room or demand return or destruction of such Restricted Use Document, and to take any other measures necessary to protect the Sensitive Security Information at issue.

16. Nothing in this Order shall constitute an admission by any Party or TSA as to the appropriateness of TSA's designation of any information as Sensitive Security Information, or this Court's jurisdiction to adjudicate any challenge respecting TSA's designation of information as Sensitive Security Information, nor shall anything contained herein be deemed to prejudice TSA's right to assert that this Court lacks jurisdiction to adjudicate any challenge respecting TSA's designation of information as Sensitive Security Information. Notwithstanding the foregoing, TSA represents that it

19

will make Sensitive Security Information determinations in accordance with section VI(E) of Department of Homeland Security Management Directive 11056.1, which has been amended in accordance with Section 525(a) of the Act.

17. Nothing in this Order shall be deemed to authorize the disclosure, even to Deemed Covered Persons, at the Trial or otherwise, of SSI the disclosure of which TSA has determined would pose a risk of harm to the nation, pursuant to Section 525(d) of the Act. Nothing in this Order shall be deemed to prejudice TSA's right to assert that any particular SSI may not be used at the Trial because its use would present a risk of harm to the nation, or TSA's right to seek immediate appeal under Section 525(d) of the Act of any rulings by the Court granting access to SSI.

18. Nothing contained herein alters or affects in any manner a covered person's obligations and duties as set forth in 49 C.F.R. Part 1520.

19. Nothing contained herein shall be deemed an admission by TSA or any Party as to the proper interpretation of Section 525(d) of the Act, nor shall anything contained herein prejudice the right of TSA or any Party to make any argument, in connection with this Trial or in any other forum, with respect to the interpretation of Section 525(d) of the Act.

20. This Order may be modified by this Court upon application to the Court by any Party or TSA and upon a showing of good cause.

Dated: New York, New York
   30 , 2011

SO ORDERED:

Honorable Alvin K. Hellerstein
United States District Judge

20