UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:   No. 21 MC 101 (AKH)
:
:   This document relates to :
IN RE SEPTEMBER 11 LITIGATION    :   *Bavis v. United Airlines Inc.et al.,*
:   02 CV 7154
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**SUPPLEMENTAL MEMORANDUM REGARDING DAMAGES
RECOVERABLE UNDER MASSACHUSETTS LAW**

MOTLEY RICE LLC
Ronald L. Motley
Joseph F. Rice
Donald A. Migliori
Jodi Westbrook Flowers
Mary F. Schiavo
Vincent I. Parrett
Elizabeth Smith
28 Bridgeside Boulevard
Post Office Box 1792
Mount Pleasant, SC  29465
Telephone:  (843) 216-9000
Facsimile:   (843) 216-9450
*Attorneys for Plaintiff Bavis*

Dated:  July 5, 2011
         Mount Pleasant, SC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

INTRODUCTION ................................................................................................................. 1

   I. Eligible Beneficiaries Under Massachusetts Law ........................................................ 1

   II. Emotional Damages ..................................................................................................... 3

   III. Pain and Suffering of the Decedent: Pre-impact Pain and Suffering........................ 4

CONCLUSION..................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Beynon v. Montgomery Cablevision Limited Partnership*. 718 A.2d 1161 (Md. Ct. App. 1998) .................................................................................................................................. 6, 10

*Brosnan v. Gage*. 133 N.E. 622 (Mass. 1921) ........................................................................ 4, 6

*Burt v. Meyer,* 508 N.E.2d 598, 602 (Mass. 1987) ..................................................................... 2

*Crowl v. M. Chin Realty Trust*, 700 F.Supp. 2d 171, 173 (D. Mass. 2010) ........................ 1, 2

*Estate of Zarif v. Korean Airlines Co.*, 836 F. Supp. 1340 (E.D. Mich. 1993) ....................... 7

*Godette v. Stanley,* 490 F.Supp.2d 72, 81 (D.Mass 2007) ........................................................ 10

*Green v. Bittner,* 424 A.2d 210 (N.J. Sup. Ct. 1980) ................................................................. 3

*Guy v. Johnson,* 448 N.E.2d 1142 (Mass. App. 1983) ............................................................... 2

*Haley v. Pan American World Airways, Inc.*, 746 F.2d 311 (5th Cir. 1984) ............................ 8

*In re Air Crash at Lexington*, 2010 U.S. Dist. LEXIS 32797 at *26-27 (E.D. Ky., April 2, 2010) .................................................................................................................................. 8

*In re Jacoby Airplane Crash Litigation*, 2006 U.S. Dist. LEXIS 87816 (D. N.J. 2006) .... 7, 11

*Kennedy v. Standard Sugar Refinery,* 125 Mass. 90 (1878) .................................................. 4, 6

*Litif v. United States,* 682 F.Supp. 2d 60 (D.Mass. 2010) ......................................................... 4

*MacCuish v. Volkswagenwerk A.G.,* 494 N.E.2d 390 (Mass. App. 1986) ............................... 3

*Malacynski v. McDonnell Douglas Corp.,* 565 F.Supp. 105 (S.D.N.Y. 1983) ........................ 7

*McCloskey v. Mueller*, 446 F.3d 262 (1st Cir 2006) ................................................................. 6

*McIntyre v. United States*, 447 F.Supp. 2d 54, 117 (D.Mass. 2006) .................................... 4, 5

*Mitchell v. United States of America*, 141 F.3d 8 (1st Cir. 1998) ............................................. 4

*Monk v. Dial*, 441 S.E.2d 857 (Ga. App. 1994) ............................................................... 8, 9, 10

*Nelson v. Dolan,* 434 N.W.2d 25 (Neb. 1989) ........................................................................... 8

*Platt v. McDonnell Douglas Corp.,* 554 F.Supp. 360, 363 (E.D. Mich. 1983) ........................ 8

*Poyser v. United States*, 602 F.Supp. 436, 440 (D.Mass. 1984) ............................................... 2

*Schultz v. Grogean,* 548 N.E.2d 180, 181 (Mass. 1990) ........................................................ 1, 2

*Shu-Tao Lin v. McDonnell Douglas Corp.*, 574 F.Supp. 1407, 1416 (S.D.N.Y. 1983).. 7, 9

