UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE SEPTEMBER 11 LITIGATION | No. 21 MC 101 (AKH)<br><br>This document relates to :<br>*Bavis v. United Airlines Inc.et al.*,<br>02 CV 7154 |
|---|---|

**PLAINTIFF'S REPLY MEMORANDUM REGARDING DAMAGES RECOVERABLE UNDER MASSACHUSETTS LAW**

MOTLEY RICE LLC
Ronald L. Motley
Joseph F. Rice
Donald A. Migliori
Jodi Westbrook Flowers
Mary F. Schiavo
Vincent I. Parrett
Elizabeth Smith
28 Bridgeside Boulevard
Post Office Box 1792
Mount Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
*Attorneys for Plaintiff Bavis*

Dated: July 22, 2011
Mount Pleasant, SC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. The Massachusetts Prejudgment Interest Provision is Not Inconsistent With Federal Law ....... 1

II. Massachusetts Law Provides for the Recovery of Lost Income ........ 3

III. Plaintiff Can Recover for Mark Bavis' Pain and Suffering ........ 4

**A. Massachusetts Superior Court Jurisprudence Supports the Recovery of Pre-impact Pain and Suffering Damages In This Case** ........ 4

**B. A Growing Number of Courts Allow Recovery for Pre-impact Damages; Massachusetts Would Follow Suit** ........ 5

**C. Plaintiff Is, At the Very Least, Able To Recover For the Conscious Pain and Suffering Mark Experienced Between Injury and Death Under Massachusetts Law** ........ 7

IV. Loss of Enjoyment of Life is Recoverable as Part of the Pain and Suffering Element of Damages ........ 9

V. Conclusion ........ 9

# TABLE OF AUTHORITIES

## Cases

*Solomon v. Warren*, 540 F.2d 777 (5th Cir. 1976) ............ 6
*Yowell v. Piper Aircraft Co.*, 703 S.W.2d 630, 634 (Tex. 1986)............ 6
*Atlantic Mutual Insurance Co. v. Napa Transportation, Inc.*, 399 F.Supp. 2d 523, 525 (S.D.N.Y. 2005)............ 1
*Barbara Swift Hollie v. Korean Air Lines Co.*, 834 F.Supp. 65, 69 (S.D.N.Y. 1993)............ 2
*Blum v. Airport Terminal Services, Inc.*, 762 S.W.2d 67, 76 (Mo. Ct. App. 1988)............ 7
*Caruolo v. John Crane*, 226 F.3d 46 (2d Cir. 2000)............ 2
*Furumizo v. United States*, 245 F.Supp. 981 (D.Haw. 1965) ............ 7
*Gage v. City of Westfield*, 532 N.E.2d 62 (1988) ............ 4
*Gutierrez v. Mass. Bay Transp. Auth.*, 772 N.E.2d 552, 566 (Mass. 2002) ............ 8
*Keene v. Brigham and Women's Hospital, Inc.*, 775 N.E.2d 725 (Mass. Ct. App. 2002)............ 9
*Kennedy v. Standard Sugar Refinery*, 125 Mass. 90 (1878)............ 4
*Malarkey v. Texaco, Inc.*, 794 F.Supp. 1237 (S.D.N.Y. 1992)............ 2
*McIntyre v. U.S.*, 447 F.Supp. 2d 54 (D. Mass. 2006)............ 3
*Mitchell v. United States*, 141 F.3d 8 (1st Cir. 1998) ............ 3
*Royal Indemnity Co. v. Pittsfield Electric Co.*, 199 N.E. 69 (Mass. 1935)............ 4
*Shorter v. Hartford Financial Services Grp.*, 2005 U.S. Dist. LEXIS 19902, *23 (D. Conn. 2005) ............ 2
*Sullivan v. Boston Gas Company*, 605 N.E.2d at 806............ 8

## Statutes

49 U.S.C. §40101............ 1
Air Transportation Safety and System Stabilization Act § 408(b)(2), Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified, as amended, at 49 U.S.C. § 20101 note)............ 1

## Other Authorities

Massachusetts Superior Court Civil Practice Jury Instruction, § 3.12 ............ 9

## Treatises

*Stein on Personal Injury Damages*, §3.62 ............ 5

**PLAINTIFF'S REPLY MEMORANDUM ON RECOVERABLE DAMAGES UNDER MASSACHUSETTS LAW**

Plaintiff, Mary Bavis, respectfully submits this reply memorandum regarding the damages recoverable under Massachusetts law for the death of her son, Mark Bavis.

