USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                          :
                                          :   **ORDER AND OPINION, FIXING**
                                          :   **ATTORNEYS' LIENS**
IN RE SEPTEMBER 11 LITIGATION             :
                                          :   21 MC 101 (AKH)
                                          :
                                          :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      The law firms of Joseph, Herzfeld, Hester & Kirschenbaum, LLP, and Hitchcock & Cummings, LLP, move under New York Judiciary Law § 475 (McKinney 2011) to obtain charging liens against their former client, Karoon Capital Management, Inc., and an award of attorney's fees. Karoon Capital does not oppose the lien, but challenges the requested fee as excessive. I hold that a lien is imposed, and I direct Karoon Capital to pay its former counsel 33.3 percent of its settlement recovery, net of $20,000 already paid to replacement counsel, Mavroudis, Rizzo & Guarino.

      This motion arises in the context of litigation brought by 21 Plaintiffs against airlines and other Aviation Defendants, alleging losses from damage to property arising from the terrorist-related aircraft crashes of September 11, 2001. In May 2008, after considerable discovery and after the parties had been unable to progress toward a settlement they professed to desire, I directed the parties to create a damages protocol, a process intended to streamline remaining damages discovery and streamline the issues of trial. Another 18 months passed as the parties proceeded with formal liability discovery and the damages protocol, before retired United States District Judge John S. Martin.

      In October 2009, I ruled on a spate of evidentiary issues, to hone the issues for trial and focus the discovery that remained, and I directed the parties to participate in more intensive mediation before Judge Martin. Two weeks later, Judge Martin proposed, and the

1

parties accepted, a settlement of the claims of 18 of the 21 Plaintiffs, for an aggregate amount of $1.2 billion. I approved the settlement as fair and reasonable, over the objections of one group of the 21 Plaintiffs, those associated with the developer Larry Silverstein. In re Sept. 11 Litig., 723 F. Supp. 2d 534 (S.D.N.Y. 2010). Those Plaintiffs, the WTCP Plaintiffs, appealed my approval to the Second Circuit Court of Appeals, which affirmed. In re Sept. 11 Prop. Damage Litig., 2011 WL 1331847 (2d Cir. April 8, 2011).

Karoon Capital was one of the 21 Plaintiffs who participated in the damages protocol and formal mediation. Soon after Karoon Capital suffered the destruction of its offices on the 22d floor of Tower One, it engaged Joseph Herzfeld to represent it in its property damage claims. The engagement provided that Joseph Herzfeld would be paid a contingency fee of 33.3 percent of Karoon Capital's ultimate net recovery, whether obtained by judgment or settlement and that, if Karoon Capital terminated the representation, whether for cause or not, Joseph Herzfeld would receive "the above-listed Net Recovery that [Karoon Capital] may eventually receive, to whomever paid or whatever called," i.e., the 33.3 percent contingency fee. Declaration of Kayvan Karoon, Ex. A. The engaged agreement provided also, "in the alternative," that Joseph Herzfeld could seek "compensation on a Fair Value basis." Id.

Joseph Herzfeld represented Karoon Capital for several years, and conducted pleadings and pretrial practices on its behalf until June 2009—or well along through the damages protocol. In May 2008, after most of the discovery on liability issues but before discovery pursuant to the damages protocol, Karoon Capital also engaged Hitchcock & Cummings, to work as co-counsel with Joseph Herzfeld, and to share in the 33.3 percent contingency fee. Hitchcock & Cummings's engagement carried the same material terms regarding payment as Joseph Herzfeld. The engagement letter further provided that if the firm's representation was

terminated, whether for cause or not, such termination "will not affect our right to receive an amount equal to the amount our fee would have been from the proceeds of any settlement or judgment regardless of whether such settlement or judgment occurs before or after such termination." Declaration of Terry Cummings in support of plaintiffs' motion, Ex. G. In June 2009, Karoon Capital discharged both its law firms, Joseph Herzfeld and Hitchcock & Cummings, and retained a third firm, Mavroudis, Rizzo & Guarino, to work at time rates. Soon after, a settlement was agreed to between the Aviation Defendants the 18 of the Plaintiffs—including Karoon Capital—on a macro basis and as a percentage of each claim, adjusted according to a uniform formula.

Joseph Herzfeld and Hitchcock & Cummings now move under New York Judiciary Law § 475 to impress their lien against Karoon Capital's net settlement recovery, in the 33.3 percent contingency fee amount provided in their retainer agreements. Karoon Capital agrees that it has an obligation to pay, but proposes to limit its fee obligation to *quantum meruit* in an amount far less than this contingency fee or than the former counsel's claimed time charges, which Karoon Capital contends are inflated and excessive.

Under New York law, "[i]f the lawyer is discharged without cause and prior to the conclusion of the case . . . he or she may recover either (1) in *quantum meruit*, the fair and reasonable value of the services rendered, or (2) a contingent portion of the former client's ultimate recovery, but only if both sides have so agreed." Universal Accupuncture Pain Servs., P.C. v. Quadrino & Schwartz, P.C., 370 F.3d 259, 263 (2d Cir. 2004). Such an agreement, if made, must be at the time of discharge. Lai Ling Cheng v. Modansky Leasing Co., Inc., 73 N.Y.2d 454, 457-58 (N.Y. 1989).

In this case, an award must be made under *quantum meruit*, for there is no fee agreement contemporaneous to the discharge of Joseph Herzfeld and Hitchcock & Cummings. Lai Ling Cheng, 73 N.Y.2d at 457-58. But, here, an award should substantially approximate the fee agreement. Such an award will account for the time and skill provided by former counsel, for Karoon Capital's benefit, and for the unusual complexity of this litigation. See Rosenzweig v. Gomez, 672 N.Y.S.2d 907, 908 (2d App. Div. 1998). Joseph Herzfeld and Hitchcock & Cummings provided much of the necessary creative work for Karoon Capital, whose recovery was similar to all other settling plaintiffs. The discharge occurred late in the overall settlement process, such that Karoon Capital must be said to have greatly benefitted from the work of these firms. Such an award is also reasonably consistent with former counsel's time charges, which the Court has reviewed.

Under such circumstances, the appropriate fee is to provide the former counsel, Joseph Herzfeld & Hitchcock & Cummings, is their 33.3 percent contingency fee, net of replacement counsel's fee. The total amount at issue, for payment to these attorneys, is $109,933.20. For their representation of Karoon Capital, the Joseph & Herzfeld and Hitchcock & Cummings firms are to receive $89,933.20, to be divided between them according to their private arrangement. The balance, $20,000, is to be paid to replacement counsel, Mavroudis, Rizzo & Guarino.

The request for a lien is granted and fees are awarded consistent with the terms of this Order. The Clerk shall terminate the motion (Doc. No. 1504).

SO ORDERED.

Dated:   August 4, 2011
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4