## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - x
                                                :        21 MC 101 (AKH)
IN RE SEPTEMBER 11 LITIGATION                   :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - -   x
WORLD TRADE CENTER PROPERTIES LLC, et           :
al.,                                            :        08 CV 3722 (AKH)
                                                :
                       Plaintiffs,              :
                                                :
      v.                                        :
                                                :        JURY TRIAL DEMANDED
AMERICAN AIRLINES, INC., et al.,                :
                                                :
                       Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - x
```

## FIRST AMENDED ANSWER AND COUNTERCLAIM OF DEFENDANT COLGAN AIR, INC. TO THE WTCP FLIGHT 11 PLAINTIFFS' COMPLAINT

Defendant Colgan Air, Inc. (hereinafter referred to as "Colgan"), by and through their attorneys, Connell Foley LLP, answer the Complaint of Plaintiffs, World Trade Center Properties LLC, 1 World Trade Center LLC, 3 World Trade Center LLC, and 7 World Trade Company, L.P. (hereinafter "the WTCP Flight 11 Plaintiffs," and collectively with all WTCP-related entities and affiliates, "the WTCP Entities"), as follows:

### PRELIMINARY STATEMENT

1.      Colgan objects to the WTCP Flight 11 Plaintiffs' Complaint to the extent it does not solely recast their cross-claims as direct claims as mandated by the Joint Proposed Order Transferring Cases to 21 MC 101 (AKH) Docket and Closing 21 MC 97 (AKH) dated March 18, 2008.

## INTRODUCTION

2.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 1 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.   To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.

3.     The statements contained in Paragraph 2 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.  Colgan leaves all questions of law to the Court to decide.

4.     The statements contained in Paragraph 3 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.  Colgan leaves all questions of law to the Court to decide.

5.     The allegations of Paragraph 4 of the Complaint are denied as to Colgan.

6.     The statements contained in Paragraph 5 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.  Colgan leaves all questions of law to the Court to decide.

## JURISDICTION

7.     The statements contained in Paragraph 6 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.  Colgan leaves all questions of law to the Court to decide.

2563605-01

8.     The statements contained in Paragraph 7 of the Complaint are not allegations of fact and, therefore, no response is required to be interposed.  To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.  Colgan leaves all questions of law to the Court to decide.

## PARTIES

## PLAINTIFFS

9.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 8 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

10.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 9 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

11.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 10 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

12.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 11 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

## DEFENDANTS

13.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 12 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

2563605-01

14.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 13 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

15.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 14 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

16.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 15 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

17.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 16 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

18.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 17 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

19.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 18 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

20.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 19 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

21.     Colgan admits that it is a corporation organized under the laws of Virginia with its principal place of business in Manassas, Virginia.

4

22.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 21 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

23.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 22 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

24.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 23 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

25.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 24 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

26.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 25 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

27.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 26 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

28.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 27 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

2563605-01

29.    Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 28 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

30.    Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 29 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

31.    Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 30 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

32.    Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 31 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto.

## CLAIM ONE FOR NEGLIGENCE AGAINST
## ALL DEFENDANTS EXCEPT BOEING

33.    Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

34.    The allegations of Paragraph 33 of the Complaint are denied as to Colgan.

35.    Colgan admits that it was authorized by the United States Department of Transportation and the Federal Aviation Administration to transport passengers for hire and that it had a duty to conduct its operations in accordance with federal aviation laws and regulations, and that it complied with federal requirements in the conduct of its business.  The remaining allegations of Paragraph 34 are denied.  Colgan leaves all questions of law to the Court to decide.

36.    The allegations in Paragraph 35 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to

Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 35 of the Complaint on which to form a basis to admit or deny those allegations.

37.     Colgan admits that it is a common carrier engaged in the business of transporting passengers by air and operated regularly scheduled flights to and from Logan Airport.  Colgan admits that on September 11, 2001, Colgan operated Flight 5930 as a regularly scheduled passenger flight from Portland Jetport to Logan Airport, with the knowledge and consent of US Airways.  The remaining allegations in Paragraph 36 are denied as to Colgan, except those allegations that are not directed to Colgan and, therefore, no response is interposed thereto. Colgan leaves all questions of law to the Court to decide.

