UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
:
IN RE SEPTEMBER 11 PROPERTY DAMAGE    :
AND BUSINESS LOSS LITIGATION          :
:
------------------------------------------------------------x   21 MC 101 (AKH)
:
WORLD TRADE CENTER PROPERTIES LLC,    :
1 WORLD TRADE CENTER LLC, 3 WORLD     :
TRADE CENTER LLC, AND 7 WORLD TRADE   :
COMPANY, L.P.                         :
:
:
    Plaintiffs,                       :
:
AMERICAN AIRLINES, INC., AMR          :
CORPORATION, UNITED AIRLINES, INC.,   :
UAL CORPORATION, MASSACHUSETTS        :   08 CIV 3722 (AKH)
PORT AUTHORITY, THE BOEING COMPANY,   :
DELTA AIRLINES, INC., CONTINENTAL     :
AIRLINES, INC., COLGAN AIR, INC., US  :
AIRWAYS, INC., US AIRWAYS GROUP,      :
INC., MIDWAY AIRLINES CORPORATION     :   JURY TRIAL DEMANDED
HUNTLEIGH USA CORPORATION, ICTS       :
INTERNATIONAL, N.V., GLOBE AVIATION   :
SERVICES CORPORATION, BURNS           :
INTERNATIONAL SECURITY SERVICES       :
CORPORATION, BURNS INTERNATIONAL      :
SERVICES CORPORATION, PINKERTON'S     :
INC., and SECURITAS AB,               :
:
    Defendants.                       :
:
------------------------------------------------------------x
Alvin K. Hellerstein, U.S.D.J.

**DEFENDANT HUNTLEIGH USA CORPORATION'S
FIRST AMENDED ANSWER AND COUNTERCLAIM TO
THE FLIGHT 11 COMPLAINT OF THE WTCP PLAINTIFFS**

1632545v1/012371

Defendant Huntleigh USA Corporation ("Huntleigh"), by and through its attorneys Susman Godfrey, L.L.P., hereby responds to each numbered paragraph of the WTCP Plaintiffs' Flight 11 Complaint (the "Complaint") as follows:

## INTRODUCTION

1. Huntleigh avers that paragraph 1 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Huntleigh avers that paragraph 2 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. Huntleigh avers that paragraph 3 contains legal conclusions to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Huntleigh avers that paragraph 4 contains legal conclusions to which no response is required.

5. Huntleigh avers that paragraph 5 contains legal conclusions and statements of litigation intent on the part of Plaintiffs to which no response is required.

## JURISDICTION

6. Huntleigh avers that paragraph 6 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.  Huntleigh avers that paragraph 7 contains a legal conclusion to which no response is required and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

## PARTIES

## THE WTCP PLAINTIFFS

8.  Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.  Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

## DEFENDANTS

12. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. Huntleigh denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Huntleigh denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Huntleigh denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Huntleigh admits the allegations contained in paragraph 24.

25. Huntleigh denies the allegations contained in paragraph 25, except admits that Defendant ICTS International NV was and is a business entity duly organized and existing under the laws of The Netherlands and maintaining its principal place of business in The Netherlands.

26. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

### CLAIM ONE FOR NEGLIGENCE AGAINST ALL DEFENDANTS EXCEPT BOEING

32. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 32 of the Complaint as if fully set forth herein.

33. Huntleigh avers that paragraph 33 contains legal conclusions to which no response is required, denies the allegations in paragraph 33 to the extent they apply to Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33, except to admit that Huntleigh did operate a screening checkpoint at Logan, though not the checkpoint covering the gate from which Flight 11 left.

34. Huntleigh avers that paragraph 34 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Huntleigh denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36. Huntleigh avers that paragraph 36 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Huntleigh avers that paragraph 37 contains legal conclusions to which no response is required, denies the allegations to the extent that they apply to Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Huntleigh avers that paragraph 38 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. Huntleigh avers that paragraph 39 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. Huntleigh avers that paragraph 40 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Huntleigh avers that paragraph 41 contains legal conclusions to which no response is required, denies the allegations contained in paragraph 41 to the extent that they are made against Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Huntleigh avers that paragraph 42 contains legal conclusions to which no response is required, denies the allegations contained in paragraph 42 to the extent that they are made against Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43. Huntleigh avers that paragraph 43 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of damages contained in paragraph 43.

