USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/11

**BRUCE LEICHTY**
ATTORNEY AT LAW

625-A Third Street • Clovis, California 93612
(559) 298-5900 • fax (559) [illegible]

RECEIVED
AUG 30 2011
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

August 29, 2011

*Handwritten note by judge:* Objection overruled. There is nothing objectionable if a law clerk admits a conversation regarding a ministerial matter. That is partly his job, and that is all that he did. 8/31/11 [signature]

BY FEDERAL EXPRESS

Alvin K. Hellerstein
Attention: Owen Roth, Law Clerk
Chambers of Alvin K. Hellerstein
United States District Judge
Room 1050, United States Courthouse
500 Pearl Street
New York, New York  10007

Re: In re September 11 Litigation, 21 MC 101 (AKH)

Ransmeier v. UAL, et al., No. 03 CV 6940, United States District Court, Southern District of New York

Mariani v. Ransmeier, No. 11-175, United States Court of Appeals for the 2nd Circuit

Mariani v. Ransmeier, No. 11-640, United States Court of Appeals for the 2nd Circuit

Dear Judge Hellerstein:

As you may know, I represent Ellen Mariani in the above two appeals pursuant to my admission to practice before the United States Court of Appeals for the 2nd Circuit. As you know, I have also previously communicated to your Chambers on behalf of Ms. Mariani, who appeared (by necessity) in pro per in the Southern District. This communication is in both of my capacities. I am not able to submit this correspondence by ECF as called for on the web page of the Court (SDNY) relating to September 11 litigation, or in conformity with your Rules of Practice or Rules of Procedure in September 11 Litigation, for jurisdictional reasons that will be apparent below, but I would be denied due process if this letter were rejected or were not read (or alternatively if its message not adhered to). By courier copy of this letter to the Clerk of Court I am also putting her on notice of the following facts, contentions and demands.

I am in receipt of an 8/26/11 letter directed to Owen Roth, your law clerk, from Charles Capace. This letter in turn makes reference to a conversation Mr. Roth is alleged to have had with Seth Rosner, local counsel for Charles Capace. As you should know, Capace filed an appearance only for Lauren Peters in your court,

Alvin K. Hellerstein
Attention: Owen Roth
United States District Court
August 29, 2011
Page Two

and never for John Ransmeier. The 8/26 letter of Mr. Capace is highly improper and should be ignored by the federal district court.

First, as a procedural matter, neither Mr. Rosner's communication nor Mr. Capace's communication conforms with your rules. The letter should be rejected and regarded as a nullity for that reason only. I am not by this letter (itself not in compliance with your rules) waiving any noncompliance by opposing counsel; instead, I am forced to either be noncompliant by the antecedent noncompliance of Mssrs. Rosner and Capace, or be denied due process. (To use the ECF system I would have to file a document, and I cannot lawfully file any paper relating to a matter on appeal as set forth below.)

Second, what you and Mr. Roth may or may not know is that the subject of Mr. Capace's letter is part of the subject matter of the pending appeals, for which an Appellant's consolidated brief has already been submitted. I am enclosing copies of the briefing notice and relevant portions of the brief (filed version) (showing Table of Contents and discussion of docketing failure in SDNY). Accordingly, demand is hereby made that you refrain--and cause the Clerk of Court and your court to refrain--from complying with the request made in the Capace letter of 8/26, and from acting in any manner that is inconsistent with your absence of post-appeal jurisdiction over Case No. 03-6940.

Among other things, this would prohibit the issuance of any order affecting No. 03-6940, whether filed in 21 MC 101 or in 03-6940, and specifically preclude any order authorizing or ordering the docketing of certain documents.

Even if the procedure were otherwise proper, we would not and do not consent to any procedure whereby you certify, attest or rule that something you receive is a copy of an original formerly in your possession, that you no longer have, nor is that possible as a matter of law.

Parenthetically, while Mr. Capace refers to what happened as a "misunderstanding," that appears to be a convenient post-hoc label he has seized upon to obfuscate what was surely intentional conduct on his part, motivated by his desire not just to have papers sealed but to avoid any accountability or scrutiny by any informed party of his request, and especially his request for his own fees--in which your court was presumptively complicit.

I find it particularly objectionable that your law clerk Mr. Roth has engaged in what he himself has previously characterized as an

Alvin K. Hellerstein
Attention: Owen Roth
United States District Court
August 29, 2011
Page Three

ex parte communication. At least, that is how he previously characterized my attempts to communicate with him by phone or e-mail, saying he would reject them. (He did not object on the basis that I was not admitted to practice before the SDNY.) If Mr. Roth's characterization is valid, of course, then his communication with Mr. Rosner (and now Mr. Capace) is prohibited not only because the SDNY lacks jurisdiction, and not only because the paper is not submitted through ECF (Mr. Capace is not an authorized ECF user in your court), but for a third reason. I am enclosing copies of two e-mail messages sent by Mr. Roth to me in which his apparent double standard is memorialized.

This is not the first instance in which Mr. Roth (and your Chambers by implication) has engaged in a double standard, since Jeffrey Ellis was permitted to communicate with Mr. Roth by e-mail message while Ellen Mariani (through me) was not. If Ellis and Rosner and Capace but not Leichty are permitted to contact Mr. Roth by phone and e-mail and letter, and request and obtain results that will or could affect the outcome of a matter, please explain.

While I hope that you will be properly grateful about being advised that Mr. Capace and his client (and presumably Mr. Rosner before them) have made an improper request and that Mr. Roth and your chambers have engaged in other improprieties, and that you will govern yourselves accordingly, please also be aware that if you (Judge Hellerstein) instead act on the improper request of Mr. Capace, you are hereby forewarned that you will be doing so in your personal capacity, knowing that you are not acting within the scope of your official mandate or duties, and that you will be causing injury to my client by so doing.

Thank you for your attention to and anticipated appreciation for these points.

                                    Sincerely,

                                    Bruce Leichty

/bdl

enclosure

cc:  Clerk, United States District Court (by Fed Ex)
     Peter Beeson, Esq. (by mail)
     Donald Migliori, Esq. (by mail)
     Jeffrey Ellis, Esq. (by mail)
     Charles Capace, Esq. (by e-mail)
     Ellen Mariani (by mail)

Judge wrote:

"Objection over-ruled. There is nothing objectionable if a law clerk assists a counsel regarding a ministerial matter. That is part of his job, and that is all that he did.

8-31-11
Alvin K. Hellerstein"