UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                             :
IN RE SEPTEMBER 11 LITIGATION                                :   21 MC 101 (AKH)
                                                             :
------------------------------------------------------------x
                                                             :
AEGIS INSURANCE SERVICES, INC., *et al.*,                    :   04 CV 7272 (AKH)
                                                             :
                           Plaintiffs,                       :
                                                             :
         - against -                                         :
                                                             :
7 WORLD TRADE CENTER COMPANY, L.P., *et al.*,                :
                                                             :
                           Defendants.                       :
                                                             :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION BY 7 WORLD TRADE COMPANY, L.P.
AND SILVERSTEIN PROPERTIES INC. TO
(1) AMEND THE ORDER OF SEPTEMBER 23, 2008
AND JUDGMENT ENTERED THERETO, AND
(2) SEVER AND STAY CROSS CLAIMS**

Defendants 7 World Trade Company, L.P. and Silverstein Properties Inc. (collectively "7WTCo.") respectfully move, pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), for an amendment of the Court's Order and Opinion of September 23, 2011 ("Order"), and for partial relief from the Judgment dismissing all claims in this litigation. This relief is sought solely to avoid termination of 7WTCo.'s unresolved First and Second Cross Claims against Citigroup for indemnification[1] (the "7WTCo. Cross Claims"). 7WTCo. further moves, pursuant to Federal Rule of Civil Procedure 21, for a severance and stay of the 7WTCo. Cross Claims pending resolution of two potentially relevant appeals.

---

[1] The cross claims are asserted against Citigroup, Inc., Citigroup Global Markets Holdings Inc., Solomon Smith Barney Holdings, Inc. and Salomon Inc. (collectively "Citigroup").

1042386.1

Citigroup does not oppose 7WTCo.'s motion for an amendment of the Order, limited relief from the Judgment, and severance of the 7WTCo. Cross Claims, *so long as* the same relief is applied to the Citigroup cross claim against 7WTCo. for indemnification (the "Citigroup Cross Claim"). 7WTCo. has no objection if the relief sought herein is applied as well to the Citigroup Cross Claim, and 7WTCo.'s Proposed Order contemplates such equal treatment.

Citigroup does oppose 7WTCo.'s request for a stay of the Cross Claims, and it has advised that it intends to move to dismiss 7WTCo.'s Cross Claims. For the reasons set forth below, 7WTCo. believes that it is most efficient for the Court and the parties if the Cross Claims are stayed, and any motions made after resolution of relevant appeals.

## I. Motion for Amendment of Order and Limited Relief From Judgment

In its Order of September 23, 2011, this Court granted motions by 7WTCo. and Citigroup for summary judgment on all claims by plaintiffs Con Edison and Aegis. The Order terminated all remaining claims by plaintiffs. The Court directed the Clerk to enter judgment for defendants "and close the case." Such judgment was entered on September 29, 2011, terminating *all* claims in the litigation and closing the case.

Closing the case completely had the effect of terminating the unresolved 7WTCo. Cross Claims. *See* 7WTCo. Amended Answer, June 9, 2006 (stating Cross Claims). 7WTCo.'s First Cross Claim seeks declaratory relief and damages to hold Citigroup responsible for a portion of 7WTCo.'s defense costs and any liability in this action. *Id.* ¶¶ 238-49. 7WTCo.'s Second Cross Claim seeks declaratory relief and damages to hold Citigroup responsible for its share of the Port Authority's defense costs (presently paid through 7WTCo.'s insurance) and any liability in this action. *Id.* ¶¶ 250-66. Both Cross Claims are based on the fact that 7WTCo. and the Port Authority were sued in part for allowing Citigroup to install its emergency fuel system

into the 7 World Trade Center building. That claim based on the Citigroup emergency fuel system triggers Citigroup's contractual promise to defend and indemnify 7WTCo. and the Port Authority.

Termination of the Cross Claims appears to have been inadvertent, since no party had moved with respect to either the 7WTCo. Cross Claims or the Citigroup Cross Claim, and those Cross Claims were not addressed in any way in the Court's Order. 7WTCo. therefore respectfully moves for (i) amendment of the final paragraph of the September 23, 2011 Order, so that the Clerk is directed to enter judgment for Defendants on all claims *by plaintiffs*; and (ii) relief from the Judgment entered in this case insofar as that Judgment dismissed the 7WTCo. and Citigroup Cross Claims.

