# CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

Direct Dial: (212) 894-6770
Direct Fax: (212) 894-6771
dbarry@condonlaw.com

**RECEIVED DEC 29 2011 CHAMBERS OF ALVIN K. HELLERSTEIN USDJ**

December 29, 2011

**VIA EMAIL and FACSIMILE**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/29/11

So ordered
12/29/11
[signature]

Re: In re September 11 Litigation, 21 MC 101 (AKH)
   *World Trade Center Properties LLC et al. v. American Airlines, Inc., et al.*, 08 Civ. 3722
   C & F Ref: DTB/CRC/28507

Dear Judge Hellerstein:

I write on behalf of the Aviation Defendants' Liaison Counsel to request the Court's authorization and approval for the Rule 30(b)(6) deposition of 7 World Trade Company, L.P., by Michael Levy, to go forward as scheduled on January 5, 2012.

The deposition in question is an important part of the damages-related discovery being conducted with respect to the World Trade Center 7 claims. Pursuant to their Joint Defense Agreement, the Aviation Defendants had selected one of American Airlines' co-counsel, Roger E. Podesta of Debevoise & Plimpton LLP, to take the deposition on their behalf. It now appears quite likely that the automatic stay imposed by Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), will not be lifted prior to the deposition date. All parties are interested in having the deposition proceed on schedule but no defense counsel (other than Mr. Podesta) is in a position to take the deposition on that date and Mr. Levy's calendar makes rescheduling impractical. Counsel for 7 World Trade Company, L.P., Cathi Baglin of Flemming Zulack Williamson Zauderer LLP, has expressed concern that having the deposition go forward with Mr. Podesta conducting the questioning, even as the designee of the Aviation Defendants pursuant to the Joint Defense Agreement, might constitute a violation of the automatic stay.

To address this concern, and also to avoid any possibility of duplicative discovery by AMR Corporation or by American Airlines, Inc. after the stay has been lifted:

CONDON & FORSYTH LLP

Honorable Alvin K. Hellerstein
December 29, 2011
Page 2

(1) AMR Corporation and American Airlines, Inc. hereby represent that they will not assert in any lawsuit or proceeding that 7 World Trade Company, L.P. or its counsel violated or contributed to a violation of the automatic stay by proceeding with the Rule 30(b)(6) deposition under the circumstances set forth in this letter;

(2) AMR Corporation and American Airlines, Inc. shall not seek a further Rule 30(b)(6) deposition of 7 World Trade Company, L.P. after the automatic stay has been lifted; and

(3) Nor shall AMR Corporation or American Airlines, Inc. object to the use, at trial or in connection with any motion filed in this lawsuit, of any testimony given at the deposition on the basis that AMR Corporation or American Airlines, Inc. were not represented by counsel or did not participate in the deposition.

The Aviation Defendants respectfully request that the Court authorize and approve the deposition going forward under the circumstances and conditions described above.

Respectfully submitted,

Desmond T. Barry, Jr.

cc: Via E-mail
Richard A. Williamson, Esq.
Cathi A. Baglin, Esq.
Jason T. Cohen, Esq.
Flemming Zulack Williamson Zauderer LLP

John F. Stoviak, Esq.
Saul Ewing LLP

Katherine L. Pringle, Esq.
Friedman Kaplan Seiler and Adelman LLP

Sarah S. Normand, Esq.
Jeanette A. Vargas, Esq.
US Attorneys' Office

Aviation Defendants' Counsel