**CONDON & FORSYTH LLP**



Direct Dial: (212) 894-6770
Direct Fax: (212) 894-6771
dbarry@condonlaw.com

April 3, 2012

**VIA E-MAIL**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re: In re September 11 Litigation, 21 MC 101
    *Cantor Fitzgerald & Co. et al. v. American Airlines, Inc. et al.*, 04-CV-7318
    C & F Ref: DTB/CRC/28079

Dear Judge Hellerstein:

I am writing in response to Mr. Stoviak's letter to the Court this afternoon concerning the filing of Cantor's damages expert's report.

To date, Cantor has only filed what appears to be an amended Damages Disclosure Form ("DDF") as used early in the litigation in order to get a basic idea of the nature and extent of the numerous property damage and business loss claims. However, that document does not sufficiently describe Cantor's methodology for calculating how its alleged damages are attributable to the property damage it sustained on September 11, 2001.

The following excerpts from the recent status hearing, the Court's Orders and correspondence from Cantor establish that Cantor's amended DDF does not satisfy the Court's directives.

At the March 6, 2012 status hearing, the following statements were made:

> THE COURT: Good morning everybody. I have reviewed before this session the decision I filed in January of 2011, more than a year ago. I ordered in that opinion that Cantor Fitzgerald file by February 28, 2011, amended damage claims, eliminating the impermissible aspect of those claims. The document sheet indicates that a request for adjournment until March was granted, but I have not been able to find any amendment. Mr. Stoviak?
>
> MR. STOVIAK: We served amended damage reports on the defendants consistent with your Honor's decision, long ago.

Handwritten annotation: Cantor's obligation is to file its amended claim for damages, showing compliance with the Court's opinion and order of Jan. 19, 2011. It does not have to file proofs, not its expert's report. 4/4/12 [signature]

CONDON & FORSYTH LLP
Honorable Alvin K. Hellerstein
April 3, 2012
Page 2

> THE COURT: It has leave to file amended claims. Were they filed?
>
> MR. STOVIAK: We served expert reports. I don't know if we made a damage declaration.
>
> THE COURT: Were they filed?
>
> MR. STOVIAK: I'd have to go back and check.
>
> THE COURT: There is no evidence in the docket sheet, which suggests to me they haven't been filed.
>
> MR. STOVIAK: Then we will file them. But we did serve expert reports outlining the amended damage claims consistent with your Honor's decision.

The Court issued its Order Regulating Discovery dated March 21, 2012, which summarized its directives from the status hearing. Paragraph 1 of that Order states:

> My order and opinion of January 19, 2011 required Cantor Fitzgerald to file an amended damages claim by February 28, 2011 (later extended to March 24, 2011), consistent with my order. Cantor Fitzgerald stated that it had timely served an adjusted damages claim between $464,000,000 and $489,000,000. It shall file a copy of its amended damages report with the Court promptly.

The initial January 19, 2011 Order to which the Court refers provides that, "Cantor must eliminate the impermissible aspect of its damages claim. It has leave to file amended claims by February 28, 2011."

Cantor requested an extension of time to prepare and file its amended damages claim, and by letter dated February 10, 2011, the parties made the following representation to the Court:

> Counsel for Cantor have conferred with counsel for Defendant American Airlines, and the parties agree that Cantor may have a deadline of March 24, 2011, provided that Cantor produces a complete report and damages model at that time.

These statements clearly contemplate Cantor filing its complete expert report on damages with the Court. However, American has no objection to Cantor limiting its filing at this time to the narrative expert report without the loss calculation model and/or supporting binders.

CONDON & FORSYTH LLP
Honorable Alvin K. Hellerstein
April 3, 2012
Page 3

Respectfully yours,

Desmond T. Barry, Jr.

cc:   <u>Via E-mail</u>
      Roger E. Podesta, Esq.
      John F. Stoviak, Esq.



John F. Stoviak<br>
Phone: (215) 972-1095<br>
Fax: (215) 972-1921<br>
jstoviak@saul.com<br>
www.saul.com

April 3, 2012

**VIA FACSIMILE**
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007



Re: In re September 11 Litigation, 21 MC 101 (AKH)
Cantor Fitzgerald & Co, et al., 04 CV 7318 (AKH)

Dear Judge Hellerstein:

The undersigned counsel submits this letter on behalf of the Cantor Fitzgerald Plaintiffs ("Cantor").[1] Cantor seeks clarification of the Court's discussion at the March 6, 2012 hearing that Cantor file "amended damage claims," (Doc. 1612), and of the Court's March 21, 2012 Order that Cantor "shall file a copy of its damages report with the Court promptly." (Doc. 94, 1:04-cv-07318.)

Cantor understands that the Court's practice in this case has been to require Damages Disclosure Forms ("DDFs") as evidence of each party's damages claims. Cantor is also unaware of any other plaintiffs filing formal damages reports with the Court. In accordance with that practice, on September 29, 2009, Cantor filed a Damages Disclosure Form ("DDF") seeking approximately $1.2 billion in damages. (Doc. 941.) In the Court's January 19, 2011 Opinion granting partial summary judgment in Defendants' favor, the Court granted Cantor "leave to file amended [damages] claims." (Doc. 1372.) To that end, on March 14, 2012, Cantor filed an amended DDF which identified the business interruption and property damages naturally and probably flowing from the destruction of Cantor Fitzgerald's trading floors, its back office trading and accounting systems, its direct communication lines to customers, its only fully operational data center for its United States businesses and all other property, equipment and

---

[1] The Cantor Fitzgerald Plaintiffs are Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed, Inc., eSpeed Securities, Inc., eSpeed Government Securities, Inc., and Trademark, L.P.

Honorable Alvin K. Hellerstein
April 2, 2012
Page 2

assets located at international headquarters. These damages ranged between $464,035,119 and $488,858,634. (Doc. 1609.) Cantor intended this DDF to satisfy the Court's request for filing of "amended damages claims." (*See* Doc. 1612.)

It is Cantor's understanding that Defendants American Airlines, Inc. and AMR Corp. ("American Airlines") disagree with this position and believe that Cantor is required to file its complete expert report with the Court. Cantor seeks to comply fully with whatever directive the Court provides. However, Cantor's expert report is highly confidential and contains non-public financial information and other proprietary data, so Cantor must exercise caution when submitting such information.

Cantor respectfully seeks clarification from the Court as to whether: (1) the March 21, 2012 Order requires Cantor to file all or any portion of its expert report, (2) if such a filing is required, whether it may be limited to the narrative expert report or must include the accompanying loss calculation model and/or supporting binders, and (3) whether Cantor is permitted to make any required filing under seal.

Thank you in advance for your consideration of this request.

Respectfully submitted,

John F. Stoviak

cc: Desmond T. Barry, Esq., Aviation Defendants' Liaison Counsel