# GENNET, KALLMANN, ANTIN & ROBINSON, P.C.

Stanley W. Kallmann *
Mark L. Antin ◊ †
Richard S. Nichols †
Donald G. Sweetman o

Samuel A. Gennet
(1936-1998)

◊ Member NY Bar
* Member NJ & NY Bars
□ Member NJ, PA & MA Bars
◊ Member NJ, NY & FL Bars
o Member NJ, NY & CT Bars
† Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

6 Campus Drive
Parsippany NJ 07054-4406

(973) 285-1919
FAX (973) 285-1177
gkar@gkar-law.com

Litman Suite
140 Broadway, 38th Floor
New York NY 10005
(212) 406-1919

The Metropolitan Business Center
860 First Avenue Suite 5B
King of Prussia PA 19406
(610) 337-2087
FAX (610) 337-2575
nzangrilli@mcda-law.com

William G. Hanft ◊
Brian J. Bolan *
Michael S. Leavy ◊

Harry Robinson, III
(1973-2000)

PA Managing Attorney
Nancy Zangrilli (Of Counsel) □

www.gkar-law.com

**Please Reply to Parsippany**

April 20, 2012

**VIA FACSIMILE (212) 805-7942**
Hon. Alvin K. Hellerstein
United States District Judge
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

> A suggestion of settlement having been made, this case is dismissed, subject to restoration by either party within 30 days on notice. All pending court dates are cancelled. The Clerk is directed to close the case.
>
> Alvin K. Hellerstein, U.S.D.J.
> Date: 4/20/12

Re: *September 11 Property Dam.*
*Business Loss Litigation*
**Master Docket No: 21 MC**

*Aegis Insurance Services, Inc., et al*
*vs. Port Authority of New York and New Jersey*
**Docket No: 02cv 7188 (AKH)**
Our File No: 02-5514:241/01-A

Dear Judge Hellerstein:

This joint letter is written on behalf of Consolidated Edison, its property insurers and the Port Authority of New York and New Jersey confirming that this case has been settled subject only to the signatures of all parties.

On Monday of this week, the Court advised the parties that it wished to have a conference call regarding the status of the case and the motion for summary judgment scheduled for hearing on April 19. This led to communications with your Honor's law clerk wherein the parties advised the Court that the case was settled, the written agreement had been finalized, and only needed signatures of the parties. In response, we were advised by an e-mail from your law clerk that, based upon those communications, the conference call that your Honor wished to conduct was no longer necessary. Mistakenly, both parties interpreted that communication to mean that the motion was not going to be heard yesterday. As a result, neither of the parties appeared. We apologize for the confusion and for not appearing at a hearing the Court deemed to still be scheduled.

April 20, 2012

Hon. Alvin K. Hellerstein
United States District Judge

Page Number 2
_____

      Late yesterday afternoon, your Honor spoke with my co-counsel, Franklin Sachs, and advised him that the Court thought the motion was still going to be argued and, when no one appeared, the Court decided the motion. After Mr. Sachs explained that the case had been settled and that both parties believed that the motion was not going to be heard today, the Court said that if it received a joint letter from the parties explaining the confusion, confirming that the settlement had been finalized in writing, that we are simply waiting for signatures of the various parties, and requesting that the case be dismissed, subject to it being reinstated if the signatures were not forthcoming within thirty (30) days, it would enter such an order.

      The parties hereby make such representations and request, and again apologize to the Court for the misunderstanding and any inconvenience we may have caused.

      Thank you.

Respectfully,

GENNET, KALLMANN, ANTIN & ROBINSON

By: _____
    MARK L. ANTIN

SCHIFF HARDIN LLP

By: _____
    PAUL A. SCRUDATO

MLA:dbb
cc: Franklin M. Sachs, Esq.
    Donald A. Klein, Esq.