```
10-4197-cv
In re September 11 Litigation
```

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

```
 1        At a stated term of the United States Court of Appeals
 2   for the Second Circuit, held at the Daniel Patrick Moynihan
 3   United States Courthouse, 500 Pearl Street, in the City of
 4   New York, on the 23rd day of May, two thousand twelve.
 5
 6   PRESENT: DENNIS JACOBS,
 7                         Chief Judge,
 8            JOSÉ A. CABRANES,
 9            DEBRA ANN LIVINGSTON,
10                         Circuit Judges.
11
12   - - - - - - - - - - - - - - - - - - - -X
13
14   IN RE SEPTEMBER 11 LITIGATION:
15
16   Cedar & Washington Associates, LLC,
17            Plaintiff-Appellant,
18
19            -v.-                                    10-4197-CV
20
21   The Port Authority of New York and New
22   Jersey, Silverstein Properties, Inc.,
23   World Trade Center Properties LLC,
24   Silverstein WTC Management Co. LLC, 1
25   World Trade Center LLC, 2 World Trade
26   Center LLC, 3 World Trade Center LLC, 4
27   World Trade Center LLC, 7 World Trade
28   Company, L.P., HMH WTC, Inc., Host
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 23, 2012

1

MANDATE ISSUED ON 05/23/2012

```
Hotels and Resorts, Inc., Westfield WTC
LLC, Westfield Corporation, Inc.,
Consolidated Edison Company of New
York, AMR Corporation, American
Airlines, Inc., UAL Corporation, and
United Airlines, Inc.
          Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -
```

| | |
|---|---|
| **FOR APPELLANT:** | SARI E. KOLATCH (Jay B. Spievack, Kara Gorycki, Cohen Tauber Spievack & Wagner P.C., New York, N.Y., Robert D. Fox, Neil Witkes, Manko, Gold, Katcher & Fox LLP, Bala Cynwyd, PA, *on the brief*), Cohen Tauber Spievack & Wagner P.C., New York, N.Y. |
| **FOR APPELLEES:** | LEAH W. SEARS (Beth D. Jacob, Judith S. Roth, *on the brief*), Schiff Hardin LLP, New York, N.Y., *for appellee* The Port Authority of New York and New Jersey. |
| | Richard Williamson, Thomas A. Egan, Flemming Zulack Williamson Zauderer LLP, New York, N.Y., *for appellees* Silverstein Properties, Inc., et al. |
| | Christopher Walsh, Paul M. Hauge, Gibbons P.C., Newark, N.J., *for appellees* Host Hotels and Resorts, Inc. & HMH WTC, LLC. |
| | PETER L. WINIK, Latham & Watkins LLP, Washington, D.C., *for appellees* Westfield WTC LLC & Westfield Corp., Inc. |
| | Charles F. Rysavy, Dawn M. Monsen, K&L Gates LLP, Newark, N.J., *for appellee* Consolidated Edison Co. of New York, Inc. |

                MAURA K. MONAGHAN (Roger E.
                Podesta, Debevoise & Plimpton,
                New York, N.Y., Desmond T.
                Barry, Jr., Condon & Forsyth
                LLP, New York, N.Y.), Debevoise
                & Plimpton, New York, N.Y., *for
appellees* American Airlines,
Inc. & AMR Corp.

                Jeffrey J. Ellis, Quirk and
Bakalor, P.C., New York, N.Y.,
Michael R. Feagley, Mayer Brown,
LLP, Chicago, Ill., *for
appellees* United Air Lines, Inc.
& United Continental Holdings,
Inc.

  Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.).

  **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **REMANDED**.

  Plaintiff Cedar & Washington Associates, LLC appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.), dismissing its complaint. Cedar & Washington sought recovery of abatement costs incurred after its building in lower Manhattan was infiltrated by hazardous substances produced by the terrorist attacks at the World Trade Center on September 11, 2001.

  Sometime after September 11, 2001, Cedar & Washington undertook to renovate its 12-story office building into a 19-story business hotel. It was notified by the New York State Department of Environmental Conservation and the United States Environmental Protection Agency of the possibility that the interstitial spaces of its building might contain so-called "WTC Dust," which according to the complaint is composed of finely ground substances from the destruction of the World Trade Center, including concrete, asbestos, silicon, fiberglass, benzene, lead, and mercury. To continue renovations, the governmental agencies required Cedar & Washington to remediate the WTC Dust through costly cleanup measures. In this suit, Cedar & Washington seeks to

recover those costs from defendants, which include the owner of the World Trade Center site, lessees of World Trade Center buildings, and the companies that owned and operated the two aircraft that were crashed into the Twin Towers.

The claims are premised on the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, and common-law indemnification. The district court dismissed the claims on two alternative grounds: (1) construction of scaffolding by the Federal Emergency Management Agency ("FEMA") in the immediate aftermath of September 11 was "initiation of physical on-site construction of the remedial action" for the purpose of CERCLA's statute of limitation, see 42 U.S.C. § 9613(g)(2)(B), and Cedar & Washington's 2008 lawsuit was therefore untimely; and (2) Cedar & Washington failed to allege either a "release" or a "disposal" of hazardous substances necessary to pursue a claim for cost recovery under CERCLA § 107(a)(1) and (a)(2). 42 U.S.C. § 9607(a)(1) & (a)(2). Following dismissal of the CERCLA claim, the district court dismissed the indemnification claim as "academic." In addition to the grounds upon which they prevailed, defendants made a number of other arguments as to why the lawsuit should be dismissed at the pleading stage. They have renewed many of those arguments on appeal.

The 96th Congress passed CERCLA "in response to the serious environmental and health risks posed by industrial pollution" and "to promote the 'timely cleanup of hazardous waste sites.'" Burlington N. & Santa Fe Ry. Co. v. United States, 556 U.S. 599, 602 (2009) (quoting Consol. Edison Co. of N.Y. v. UGI Util., Inc., 423 F.3d 90, 94 (2d Cir. 2005)). Cedar & Washington's CERCLA claims invite the application of CERCLA to a unique and unforeseen factual circumstance. Their resolution may involve thorny questions of statutory interpretation. We are reluctant to resolve such questions absent consideration of a threshold question: whether the attack on the World Trade Center on September 11 was an "act of war" within the meaning of CERCLA's affirmative defense.

CERCLA Section 107(b) provides an affirmative defense in any situation where the "release or threat of release of a hazardous substance" was "caused solely by . . . (2) an act of war." 42 U.S.C. § 9607(b). The district court was not presented with an opportunity to consider the issue, although all defendants asserted or adopted the affirmative defense in their answers to the complaint. We therefore

```
 1    issue the mandate to the district court for the limited
 2    purpose of allowing it to decide in the first instance
 3    whether the act-of-war exception in CERCLA, considered in
 4    the context of CERCLA's statutory scheme and the intent of
 5    Congress, applies in this case.  But we will retain
 6    jurisdiction over the case.
 7
 8
 9         For the foregoing reasons, following the procedures set
10    forth in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir.
11    1994), a mandate shall issue forthwith remanding this cause
12    to the district court, where it shall permit liberal
13    repleading of the act-of-war defense, solicit briefing from
14    the parties in an expeditious manner, and render a decision
15    within 75 days of the date of this order.  After the
16    district court's decision, any party to this appeal may
17    restore jurisdiction to this court within 30 days by letter
18    to the Clerk's Office seeking review, without need for a new
19    notice of appeal.  The Clerk's Office will then set an
20    expedited briefing schedule and refer the appeal to this
21    panel.
22
23
24                        FOR THE COURT:
25                        CATHERINE O'HAGAN WOLFE, CLERK
26
```



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit