UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
:
IN RE SEPTEMBER 11 LITIGATION                     : 21 MC 101 (AKH)
:
----------------------------------------------------------------------------X
:
CEDAR & WASHINGTON ASSOCIATES, LLC,               : 08 CIV 9146 (AKH)
:
                   Plaintiff,          :
:
   - against -                                   :
:
THE PORT AUTHORITY OF NEW YORK AND   NEW          :
JERSEY, SILVERSTEIN PROPERTIES, INC., WORLD       :
TRADE CENTER PROPERTIES LLC, SILVERSTEIN WTC      :
MANAGEMENT CO. LLC, 1 WORLD TRADE CENTER          :
LLC, 2 WORLD TRADE CENTER LLC, 3 WORLD TRADE      :
CENTER LLC, 4 WORLD TRADE CENTER LLC, 7 WORLD     :
TRADE COMPANY, L.P., HMH WTC, INC., HOST HOTELS   :
AND RESORTS, INC., WESTFIELD WTC LLC,WEST-        :
FIELD, CORPORATION, INC., CONSOLIDATED            :
EDISON COMPANY OF NEW YORK, AMR CORPORATION,      :
AMERICAN AIRLINES, INC., UAL CORPORATION, and     :
UNITED AIRLINES, INC.                             :
:
                  Defendants.         :
:
----------------------------------------------------------------------------X

**WESTFIELD DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

This case arises from the tragic events of September 11, 2001, when foreign al-Qaeda terrorists launched a devastating coordinated strike against the White House, the Pentagon, and the World Trade Center. The Twin Towers' collapse on that fateful day killed thousands of innocent civilians and affected hundreds of local property owners throughout lower Manhattan. In this suit, a successor to one of those property owners, Plaintiff Cedar & Washington Associates, LLC, attempts to impose liability on Westfield[1]—the lessee of the World Trade Center Mall and a *victim* of the attacks—for the damage caused by al-Qaeda. Plaintiff has sued Westfield under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), an environmental statute targeted at industrial pollution.

Plaintiff's CERCLA claims are entirely implausible. This Court recognized as much almost two years ago, when it granted Westfield's motion to dismiss (filed jointly with its co-defendants) on various alternative statutory grounds. *Cedar & Wash. Assocs., LLC v. The Port Auth. of N.Y. & N.J.*, (*In re Sept. 11 Litig.*), No. 21 MC 101 (AKH), 08 Civ. 9146 (AKH), 2010 U.S. Dist. LEXIS 140636, at *25-27 (S.D.N.Y. Sept. 22, 2010).

At oral argument before the Second Circuit on Plaintiff's appeal, however, Plaintiff acknowledged that its claims would also fail if the September 11 attacks constituted an "act of war" under the statutory defense set forth in 42 U.S.C. § 9607(b)(2). Tr. of 2d Cir. Oral Argument at 31 (Exhibit C to Declaration of Desmond T. Barry, Jr., submitted with the Brief of American Airlines, Inc. and AMR Corporation on June 20, 2012) (Judge Livingston: "If we were to determine that an act of terrorism in this context is an act of war, the affirmative defense would be available for all these

---

[1] References to "Westfield" or the "Westfield Defendants" refer to Westfield WTC LLC (n/k/a WTC Retail LLC) and Westfield Corporation, Inc. (n/k/a Westfield LLC).

defendants, wouldn't it?"  Plaintiff's Counsel: "Yes.").  The Second Circuit has now asked this Court to decide whether the "act of war" defense applies to this case.[2]

Westfield endorses the position set forth in the memoranda of law filed by the Aviation and Host Defendants that the September 11 attacks were an "act of war" within the meaning of CERCLA, and thus triggers CERCLA's affirmative defense.  *See* 42 U.S.C. § 9607(b)(2).  It also agrees with the Port Authority of New York and New Jersey that—whether or not the September 11 attacks were an "act of war"—those attacks cannot give rise to CERCLA liability here.  Moreover, as the Port Authority persuasively explains, this Court's decision should make clear that it is addressing the "act of war" question only in the particular context of CERCLA's affirmative defenses.

The "act of war" defense provides yet another reason why Plaintiff's case fails on its face.  This Court should add this additional alternative ground to its prior decision dismissing the CERCLA claim.[3]

Dated: June 20, 2012

Respectfully submitted,
LATHAM & WATKINS LLP

BY:  /s/ Peter L. Winik
Peter L. Winik (*pro hac vice*)

555 Eleventh Street, NW, Suite 1000
Washington, D.C.  20004
(202) 637-2224

*Attorney for Defendants Westfield WTC LLC and Westfield Corporation, Inc.*

---

[2] Westfield invoked the "act of war" defense in its Answer to Plaintiff's Complaint.  *See* Answer and Counterclaim of Defendants Westfield WTC LLC & Westfield Corp., Inc. at 21 (Jan. 30, 2009) (incorporated in "Seventeenth Defense").

[3] Westfield's short filing in this case is intended to minimize the burden on this Court in reviewing multiple (and potentially duplicative) filings.  Westfield reserves the right to defend its position more fully in a reply brief and, if necessary, before the Second Circuit.