UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                      :
IN RE SEPTEMBER 11 LITIGATION         : 21 MC 101 (AKH)
                                      :
------------------------------------- x
WORLD TRADE CENTER PROPERTIES LLC, et :
al.,                                  : 08 CIV 3722 (AKH)
                                      :
            Plaintiffs,               :
                                      :
    v.                                :
                                      :
AMERICAN AIRLINES, INC., et al.,      :
                                      :
            Defendants.               :
------------------------------------- x

**MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION BY
UNITED FOR SUMMARY JUDGMENT DISMISSING ALL CLAIMS OF THE
<u>WTCP PLAINTIFFS RELATING TO 7 WTC</u>**

## Table of Contents

PRELIMINARY STATEMENT ..................................................................................................... 1

I. THE DAMAGES TO 7 WTC ARE NOT ALLEGED TO HAVE BEEN CAUSED BY THE HIJACKING AND INTENTIONAL CRASH OF UNITED FLIGHT 175 ........................... 2

II. UNITED HAD AN OBLIGATION TO SCREEN ITS OWN PASSENGERS, NOT THOSE ON A FLIGHT OPERATED BY ANOTHER CARRIER ................................................ 3

III. THIS COURT HAS PREVIOUSLY DISMISSED CLAIMS AGAINST OTHER AIRLINES ON DUTY GROUNDS ................................................................................................. 4

CONCLUSION ................................................................................................................................ 5

## Table of Authorities

**Cases**

*In re Sept. 11 Litig.*, 594 F. Supp. 2d 374, 377 (S.D.N.Y. 2009) ..................................................... 4

**Other Authorities**

14 C.F.R. § 108.9 ............................................................................................................................. 3

## PRELIMINARY STATEMENT

United Continental Holdings, Inc., (f/k/a UAL Corporation) and United Air Lines, Inc., (collectively "United"), are moving defendants in the joint Aviation Defendants' Motion for Summary Judgment Dismissing All Claims of the WTCP Plaintiffs Relating to Building 7 of the World Trade Center ("7 WTC") on N.Y. C.P.L.R. § 4545 grounds. However, United is submitting this supplemental brief to address additional issues, specific to United, which further support dismissal of all the WTCP Plaintiffs' 7 WTC claims as against United, irrespective of how this Court rules on the joint motion.

As this Court is aware from prior proceedings in the September 11 Litigation, and WTCP Counsel itself has acknowledged, the damage to 7 WTC is alleged to have been caused by the hijacked American Airlines Flight 11 ("AA Flight 11") being intentionally crashed into Tower One of the World Trade Center.[1] It is not alleged that the intentional crash of United Flight 175 into Tower Two caused or contributed to the damages alleged with respect to 7 WTC.

United's motion is based on the same grounds that caused the other carriers which did not provide security for United Flight 175 ("UA Flight 175") to be dismissed from the claims arising out of that flight. This Court correctly held that carriers that played no part in the screening or transporting of passengers on UA Flight 175 owed no duty to those seeking damages arising out of that flight. This holding is equally applicable to United. United did not operate AA Flight 11 nor provide any security for that flight or the passengers boarding same. It is therefore entitled to judgment dismissing it from the 7 WTC Action.

---

[1] Tower One is also known as the North Tower, and Tower Two of the World Trade Center is also known as the South Tower.

1

I.

## THE DAMAGES TO 7 WTC ARE NOT ALLEGED TO HAVE BEEN CAUSED BY THE HIJACKING AND INTENTIONAL CRASH OF UNITED FLIGHT 175.

The WTCP Plaintiffs have never alleged that the damages to 7 WTC were caused by the hijacking and intentional crash of UA Flight 175. The complaint in this action specifically alleges that the damage to 7 WTC was caused by the intentional crash of AA Flight 11 into Tower One of the World Trade Center.[2] This basic allegation has never been amended and was reiterated as recently as June 5, 2012.

On that date, the parties appeared before Your Honor to argue the motion to dismiss the WTCP Plaintiffs' claims related to buildings, 1, 2, 3, and 4 of the World Trade Center based on the N.Y. C.P.L.R. § 4545 issues. During the course of that argument, an issue arose with respect to the nature of the 7 WTC damages. WTCP Counsel explained to the Court that it had brought separate actions for the damages alleged to have been caused by the United and American flights. Counsel then went on to state, "7 WTC's claims are brought in the action relating to the flight that went into the North Tower, right across the street from [7 WTC]."[3]

The flight that was intentionally crashed into the North Tower was AA Flight 11. United neither operated nor conducted any passenger security screening for that flight prior to its departure from Boston's Logan International Airport. Under such circumstances, not only would

---

[2] WTCP Complaint, in action 08 CV 3722 filed on April 17, 2008, seeks recovery for damage to buildings 1, 3, and 7 of the World Trade Center and at ¶ 1, alleges that the 9/11 "hijacking and crash of Flight 11 into One World trade Center proximately caused the total destruction of . . . Seven World Trade Center". See WTCP Complaint annexed as Exhibit "A" to Ellis Decl.

