UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SEPTEMBER 11 LITIGATION | 21 MC 101 (AKH) |
| CEDAR & WASHINGTON ASSOCIATES, LLC, | 08 CV 9146 (AKH) |
| Plaintiff, | |
| - against - | |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al., | |
| Defendants. | |

**THE PORT AUTHORITY'S REPLY SUBMISSION PURSUANT TO THE MANDATE
OF THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Leah W. Sears
Judith S. Roth
SCHIFF HARDIN LLP
666 Fifth Avenue
New York, New York 10103
(212) 753-5000
JRoth@schiffhardin.com

-and-

One Atlantic Center, Suite 2300
Atlanta, Georgia 30309
(404) 437-7016
LSears@schiffhardin.com

*Attorneys for Defendant The Port Authority
of New York and New Jersey*

- i -

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

I. ARGUMENT ..................................................................................................................... 1

    A. Restraint Is Warranted In Construing CERCLA's Act Of War Defense ................ 1

    B. CERCLA Does Not Apply To September 11, Notwithstanding Cedar's Arguments To The Contrary ..................................................................................... 2

II. CONCLUSION .................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 129 S. Ct. 1870 (2009) .......... 2

*Commander Oil v. Barlo*, 215 F.3d 321 (2d Cir. 2000) ................................................................. 3

*Consol. Edison Co. of New York v. UGI Util., Inc.*, 423 F.3d 90 (2d Cir. 2005) .......................... 2

*Emergency Services Billing Corp. v. Allstate Insur. Co.*, 2012 WL 313578 (7th Cir. Feb. 2, 2012) ............................................................................................................................................ 4

*Frank G v. Board of Educ. of Hyde Park*, 459 F.3d 356 (2d Cir. 2006) ........................................ 4

*Holiday Inns v. Aetna Ins. Co.*, 571 F. Supp. 1460 (S.D.N.Y. 1983) ............................................. 2

*In re September 11 Litigation, Cedar & Washington Assocs., LLC v. The Port Auth. of N.Y. & N.J., et al.*, 10-4197-CV (2d Cir. May 23, 2012) ........................................................................... 2

*New York v. Shore Realty Corp.*, 759 F.2d 1032 (2d Cir. 1985) .................................................... 2

*Orlando v. Laird*, 443 F.2d 1039 (2d Cir. 1971) ........................................................................... 1

*Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 505 F.2d 989 (2d Cir. 1974) .................. 2

*Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150 (2d Cir. 2007) ........................................................... 4

*United States v. Bestfoods*, 524 U.S. 51, 118 S.Ct. 1876 (1998) ................................................... 2

**Statutes**

42 U.S.C. § 9607(b)(2) ......................................................................................................... 1, 2, 3, 4

**Other Authorities**

H.R. Rpt. No. 96-1016, pt. 1 (1980) ............................................................................................... 3

John Paul Stevens, *Some Thoughts On Judicial Restraint*, 66 JUDICATURE 177 (1982-83) ........... 1

I.  **ARGUMENT**

    A.  **Restraint Is Warranted In Construing CERCLA's "Act Of War" Defense.**

The briefing of the "act of war" issue in this case confirms the position of The Port Authority of New York and New Jersey ( "Port Authority") that the applicability of the "act of war" defense in the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 (b)(2) ("CERCLA") to an event the world had never experienced before September 11, 2001 ("September 11") is a complicated issue which by its nature must be informed by considerations of the separation of powers[1] and judicial restraint[2]. The Port Authority submits that these knotty issues support a cautious approach to the analysis of CERCLA's "act of war" defense. In that vein, this Court could conclude, as it did previously in dismissing this action, that CERCLA does not apply as a threshold matter, finding that CERCLA's history and text (including the three affirmative defenses) make it clear that Congress did not intend to impose environmental liability upon the victims of actions by third parties such as those on September 11. But if the Court does reach the "act of war" issue and decides that the "act of war" defense is applicable, it certainly is not necessary to declare that September 11 was an "act of war" for any purpose other than CERCLA, contrary to the

---

[1] The Second Circuit cautioned against the courts intruding on decisions underlying the declaration of war when it stated, "[f]or the judicial branch to enunciate and enforce [a requirement that wars be explicitly declared by Congress] would be not only extremely unwise but also would constitute a deep invasion of the political question domain." *Orlando v. Laird*, 443 F.2d 1039, 1043 (2d Cir. 1971).

[2] As retired Justice John Paul Stevens said, judicial restraint:

> teaches judges to avoid *unnecessary* lawmaking. When it is necessary to announce a new proposition of law in order to decide an actual case or controversy between adversary litigants, a court has a duty to exercise its lawmaking power. But when no such necessity is present, in my opinion there is an equally strong duty to avoid unnecessary lawmaking.

John Paul Stevens, *Some Thoughts On Judicial Restraint*, 66 JUDICATURE 177, 180 (1982-83) (emphasis in original).

suggestion of Cedar & Washington Associates, LLC ("Cedar").  The Second Circuit limited its determination on the meaning of the "act of war" exclusion "for insurance purposes" in *Pan Am. World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 505 F.2d 989, 993 (2d Cir. 1974) and this Court may do the same for CERCLA purposes.[3]  Such a narrow determination is consistent with the Second Circuit's clear mandate, which remanded "for the limited purpose of allowing [this Court] to decide in the first instance whether the act-of-war exception to CERCLA, *considered in the context of CERCLA's statutory scheme and the intent of Congress*, applies in this case.[4]

### B. CERCLA Does Not Apply To September 11, Notwithstanding Cedar's Arguments To The Contrary.

Cedar contends in a footnote that the argument of the Port Authority that CERCLA is not applicable to the events of September 11 is both "novel" and "meritless."  Cedar Opp. Br. at 22, n. 13.[5]  Neither of these arguments is apt.

