

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/12

# CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

Direct Dial: (212) 894-6770
Direct Fax: (212) 894-6771
dbarry@condonlaw.com

September 6, 2012

**VIA E-MAIL AND HAND DELIVERY**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

Re:  In re September 11 Litigation, 21 MC 101 (AKH)
 *World Trade Center Properties LLC et al. v. United Air Lines, Inc., et al.*, 08 Civ. 3719
 *World Trade Center Properties LLC et al. v. American Airlines, Inc., et al.*, 08 Civ. 3722
 C & F Ref.: DTB/CRC/VAT/28507

Dear Judge Hellerstein:

I write in my capacity as Aviation Defendants' Liaison Counsel regarding the Court's August 31, 2012 Opinion and Order with respect to WTC 1, 2, 4, and 5 (the "WTC Complex"), which denied the Aviation Defendants' renewed motion for collateral setoff and for summary judgment on the ground that the issue of correspondence between WTCP's insurance recoveries and its potential tort recoveries present issues of fact. Opinion and Order, *In re Sept. 11 Litig.*, 21 MC 101 (AKH), slip op. at 2, 8 (S.D.N.Y. Aug. 31, 2012) ("Aug. 2012 Order"). Specifically, we write to request an evidentiary hearing pursuant to New York's C.P.L.R. § 4545(c) on the remaining issue of correspondence between WTCP's potential tort recoveries and its insurance recoveries.

The Court already has held that WTCP's tort recovery is limited to the lesser of fair market value or replacement cost of its net leasehold interest in the WTC Complex, and that the limit of WTCP's potential tort recovery is $2.805 billion. *In re Sept. 11 Litig.*, 590 F. Supp. 2d 535, 544–48 (S.D.N.Y. 2008); *In re Sept. 11 Litig.*, 2009 WL 1181057, at *3 (S.D.N.Y. Apr. 30, 2009). The Court reaffirmed those rulings in its August 31, 2012 Order. *See* Aug. 2012 Order, slip op. at 2, 4–5. The Court also already has ruled that the insurance proceeds that WTCP received from its insurers are properly allocable only to business interruption and replacement costs. *See* Aug. 2012 Order, slip op. at 7; *see also* Order, *In re Sept. 11 Litig.*, 21 MC 101 (AKH), slip op. at 1 (S.D.N.Y. Sept. 30, 2009).

The remaining issue for determination by the Court is whether there is correspondence between WTCP's insurance recoveries and WTCP's potential damage recoveries in this litigation. Pursuant to C.P.L.R. § 4545(c), the Court is the trier of fact as to correspondence issues. *See,*

CONDON & FORSYTH LLP

Honorable Alvin K. Hellerstein
September 6, 2012
Page 2

*e.g., Turnbull v. USAir, Inc.*, 133 F.3d 184, 186 (2d Cir. 1998) ("If the court finds that the plaintiff's economic loss 'was or will, with reasonable certainty, be replaced or indemnified from any collateral source, it shall reduce the amount of the award by such finding' less premiums paid by the plaintiff." (quoting C.P.L.R. § 4545(c)).

The Aviation Defendants have the burden of establishing the requisite correspondence between WTCP's insurance recoveries and its potential tort recoveries. *See, e.g., Turnbull v. USAir, Inc.*, 133 F.3d at 187–88; *Oden v. Chemung Cnty. Indus. Dev. Agency*, 87 N.Y. 81, 89 (1995); *Kihl v. Pfeffer*, 848 N.Y.S.2d 200, 208 (2d Dep't 2007). In our August 12, 2011 letter to the Court, we requested an evidentiary hearing if the Court were to decide that expert testimony is necessary before determining § 4545(c) offsets. Evidentiary hearings typically have been held by New York state courts to resolve outstanding issues relating to correspondence. *See, e.g., Kihl v. Pfeffer*, 848 N.Y.S.2d at 203–08; *Hayes v. Normandie LLC*, Index No. 105343/99, 2002 WL 1748675 (Sup. Ct., N.Y. Cnty. June 6, 2002); *Taromina v. Presbyterian Hosp.*, 655 N.Y.S.2d 315, 316 (Sup. Ct., N.Y. Cnty. 1997). Accordingly, in light of the Court's August 31, 2012 ruling, the Aviation Defendants request an evidentiary hearing at which to present evidence on the limited issue of correspondence between WTCP's insurance recoveries and its potential tort recovery.

We suggest that the scheduling and scope of the requested evidentiary hearing on correspondence be added to the agenda for the upcoming arguments of the Aviation Defendants' and United's motions for summary judgment relating to WTC 7 claims. The parties should require at least sixty days to complete expert depositions on the correspondence issue and prepare for such a hearing. We do not expect the hearing to last more than three days.

Respectfully submitted,

Desmond T. Barry, Jr.

cc: <u>Via E-mail</u>
Richard A. Williamson, Esq.
Cathi Baglin, Esq.
Jason T. Cohen, Esq.
Flemming Zulack Williamson Zauderer LLP

John F. Stoviak, Esq.
Saul Ewing LLP

CONDON & FORSYTH LLP

Honorable Alvin K. Hellerstein
September 6, 2012
Page 3

>Jay B. Spievack, Esq.
>Cohen Tauber Spievack & Wagner P.C.
>
>Katherine L. Pringle, Esq.
>Friedman Kaplan Seiler & Adelman LLP
>
>Sarah S. Normand, Esq.
>U.S. Attorneys' Office
>
>Aviation Defendants' Counsel