**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**

LAW OFFICES
ONE LIBERTY PLAZA
NEW YORK, NEW YORK
10006-1404
(212) 412-9500
FAX (212) 964-9200

RICHARD A. WILLIAMSON



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/11/12

September 10, 2012

By E-Mail

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

*[handwritten note:] motion to fix a date for trial before discovery is complete, denied. 9-11-12 [signature]*

Re: In Re September 11 Litigation, 21 MC 101 (AKH)

World Trade Center Properties LLC, et al.
v. United Airlines, et al., 08 CIV 3719

World Trade Center Properties LLC, et al.
v. American Airlines, et al., 08 CIV 3722

Dear Judge Hellerstein:

In its August 31, 2012 Order, this Court rejected yet another repetitive motion by the Aviation Defendants to dismiss the WTCP Plaintiffs' claims before trial. An all-issues trial now should be scheduled.

Now that this Court has for the third time denied the Aviation Defendants' motion to dismiss the WTCP Plaintiffs' claims based on collateral offsets – on the ground that they failed to meet their burden of proof – we respectfully ask Your Honor to put a stop to the Aviation Defendants' efforts to keep the WTCP Plaintiffs from ever having their case heard by a jury. The WTCP Plaintiffs filed their tort claims against the Aviation Defendants more than eight years ago. During the time that they have been waiting for a trial, the WTCP Plaintiffs have pushed forward and made progress toward the rebuilding of the World Trade Center site. But the insurance monies that the WTCP Plaintiffs plan to use to complete that rebuilding effort continue to sit in the Aviation Defendants' insurers' accounts, earning money for them instead of helping to rebuild the World Trade Center. In the wake of 9/11, Congress elected to protect the Aviation Defendants from financial ruin by limiting their liability to the amount of their insurance. But surely, when bestowing such an enormous benefit on the Aviation Defendants, Congress never envisioned a decade-long fight by their insurers to walk away with most of that insurance money untouched and earning returns while victims – and New Yorkers – wait to be made

(212) 412-9530
rwilliamson@fzwz.com

Honorable Alvin K. Hellerstein
September 10, 2012
Page 2

whole both economically and through full restoration of the World Trade Center site.

This Court has stated that "it would be a good thing for the public" to have a trial in the 9/11 cases. July 28, 2009 Tr., at 24-25. The WTCP Plaintiffs agree. With tomorrow marking the eleventh anniversary of that devastating day, the time has come for the public finally to hear the WTCP Plaintiffs' overwhelming evidence of how the Aviation Defendants ignored government warnings about terrorist threats, failed in their duty to keep the terrorist hijackers from boarding the aircrafts with deadly and dangerous weapons, and manufactured and operated planes without safeguards to prevent the terrorists from gaining access to the cockpits, taking control of the flights, and then crashing them into the World Trade Center buildings.

The Aviation Defendants, of course, want anything but a public trial of their liability. Beginning in June 2008, they embarked on a determined strategy to avoid a trial of the WTCP Plaintiffs' tort claims by making motions *ad seriatim* to try to get this Court to prematurely apply collateral offsets even though no jury has yet heard the case and by law statutory offsets do not arise until there has been a jury award. Although this Court has declined time and again to dismiss the WTCP Plaintiffs' claims on that basis, the Aviation Defendants continue – most recently in their September 6, 2012 letter to Your Honor – to seek to put off having a jury and the public hear the proof of their negligence. The Aviation Defendants' latest attempt to avoid trial also should be denied.[1]

Now that this Court has ruled that the Aviation Defendants failed to prove "before trial" with "reasonable certainty" that the payments that the WTCP Plaintiffs received from their insurers correspond to any potential tort damages award, and directed the Clerk to "terminate" the Aviation Defendants' motion for collateral offsets, the next step should be for the parties to jointly agree on a

