DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/13

RECEIVED
AUG 2 8 2013
CHAMBERS OF
ALVIN K HELLERSTEIN
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
IN RE SEPTEMBER 11 LITIGATION                           :    21 MC 101 (AKH)
                                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WORLD TRADE CENTER PROPERTIES LLC,                      :
et al.,                                                 :
                                                        :
                              Plaintiffs,               :    08 CIV 3722 (AKH)
                                                        :
          v.                                            :
                                                        :
AMERICAN AIRLINES, INC., et al.,                        :
                                                        :
                              Defendants.               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFF 7 WORLD TRADE COMPANY, L.P.'S AND THE AVIATION DEFENDANTS' JOINT UNOPPOSED MOTION FOR AN ORDER APPROVING THEIR SETTLEMENT AGREEMENT

Plaintiff 7 World Trade Company, L.P. ("7WTCo.") and the Aviation Defendants[1] (collectively, the "Parties") jointly move for the entry of an Order by the Court: (1) approving the Parties' Partial Settlement Agreement and Limited Release (the "Settlement Agreement") resolving 7WTCo.'s fine arts and personal property claims asserted in *World Trade Center Properties LLC et al. v. American Airlines, Inc., et al.*, 08 Civ. 3722 (AKH) (the "Flight 11 Action") and the settlement amount as consistent with the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101 *note* ("ATSSSA") as it applies to the Aviation Defendants,

---

[1]    The Aviation Defendants are: American Airlines, Inc.; AMR Corporation; United Airlines, Inc.; United Continental Holdings (formerly known as UAL Corporation); Delta Air Lines, Inc.; Continental Airlines, Inc.; US Airways, Inc.; Globe Aviation Services Corporation; Globe Airport Security Services, Inc.; Huntleigh USA Corporation; US Airways Group, Inc.; Colgan Air, Inc.; The Boeing Company; Massachusetts Port Authority; Burns International Services Company, LLC (formerly known as Burns International Services Corporation); Burns International Security Services Company, LLC (formerly known as Burns International Security Services Corporation); Pinkerton's, LLC (formerly known as Pinkerton's Inc.); and Securitas AB.

*[handwritten] Motion granted. The case is dismissed with prejudice and w/out costs, upon the terms of the parties' settlement agreement and my findings of fact and conclusions of law filed August 1, 2013. I approve the Settlement Agreement as consistent with ATSSSA. So Ordered. 8/28/13 [signature]*

7WTCo., and any other actual or potential claims against the Aviation Defendants' insurance limits; and (2) holding that all amounts paid by the insurers for the paying Aviation Defendants (the "Contributing Insurers")[2] are to be credited against each paying Aviation Defendant's limit of liability established by Section 408(a)(1) of the ATSSSA. Counsel for the two remaining plaintiffs in 21 MC 101 (AKH), Cedar & Washington Associates, LLC and Cantor Fitzgerald & Co., et al., have advised that their clients do not oppose this motion.

The Parties negotiated the Settlement Agreement following the non-jury trial held before the Court July 15-18, 2013 in the WTCP Plaintiffs'[3] and 7WTCo.'s actions against the Aviation Defendants.[4] The trial was limited to the issue of whether correspondence exists between the categories of the potential tort recoveries of the WTCP Plaintiffs and 7WTCo. against the Aviation Defendants and the categories of insurance recoveries they received from their insurers. The Court issued a subsequent decision in the form of Findings of Fact and Conclusions of Law, dated August 1, 2013 (the "August 1, 2013 Decision") which resolved all of the WTCP Plaintiffs' and 7WTCo.'s claims against the Aviation Defendants with the exception of

---

[2]  Pursuant to the Allocation Agreement that was entered into by the insurers for American Airlines, Inc. ("American"), United Airlines, Inc. ("United") and Globe Aviation Services Corporation ("Globe") (the "Allocation Agreement") and which the Court approved, *see In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011), the settlement of 7WTCo.'s fine arts and personal property claim is to be paid by American's, United's and Globe's insurers. Accordingly, the amounts paid by these defendants' insurers should be credited against each respective defendant's limit of liability under ATSSSA Section 408(a)(1).

