UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE SEPTEMBER 11 LITIGATION | 21-MC-101 (AKH)<br><br>This document relates to:<br>04-CV-7318(AKH) |

## CANTOR FITZGERALD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS OF DEFENDANT AMERICAN AIRLINES' EXPERT DANIEL R. FISCHEL

Counsel for the Cantor Fitzgerald Plaintiffs ("Cantor") respectfully requests this Court exclude certain opinions and statements of American Airlines' expert Daniel R. Fischel because certain of his opinions and statements are his own legal conclusions acting as an advocate rather than permissible testimony of an independent expert economist. The law does not permit Professor Fischel to wear two hats at trial – that of an economist and that of counsel to American Airlines. See *Lippe v. Bairnco Corp.*, 288 B.R. 678, 687 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274 (2d Cir. 2004) ("An expert's role is to assist the trier of fact by providing information and explanations; the expert's role is not to be an advocate."). Cantor respectfully requests that all such opinions and statements be stricken, and Professor Fischel be precluded from offering them at trial. Pursuant to the Court's request, Professor Fischel's expert report and declaration are attached as Exhibits 1 and 2, respectively, and the opinions and statements to be excluded are annotated as "Legal Advocate Opinion."[1]

---

[1] *See* Ex. 1 to the Declaration of John Stoviak, dated October 25, 2013 ("Stoviak Decl."), April 9, 2013 Expert Report of Daniel R. Fischel; *see also* Ex. 2. to Stoviak Decl., September 3, 2013 Declaration of Daniel R. Fischel.

1501597.3 10/24/2013

"In evaluating the admissibility of expert testimony, [the Second Circuit] requires the exclusion of testimony which states a legal conclusion." *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (citation omitted). This is because such expert testimony "'undertakes to tell the jury what result to reach,' and thus 'attempts to substitute the expert's judgment for the jury's.'" *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (*quoting United States v. Duncan*, 42 F.3d at 97). Rule 403 further compels a court to carefully scrutinize expert testimony "given the unique weight such evidence may have in a jury's deliberations." *Nimely*, 414 F.3d at 397.

While Professor Fischel makes an effort to restrain his legal advocacy in his expert report, his advocacy is unleashed in his attack on Cantor in AA's *Motion to Exclude Certain Opinions of Plaintiffs' Damages Experts*. The opinions in Professor Fischel's expert report need to be scrutinized very carefully in light of the unabashed advocacy in his declaration.

These opinions fall into four categories. **_First_**, Professor Fischel repeatedly offers his own legal interpretation of the Court's January 19th Order.

**_Second_**, Professor Fischel launches a legal, *Daubert* like, attack on  This type of opinion casts the illusion of expert analysis over what is nothing more than a legal challenge argument. Professor Fischel fails to use any economic analysis or methodology in reaching these conclusory legal arguments.

**_Third_**, Professor Fischel opines, largely through the use of hypotheticals, that Professor Fischel did not conduct an independent

economic analysis to determine the value of Cantor's damages. Instead, Professor Fischel simply offers a conclusory legal argument that damages are not warranted. This type of "opinion" is not permitted because, as the Second Circuit has recognized, there is a very real danger that a jury will give excessive deference to expert testimony.

**_Fourth_**, Professor Fischel offers other legal conclusions and statements in connection with ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████ Essentially, Professor Fischel is arguing that there is no proximate cause for the damages sought. This is a hotly contested issue, and proximate causation is for the Court to instruct on the law and the jury to decide on the facts. *See Hassanein v. Avianca Airlines*, 872 F. Supp. 1183, 1189 (E.D.N.Y. 1995); *Carlock v. Westchester Lighting Co.*, 268 N.Y. 345, 349 (1935).

In conclusion, it is axiomatic that an economist expert is not permitted to offer legal opinions. Professor Fischel's testimony and opinions should be limited to his area of expertise, and not stray into conclusory legal arguments. Accordingly, counsel for Cantor respectfully requests that the opinions and statements marked in the attached Exhibits 1 and 2 be stricken, and that Professor Fischel be excluded from offering any such testimony at trial.

| | |
|---|---|
| Dated: October 25, 2013 | Respectfully submitted,<br><br>SAUL EWING LLP<br><br>*[signature]*<br>John F. Stoviak, Esq. (*pro hac vice*)<br>Nicholas J. Nastasi, Esq. (*pro hac vice*)<br>Jennifer L. Beidel, Esq. (SDNY No. 5037262)<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>Phone: 215.972.1095<br>Fax: 215.972.1921<br>jstoviak@saul.com<br>nnastasi@saul.com<br>jbeidel@saul.com |
| Counsel for Cantor Fitzgerald Plaintiffs:<br>Cantor Fitzgerald & Co., Cantor Fitzgerald Associates, L.P., Cantor Fitzgerald Brokerage, L.P., Cantor Fitzgerald Europe, Cantor Fitzgerald International, Cantor Fitzgerald Partners, Cantor Fitzgerald Securities, Cantor Fitzgerald, L.P., Cantor Index Limited, CO2e.com, LLC, eSpeed Government Securities, Inc., eSpeed, Inc., eSpeed Securities, Inc., and TradeSpark, L.P | |