UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE SEPTEMBER 11 LITIGATION | 21-MC-101 (AKH)<br><br>This document relates to:<br>04-CV-7318(AKH) |

### CANTOR FITZGERALD PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE OPINIONS OF DEFENDANT AMERICAN AIRLINES' EXPERT JAMES J.F. FOREST, Ph.D.

The expert report and testimony of defendant American Airlines'[1] expert, James J.F. Forest, Ph.D., should be excluded as unreliable, unhelpful under Fed. R. Evid. 701 and 702, irrelevant under Rule 401, and/or prejudicial under Rule 403. Dr. Forest is a professor with training in education who turned his focus to terrorist groups after September 11, 2001, and opines that the terrorists who hijacked Flight 11 would have been able to do so even if any weapons they carried had been confiscated.[2] Dr. Forest's opinions are highly speculative and concern aviation security procedures that are outside the scope of his expertise. Pursuant to the Court's request, excerpts of Forest's expert report and deposition testimony are attached as Exhibits 1 and 2, respectively, and the opinions and statements to be excluded are annotated as explained in Exhibit A.

This Court, while discussing AA's proposed expert Chris Caracci, indicated that Caracci's proffered expert opinion would be "highly speculative" because he opined that the 9/11 hijackers would have been able to carry out the hijacking even if their weapons had been

---

[1] Defendants are collectively referred to herein as "AA."
[2] See Ex. 1 to Declaration of John Stoviak ("Stoviak Decl."), August 16, 2013 Report of James J.F. Forest, Ph.D. ("Forest Report") ¶¶ 2, 6-7.

1

confiscated at the security checkpoint.[3] Dr. Forest's opinion is substantially the same as Caracci's. Dr. Forest's report states that ███████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████.[4] Dr. Forest bases these opinions on his view that ███████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████.[5] Dr. Forest admits that the opinion lacks evidentiary support, acknowledging in his deposition that there is no evidence that shows that the hijackers used hand-to-hand fighting techniques or improvised weapons while on board Flight 11.[6] Dr. Forest also acknowledged, in discussing the possible actions of one of the hijackers, that ███████████████████████████████████.[7] Although Dr. Forest cites to Cantor's expert Peter Bergen as an authority on al Qaeda, Dr. Forest's own expertise on knowledge transfer among terrorist groups is irrelevant and does not qualify him to provide such testimony.[8]

In addition, Dr. Forest bases his opinion on conclusions he is not qualified to reach. In his deposition, Dr. Forest acknowledged that he has no expertise in any of the following areas:

     a) Aviation security;
     b) Checkpoint screening;
     c) Detectability of weapons;
     d) Duties of checkpoint screeners;

---

[3] *See* Ex. 3 to Stoviak Decl., Excerpt of October 10, 2013 Ct. Conference Tr., p. 19:18-25.
[4] Forest Report ¶ 5.
[5] *Id.* ¶ 38.
[6] *See* Ex. 3 to Stoviak Decl., Excerpts of Deposition of James Forest, Sept. 6, 2013 ("Forest dep."), at 92:16-19; 105:6-16.
[7] Forest Dep. at 149:13-15.
[8] Forest Report ¶¶ 3, 9.

      e) The quality of AA's screening as of September 11, 2001;
      f) The responsibilities of AA versus the government; and
      g) Which items were permitted beyond the security checkpoint.[9]

Nevertheless, Dr. Forest's opinion rests on the assumption that the hijackers would have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[10]

For his or her testimony to be admissible, an expert should possess specialized knowledge beyond that of an "untrained layman." *See United States v. Mejia*, 545 F.3d 179, 194 (2d Cir. 2008). But when asked specifically about the duties of checkpoint screeners, Dr. Forest stated: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[11] Likewise, when asked about the capabilities of checkpoint screeners, he stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[12] Dr. Forest's opinion therefore exceeds the scope of his expertise and should be excluded.

---

[9] Forest Dep. at 13:9-14:8; 49:2-50:23; 134:12-135:4.
[10] Forest Report ¶ 6.
[11] Forest Dep. at 85:15-17.
[12] *Id.* at 85:3-5.

Dated: October 25, 2013

Counsel for Cantor Fitzgerald Plaintiffs:
Cantor Fitzgerald & Co., Cantor
Fitzgerald Associates, L.P., Cantor
Fitzgerald Brokerage, L.P., Cantor
Fitzgerald Europe, Cantor Fitzgerald
International, Cantor Fitzgerald
Partners, Cantor Fitzgerald Securities,
Cantor Fitzgerald, L.P., Cantor Index
Limited, CO2e.com, LLC, eSpeed
Government Securities, Inc., eSpeed,
Inc., eSpeed Securities, Inc., and
TradeSpark, L.P

Respectfully submitted,

SAUL EWING LLP

*[signature]*

John F. Stoviak, Esq. (*pro hac vice*)
Nicholas J. Nastasi, Esq. (*pro hac vice*)
Jennifer L. Beidel, Esq. (SDNY No. 5037262)
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Phone: 215.972.1095
Fax: 215.972.1921
jstoviak@saul.com
nnastasi@saul.com
jbeidel@saul.com

4