*Solomon v. Warren*, 540 F.2d 777 (5th Cir. 1976) ................................................................... 8, 9

*Sullivan v. Boston Gas Company* ................................................................................................ 9

*Vance v. Vance*, 408 A.2d 728 (Md. Sup. Ct. 1979) .............................................................. 6, 10

*Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630 (Tx. Sup. Ct. 1986) ......................................... 8

## Statutes

Mass. Gen. L. Ch. 190 ................................................................................................................ 2

Mass. Gen. Laws Ch. 228 ........................................................................................................... 4

Mass. Gen. Laws. Ch. 229 ............................................................................................... 1, 2, 3, 4

## Other Authorities

Restatement (Second) of Torts Sect. 456 .................................................................................... 5

**INTRODUCTION**

Plaintiff, Mary Bavis, respectfully submits this supplement to her memorandum regarding the damages recoverable under Massachusetts law for the death of her son, Mark Bavis. Pursuant to Your Honor's request, this supplement contains additional information on the following topics: (I) Who is eligible to recover; (II) What "emotional damages" the beneficiary can recover; and (III) Whether pain and suffering pre-impact damages are recoverable.

**I. Eligible Beneficiaries Under Massachusetts Law**

Mary Bavis is the only eligible beneficiary of the wrongful death action under Massachusetts law. The Massachusetts wrongful death statute states that a defendant is liable for "the fair monetary value of the decedent to the persons entitled to receive the damages recovered, as provided in section one." Mass. Gen. Laws. Ch. 229, § 2 (2010). Section one "determines the appropriate recipients of any recovery in a wrongful death action and provides for the next of kin to recover if the decedent has no spouse or issue." *Crowl v. M. Chin Realty Trust*, 700 F.Supp. 2d 171, 173 (D. Mass. 2010); *Schultz v. Grogean,* 548 N.E.2d 180, 181 (Mass. 1990). Section one of the statute states:

> (1) If the deceased shall have been survived by a wife or husband and no children or issue surviving, then to the use of such surviving spouse;
> (2) If the deceased shall have been survived by a wife or husband and by one child or by the issue of one deceased child, then one half to the use of such surviving spouse and one half to the use of such child or his issue by right of representation;
> (3) If the deceased shall have been survived by a wife or husband and by more than one child surviving either in person or by issue, then one third to the use of such

>surviving spouse and two thirds to the use of such surviving children or their issue by right of representation;
>(4) If there is no surviving wife or husband, then to the use of the next of kin.

Mass. Gen. Laws. Ch. 229, § 1 (2010).[1]

Under Massachusetts law, the "next of kin" is "the decedent's closest blood relative as defined by the …intestacy law." *Poyser v. United States*, 602 F.Supp. 436, 440 (D.Mass. 1984). Massachusetts intestacy law states that if a decedent leaves no spouse or children, the parents take from the estate. Mass. Gen. L. Ch. 190 §3(3) and (4). The Massachusetts Superior Court has stated that sections one and two of the Massachusetts wrongful death statute "permit parents of a deceased unmarried child, as next of kin, to recover for those elements of damages set forth in the wrongful death statute." *Schultz,* 548 N.E.2d at 182; *See also Crowl,* 700 F.Supp. 2d at 175 (stating "if an intestate dies leaving no children and no father, 'only the mother will take from the estate" and denying recovery to the decedent's brother). In this case, since Mark's father predeceased him, his mother recovers as next of kin. As Mark Bavis's only living parent, Mary Bavis is also the only beneficiary of any recovery received for Mark's pain and suffering, which is disposed of as an asset of Mark's estate. Mass. Gen. Laws. Ch. 229 § 6.

---

[1] Massachusetts courts have held that this provision defines the class of individuals entitled to recover in a wrongful death action, but does not determine the distribution of the wrongful death award. *Burt v. Meyer,* 508 N.E.2d 598, 602 (Mass. 1987) (holding that since section two of the Massachusetts wrongful death statute defines the compensatory amount as "the fair monetary value of the decedent to the persons entitled to receive the damages," the distribution included in section 1 was inapplicable); *Guy v. Johnson*, 448 N.E.2d 1142 (Mass. App. 1983) (stating "we can surmise that when § 2 was revised to introduce the compensatory principle of recovery, less than enough attention was paid to the compatibility of § 1." The court followed § 1 to the extent it defined the presumptive takers, but affirmed a different distribution than what is provided for in § 1).