**I. The Massachusetts Prejudgment Interest Provision is Not Inconsistent With Federal Law**

Citing to the Air Transportation Safety and System Stabilization Act (ATSSSA), Defendants claim that the Massachusetts wrongful death statute's prejudgment interest provision does not apply to a damages award in this case because it is inconsistent with federal law. Def. Br. At 4. The ATSSSA §408(b)(2) states that for cases arising out of the September 11, 2001 crashes, "The substantive law…shall be derived from the law, including choice of law principles, of the State in which the crash occurred unless such law is inconsistent with or preempted by Federal law." 49 U.S.C. §40101, note. Massachusetts law on prejudgment interest is not inconsistent with or preempted by federal law because there is no clear federal law on the issue, as one of the cases cited by Defendants acknowledges:

> [T]he present action is before the Court on a federal question and therefore federal law governs the issues of appropriateness, timing, and rate of prejudgment interest. . . . Despite the applicability of federal law, Congress has seen fit to address none of these issues, and thus all are left to the broad discretion of the district court.

*Atlantic Mutual Insurance Co. v. Napa Transportation, Inc.*, 399 F.Supp. 2d 523, 525 (S.D.N.Y. 2005).

Federal law does not provide a prejudgment interest rate at all, much less one that is applicable to wrongful death cases:

> Remaining . . . is the issue of what rate of prejudgment interest applies. This issue is complicated by the surprising lack of

> legislative guidance and the resulting inconsistency in the prejudgment interest rates used by the courts.

*Barbara Swift Hollie v. Korean Air Lines Co.*, 834 F.Supp. 65, 69 (S.D.N.Y. 1993) (wrongful death case arising out of crash of Korean Air Lines flight).

> Since no federal statute controls the rate of prejudgment interest . . . and since the Second Circuit has not expressly endorsed a particular interest rate . . . the courts in the Second Circuit have adopted a variety of approaches, including the post-judgment interest rate provided in 28 U.S.C. § 1961, state statutory interest rates, or market rates.

*Shorter v. Hartford Financial Services Grp.*, 2005 U.S. Dist. LEXIS 19902, *23 (D. Conn. 2005) (internal citations omitted).

Moreover, federal courts are not precluded from applying a state statutory prejudgment interest rate in federal question cases. *See id.; Malarkey v. Texaco, Inc.*, 794 F.Supp. 1237 (S.D.N.Y. 1992) (applying New York's statutory interest rate of 9% to a Title VII case). Thus, the Massachusetts prejudgment interest provision is not inconsistent with or preempted by federal law.

Pursuant to the ATSSSA, New York's choice of law principles dictate which State's law applies to prejudgment interest. 49 U.S.C. §40101, note. The Second Circuit has held that under New York's choice of law rules, prejudgment interest is a loss-allocating damages issue. *Caruolo v. John Crane*, 226 F.3d 46 (2d Cir. 2000) (applying Rhode Island's 12% prejudgment interest rule since plaintiff was a domiciliary of Rhode Island). As Plaintiff explained in her initial brief, since this Court has ruled that the law of the decedent's domicile applies to damages, the Massachusetts prejudgment interest provision must be applied in this case.

## II. Massachusetts Law Provides for the Recovery of Lost Income

It is undisputed that the Massachusetts Wrongful Death Statute provides for the recovery for Mary Bavis' loss of "reasonably expected net income" from Mark Bavis. Mass. Ann. Laws. Ch. 229 §2. Defendants prematurely ask this court to hold that Mrs. Bavis would not have received any income from Mark Bavis had he not been killed on United flight 175. Def. Br. at 5-6. This is a factual determination that is in the province of the jury. Defendants' attempt to prevent Plaintiff from presenting evidence of her loss at trial by requesting a factual ruling at this time is improper and without precedent. In the *McIntyre* case, cited by Defendants in support of their request to preclude Mary Bavis' lost income claim, the court did hold that the plaintiff was not entitled to economic loss damages, but only after the plaintiff was permitted to present evidence to the fact-finder. *McIntyre v. U.S.*, 447 F.Supp. 2d 54 (D. Mass. 2006). Furthermore, Contrary to Defendants' argument, a wrongful death beneficiary is not required to show dependency on the decedent in order to recover for the net income they reasonably expected to receive from the decedent. *See Mitchell v. United States*, 141 F.3d 8 (1st Cir. 1998) (stating that the wrongful death statute does not mention a dependency requirement and that Massachusetts courts have approved awards of damages to relatives who were not financially dependent on the deceased).