38.     The allegations of Paragraph 37 of the Complaint are denied as to Colgan.

39.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 38 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.

40.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 39 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.

41.     Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 40 of the Complaint on which to form a basis to admit or deny those allegations and, therefore, no response is interposed thereto. To the extent that the statements are deemed to plead facts relating to Colgan, they are denied.

42.     The allegations of Paragraph 41 of the Complaint are denied as to Colgan.

2563605-01

43.     The allegations of Paragraph 42 of the Complaint are denied as to Colgan.

44.     The allegations of Paragraph 43 of the Complaint are denied as to Colgan.

## CLAIM TWO FOR NEGLIGENT SELECTION
## AGAINST ALL DEFENDANTS EXCEPT BOEING
## AND THE SECURITY COMPANY DEFENDANTS

45.     Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

46.     The allegations of Paragraph 45 of the Complaint are denied as to Colgan.

47.     The allegations of Paragraph 46 of the Complaint are denied as to Colgan.

48.     The allegations of Paragraph 47 of the Complaint are denied as to Colgan.

49.     The allegations of Paragraph 48 of the Complaint are denied as to Colgan.

50.     The allegations of Paragraph 49 of the Complaint are denied as to Colgan.

## CLAIM THREE BASED ON *RES IPSA LOQUITUR*
## AGAINST ALL DEFENDANTS EXCEPT BOEING

51.     Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

52.     The allegations of Paragraph 51 of the Complaint are denied as to Colgan.

53.     The allegations of Paragraph 52 of the Complaint are denied as to Colgan.

54.     The allegations of Paragraph 53 of the Complaint are denied as to Colgan.

## CLAIM FOUR BASED ON STRICT LIABILITY
## AGAINST BOEING, AMERICAN AND AMR

55.     Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

56.     The allegations in Paragraph 55 are not directed to Colgan, and therefore, no response is interposed thereto.   To the extent these allegations are deemed to be directed to

2563605-01

Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 55 of the Complaint on which to form a basis to admit or deny those allegations.

57.     The allegations in Paragraph 56 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 56 of the Complaint on which to form a basis to admit or deny those allegations.

58.     The allegations in Paragraph 57 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 57 of the Complaint on which to form a basis to admit or deny those allegations.

59.     The allegations in Paragraph 58 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 58 of the Complaint on which to form a basis to admit or deny those allegations.

60.     The allegations in Paragraph 59 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 59 of the Complaint on which to form a basis to admit or deny those allegations.

## CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

61.     Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

62.     The allegations in Paragraph 61 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to

Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 61 of the Complaint on which to form a basis to admit or deny those allegations.

63.    The allegations in Paragraph 62 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 62 of the Complaint on which to form a basis to admit or deny those allegations.

64.    The allegations in Paragraph 63 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 63 of the Complaint on which to form a basis to admit or deny those allegations.

65.    The allegations in Paragraph 64 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 64 of the Complaint on which to form a basis to admit or deny those allegations.

66.    The allegations in Paragraph 65 are not directed to Colgan, and therefore, no response is interposed thereto.  To the extent these allegations are deemed to be directed to Colgan, Colgan lacks sufficient knowledge as to the allegations set forth in Paragraph 65 of the Complaint on which to form a basis to admit or deny those allegations.

## CLAIM SIX FOR CONTRIBUTION AGAINST ALL DEFENDANTS

67.    Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

68.    The allegations of Paragraph 67 of the Complaint are denied as to Colgan.

## CLAIM SEVEN FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

69.    Colgan repeats each and every answer to the allegations of the Complaint and makes them a part hereof as if set forth at length.

70.    The allegations of Paragraph 69 of the Complaint are denied as to Colgan.

### FIRST AFFIRMATIVE DEFENSE

71.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

72.    Public Law 107-42, "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," provides an exclusive federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001.  To the extent the WTCP Flight 11 Plaintiffs' Complaint asserts causes of action other than that provided for by this legislation, those causes of action must be dismissed as a matter law.