**CLAIM TWO FOR NEGLIGENT SELECTION AGAINST ALL DEFENDANTS EXCEPT BOEING AND THE SECURITY COMPANY DEFENDANTS**

44. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 44 of the Complaint as if fully set forth herein.

45. Huntleigh avers that paragraph 45 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Huntleigh avers that paragraph 46 contains legal conclusions to which no response is required, denies the allegations contained in paragraph 46 to the extent that they apply to Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Huntleigh denies the allegations of paragraph 47 to the extent that they apply to Huntleigh, denies the allegations contained in paragraph 47 to the extent that they apply to Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48. Huntleigh avers that paragraph 48 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. Huntleigh avers that paragraph 49 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of damages contained in paragraph 49.

### CLAIM THREE BASED ON *RES IPSA LOQUITUR* AGAINST ALL DEFENDANTS EXCEPT BOEING

50. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 50 of the Complaint as if fully set forth herein.

51. Huntleigh avers that paragraph 51 contains legal conclusions to which no response is required, denies the allegations of paragraph 51 to the extent that they apply to Huntleigh, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Huntleigh avers that paragraph 52 contains legal conclusions to which no response is required.

53. Huntleigh avers that paragraph 53 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of damages contained in paragraph 53.

### CLAIM FOUR BASED ON STRICT LIABILITY AGAINST BOEING, AMERICAN AND AMR

54. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 54 of the Complaint as if fully set forth herein.

55. Huntleigh avers that paragraph 55 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Huntleigh avers that paragraph 56 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57. Huntleigh avers that paragraph 57 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57.

58. Huntleigh avers that paragraph 58 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59. Huntleigh avers that paragraph 59 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of damages contained in paragraph 59.

### CLAIM FIVE FOR NEGLIGENT DESIGN AND/OR MANUFACTURE AGAINST BOEING, AMERICAN AND AMR

60. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 60 of the Complaint as if fully set forth herein.

61. Huntleigh avers that paragraph 61 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Huntleigh avers that paragraph 62 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62.

63. Huntleigh avers that paragraph 63 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64. Huntleigh avers that paragraph 64 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65. Huntleigh avers that paragraph 65 contains legal conclusions to which no response is required, and otherwise denies having knowledge or information sufficient to form a belief as to the truth of the allegations of damages contained in paragraph 65.

### CLAIM SIX FOR CONTRIBUTION AGAINST ALL DEFENDANTS

66. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 66 of the Complaint as if fully set forth herein.

67. Huntleigh avers that paragraph 67 contains legal conclusions to which no response is required.

### CLAIM SEVEN FOR INDEMNIFICATION AGAINST ALL DEFENDANTS

68. Huntleigh repeats, realleges, and reiterates its responses to the allegations referred to in paragraph 68 of the Complaint as if fully set forth herein.

69. Huntleigh avers that paragraph 69 contains legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

Huntleigh alleges the following separate and distinct affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Huntleigh upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by the unforeseeable acts, intervening acts, superseding acts and/or omissions of persons other than Huntleigh who were not under the care, custody, control, or supervision of Huntleigh and for whose acts and/or omissions Huntleigh bears no responsibility.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were not proximately caused by an act or omission of Huntleigh.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages were caused by an act of war.