## II.    Motion to Sever and Stay 7WTCo. Cross Claims

7WTCo. further moves that the 7WTCo. and Citigroup Cross Claims be severed from the remainder of the case and stayed. This procedure will promote judicial efficiency for several reasons.

First, by severing the 7WTCo. and Citigroup Cross Claims from the Con Edison claims, the September 23, 2011 Order will become a final order and any appeal by Con Edison will go forward immediately, without waiting for resolution of those claims.[2] 7WTCo. believes that it is in the interest of the Court and all parties to this litigation to bring Con Edison's longstanding liability claims against 7WTCo. (and Citigroup) to a final resolution as quickly as possible. The prompt disposition of any appeal by Con Edison of the September 23, 2011 Order

---

[2] As an alternative to severance, the Court could direct entry of final judgment as to plaintiffs' claims under Federal Rule of Civil Procedure 54(b), thereby creating a final order upon which any appeal may proceed.

will further that goal, and we see no reason why that appeal should await resolution of indemnification issues.

Second, it is most efficient for the Courts and the parties for the 7WTCo. Cross Claims to be severed and stayed because the merit and scope of those Claims may be substantially influenced by decisions in the Court of Appeals. The Port Authority is currently appealing this Court's decision of September 1, 2010, which concerns a similar indemnification obligation on the part of Citigroup that is at issue in one of 7WTCo.'s two Cross Claims. That appeal will be fully briefed by the end of this year. At a minimum, the parties here and this Court should have the benefit of a decision on the merits of that pending appeal before addressing the separate indemnification claims in 7WTCo.'s Cross Claims.[3]

In addition, Con Edison may appeal this Court's September 23, 2011 Order.[4] 7WTCo. fully expects that the Order will be affirmed in all respects, thereby terminating all of Con Edison's liability claims against 7WTCo. (and Citigroup). As a result, the 7WTCo. Cross Claims against Citigroup will be limited to defense costs through that appeal, and there will be no need to address liability for any judgment. On the other hand, in the highly unlikely event that the Order is reversed, then 7WTCo.'s indemnification claim against Citigroup will also include any additional defense costs incurred after remand, as well as for any liability judgment that might arise based on the Citigroup emergency fuel system. There is no need at this time for the parties and the Court to consider these very speculative possibilities before this Court's dismissal of Con Edison's claims has been addressed on appeal.

---

[3] It should be noted that Citigroup has also moved to dismiss the Port Authority's appeal on timeliness grounds and that motion is on the Second Circuit's motion calendar for October 11, 2011.

[4] Counsel for Con Edison has advised us that Con Edison intends to appeal.

1042386.1                                      4

The requested relief is well within this Court's discretion.[5] The essential question as to both severance and stay is whether they will promote judicial efficiency without creating prejudice to any party.[6] In this case, a severance and stay are more efficient than any other option. The procedure will (i) allow the Con Edison appeal to go forward now and bring finality to Con Edison's long-running claims, (ii) defer further proceedings on the indemnification claims, which claims may be influenced or affected by decisions of the Court of Appeals, and (iii) defer further proceedings on indemnification of costs until such time as the extent and nature of those costs are known. These gains in efficiency impose no prejudice to any party, particularly since it is 7WTCo., the proponent of the claims, that is seeking the stay.

---

[5] "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *State of New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir.1988). The Court's power to stay a pending action "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

[6] *See T.S.I. 27, Inc. v. Berman Enters., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987) ("Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation."); *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (in considering request for stay, Court may consider (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest).

For all of these reasons, and upon the entire record in this matter, 7WTCo. asks the Court for relief as specified in the attached Proposed Order.

Dated: New York, New York
October 7, 2011

                                      FRIEDMAN KAPLAN SEILER &
                                      ADELMAN LLP

                                      _____
                                      Katherine L. Pringle
                                      Eric Seiler
                                      Kent K. Anker
                                      Jeffrey R. Wang
                                      1633 Broadway
                                      New York, NY 10019
                                      (212) 833-1100

                                      *Attorneys for Defendants 7 World Trade Company,*
                                      *L.P., Silverstein Development Corp. and Silverstein*
                                      *Properties, Inc.*