[3] June 5, 2012, Transcript of Oral Argument, *In re Sept. 11 Litig.*, 21 MC 101, at p. 45, annexed as Exhibit "B" to Ellis Decl.

United have no duty to the WTCP Plaintiffs for damage to 7 WTC, United could not have reasonably foreseen said damage.

## II.

### UNITED HAD AN OBLIGATION TO SCREEN ITS OWN PASSENGERS, NOT THOSE ON A FLIGHT OPERATED BY ANOTHER CARRIER.

There is no dispute that the American Airlines flight that was intentionally crashed into the North Tower departed from American's terminal at Logan International Airport in Boston and that the passengers who boarded that flight did not pass through the United terminal or checkpoint which were located in an entirely separate terminal building at Logan. Rather, the AA Fight 11 hijackers were screened at American's checkpoint located in American's terminal and boarded a flight operated by American Airlines.

14 C.F.R. § 108.9 sets forth the security screening obligation that is imposed on all domestic air carriers. That section is entitled, "Screening of Passengers and Property." It specifically states in subsection (a):

> **Each certificate holder** required to conduct screening under a security program **shall use the procedures** included, and the facilities and equipment described, **in its approved security program** to prevent or deter the carriage aboard airplanes of any explosive or incendiary in checked baggage. (emphasis added).

United's approved security program or ACSSP, specifically sets forth at page 10, under section I.B., entitled, "APPLICABILITY," that "this program is applicable to scheduled and public charter operations conducted by the air carrier . . ."[4] Since United did not operate American Flight 11, it had no obligation to provide screening for the passengers boarding that flight.

---

[4] United's Air Carrier Standard Security Program, I.B. at p. 10, annexed as Exhibit "C" to the Ellis Decl.

3

## III.

## THIS COURT HAS PREVIOUSLY DISMISSED CLAIMS AGAINST OTHER AIRLINES ON DUTY GROUNDS.

Consistent with the foregoing, this Court's Order dated January 16, 2009, granted the motion of American Airlines [and Globe] and dismissed the WTCP Plaintiffs' claims against them relating to the damages allegedly caused by the intentional crash of UA Flight 175 into Tower Two of the World Trade Center (South Tower). In granting that motion, Your Honor held that American [and Globe] "having played no part in the screening or transporting of passengers with respect to United Flight 175, had no duty to . . . victims of the United crash."[5]

In addition to the foregoing, the Court has also previously granted a similar motion for summary judgment brought by defendants US Airways, Continental, and Colgan Air regarding damages caused by the United Flight 175 crash.[6] As it did in the American and Globe motion, the Court found that these defendants also owed no duty to parties seeking damages arising from the intentional crashing into a building of an aircraft that they neither operated nor provided security for.[7]

Based on the foregoing, United is entitled to summary judgment dismissing the 7 WTC claims asserted against it. United did not screen the AA Flight 11 hijackers nor operate AA Flight 11. The damages caused by the intentional crash of the hijacked AA Flight 11 into the

---

[5] *See In re Sept. 11 Litig.*, 594 F. Supp. 2d 374, 377 (S.D.N.Y. 2009).

[6] Summary Order, *In re September 11 Prop. Damage & Bus. Loss Litig.,* Nos. 21 MC97, 21 MC 101 (June 27, 2007), annexed as Exhibit "D" to Ellis Decl. and Transcript of Oral Argument at pgs. 59-66 (June 26, 2007), annexed as Exhibit "E" to Ellis Decl.

[7] *Id.*

North Tower, and the damages alleged to 7 WTC as a result thereof, are beyond the scope of any duty that United owed to the WTCP Plaintiffs.

## CONCLUSION

In accordance with this Court's prior holdings, United's Supplemental Motion for Summary Judgment Dismissing All Claims of the WTCP Plaintiffs Relating to 7 WTC, should be granted and all claims relating to 7 WTC should be dismissed as to United irrespective of how the Court rules on the joint Aviation Defendant motion to dismiss the 7 WTC claims on N.Y. C.P.L.R. § 4545 grounds.

Dated: New York, New York
       June 29, 2012

QUIRK AND BAKALOR, P.C.

By: _____
     Jeffrey J. Ellis (JJE 7796)
845 Third Avenue – 15th Floor
New York, New York 10022
(212) 319-1000

-and-

MAYER BROWN LLP
Michael R. Feagley
71 South Wacker
Chicago, Illinois 60606
(312) 701-7065

Counsel for UNITED AIR LINES, INC. and
UNITED CONTINENTAL HOLDINGS,
INC., (f/k/a UAL CORPORATION)

5