The Port Authority's argument that CERCLA is inapplicable to the extraordinary events of September 11 is not "novel."  It expresses the long-standing view of the U.S. Supreme Court and the Second Circuit that CERCLA was intended to apply to industrial pollution, notably the clean-up of hazardous waste sites.[6]  Therefore it is not "novel" to argue that CERCLA's strict

---

[3] *See also Holiday Inns v. Aetna Ins. Co.*, 571 F. Supp. 1460, 1503 (S.D.N.Y. 1983) (in commercial litigation arising out of insurance policies, words are to be given "their insurance meaning").

[4] *In re September 11 Litigation, Cedar & Washington Assocs., LLC v. The Port Auth. of N.Y. & N.J., et al.*, 10-4197-CV, at 5 (2d Cir. May 23, 2012) (emphasis added).

[5] Cedar also frivolously argues that the Port Authority did not address the "sole cause" issue in its brief.  The Port Authority did not do so for the obvious reason that the Port Authority did not take a position in this briefing on the applicability of the "act of war" defense.  Therefore it would have been inappropriate at this time to discuss any of the elements of the defense.

[6] *See, e.g. Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 602, 129 S. Ct. 1870, 1874 (2009); *United States v. Bestfoods*, 524 U.S. 51, 55, 118 S.Ct. 1876, 1881 (1998); *Consol. Edison Co. of New York v. UGI Util., Inc.*, 423 F.3d 90, 94 (2d Cir. 2005); *New York v. Shore Realty Corp.*, 759 F.2d 1032, 1037 (2d Cir. 1985).

liability regime was not intended to assign CERCLA liability to owners and operators of office buildings and airplanes in everyday non-industrial, non-hazardous use prior to the time when horrific terrorist attacks transformed them into pulverized remains.

The Port Authority's argument also is not "meritless." It should hardly be necessary to remind Cedar that this Court found the Port Authority's argument to have "merit" when it determined: "For me to hold that CERCLA liability should attach where something that is otherwise not releasable nor dischargeable, but becomes so because of the events of September 11, 2001 would be to stretch CERCLA into areas which it was not intended to reach." Record of Proceedings on September 20, 2010 at 47.

Whether the events of September 11 are an "act of war" or not, Congress never contemplated that CERCLA's strict liability scheme would apply in this case.[7] Although Cedar repeatedly invokes CERCLA's broad remedial purpose, it ignores the fact that its broad reach was in order to encompass long ago practices resulting in present day problems to relieve the government of liability.[8] It was not 'broad' for the purpose of applying CERCLA to a set of circumstances unknown at the time of its enactment and wholly removed from the factual, political and legal context of its birth. More than thirty years after CERCLA's enactment, Cedar asks the courts to tear CERCLA from its moorings and apply it for the very first time to extraordinary circumstances not contemplated by CERCLA's drafters in a manner that serves no purpose underlying the statute's enactment. Just because CERCLA is a broad remedial scheme does not make it applicable in every single situation where hazardous substances allegedly are

---

[7] *See Commander Oil v. Barlo*, 215 F.3d 321, 329-330 (2d Cir. 2000) (holding that CERCLA's strict liability regime is "a narrowly tailored tool, capturing a specific kind of responsibility" rooted in the "underlying fairness of imposing on the beneficiaries of an ultra-hazardous activity the ultimate cost of the activity").

[8] H.R. Rpt. No. 96-1016, pt. 1 at 17-20 (1980) as reprinted in 1980 U.S.C.C.A.N. 6119, 6120.

released.[9]  It would be an absurd result to find CERCLA applicable to the events of September 11, and this Court should interpret the statute to avoid such results.[10]

## II. CONCLUSION

As this Court previously recognized, regardless of whether September 11 was an "act of war" or not, it was not within the ambit of CERCLA.  The Port Authority respectfully requests that the Court avoid the political question of whether or not September 11 was the beginning of a war, and if the Court determines it cannot do so, then it should make clear that any decision as to the "act of war" defense is strictly limited to the context of CERCLA.

Dated:  New York, New York
        July 13, 2012

                                                     /s/Leah W. Sears

                                                Leah W. Sears
                                                Judith S. Roth
                                                SCHIFF HARDIN LLP
                                                666 Fifth Avenue
                                                New York, New York 10103
                                                (212) 753-5000
                                                JRoth@schiffhardin.com

                                                -and-

                                                One Atlantic Center, Suite 2300
                                                Atlanta, Georgia  30309
                                                (404) 437-7016
                                                LSears@schiffhardin.com

                                                *Attorneys for Defendant The Port Authority*
                                                  *of New York and New Jersey*

---

[9] *See e.g.*, *Emergency Services Billing Corp. v. Allstate Insur. Co.*, 2012 WL 313578 (7th Cir. Feb. 2, 2012) (determining that CERCLA was not intended to hold consumers liable for a release of hazardous substances from the cars they owned and operated as a result of a car accident).

[10] *See Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir. 2007) (rejecting a proposed statutory interpretation that would render the statute absurdly broad); *Frank G v. Board of Educ. of Hyde Park*, 459 F.3d 356, 368, 372 (2d Cir. 2006).