---

[1] The Aviation Defendants' efforts to avoid a liability trial at all costs have not been limited to the WTCP Plaintiffs' claims. In December 2009, after the Court scheduled a trial to go forward in *Bavis v. United Airlines, Inc., et al.* (02 Civ. 7154), a wrongful death case that had been brought by the family of Mark Bavis, a passenger on United Airlines Flight 175, United Airlines, Inc. and Huntleigh USA Corporation were so desperate to keep the jury from hearing the evidence of their negligence that they offered to stipulate to liability. *See* Memorandum of Law in Support of the Motion of United Airlines, Inc. and Huntleigh USA Corporation for an Order Directing a Damages Only Trial (ECF Docket No. 96). Your Honor denied the motion and ordered an all-issues trial. *See* Feb. 2, 2010 Order Denying Motion for Damages-Only Trial. At a conference several months later, United's counsel tried once more to avoid going forward with a liability trial in *Bavis*. This Court again denied United's request and ordered an all-issues trial. *See* Oct. 20, 2010 Tr., at 6-7 ("my ruling is that all issues will be tried at one time . . . the Bavis trial will be of all issues"). The WTCP Plaintiffs deserve equal treatment.

Honorable Alvin K. Hellerstein
September 10, 2012
Page 3

schedule, providing for the completion of fact and expert discovery and a date for an all-issues trial, along the lines of the proposed plan that the parties jointly submitted to Your Honor in September 2009. In our view (and in the plain words of New York's collateral offset statute), the Aviation Defendants' motions should not have been made in the first place until after the jury's verdict. But the Aviation Defendants made their motions before trial, and failed to meet their burden of proof every time. They should not now be given a fourth chance to seek the same relief on other or different proof.

Instead of moving forward toward a trial date some time next year, the Aviation Defendants ignore the Court's finding that they failed to meet their burden of proof and now seek an evidentiary hearing on the same issue that they just failed to prove. More than one year ago, they took exactly the opposite the position, telling the Court that no evidentiary hearing was necessary for a determination whether the payments that the WTCP Plaintiffs received from their insurers correspond to any potential damages award. *See* Aug. 12, 2011 letter from Desmond T. Barry, Jr., Esq. to the Honorable Alvin K. Hellerstein, at 2 ("neither expert testimony nor an evidentiary hearing is required to determine correspondence"). Your Honor agreed that there was no need for an evidentiary hearing. *See* Aug. 30, 2011 letter from the Honorable Alvin K. Hellerstein to Desmond T. Barry, Jr., Esq., and Richard A. Williamson, Esq. ("An evidentiary hearing is not required, for the dispute between the parties relates to their positions and not to the underlying facts. The parties have given me all the information necessary to support the findings and conclusions I have to issue."). Since then, nothing has changed, other than that Your Honor did not reach the result that the Aviation Defendants wanted.

In the many years that have been invested in litigating the Aviation Defendants' multiple motions for collateral offsets, a trial of the WTCP Plaintiffs' claims long ago could have been completed. It is time for an all-issues trial, fully resolving the WTCP Plaintiffs' claims. That is what the WTCP Plaintiffs are entitled to and what the public expects now that the Aviation Defendants' latest motion for collateral offsets has been denied. *See, e.g.*, Reuters, *Judge: Airlines must stand trial over 9/11 negligence claims* (Sept. 5, 2012) ("A U.S. judge ruled that AMR Corp's American Airlines and United Continental Holdings Inc must face trial over claims relating to the September 11 attacks that destroyed the landmark towers of the World Trade Center in New York almost 11 years ago"); Patricia Hurtado, *American, United Face Trial Over 9-11 Towers Destruction*, Bloomberg Businessweek (Sept. 5, 2012) (American and United "lost a bid to avoid a federal trial over negligence claims tied to the hijacking of jetliners used in the

Honorable Alvin K. Hellerstein
September 10, 2012
Page 4


Sept. 11, 2001, terrorist attacks"). Eleven years after 9/11, it is what the WTCP Plaintiffs deserve.[2]

Respectfully,

Richard A. Williamson

cc: All Counsel (by e-mail)

---

[2] When referring to other 9/11 plaintiffs, this Court has stated, "I'm here to try cases . . . If they want to have a trial, I'm going to give it to them." June 28, 2009 Tr., at 30; see also March 6, 2012 Tr., at 17 ("They have a right to try their case if they want to. It's my job to give them a fair and responsive trial."). The WTCP Plaintiffs want and are entitled to a trial of their tort claims.