[3]  The WTCP Plaintiffs are World Trade Center Properties LLC, 1 World Trade Center LLC, 2 World Trade Center LLC, 3 World Trade Center LLC (formerly known as 5 World Trade Center LLC), and 4 World Trade Center LLC.

[4]  In addition to 7WTCo., 1 World Trade Center LLC and 3 World Trade Center LLC asserted claims against the Aviation Defendants in the Flight 11 Action. 2 World Trade Center LLC and 4 World Trade Center LLC asserted claims against the Aviation Defendants in a separate action, *World Trade Center Properties LLC et al. v. United Airlines, Inc., et al.*, 08 Civ. 3719 (AKH) (the "Flight 175 Action").

2

7WTCo.'s fine arts and personal property claims. Specifically, the Court found that 7WTCo.'s insurance proceeds "have not fully compensated Plaintiffs for art losses and personal property losses related to the destruction of Tower 7" and that "Plaintiffs may be owed up to $300,000 and $823,921 for these two types of losses, respectively." *See* August 1, 2013 Decision, ¶ 53. Accordingly, 7WTCo. and the Aviation Defendants agreed to settle these remaining claims in order to avoid the cost, inconvenience and uncertainty of continued litigation and to permit Plaintiffs to pursue an immediate appeal of the August 1, 2013 decision.[5] A copy of the Partial Settlement Agreement and Limited Release evidencing the settlement is attached hereto as Exhibit "A".

The Court has a significant basis to approve the Settlement Agreement as consistent with the ATSSSA. The Settlement Agreement was the product of extensive, arms-length negotiations by experienced counsel for the Parties and the Parties recognized the significant interest of the Aviation Defendants in ensuring that the full amount paid under any settlement would count toward the limitation on liability established by Section 408(a)(1) of the ATSSSA.[6] Thus, the

---

[5]   Once the Settlement Agreement is executed by the parties and approved by the Court, final judgments can be entered in both the Flight 11 Action (08 Civ. 3722) and the Flight 175 Action (08 Civ. 3719) and the WTCP Plaintiffs and 7WTCo. can then proceed with their appeal.

[6]   Section 408(a)(1) of the ATSSSA provides:

> Notwithstanding any other provision of law, liability for all claims, whether for compensatory or punitive damages or for contribution or indemnity, arising from the terrorist-related aircraft crashes of September 11, 2001, against an air carrier, aircraft manufacturer, airport sponsor, or person with a property interest in the World Trade Center, on September 11, 2001, whether fee simple, leasehold or easement, direct or indirect, or their directors, officers, employees or agents, shall not be in an amount greater than the limits of liability insurance coverage maintained by that air carrier, aircraft manufacturer, airport sponsor or person.

ATSSSA § 408(a)(1).

3

Parties conditioned the Agreement upon the Court approving it as consistent with ATSSSA and holding that all amounts paid by the Contributing Insurers pursuant to the Agreement are to be credited against each respective paying Aviation Defendant's ATSSSA limit of liability. The Court has made such rulings more than ninety times for the Aviation Defendants' settlement of personal injury and wrongful death cases as well as in the Aviation Defendants' settlement with the subrogated insurer plaintiffs and the majority of uninsured loss property plaintiffs, and there is no reason for the Court not to do so here. See *In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011).

Accordingly, for the reasons set forth above, the Court should grant this unopposed motion and enter an Order: (1) approving the Parties' Settlement Agreement resolving 7WTCo.'s fine arts and personal property claims as consistent with ATSSSA as it applies to the Aviation Defendants, 7WTCo., and any other actual or potential claims against the Aviation Defendants' insurance limits; and (2) holding that all amounts paid by the Contributing Insurers are to be credited against American's, United's and Globe's limits of liability established by Section 408(a)(1) of the ATSSSA.

4

Dated: New York, New York
August 27, 2013

Respectfully submitted,

CONDON & FORSYTH LLP

By:_____
     Desmond T. Barry, Jr. (DB 8066)
Times Square Tower
7 Times Square
New York, New York 10036
Tel.: (212)490-9100
Fax: (212)370-4483
dbarry@condonlaw.com

*Aviation Defendants' Liaison Counsel*

-and-

FLEMMING ZULACK WILLIAMSON
ZAUDERER LLP

By:_____/s/Richard A. Williamson_____
     Richard A. Williamson
One Liberty Plaza
New York, New York 10006
Tel: (212) 412-9500
Fax: (212) 964-9200
rwilliamson@fzwz.com

*Counsel for Plaintiff* 7 World Trade
Company, L.P.