2

**II.  Emotional Damages**

Massachusetts law does not permit the plaintiff to recover for the grief, anguish, or bereavement of the beneficiaries.  *MacCuish v. Volkswagenwerk A.G.,* 494 N.E.2d 390 (Mass. App. 1986).  However, the wrongful death statute specifically provides for the recovery of other intangible losses.  Mass. Gen. Laws. Ch. 229 §2.  Recovery is allowed for the "fair monetary value of the decedent" to the beneficiaries, including but not limited to the loss of the decedent's "services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice."  *Id.*  As is discussed in Plaintiff's prior brief, there is no specific formula that Massachusetts courts use to assess these damages.

Massachusetts jurisprudence is silent on the issue of whether an economic expert is required to calculate the pecuniary value of the plaintiff's loss of services, protection, care assistance, society, companionship, comfort, guidance, counsel, and advice.  While some jurisdictions specifically require the fact finder to consider the amount the marketplace would pay a stranger to perform the listed services, Massachusetts has not articulated such a requirement.  *See Green v. Bittner,* 424 A.2d 210 (N.J. Sup. Ct. 1980) (stating that these losses are "confined to … [their] pecuniary element").  However, no Massachusetts case suggests that this type of evidence would be precluded, as it may assist the finder of fact in calculating an award for these elements of damages.  Evidence of the decedent's relationship with the wrongful death beneficiaries is admitted in Massachusetts to assist the fact finder in determining the availability and amount of these

damages.  *See Litif v. United States,* 682 F.Supp. 2d 60 (D.Mass. 2010);[2] *Mitchell v. United States of America*, 141 F.3d 8 (1st Cir. 1998) (applying Massachusetts law).

### III.  Pain and Suffering of the Decedent:  Pre-impact Pain and Suffering

As an initial matter, in Massachusetts, a plaintiff's right to recover pain and suffering damages on behalf of a decedent is based on the Massachusetts wrongful death statute.  Mass. Gen. Laws Ch. 228 §1, Mass Gen Laws Ch. 229 §6.  The applicable section of the wrongful death statute states, "damages may be recovered for conscious suffering resulting from the same injury. " Mass Gen Laws Ch. 229 §6.  Massachusetts's policy dictates that, as a remedial statute, the wrongful death statute should be liberally construed to effectuate its purpose.  *McIntyre v. United States*, 447 F.Supp. 2d 54, 117 (D.Mass. 2006) *(citing Town of Franklin v. Wyllie*, 819 N.E. 2d 943, 950 (Mass. Sup. Ct. 2005) (stating, "remedial statutes are to be liberally construed to effectuate their goals)).  In this instance, the purpose of the statute is to provide compensation for the decedent's suffering.  Thus, the statute should be liberally construed to achieve this goal.

As is discussed in Plaintiff's initial brief, the highest court in Massachusetts, the Supreme Judicial Court, has held that pre-death fright is recoverable in Massachusetts: "…if a man is precipitated from a height by the negligence of another, and is injured, he may recover, as one element of his damages, for any mental suffering he may prove he endured during the fall."  *Kennedy v. Standard Sugar Refinery,* 125 Mass. 90 (1878).  The Supreme Judicial Court again found that damages for pre-death fright or pain and suffering are recoverable without a preceding injury in *Brosnan v. Gage*.  133 N.E. 622 (Mass. 1921).  In *Brosnan,* the Plaintiff's decedent fell through thin ice into a river.  *Id.*

---

[2] This case is discussed in detail in Plaintiff's initial brief.

4

For a minute or two after falling through the ice, the decedent tried to break back through the ice, but he sank and drowned. *Id.* The trial court held that there was no evidence of suffering. *Id.* On appeal, the Supreme Judicial Court reversed, stating that it could not be found that "there was no evidence of conscious suffering on the part of the intestate." *Id.* at 624.