The evidence will show, as deposition testimony has indicated, that Mark Bavis was devoted to his mother and would have continued to purchase items for her and provide her with any other financial assistance that she needed, given her limited income. *See* Mary Bavis Dep. Tr. 40-41[1]. Plaintiff is entitled to present this and any other available evidence to the jury at the trial of this case.

[1] Attached as Exhibit A.

## III. Plaintiff Can Recover for Mark Bavis' Pain and Suffering

### A. Massachusetts Superior Court Jurisprudence Supports the Recovery of Pre-impact Pain and Suffering Damages In This Case

Massachusetts courts are split on the issue of whether pre-impact pain and suffering damages are recoverable under Massachusetts law. The Court of Appeals in *Gage* held that these damages are not recoverable. *Gage v. City of Westfield*, 532 N.E.2d 62 (1988). On the other hand, in *Kennedy* the Supreme Judicial Court, Massachusetts' highest tribunal, held that such damages would be recoverable if proven. *Kennedy v. Standard Sugar Refinery,* 125 Mass. 90 (1878). Defendants attempt to cast doubt on the *Kennedy* case, stating that it was decided before the enactment of the Massachusetts statute providing for the recovery of damages for the conscious suffering of the decedent. Def. Br. at 10. However, even after the statute was enacted, the Massachusetts Supreme Judicial Court confirmed the principle it enunciated in *Kennedy*, which supports the recovery of pre-impact damages*.* *Royal Indemnity Co. v. Pittsfield Electric Co.*, 199 N.E. 69 (Mass. 1935). In discussing the conscious pain and suffering element of damages, the *Royal Indemnity* court stated:

> A very brief period of life between injury and death will enable the cause of action to accrue and therefore to survive, and will give time for conscious suffering for which damages may be assessed…It has even been conceded that conscious suffering is possible during a fall from a height of twenty-feet. *Kennedy v. Standard Sugar Refinery*, 125 Mass. 90, 92…This court has never adopted the doctrine that a dying man can acquire no right to damages for the suffering which is incidental to his death.

*Royal Indemnity Co.,* 199 N.E. at 71. Thus, even after the enactment of the statute and while discussing the "between injury and death" principle, the Supreme Judicial Court confirmed its prior finding in *Kennedy*. Moreover, *Gage* could not and did not "overrule" the holding of *Kennedy*, which after all is a higher tribunal.

Defendants claim that plaintiff cannot prove that Mark suffered mental distress stating, "whether he suffered any mental terror or distress 'is purely a matter of conjecture.'" Def. Br. at 10. As discussed in Plaintiff's initial brief, the phone calls from flight 175 after the plane was hijacked make clear that all of the passengers on the flight experienced mental terror and distress. To find otherwise is to say that while the plane was overtaken by weapon wielding hijackers spraying mace, moving the passengers to the back of the plane, killing people on the plane, stabbing the flight attendants, and threatening a bomb, Mark Bavis was oblivious to the happenings on the plane[2]; that he did not notice when other passengers who had been forced to the back of the plane with him were calling their loved ones saying that the hijackers were going to fly into a building[3], saying that the passengers were thinking of storming the cockpit[4], or saying goodbye;[5] and that he did not experience any fear when the plane violently and rapidly lost altitude on its descent toward the World Trade Center.[6] In fact, Brian Sweeney's call indicated that the passengers as a group discussed trying to wrest control of the plane away from the hijackers, a plan that, in and of itself, suggests that the passengers knew their lives were in jeopardy and that they were desperate to save themselves.[7] Hence, there is ample evidence from which a jury can find that Mark Bavis suffered mental distress aboard flight 175 before his death.