### THIRD AFFIRMATIVE DEFENSE

73.    The WTCP Flight 11 Plaintiffs' alleged damages were caused by the unforeseeable, intervening, and/or superseding criminal and/or negligent acts of third parties who were not under the care, custody, control, or supervision of Colgan; therefore, Colgan cannot be held liable for the WTCP Flight 11 Plaintiffs' alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

74.    The Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. now recodified and incorporated into 49 U.S.C. §40101 et seq.) and the federal regulations promulgated pursuant thereto, establish the uniform and exclusive standards that air carriers must follow for aviation safety and security and these federal

11

standards preempt State law standards governing flight operations, passenger screening, maintenance, inspection, flight crew training procedures and in-flight security which the WTCP Flight 11 Plaintiffs allege that Colgan violated.   Colgan's compliance with these federal standards precludes a finding of liability against it.

<strong>FIFTH AFFIRMATIVE DEFENSE</strong>

75.    Any of the WTCP Flight 11 Plaintiffs' claims that relate to rates, routes, and services provided by Colgan are expressly preempted by 49 U.S.C. §41713.

<strong>SIXTH AFFIRMATIVE DEFENSE</strong>

76.    The alleged damages complained of were caused by the negligence or intentional misconduct of parties other than Colgan and for whom Colgan is not responsible; therefore, Colgan is not liable to the WTCP Flight 11 Plaintiffs or, in the alternative, Colgan's liability to the WTCP Flight 11 Plaintiffs, if any, should be reduced in accordance with applicable law.

<strong>SEVENTH AFFIRMATIVE DEFENSE</strong>

77.    The WTCP Flight 11 Plaintiffs lack capacity and/or standing to maintain this action.

<strong>EIGHTH AFFIRMATIVE DEFENSE</strong>

78.    The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of Colgan, its agents, or employees.

<strong>NINTH AFFIRMATIVE DEFENSE</strong>

79.    Colgan is not liable to the WTCP Flight 11 Plaintiffs because Colgan complied with all applicable government regulations in effect at the time of the events described in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

80.     The WTCP Flight 11 Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement security procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred by Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act."

## ELEVENTH AFFIRMATIVE DEFENSE

81.     The WTCP Flight 11 Plaintiffs' claims based on common law or statutory law of the individual States requiring air carriers to implement procedures that are different from or inconsistent with the obligations imposed by the Federal Aviation Act of 1958 (Public Law 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §1301 et seq. and now recodified and incorporated as 49 U.S.C. § 40101 et seq.) and the federal regulations promulgated pursuant thereto are barred since compliance with those state laws would constitute an unconstitutional burden on interstate air commerce.

## TWELFTH AFFIRMATIVE DEFENSE

82.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by the WTCP Flight 11 Plaintiffs, if any, should be reduced by any collateral source payment that has been or will be paid to the WTCP Flight 11 Plaintiffs in accordance with applicable state law as may be derived by this Court from applicable state law.

2563605-01

## THIRTEENTH AFFIRMATIVE DEFENSE

83.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," Colgan's liability, if any, must be limited in accordance with the applicable state law as may be derived by this Court from applicable state law to the equitable share of its fault, if any, in relation to the relative culpability of each and every party or non-party causing or contributing to the total liability claimed by the WTCP Flight 11 Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

84.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if the WTCP Flight 11 Plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for the WTCP Flight 11 Plaintiffs' damages, the amount recoverable against Colgan must be reduced in accordance with the applicable state law as may be derived by this Court from applicable state law.

## FIFTEENTH AFFIRMATIVE DEFENSE

85.     Pursuant to Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if the WTCP Flight 11 Plaintiffs have filed claims with the "September 11th Victims Compensation Fund of 2001," the WTCP Flight 11 Plaintiffs are barred from filing a civil action to recover damages sustained as a result of the terrorist-related aircraft crashed of September 11, 2001.

14

## SIXTEENTH AFFIRMATIVE DEFENSE

86.     Since Colgan was not in actual possession or control of the aircraft at the time of the crash, Colgan's liability is limited by the provisions of 49 U.S.C.A. § 44112 (2002).

## SEVENTEENTH AFFIRMATIVE DEFENSE

87.     Public Law 107-42, "The Air Transportation Safety And System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amount of total damages recoverable from Colgan to the limit of its available liability insurance coverage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

88.     The Complaint and all causes of action therein should be dismissed on the ground that the WTCP Flight 11 Plaintiffs have failed to join all necessary and indispensable parties.