### FIFTH AFFIRMATIVE DEFENSE

The Federal Aviation Act of 1958, P.L. 85-726 Stat. 731, formerly codified as 49 U.S.C. Section 1301, *et seq.*, now recodified and incorporated into 49 U.S.C. 40101, *et seq.*, together with the amendments to same and the regulations promulgated thereunder, establishes the uniform and exclusive standards that air carriers must follow with respect to aviation safety and security. Plaintiffs' claims that are based upon state common law or statutory standards purporting to govern aviation safety and security that are inconsistent with or preempted by federal standards are barred, as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Article 16 of New York's Civil Practice Law and Rules limits any liability of Huntleigh for non-economic loss to the equitable share of its fault, if any, to be determined in accordance with the relative culpability of each and every party or non-party, causing or contributing to the total liability claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Section 4545(c) of the New York Civil Practice Law and Rules is applicable and requires that any claim by a Plaintiff for past or future costs or expenses incurred or to be incurred for loss of earnings or other economic loss must be reduced by the amount of same that has been or can be replaced or indemnified in whole or in part by collateral sources.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Huntleigh must be dismissed because Plaintiffs have failed to join all necessary and indispensable parties and as such, complete relief cannot be afforded to the present parties to these actions.

## NINTH AFFIRMATIVE DEFENSE

The Air Transportation Safety and System Stabilization Act, 49 U.S.C. 40101, as amended, directs that any damages awarded against Huntleigh shall not be in an amount greater than the limits of liability insurance coverage maintained by Huntleigh.

## TENTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint fail to state a cognizable claim against Huntleigh because Huntleigh was not contractually obligated to Plaintiffs given Huntleigh's duty as defined by the State of New York's *Espinal* doctrine.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed to the extent that relevant evidence required by Huntleigh to mount its defense is prohibited from disclosure by 49 CFR 1520 *et seq.*, as sensitive security information.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are property owners and business owners who had no relationship with Huntleigh, were in a far superior position than were Huntleigh to guard against loss to Plaintiffs particular property and businesses through use of insurance, and to whom, as a matter of sound public policy Huntleigh owed no duty under the applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

Huntleigh is not liable for damages caused through the fault of any other parties or non-parties, including damages caused by terrorists.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages in excess of the lesser of (a) the cost of restoring the alleged damaged or destroyed property to its original condition, or (b) the diminution in market value caused by Huntleigh's alleged negligence.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages for business interruption or other economic loss based upon business interruption or other economic loss which was not caused by physical damage to the Plaintiffs' physical property.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of the damages alleged to the extent that Plaintiffs failed to mitigate their losses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke or water, to the extent that the allegedly damaged property or improvements were not struck by Flight 11 on September 11, 2001.

### EIGHTTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for alleged damage to property or improvements incurred as a result of debris, fire, soot, smoke or water, to the extent that the allegedly damaged property or improvements were not immediately adjacent to property struck by Flight 11 on September 11, 2001.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' alleged damages were caused or contributed to by the acts or omissions of public authorities or others acting under color of law, Huntleigh cannot be held liable for Plaintiffs' alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of damages based upon measures of damages inapplicable in and inappropriate to this action, willfully and/or carelessly exaggerated, and/or duplicative.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are able to assert a colorable claim under federal law and/or a claim that is not preempted by same, then Section 15-108 of New York's General Obligations Law is applicable and requires that if the Plaintiffs or Plaintiffs' subrogors release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for Plaintiffs' or Plaintiffs' subrogors' damages, the damages, if any, allegedly recoverable from

Huntleigh must be reduced by the greater of the amount stipulated by the release or the covenant, the amount of the consideration paid for it, or the amount of any released tortfeasor's equitable share of recoverable damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred, in whole or in part.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the state secrets doctrine.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery of alleged damages in respect of business interruption or other economic loss unaccompanied by, or not caused by, physical property damage.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs lack standing to sue.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed for insufficiency of service of process.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred because the Plaintiffs have obtained or will obtain recovery for their alleged injuries from other sources in an amount greater than or equal to the maximum legal recovery which the Plaintiffs could obtain by this action.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

The WTCP Flight 11 Plaintiffs' claims for Seven World Trade Center ("7 WTC") are barred, discharged, limited or otherwise not recoverable, in substantial part, by two pertinent settlement agreements:

- The Settlement Agreement and Release, dated January 3, 2005, between Industrial Risk Insurers ("IRI") and its insured, the WTCP Entities,

1632545v1/012371

including 7 World Trade Company, L.P. (the "7 WTC Settlement Agreement"), which settled disputed claims between those parties relating to losses arising from the destruction of 7 WTC on September 11, 2001; and

- The Confidential Settlement Agreement and Mutual Release of Claims, dated as of February 23, 2010, between the Aviation Defendants and certain plaintiffs, including IRI (the "Property Damage Settlement Agreement"), which settled disputed claims relating to property damage resulting from the events of September 11, 2001.

As a result of these settlement agreements, the WTCP Flight 11 Plaintiffs' claims relating to 7 WTC are barred, discharged, limited or otherwise not recoverable, in substantial part, under principles of accord and satisfaction, release, waiver, set-off, recoupment, assignment, and discharge, or any other legal or equitable principles the Court may deem just and proper.

IRI issued insurance Policy No. 31-3-67626 (the "Policy") to the WTCP Entities, including 7 World Trade Company, L.P., which provided coverage from June 1, 2001 to June 1, 2002.

On or about September 11, 2001, 7 WTC was destroyed, and, as a result thereof, the WTCP Entities made claims under the Policy for losses associated with 7 WTC.

On January 3, 2005, the WTCP Entities and IRI entered into the 7 WTC Settlement Agreement as a complete and final settlement of the WTCP Entities' claims made under the Policy.

Under the 7 WTC Settlement Agreement, 90.2 percent of any recovery in any action brought to recover 7 WTC losses from the Aviation Defendants shall be allocated to IRI and 9.8 percent of the proceeds shall be allocated to the WTCP Entities. *See* 7 WTC Settlement Agreement ¶ 10.

The 90.2 percent share is fixed because the lawsuits that might have resulted in an adjustment under the terms of the settlement have been terminated without any affirmative

1632545v1/012371
16

recoveries by IRI or the WTCP Entities. Specifically, under the terms of the 7 WTC Settlement Agreement, the 90.2 percent share was subject to adjustments contingent on the outcome of two particular litigations: *World Trade Center Properties LLC, et al. v. Al Baraka Investment and Development Corp., et al.*, No. 04 Civ. 7280 (RCC), which was dismissed voluntarily by the WTCP Entities on March 14, 2011; and an action brought by IRI against Citigroup, Inc. and Citigroup Global Market Holdings, Inc., No. 02 Civ. 7170 (S.D.N.Y.). In the Citigroup action, IRI's Complaint was dismissed with prejudice, and the dismissal was affirmed on appeal. Accordingly, these lawsuits will not affect the allocation of 7 WTC loss proceeds.

IRI, along with several other plaintiffs, brought claims against the Aviation Defendants related to property damage and business interruption losses arising from the terrorist-related crashes on September 11, 2001 of American Airlines Flight 11 and United Air Lines Flight 175. In particular, IRI sought from the Aviation Defendants the $819 million that it paid the WTCP Entities related to the claims made and paid on 7 WTC.

In February 2010, IRI, along with a majority of those plaintiffs, and the Aviation Defendants (including Huntleigh) entered into the Property Damage Settlement Agreement, by which they settled all disputes among them arising out of the terrorist-related air crashes of September 11, 2001, and the settling plaintiffs dismissed all of the property damage actions that they had filed against the Aviation Defendants.

By operation of paragraph 13 of the Property Damage Settlement Agreement, IRI shall "assign, waive, return, or pass through" its 90.2 percent share of any recovery the WTCP Entities may obtain from the Aviation Defendants for 7 WTC to the Aviation Defendants, subject to certain limited IRI retentions set forth therein.

The Aviation Defendants and their insurers have fully performed under the Property Damage Settlement Agreement: the full settlement amount was released from escrow and paid to the settling plaintiffs. IRI has received its share of this payment.