Exhibit A

## PARTIAL SETTLEMENT
## AGREEMENT AND LIMITED RELEASE

This Partial Settlement Agreement and Limited Release (hereinafter, "Agreement") is made this 27th day of August, 2013, by and among 7 World Trade Company, L.P. ("7WTCo.") and the Aviation Defendants.[1] The signatories of this Agreement hereinafter are referred to individually as a "Party" or jointly as the "Parties."

WHEREAS, 7WTCo. asserted tort claims against the Aviation Defendants for losses arising from the destruction of the 7 World Trade Center building on September 11, 2001, in the action captioned *World Trade Center Properties LLC et al. v. American Airlines, Inc., et al.*, United States District Court for the Southern District of New York, Case No. 08 CIV 3722 (AKH) (the "Flight 11 Action") pursuant to the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101 *note* ("ATSSSA");

WHEREAS, a non-jury trial was held before Judge Alvin K. Hellerstein from July 15, 2013 through July 18, 2013 on the issue of correspondence between the categories of 7WTCo.'s potential tort recoveries in the Flight 11 Action and the categories of insurance recoveries from 7WTCo.'s insurer;

WHEREAS, the Court issued a decision in the form of Findings of Fact and Conclusions of Law, dated August 1, 2013 (the "August 1, 2013 Decision");

WHEREAS, the August 1, 2013 Decision stated that 7WTCo.'s insurance proceeds "have not fully compensated Plaintiffs for art losses and personal property losses related to the destruction of Tower 7" and that "Plaintiffs may be owed up to $300,000 and $823,921 for these two types of losses, respectively";

WHEREAS, the August 1, 2013 Decision did not resolve 7WTCo.'s claims against the Aviation Defendants for fine arts and other personal property destroyed on September 11, 2001;

---

[1] The Aviation Defendants are: American Airlines, Inc.; AMR Corporation; United Airlines, Inc.; United Continental Holdings (formerly known as UAL Corporation); Delta Air Lines, Inc.; Continental Airlines, Inc.; US Airways, Inc.; Globe Aviation Services Corporation; Globe Airport Security Services, Inc.; Huntleigh USA Corporation; US Airways Group, Inc.; Colgan Air, Inc.; The Boeing Company; Massachusetts Port Authority; Burns International Services Company, LLC (formerly known as Burns International Services Corporation); Burns International Security Services Company, LLC (formerly known as Burns International Security Services Corporation); Pinkerton's, LLC (formerly known as Pinkerton's Inc.); and Securitas AB.

1

WHEREAS, the Parties wish to resolve the fine arts and personal property claims and to release one another on those claims on the terms set forth below, without the admission of liability on the part of either 7WTCo. or the Aviation Defendants, and to avoid the cost, inconvenience and uncertainty of continued litigation;

WHEREAS, 7WTCo.'s and the Aviation Defendants intend that this Agreement resolves only 7WTCo.'s fine arts and personal property claims against the Aviation Defendants, and 7WTCo. and the Aviation Defendants do not intend to resolve 7WTCo.'s other claims against the Aviation Defendants in the Flight 11 Action or any other claims asserted in the In re September 11 Litigation (21 MC 101) against any party;

WHEREAS, 7WTCo. and the Aviation Defendants intend that this Agreement does not affect or prejudice any legal or fact arguments that may be made by 7WTCo. and the Aviation Defendants in the In re September 11 Litigation, including appeals, concerning any other claims;

WHEREAS, pursuant to the Allocation Agreement that was entered into by the insurers of American Airlines, Inc. ("American"), United Airlines, Inc. ("United") and Globe Aviation Services Corporation ("Globe") (the "Contributing Insurers") and which the Court approved, *see In re September 11 Litig.*, 723 F. Supp. 2d 534 (S.D.N.Y. 2010), *aff'd*, 650 F.3d 145 (2d Cir. 2011), the settlement of 7WTCo.'s claim is to be paid by the Contributing Insurers and the respective amounts paid by them are to be credited against American's, United's and Globe's limits of liability under Section 408(a)(1) of the ATSSSA;