In addition to Massachusetts case law holding that pre-impact pain and suffering is recoverable, the Restatement (Second) of Torts supports the recovery of pre-impact pain and suffering as well. It states in pertinent part:

> § 456 Emotional Disturbance Resulting From an Actionable Injury or the Conduct Which Caused It
> If the actor's negligent conduct has so caused any bodily harm to another as to make him liable for it, the actor is also subject to liability for
> (a) fright, shock, or other emotional disturbance resulting from the bodily harm *or from the conduct which causes it*, and
> (b) further bodily harm resulting from such emotional disturbance.

Restat 2d of Torts, § 456 (1965) (emphasis added). Comment e of the Restatement goes on to state:

> The rule stated in Clause (a) is not limited to emotional disturbance resulting from the bodily harm itself, but includes also such disturbance resulting from the conduct of the actor. Thus one who is struck by a negligently driven automobile and suffers a broken leg may recover not only for his pain, grief, or worry resulting from the broken leg, but also for his fright at seeing the car about to hit him.

*Id.* As a policy, Massachusetts Courts give great deference to Restatement principles. *See generally McIntyre v. United States*, 447 F.Supp. 2d 54, 117 (D.Mass. 2006) (stating, "the S[upreme] J[udicial] C[ourt] gives a 'warm reception' to Restatement principles")

5

(citing *McCloskey v. Mueller*, 446 F.3d 262 (1st Cir 2006) (stating, with regard to liability issue, "While we have been unable to find a Massachusetts case squarely on point, our analysis is informed by the state courts' warm reception of applicable Restatement principles.")). Given the Supreme Judicial Court's decisions in *Kennedy* and *Brosnan* it is likely that the Court would find this section of the Restatement instructive and in-line with its prior holdings.

Many other jurisdictions in the Northeast and jurisdictions around the country permit the recovery of pre-impact fright. One of the most expansive discussions of pre-impact recovery is from Maryland in the case of *Beynon v. Montgomery Cablevision Limited Partnership*. 718 A.2d 1161 (Md. Ct. App. 1998). In *Beynon*, the decedent was traveling on the Capital Beltway when he came upon a line of vehicles that were stopped due to a road closure. *Id. at* 1163. The decedent was approximately 192 feet from the rear of the defendant's stopped tractor-trailer when he became aware of and reacted to the impending danger. *Id.* Beynon slammed on his brakes, skidded the last 71 ½ feet, impacted the tractor-trailer at 41 m.p.h., and died upon impact. *Id.* Prior to this case, Maryland courts had held that survival damages were "limited to compensation for the pain and suffering endured by the deceased…between injury and death". *Id.* at 1168.

The *Beynon* court reviewed the jurisprudence from other jurisdictions regarding pre-impact fright and determined that it was recoverable in Maryland. The court noted that Maryland courts had moved away from a strict requirement that the plaintiff suffer a physical injury in order to recover for emotional distress damages, instead allowing recovery for emotional distress that is "capable of objective determination." *Id.* at 1179-1182 (*citing Vance v. Vance*, 408 A.2d 728 (Md. Sup. Ct. 1979)). The court found that

the decedent's fright was accompanied by physical injuries – the fatal injuries he sustained as a result of the impact, and was capable of objective determination by the 71 ½ feet of skid marks that the plaintiff argued resulted from the decedent's apprehension of impending death. The court concluded that damages for pre-impact fright were recoverable "when the decedent experiences it during the 'legitimate window of mental anxiety.'" *Id.* at 1185.

Other jurisdictions where reported cases explicitly permit recovery for pre-impact fright include New York, New Jersey, Michigan, Kentucky, Georgia, Florida, Louisiana, Texas, and Nebraska.[3] *See Shu-Tao Lin v. McDonnell Douglas Corp.*, 574 F.Supp. 1407, 1416 (S.D.N.Y. 1983) (allowing for recovery where decedent saw the left engine and a portion of the wing break off of the plane) overruled on other grounds by *Shu-Tao Lin v. McDonnell Douglas Corp.* 742 F.2d 45 (2d Cir. 1984); *Malacynski v. McDonnell Douglas Corp.,* 565 F.Supp. 105 (S.D.N.Y. 1983) (applying New York law, awarding conscious pain and suffering damages in aviation crash case for the period where the aircraft turned nose-up and rolled over due to the loss of an engine); *In re Jacoby Airplane Crash Litigation*, 2006 U.S. Dist. LEXIS 87816 (D. N.J. 2006) (holding that pre-impact fright is recoverable when it results in "substantial bodily injury" but finding the bodily injury requirement is satisfied by the fatal injuries sustained at impact); *Estate of Zarif v. Korean Airlines Co.*, 836 F. Supp. 1340 (E.D. Mich. 1993)(awarding $1,000,000 for passenger's pre-death fear, pain, and suffering in a Warsaw Convention action arising out