**B. A Growing Number of Courts Allow Recovery for Pre-impact Damages; Massachusetts Would Follow Suit**

Although Defendants discount the influence of other jurisdictions, the fact remains that more and more jurisdictions are allowing plaintiffs to recover for pre-impact suffering. *See Stein on Personal Injury Damages,* §3.62. Given the divergent decisions by the Massachusetts Court

[2] Revised 9-11 Commission Staff Aviation Monograph September 2005, p. 20-23, attached as Exhibit B.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] "Flight Path Study – United Air Lines Flight 175" attached as Exhibit C.
[7] *See* note 2, supra.

of Appeals in *Gage* and the Supreme Judicial Court in *Kennedy*, cases from other jurisdictions are instructive. Defendants attempt to discount the fact that many jurisdictions allow plaintiffs to recover for pre-impact pain and suffering by noting that some state statutes allow such recovery. Def. Br. at 15. Regardless of whether state statutes or case law forms the basis of the recovery, the fact remains that "a growing number of courts" provide damages for pre-impact suffering and the Supreme Judicial Court of Massachusetts would likely follow suit, given its earlier holding in *Kennedy*. *See Stein on Personal Injury Damages*, §3.62 ("a growing number of courts have recognized damages for pre-impact fear")

Defendants question whether some jurisdictions cited in Plaintiff's brief actually do permit plaintiffs to recover for pre-impact pain and suffering. Def. Br. at 16. However, in the case of *Solomon v. Warren* the 5th Circuit court clearly held that although Florida's survival statute and jurisprudence provided for pain and suffering damages between injury and death, it was clear that the decedents were aware of their impending deaths based on the pilot's radio communications stating that the plane was running low on fuel and that he was going to try to ditch the aircraft in the sea; therefore, recovery was allowed for their pain and suffering. 540 F.2d 777 (5th Cir. 1976) (affirming trial court's award of pre-impact damages and finding that "both of the deceased knew of the impending crash landing at sea, knew of the immediate dangers involved and are certain to have experienced the most excruciating type of pain and suffering (the knowledge that one is about to die, leaving three cherished children alone)").

Similarly, in the case of *Yowell v. Piper Aircraft Co.*, the Supreme Court of Texas very clearly upheld the trial court's award of damages for "mental anguish suffered as a result of the plane's mid-air breakup." 703 S.W.2d 630, 634 (Tex. 1986) (upholding damages award from "the time of the plane's break up until it hit the ground"). In addition, Hawaii and Missouri

courts have allowed plaintiffs to recover for pre-impact damages. *See Furumizo v. United States*, 245 F.Supp. 981 (D.Haw. 1965) (awarding damages for the pain and suffering the decedent experienced during the descent and crash of the plane and while the decedent was burned to death); *Blum v. Airport Terminal Services, Inc.*, 762 S.W.2d 67, 76 (Mo. Ct. App. 1988) (upholding jury award where decedent experienced pain and suffering prior to and immediately following the crash, stating "Blum's pre-impact awareness of the impending disaster can also be considered as well as the fact that as an experienced pilot he was uniquely aware of the impending crash and its probable result to him").

**C. Plaintiff Is, At the Very Least, Able To Recover For the Conscious Pain and Suffering Mark Experienced Between Injury and Death Under Massachusetts Law**

There is no question that, at the very least, Plaintiff can recover for the conscious suffering that Mark Bavis experienced between injury and death. Pursuant to the *McIntyre* case, the injury at issue is not the fatal injury that causes death, as Defendants insist. In fact, the *McIntyre* court expressly rejected the Defendants' argument that the phrase "same injury" from the wrongful death statute should be interpreted so narrowly. The court explained:

> There is no logical reason to compensate a victim who, for example, is shot once and experiences three minutes of conscious suffering before dying from that injury, but not to provide compensation if, at the end of that three minutes, the wrongdoer shoots the decedent a second time, causing his instant death. The wrongdoer and those whose liability derives from his acts should not benefit because the wrongdoer's first attempt at causing the victim's death, during a single uninterrupted effort to kill him, caused a great deal of suffering, but was not, in itself, successful.

*McIntyre*, 447 F. Supp.2d at 118. The court held that the Plaintiff could recover for the pain and suffering the decedent experienced while he was unsuccessfully strangled, and did not limit the damages to those incurred after he was fatally shot and killed instantly. *Id.*

Here, the evidence will show that Mark Bavis and the other passengers were injured on flight 175 prior to the crash of the plane into the World Trade Center. The first injury to the passengers of flight 175 occurred when the hijackers sprayed the cabin with mace during the takeover of the flight.[8] After this assault, the passengers began calling their loved ones to report the hijacking.[9] During these calls, it was reported that the passengers were "throwing up and getting sick," which were the next injuries that the passengers experienced.[10] Finally, the passengers were injured when the hijackers flew the plane erratically toward the World Trade Center towers. In particular, the evidence will show that during the final several minutes of the flight, the hijackers flew the plane in a rapid descent in order to enable them to hit their target.[11] Despite Defendants' attempts to discount the opinion of Plaintiff's expert Dr. Richard Levy, Dr. Levy will establish that, based on the movements of the aircraft, Mark Bavis suffered injuries during the flight, prior to the crash into the World Trade Center. Therefore, even if this Court holds that pre-impact pain and suffering aboard flight 175 is not recoverable, Mary Bavis can at least recover for the mental and physical pain and suffering that Mark experienced from the time he was injured by the assaults and violent impacts aboard flight 175 until the time of the crash that killed him.