## NINETEENTH AFFIRMATIVE DEFENSE

89.     The WTCP Flight 11 Plaintiffs' alleged damages were remote and not a reasonably foreseeable consequence of any alleged conduct by Colgan; therefore, Colgan owed no duty to the WTCP Flight 11 Plaintiffs as a matter of law and cannot be held liable for the WTCP Flight 11 Plaintiffs' alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

90.     Colgan's liability is limited by all applicable affirmative defenses as may be derived by this Court from applicable state law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

91.     Any claims against Colgan based on alleged apparent authority should be dismissed because there was no reliance on such authority and no proximate causation between apparent authority and any damages sustained.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

92.     Colgan owned no legal duty to the WTCP Flight 11 Plaintiffs.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

93.     Colgan is not liable to the WTCP Flight 11 Plaintiffs because no evidence exists to prove that any passenger carried weapons or other restricted items aboard Flight 5930, or there were any disturbances aboard that aircraft.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

94.     Colgan is not liable to the WTCP Flight 11 Plaintiffs because any passenger leaving Flight 5930, before boarding American Flight 11, necessarily had to pass out of a secured area, rejoin the general population in non-secure areas, and then pass through a security checkpoint at Pier A of Terminal B at Logan Airport.  Colgan did not operate out of, or exercise custody or control over, Pier A of Terminal B of Logan Airport or the security checkpoint servicing American Airlines' flights, including American Flight 11.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

95.     Colgan had no statutory, contractual or customary duty to provide security screening at the security checkpoints exclusively serving its competitors or for the screening of its competitors' passengers.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

96.     Colgan was not responsible for and had no control over security before or aboard American Flight 11.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

97.     Colgan breached no duty allegedly owed to the WTCP Flight 11 Plaintiffs.

2563605-01

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

98.    Colgan reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

99.    The WTCP Flight 11 Plaintiffs' claims are barred in whole or part due to insufficiency of service of process.

### THIRTIETH AFFIRMATIVE DEFENSE

100.    Colgan had neither exclusive control nor management over any aircraft which was hijacked, airport or security system and, therefore, the WTCP Flight 11 Plaintiffs' claims based upon legal theory of res ipsa loquitur fail to state a cause of action upon which relief may be granted.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

101.    The WTCP Flight 11 Plaintiffs, either all or some of them, failed to meet the applicable standards under state and federal laws which define proper plaintiff status and, therefore, should be barred from recovery.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

102.    Colgan hereby incorporates all or some of the Separate Defenses raised by each other aviation defendant as though more fully set forth herein.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

103.    Colgan is not guilty of negligence per se.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

104.    The hijacking of the subject aircraft could and did occur from causes other than the negligence of Colgan, and therefore, the WTCP Flight 11 Plaintiffs' claims based upon legal theory of res ipsa loquitor fail to state a cause of action upon which relief can be granted.

2563605-01

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

105.   The Complaint is barred by the applicable statute of limitations.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

106.   To the extent the WTCP Flight 11 Plaintiffs seek to recover for business interruption losses unaccompanied by property damage, all claims based on such losses should be dismissed.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

107.   The WTCP Flight 11 Plaintiffs' alleged damages were caused by an act of war.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

108.   The WTCP Flight 11 Plaintiffs' claims are barred by the state secrets doctrine.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

109.   The Complaint must be dismissed to the extent that relevant evidence required by Colgan to mount its defense is prohibited from disclosure by 14 C.F.R. § 1520 et seq. as Sensitive Security Information.

## FORTIETH AFFIRMATIVE DEFENSE

110.   The WTCP Flight 11 Plaintiffs are barred from recovery of alleged damages to the extent the WTCP Flight 11 Plaintiffs have failed to mitigate damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

111.   The WTCP Flight 11 Plaintiffs are barred from recovery of alleged damages to the extent those damages are inflated, duplicative or otherwise improper.

## FORTY-SECOND AFFIRMATIVE DEFENSE

112.    The WTCP Flight 11 Plaintiffs are barred from recovery of alleged damages to the extent those damages were caused or contributed by the acts or omissions of public authorities acting under color of law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

113.    The WTCP Flight 11 Plaintiffs are barred from recovery of alleged damages, if any in excess of the lesser of (1) the cost of restoring the alleged damaged or destroyed property to its original condition, or (2) the diminution in market value caused by Colgan's alleged negligence.