The Property Damage Settlement Agreement has been approved by order of the U.S. District Court for the Southern District of New York, *see In re September 11th Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), and the decision approving the settlement was affirmed by the U.S. Court of Appeals for the Second Circuit, *see In re September 11 Property Damage Litig.*, No. 10-2970-cv(L), 2011 WL 1331847 (2d Cir. Apr. 8, 2011).

By operation of paragraph 10 of the 7 WTC Settlement Agreement and paragraph 13 of the Property Damage Settlement Agreement, the WTCP Entities are obligated to pay to IRI 90.2 percent of any recovery they may obtain from the Aviation Defendants for 7 WTC; in turn, IRI is obligated to "assign, waive, return or pass through" that 90.2 percent share of the recovery to the Aviation Defendants, subject to certain limited IRI retentions set forth therein.

Accordingly, 90.2 percent of any recovery of 7 WTC losses by the WTCP Flight 11 Plaintiffs against the Aviation Defendants is barred, discharged, or otherwise not recoverable in accordance with the terms of the 7 WTC Settlement Agreement and the Property Damage Settlement Agreement by the principles of accord and satisfaction, release, waiver, set-off, recoupment, assignment, or discharge, or any other equitable or legal principles the Court may deem just and proper in the circumstances.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Huntleigh reserves the right to add affirmative defenses as necessary based on information obtained during investigation or discovery.

1632545v1/012371

## COUNTERCLAIMS OF HUNTLEIGH USA CORPORATION

### FIRST COUNTERCLAIM: DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201-2202)

Huntleigh repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein, in particular the paragraphs related to the Twenty-Eighth Affirmative Defense of Huntleigh.

The 7 WTC Settlement Agreement is an enforceable agreement, under which IRI is entitled to 90.2 percent of the proceeds of any 7 WTC-related recovery by the WTCP Flight 11 Plaintiffs against Huntleigh and the other Aviation Defendants.

Due to the Second Circuit's affirmance of the District Court's approval of the Property Damage Settlement Agreement, the Property Damage Settlement Agreement is an enforceable contract, pursuant to which IRI is obligated to "assign, waive, return or pass through to the Aviation Defendants" IRI's 90.2 percent share of any 7 WTC-related recovery by the WTCP Flight 11 Plaintiffs against the Aviation Defendants in this action, subject to certain limited IRI retentions set forth therein.

An actual, present and justiciable controversy exists between the WTCP Flight 11 Plaintiffs and the Aviation Defendants regarding the percentage of damages to which the WTCP Flight 11 Plaintiffs are entitled if in the event of a judgment and award against the Aviation Defendants. A declaratory judgment concerning the allocation of any damages recovered by 7 WTC from the Aviation Defendants would significantly narrow the issues in dispute and materially advance the litigation.

Accordingly, pursuant to 28 U.S.C. §§ 2201-2202, Huntleigh seeks declaratory judgment that they are entitled to obtain a 90.2 percent reduction of any recovery that the WTCP Flight 11 Plaintiffs may obtain from the Aviation Defendants for 7 WTC, in accordance with the

provisions of paragraph 10 of the 7 WTC Settlement Agreement and paragraph 13 of the Property Damage Settlement Agreement, subject to the limited adjustments provided for in paragraph 13 of the Property Damage Settlement Agreement.

**WHEREFORE**, Huntleigh demands judgment in its favor dismissing the Complaint in its entirety, awarding to Huntleigh the costs and disbursements incurred in defending these actions, and granting such other relief as the Court grants just and proper.

Dated: August 10, 2011
   Houston, Texas.

            COUNSEL FOR DEFENDANT
            HUNTLEIGH USA CORP.

          By /s/Jonathan J. Ross
            Jonathan J. Ross (JR5100)
            **SUSMAN GODFREY L.L.P.**
            1000 Louisiana Street Suite 5100
            Houston, Texas 77002
            Telephone: 713-651-9366
            jross@susmangodfrey.com