NOW THEREFORE, in consideration of the mutual promises, agreements, and covenants contained herein, and for good and valuable consideration, the receipt and sufficiency of which is acknowledged, and intending to be legally bound, the Parties agree as follows:

1. 7WTCo.'s fine arts and personal property claims are settled for the aggregate sum of $925,000 (the "Settlement Amount") due and owing from the Aviation Defendants to 7WTCo. Of the Settlement Amount, $300,000 represents payment of 7WTCo.'s fine arts claim for two Frank Stella paintings that were insured by AXA Nordstern Art Insurance Corporation and destroyed on September 11, 2001. The remainder of the Settlement Amount constitutes payment for 7WTCo.'s other personal property claims.

2. Within thirty (30) days of the execution of this Agreement, the Contributing Insurers will pay 7WTCo. their individual allocable shares of $907,785 (the "Payment Amount") in accordance with the Allocation Agreement. The Payment Amount is less than the Settlement Amount due to the insolvency of one or more insurers. Receipt by 7WTCo. of the Payment Amount will constitute full and complete payment of the Settlement Amount.

3.  Effective upon payment by the Contributing Insurers and receipt by 7WTCo. of the Payment Amount, 7WTCo. on the one hand and the Aviation Defendants on the other hand hereby release each other of all claims related to the destruction of fine arts and personal property in the 7 World Trade Center building on September 11, 2001.

4.  Following the execution of this Agreement, 7WTCo. and the Aviation Defendants will jointly request that the Court issue an Order: (a) approving the Agreement and the Settlement Amount as consistent with ATSSSA as it applies to the Aviation Defendants, 7WTCo., and any other actual or potential claims against the Aviation Defendants' insurance limits; and (b) holding that all amounts paid by the Contributing Insurers pursuant to the Agreement are to be credited against American's, United's, and Globe's respective limits of liability established by Section 408(a)(1) of the ATSSSA.

5.  7WTCo. and the Aviation Defendants agree that the execution of this Agreement does not constitute an admission of any nature and that the resolution of 7WTCo.'s fine arts and personal property claims is without prejudice to 7WTCo.'s other claims against the Aviation Defendants. 7WTCo.'s other claims against the Aviation Defendants in the In re September 11 Litigation (21 MC 101), and its right to appeal with respect to such claims, are not affected by this Agreement.

6.  7WTCo. and the Aviation Defendants agree that this Agreement will not affect or prejudice any arguments that 7WTCo. and the Aviation Defendants may make in any legal proceedings in the In re September 11 Litigation (21 MC 101), including appeals. This Agreement cannot be used for any purpose or referenced in the In re September 11 Litigation (21 MC 101), including appeals, except for the purposes of acknowledging that 7WTCo.'s fine arts and personal property claims have been resolved and interpreting or enforcing the Agreement itself.

7.  This Agreement constitutes the entire understanding by and among the Parties with regard to 7WTCo.'s fine arts and personal property claims, superseding all negotiations, prior discussions, representations, promises, and understandings, whether oral or written, expressed or implied.

8.  No change or amendment to this Agreement shall be effective unless in writing and executed by the Parties.

9.  This Agreement may be executed in counterparts and will be effective when executed by all Parties.

3

10. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective successors and assigns of the Parties.

11. This Agreement is entered into voluntarily, and the Parties have each received independent legal advice from their counsel regarding this Agreement.

12. This Agreement has been negotiated by each of the Parties and their respective attorneys, and the language herein will not be construed for or against any particular party as the drafter of the Agreement.

13. This Agreement shall be interpreted, construed, enforced, and otherwise governed by and in accordance with the law of the State of New York, without reference to its conflict of law rules.

14. For the purpose of interpreting or enforcing this Agreement, the Parties each submit to the jurisdiction of the courts of competent subject matter jurisdiction located in New York, New York.