---

[3] Washington state and Oregon also appear to allow for this recovery, but the cases are unreported. *See Moroni v. Boeing,* No. 86-2-14508-7 (King Cty. Super. Ct. Seattle, Wash. Feb. 3, 1989) (plaintiff entitled to recover on behalf of fear decedent experienced during many minutes of uncontrolled flight after an explosive decompression); *Hosket v. Idaho Helicopters,* Nos. 86-1649, 87-117, 86-6578, 87-33 (Oregon Cir. Ct. 1998) (awarding damages for pre-impact fear in case of crash during wilderness survey, where testimony showed that passengers knew a crash was inevitable for approximately 10 seconds prior to impact.)

of the shooting down of KAL Flight 007, where passenger had ample time to don their masks, had been aware of the plane zooming to 38,250 feet out of control, and of its rapid descent and spirals, for at least nine minutes); *Platt v. McDonnell Douglas Corp.*, 554 F.Supp. 360, 363 (E.D. Mich. 1983) (holding that pre-impact damages are recoverable under Michigan law); *In re Air Crash at Lexington*, 2010 U.S. Dist. LEXIS 32797 at *26-27 (E.D. Ky., April 2, 2010)(awarding conscious pain and suffering damages in aviation crash case where the total time between the plane leaving the end of the runway and its stopping after hitting several rows of trees was between nine and twelve seconds, but the pain and suffering was severe. The jury considered the severity of the physical pain and mental suffering to be an important factor and awarded the estate $ 750,000 for these damages); *Monk v. Dial*, 441 S.E.2d 857 (Ga. App. 1994) (upholding award for pre-impact pain and suffering in car accident case where decedent veered before the crash and was killed on impact); *Solomon v. Warren,* 540 F.2d 777 (5th Cir. 1976) (applying Florida law and allowing pre-impact damages); *Haley v. Pan American World Airways, Inc.*, 746 F.2d 311 (5th Cir. 1984) (holding that Louisiana law allowed recovery for pre-impact apprehension of death when evidence was presented that decedent was aware of the impending crash for at least 4 to 6 seconds prior to the crash); *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630 (Tx. Sup. Ct. 1986) (upholding a $500,000 award for mental anguish suffered by the decedent from the time the plane broke up until it hit the ground); *Nelson v. Dolan,* 434 N.W.2d 25 (Neb. 1989) (in motorcycle accident case, holding that a decedent can recover for mental anguish suffered prior to the infliction of the fatal injury).

In several of these jurisdictions, in order to recover for pain and suffering damages plaintiffs were required to show that the decedent suffered a preceding physical injury. However, the courts concluded that the distinction between pre-impact pain and suffering and post impact pain and suffering was illogical: "There exists no sound legal or logical distinction between permitting a decedent's estate to recover…for a decedent's conscious post-injury pain and suffering…and permitting such an estate to recover for the conscious prefatal-injury mental anguish resulting from the apprehension and fear of impending death." *Nelson,* 434 N.W.2d at 31; *See also Shu-Tao Lin,* 574 F.Supp. at 1416 ("A decedent's representative unquestionably may recover the pain and suffering experienced in a brief interval between injury and death…We see no intrinsic or logical barrier to recovery for the fear experienced during a period which the decedent is uninjured but aware of an impending death); *Monk*, 441 S.E.2d at 859 ("The fright, shock, and mental suffering experienced by an individual due to wrongful acts of negligence will authorize a recovery where attended with physical injury…Contrary to defendants' assertion, we find no requirement that the physical injury precede the mental pain and suffering."); *Solomon,* 540 F.2d at 793 ("While…the usual sequence is impact followed by pain and suffering, we are unable to discern any reason based on either law or logic for rejecting a claim because …as to at least part of the suffering, this sequence was reversed. We will not disallow the claims for this item of damages on this ground.").