---

[8] *See* note 2, supra

[9] *Id.*

[10] *Id.* Plaintiff calls the Court's attention to her discussion of the *Sullivan* case in her Supplemental Memorandum on this point. Pl. Supp. Br. at 10-11. The *Sullivan* case and its progeny establish that in Massachusetts, physical harm can be proven with "symptoms that could be classified as more 'mental' than 'physical.'" *Gutierrez v. Mass. Bay Transp. Auth*., 772 N.E.2d 552, 566 (Mass. 2002) (*citing Sullivan v. Boston Gas Company*, 605 N.E.2d 805 (Mass 1993) (concerning physical harm required to prove mental distress for negligent infliction of emotional distress cause of action). In *Sullivan*, the Supreme Judicial Court held that plaintiff's symptoms, including gastrointestinal distress and upset stomach, were sufficient evidence of physical harm to enable plaintiff's negligent infliction of emotional distress claim to survive summary judgment. *Sullivan*, 605 N.E.2d at 806 (Plaintiff claimed he suffered from "sleeplessness, gastrointestinal distress, upset stomach, nightmares, depression, feelings of despair, difficulty in driving and working, and an over-all 'lousy' feeling").

[11] "Flight Path Study – United Air Lines Flight 175" supra at n. 5.; Plaintiff is also prepared to show the court a recreation of flight 175 prepared by her expert, Charles M. Pereira, that provides support for this data.

**IV. Loss of Enjoyment of Life is Recoverable as Part of the Pain and Suffering Element of Damages**

Massachusetts law, and Plaintiff's brief, are clear on this issue. Plaintiff can recover for the loss of enjoyment of life that Mark Bavis experienced before his death as a part of the pain and suffering element of damages. The *Keene* case held that the loss of enjoyment of life was not a separate item of damages, and that an award should not be made if an injured plaintiff lacks awareness of his loss. *Keene v. Brigham and Women's Hospital, Inc.*, 775 N.E.2d 725 (Mass. Ct. App. 2002). The case did not hold that loss of enjoyment of life is not a part of the pain and suffering element of damages, as Defendants suggest. *Id.* at 739. In fact, the *Keene* court specifically discusses these damages being recovered as part of the pain and suffering element of damages if the plaintiff can demonstrate awareness of the loss and if the damages were not duplicative of other losses. *Id.*

Furthermore, Massachusetts jury instructions include loss of enjoyment of life as part of the conscious pain and suffering charge:

> Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure concerning conscious pain and suffering prior to death. The plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude resulted from this accident.

Massachusetts Superior Court Civil Practice Jury Instruction, § 3.12. As such, there can be no doubt that loss of enjoyment of life is available as part of the pain and suffering element of damages under Massachusetts law.

**V. Conclusion**

Accordingly, for the reasons set forth above and in Plaintiff's initial and supplemental briefs, Plaintiff respectfully requests that the Court hold that, pursuant to Massachusetts law, the

available recoverable damages in this case are (1) damages for the loss of reasonably expected net income; (2) damages for the loss of reasonably expected services, protection, care, assistance, society, companionship, comfort, guidance, counsel, and advice; (3) reasonable funeral and burial expenses; (4) prejudgment interest; and (5) conscious pain and suffering (both pre-impact and post-impact aboard flight 175 until the time of the crash), including loss of enjoyment of life.

Dated: July 22, 2011

Respectfully Submitted,

**MOTLEY RICE LLC**

By: /s/*Mary Schiavo*

Ronald L. Motley (SC Bar #4123)
Joseph F. Rice (SC Bar #4710)
Donald A. Migliori (RI Bar #4936)
Jodi Westbrook Flowers (SC Bar #66300)
Mary F. Schiavo (DC-440175)
Vincent I. Parrett (VP-5092)
Elizabeth Smith (SC Bar #68246)
28 Bridgeside Boulevard
Post Office Box 1792
Mount Pleasant, SC 29465
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
*Attorneys for Plaintiff Bavis*