## FORTY-FORTH AFFIRMATIVE DEFENSE

114.    The WTCP Flight 11 Plaintiffs are barred from recovery of alleged damages in respect of property damage incurred as a result of debris, fire, soot, smoke or water, to the extent that the allegedly damaged property was not adjacent to property struck by aircraft on September 11, 2001.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

115.    The WTCP Flight 11 Plaintiffs' claims for Seven World Trade Center ("7 WTC") are barred, discharged, limited or otherwise not recoverable, in substantial part, by two pertinent settlement agreements:

- The Settlement Agreement and Release, dated January 3, 2005, between Industrial Risk Insurers ("IRI") and its insured, the WTCP Entities, including 7 World Trade Company, L.P. (the "7 WTC Settlement Agreement"), which settled disputed claims between those parties relating to losses arising from the destruction of 7 WTC on September 11, 2001; and

- The Confidential Settlement Agreement and Mutual Release of Claims, dated as of February 23, 2010, between the Aviation Defendants and certain plaintiffs, including IRI (the "Property Damage Settlement

2563605-01

Agreement"), which settled disputed claims relating to property damage resulting from the events of September 11, 2001.

116.    As a result of these settlement agreements, the WTCP Flight 11 Plaintiffs' claims relating to 7 WTC are barred, discharged, limited or otherwise not recoverable, in substantial part, under principles of accord and satisfaction, release, waiver, set-off, recoupment, assignment, and discharge, or any other legal or equitable principles the Court may deem just and proper.

117.    IRI issued insurance Policy No. 31-3-67626 (the "Policy") to the WTCP Entities, including 7 World Trade Company, L.P., which provided coverage from June 1, 2001 to June 1, 2002.

118.    On or about September 11, 2001, 7 WTC was destroyed, and, as a result thereof, the WTCP Entities made claims under the Policy for losses associated with 7 WTC.

119.    On January 3, 2005, the WTCP Entities and IRI entered into the 7 WTC Settlement Agreement as a complete and final settlement of the WTCP Entities' claims made under the Policy.

120.    Under the 7 WTC Settlement Agreement, 90.2 percent of any recovery in any action brought to recover 7 WTC losses from the Aviation Defendants shall be allocated to IRI and 9.8 percent of the proceeds shall be allocated to the WTCP Entities. *See* 7 WTC Settlement Agreement ¶ 10.

121.    The 90.2 percent share is fixed because the lawsuits that might have resulted in an adjustment under the terms of the settlement have been terminated without any affirmative recoveries by IRI or the WTCP Entities.  Specifically, under the terms of the 7 WTC Settlement Agreement, the 90.2 percent share was subject to adjustments contingent on the outcome of two particular litigations: *World Trade Center Properties LLC, et al. v. Al Baraka Investment and*

*Development Corp., et al.*, No. 04 Civ. 7280 (RCC), which was dismissed voluntarily by the WTCP Entities on March 14, 2011; and an action brought by IRI against Citigroup, Inc. and Citigroup Global Market Holdings, Inc., No. 02 Civ. 7170 (S.D.N.Y.). In the Citigroup action, IRI's Complaint was dismissed with prejudice, and the dismissal was affirmed on appeal. Accordingly, these lawsuits will not affect the allocation of 7 WTC loss proceeds.

122. IRI, along with several other plaintiffs, brought claims against the Aviation Defendants related to property damage and business interruption losses arising from the terrorist-related crashes on September 11, 2001 of American Airlines Flight 11 and United Air Lines Flight 175. In particular, IRI sought from the Aviation Defendants the $819 million that it paid the WTCP Entities related to the claims made and paid on 7 WTC.

123. In February 2010, IRI, along with a majority of those plaintiffs, and the Aviation Defendants (including American and AMR) entered into the Property Damage Settlement Agreement, by which they settled all disputes among them arising out of the terrorist-related air crashes of September 11, 2001, and the settling plaintiffs dismissed all of the property damage actions that they had filed against the Aviation Defendants.

124. By operation of paragraph 13 of the Property Damage Settlement Agreement, IRI shall "assign, waive, return, or pass through" its 90.2 percent share of any recovery the WTCP Entities may obtain from the Aviation Defendants for 7 WTC to the Aviation Defendants, subject to certain limited IRI retentions set forth therein.