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

4

**ACCEPTED AND AGREED:**

**7 WORLD TRADE COMPANY, L.P.**

By: _____

Name: _____

Title: _____

Dated: _____

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

| | |
|---|---|
| **AVIATION DEFENDANTS:** | |
| **AMERICAN AIRLINES, INC.** | |
| **AMR CORPORATION** | |
| **UNITED AIRLINES, INC.** | |
| **UNITED CONTINENTAL HOLDINGS (formerly known as UAL Corporation)** | |
| **GLOBE AVIATION SERVICES CORPORATION** | |
| **GLOBE AIRPORT SECURITY SERVICES, INC.** | |
| **HUNTLEIGH USA CORPORATION** | |
| **DELA AIR LINES, INC.** | |
| **CONTINENTAL AIRLINES, INC.** | |
| **US AIRWAYS, INC.** | |
| **US AIRWAYS GROUP, INC.** | |
| **COLGAN AIR, INC.** | |
| **THE BOEING COMPANY** | |
| **MASSACHUSETTS PORT AUTHORITY** | |
| **BURNS INTERNATIONAL SERVICES COMPANY, LLC (formerly known as Burns International Services Corporation)** | |
| **BURNS INTERNATIONAL SECURITY SERVICES COMPANY, LLC (formerly known as Burns International Security Services Corporation)** | |
| **PINKERTON'S, LLC (formerly known as Pinkerton's Inc.)** | |
| **SECURITAS AB** | |

By: _____

Name: DESMOND  T. BARRY, JR.

Title: ATTORNEY IN FACT

Dated: 27 AUGUST 2013

# CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

Direct Dial: (212) 894-6770
Direct Fax: (212) 894-6771
dbarry@condonlaw.com

August 27, 2013

**BY HAND**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

AUG 2 8 2013

CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

Re:     In re September 11 Litigation, 21 MC 101 (AKH)
        C & F Ref: DTB/CRC/VAT/28507

Dear Judge Hellerstein:

I write in my capacity as Aviation Defendants' Liaison Counsel. Enclosed please find a courtesy copy of Plaintiff 7 World Trade Company, L.P.'s and the Aviation Defendants' Joint Unopposed Motion for an Order Approving Their Settlement Agreement, with the Partial Settlement Agreement and Limited Release attached as Exhibit "A" thereto, that the Aviation Defendants and Plaintiff 7WTCo. jointly served and filed today:

Respectfully yours,

Desmond T. Barry, Jr.

Enclosures

cc:     Via E-mail
        Richard A. Williamson, Esq.
        Cathi Baglin, Esq.
        Jason T. Cohen, Esq.
        Flemming Zulack Williamson Zauderer LLP
        *Counsel for WTCP and 7 World Trade Co.*

        John F. Stoviak, Esq.
        Saul Ewing LLP
        *Counsel for the Cantor Fitzgerald Plaintiffs*

CONDON & FORSYTH LLP

Honorable Alvin K. Hellerstein
August 27, 2013
Page 2

> Jay B. Spievack
> Sari E. Kolatch
> Cohen Tauber Spievack & Wagner, P.C.
> *Counsel for Plaintiff Cedar & Washington Associates, LLC*
>
> Mary Kay Vyskocil, Esq.
> Simpson Thacher & Bartlett LLP
> *Counsel for Industrial Risk Insurers*
>
> Scott S. Katz, Esq.
> Butler Pappas Weihmuller Katz Craig LLP
> *Counsel for Certain Underwriters at Lloyd's, London Syndicates Numbered 1212, 79, and 2791, and QBE Insurance (Europe) Ltd. f/k/a QBE International Insurance Ltd.*
>
> Ty Childress, Esq.
> Jones Day
> *Counsel for WTCP*
>
> Katherine L. Pringle, Esq.
> Friedman Kaplan Seiler & Adelman LLP
> *WTC7 Ground Defendants' Liaison Counsel*
>
> Sarah S. Normand, Esq.
> U.S. Attorneys' Office
>
> Aviation Defendants' Counsel

Judge wrote:

"Motion granted.  The case is dismissed with prejudice and without costs, upon the terms of the parties' settlement agreement and my Findings of Facts and Conclusions of Law filed August 1, 2013.  I approve the Settlement Agreement as consistent with ATSSSA. So Ordered.

8/28/13
Alvin K. Hellerstein"