Massachusetts courts are moving away from a bodily injury requirement in other types of emotional distress cases. In *Sullivan v. Boston Gas Company*, the Supreme Judicial Court reviewed the physical harm requirement applicable to negligent infliction of emotional distress cases in Massachusetts. 605 N.E.2d 805 (Mass. Sup. Ct. 1993). The

9

court discussed the need to prevent fraudulent lawsuits as justification for the rule, but noted that other jurisdictions, including Maryland, had relaxed their requirements.[4] *Id.* at 808-809.  It concluded that the Massachusetts, rule should similarly be relaxed and held, "plaintiffs must corroborate their mental distress claims with enough objective evidence of harm to convince a judge that their claims present a sufficient likelihood of genuineness to go to trial." *Id.* at 809. *See also Godette v. Stanley,* 490 F.Supp.2d 72, 81 (D.Mass 2007) (stating "the scope of physical harm required to sustain a negligent infliction of emotional distress claim has 'expanded [to a] range of symptoms that may provide the type of objective evidence to prove physical harm [including] symptoms that could be classified as more 'mental' than 'physical… a plaintiff must corroborate his claims of mental distress with sufficient objective evidence of harm.").  Thus, just as the *Beynon* court noted in Maryland, Massachusetts courts are allowing recovery for emotional distress that is "capable of objective determination."  *Beynon,* 718 A.2d at 1179-1182.

Whether pre-impact fright is capable of objective determination depends on the facts of the case.  In *Beynon,* the court found that skid marks were objective evidence that the decedent was aware of and would have feared his impending death.  *Beynon,* 718 A.2d at 1184; *See also Monk* 441 S.E.2d at 859 ("from evidence that the decedent's vehicle veered shortly before the collision, the jury could infer that decedent was aware of the impending crash, and from these circumstances could extrapolate the probable mental state of decedent in that last moment of consciousness.")   In *In re Jacoby*, the court found that an audio transmission of the decedent taking several deep breaths just

---

[4] It is worth noting here that the *Sullivan* court cites to the same Maryland case the *Beynon* court cited to in support of its holding that pre-impact pain and suffering is recoverable. *See id.* at 809; *Beynon*, 718 A.2d at 1183 (*citing Vance v. Vance*, 408 A.2d 728 (Md. Sup. Ct. 1979).

10

prior to impact was relevant to the pre-impact claim. *In re Jacoby Airplane Crash Litigation,* 2006 U.S. Dist. Lexis 87816 (D.N.J. 2006).

There can be no question that accounts of the events on flight 175 from passenger phone calls, audio recordings, and flight data would provide sufficient objective evidence of Mark Bavis's pre-impact fear and pain and suffering. As stated in Plaintiff's initial brief, Mark and the other passengers were subjected to horrific scenes of people on the plane being murdered and of hijackers taking control of the flight as they were forced to the back of the plane. The phone calls demonstrate that the passengers were aware that they were not going to land safely and knew of their impending doom. These phone calls and information about the flight path showing the plane being flown haphazardly, particularly in the minutes before it impacted the World Trade Center, is more than enough evidence from which a jury could find that Mark experienced pre-impact fear and terror. All indications are that Massachusetts courts would allow this element of damage.

## **CONCLUSION**

Under Massachusetts law, Mary Bavis is the sole beneficiary of the wrongful death action. Damages for grief are not recoverable, but plaintiff can recover for intangible consortium-type damages. In addition, Massachusetts courts would permit Mary Bavis to recover for the pre-impact fear and terror that Mark experienced before his death on flight 175.

Dated:  July 5, 2011						Respectfully submitted,

                 **MOTLEY RICE LLC**

              **By:**  __/s/_____
                  Ronald L. Motley
                  Joseph F. Rice
                  Donald A. Migliori
                  Mary Schiavo
                  Jodi Westbrook Flowers
                  Vincent I. Parrett
                  Elizabeth Smith
                  Motley Rice LLC
                  28 Bridgeside Boulevard
                  Post Office Box 650001
                  Mount Pleasant, SC 29465
                  Telephone:  (843) 216-9000
                  Facsimile:   (843) 216-9450
                  *Attorneys for Plaintiff Bavis*