125. The Aviation Defendants and their insurers have fully performed under the Property Damage Settlement Agreement: the full settlement amount was released from escrow and paid to the settling plaintiffs. IRI has received its share of this payment.

126.    The Property Damage Settlement Agreement has been approved by order of the U.S. District Court for the Southern District of New York, *see In re September 11th Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), and the decision approving the settlement was affirmed by the U.S. Court of Appeals for the Second Circuit, *see In re September 11 Property Damage Litig.*, No. 10-2970-cv(L), 2011 WL 1331847 (2d Cir. Apr. 8, 2011).

127.    By operation of paragraph 10 of the 7 WTC Settlement Agreement and paragraph 13 of the Property Damage Settlement Agreement, the WTCP Entities are obligated to pay to IRI 90.2 percent of any recovery they may obtain from the Aviation Defendants for 7 WTC; in turn, IRI is obligated to "assign, waive, return or pass through" that 90.2 percent share of the recovery to the Aviation Defendants, subject to certain limited IRI retentions set forth therein.

128.    Accordingly, 90.2 percent of any recovery of 7 WTC losses by the WTCP Flight 11 Plaintiffs against the Aviation Defendants is barred, discharged, or otherwise not recoverable in accordance with the terms of the 7 WTC Settlement Agreement and the Property Damage Settlement Agreement by the principles of accord and satisfaction, release, waiver, set-off, recoupment, assignment, or discharge, or any other equitable or legal principles the Court may deem just and proper in the circumstances.

**COUNTERCLAIMS OF COLGAN**
**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT**
**(28 U.S.C. §§ 2201-2202)**

129.    Colgan repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein, in particular paragraphs 115 – 128 related to the Forty-Fifth Affirmative Defense of Colgan.

130.   The 7 WTC Settlement Agreement is an enforceable agreement, under which IRI is entitled to 90.2 percent of the proceeds of any 7 WTC-related recovery by the WTCP Flight 11 Plaintiffs against Colgan and the other Aviation Defendants.

131.   Due to the Second Circuit's affirmance of the District Court's approval of the Property Damage Settlement Agreement, the Property Damage Settlement Agreement is an enforceable contract, pursuant to which IRI is obligated to "assign, waive, return or pass through to the Aviation Defendants" IRI's 90.2 percent share of any 7 WTC-related recovery by the WTCP Flight 11 Plaintiffs against the Aviation Defendants in this action, subject to certain limited IRI retentions set forth therein.

132.   An actual, present and justiciable controversy exists between the WTCP Flight 11 Plaintiffs and the Aviation Defendants regarding the percentage of damages to which the WTCP Flight 11 Plaintiffs are entitled if in the event of a judgment and award against the Aviation Defendants. A declaratory judgment concerning the allocation of any damages recovered by 7 WTC from the Aviation Defendants would significantly narrow the issues in dispute and materially advance the litigation.

133.   Accordingly, pursuant to 28 U.S.C. §§ 2201-2202, Colgan seeks declaratory judgment that it is entitled to obtain a 90.2 percent reduction of any recovery that the WTCP Flight 11 Plaintiffs may obtain from the Aviation Defendants for 7 WTC, in accordance with the provisions of paragraph 10 of the 7 WTC Settlement Agreement and paragraph 13 of the Property Damage Settlement Agreement, subject to the limited adjustments provided for in paragraph 13 of the Property Damage Settlement Agreement.

WHEREFORE, Colgan demands judgment dismissing the WTCP Flight 11 Plaintiffs' Complaint in its entirety or, alternatively, judgment limiting their liability pursuant to the

2563605-01

foregoing, together with costs and disbursements and such other and further relief which this Court deems just and proper under the circumstances.

## DESIGNATION OF TRIAL COUNSEL

Defendant, Colgan Air, Inc. hereby designates Jeffrey W. Moryan, Esq., as trial counsel in the above-captioned matter.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other matter pending in any court or arbitration proceeding, and that no such action or arbitration proceeding is contemplated.

CONNELL FOLEY LLP
888 Seventh Avenue, Suite 3401
New York, New York 10106
(212) 262-2390
Attorneys for Defendant, Colgan Air, Inc.

By: _____
        JEFFREY W. MORYAN (JM 5681)
        JONATHAN P. MCHENRY (JM 8082)

Dated: New York, New York
          August 5, 2011

24